UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | 19 cr. 373 (PGG) |
| MICHAEL AVENATTI, | : | |
| Defendant. | : | |

_____


**DEFENDANT AVENATTI'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR BILL OF PARTICULARS**

Scott A. Srebnick
SCOTT A. SREBNICK, P.A.
201 South Biscayne Boulevard
Suite 1210
Miami, FL 33131
Telephone: (305) 285-9019
Facsimile:  (305) 377-9937
E-Mail:  Scott@srebnicklaw.com


Jose M. Quinon
JOSE M. QUINON, P.A.
2333 Brickell Avenue, Suite A-1
Miami, FL 33129
Telephone:  (305) 858-5700
Facsimile:  (305) 358-7848
E-Mail:  jquinon@quinonlaw.com

*Attorneys for Defendant Michael Avenatti*

Defendant Michael Avenatti, through counsel, and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, respectfully submits this memorandum of law in support of his Motion for Bill of Particulars.  Mr. Avenatti makes only one request.  Under the unique circumstances of this case, the Court should direct the government to identify all co-conspirators *other than* "CC-1" who allegedly conspired with Mr. Avenatti.  If there are no others, the government should be required to say so.

## I.  <u>INTRODUCTION</u>

The Indictment charges Mr. Avenatti in two conspiracy counts with conspiring with "others known and unknown" to violate 18 U.S.C. §875(d) (Count One) and the Hobbs Act, 18 U.S.C. §1951 (Count Two).  Indictment, ¶26, ¶30.  The Indictment also charges a substantive violation of §875(d) (Count Three), and attempted extortion under §1951 (Count Four).  The essence of the charges is that Mr. Avenatti made various threats aimed at Nike unless Nike met certain settlement demands that Mr. Avenatti made during settlement discussions with Nike's counsel from Boies Schiller.  Despite the boilerplate reference to "others known and unknown," the only other co-conspirator referenced in the Indictment is "CC-1," who is obviously Mark Geragos, the other lawyer who participated in the meetings and telephone calls with Nike's counsel.

On July 15, 2019, undersigned counsel sent an e-mail to the prosecutors asking whether the government is willing to identify the "others known and unknown" – other than Mr. Geragos – who allegedly conspired with Mr. Avenatti.  *See* Declaration of Scott A. Srebnick in Support of Motion for Bill of Particulars.  The government has responded that Mr. Avenatti is not entitled to such information at this time.

During "innocence proffer" sessions with the government, Mr. Geragos, both personally and through his lawyer, has told the USAO-SDNY that he did not conspire with Mr. Avenatti to extort Nike.  A review of the discovery does not reveal the identity of any other individuals whom the government might view as a co-conspirator in this case.  To adequately prepare his defense, Mr. Avenatti needs to know who else, other than Mr. Geragos, is alleged to have joined the alleged extortion conspiracy with him.

## II.  DISCUSSION

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars.  The purpose of a bill of particulars is to require the government "to identify with sufficient particularity the nature of the charge pending against [the defendant], thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."  *United States v. Bortnovsky*¸820 F.2d 572, 574 (2d Cir. 1987).  A bill of particulars is "not a discovery device and 'should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense.'"  *United States v. Perryman*, 881 F.Supp.2d 427, 430-31 (E.D.N.Y. 2012). "[T]he ultimate test in determining whether a bill of particulars is appropriate is whether the information is necessary, not whether it is helpful to the defendant."  *United States v. Wilson*, 493 F.Supp.2d 364, 370 (E.D.N.Y. 2006) (internal quotation marks and citation omitted).

It is true that courts often deny requests for the identities of co-conspirators when the indictment and sufficient discovery provide the answers.  *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990); *United States v. Trippe*, 171 F.Supp.2d 230, 240 (S.D.N.Y. 2001).  However, the courts grant them as well.  *See United States v. Feola*, 651 F.Supp. 1106, 1134

(S.D.N.Y. 1987); *United States v. Santiago*, 174 F.Supp.2d 16, 35 (S.D.N.Y. 2001) (collecting cases). Because the decision whether to grant a bill of particulars is "entrusted to the sound discretion of the district court," *United States v. Ramirez*, 609 F.3d 495, 502 (2d Cir. 2010), "there is no clear line dividing cases in which courts have mandated disclosure from those in which courts have declined to issue such orders." *United States v. Urso*, 369 F.Supp.2d 254, 273 (E.D.N.Y. 2005); *see also United States v. Nachamie*, 91 F.Supp.2d 565, 572 (S.D.N.Y. 2000) ("A review of the case law in this district reveals no clear distinction among circumstances in which courts grant a request for the names of unknown unindicted co-conspirators and circumstances in which they do not."). Nevertheless, there appears to be a common thread in that "the identities of unindicted co-conspirators have been disclosed primarily in cases in which violence was not alleged." *Santiago*, 174 F.Supp.2d at 35.

There is no allegation of violence in this case. The events that gave rise to the charges in this case occurred over a short time period. Mr. Avenatti is not seeking disclosure of the government's theories or trial strategy. Rather, he is making a very targeted request because, while he knows the identity of those with whom he interacted in relation to this case, he cannot even make an educated guess as to who else, "known and unknown," the government may claim was part of the alleged conspiracy. Mr. Geragos, who allegedly conspired with Mr. Avenatti, has asserted his innocence and has not been charged. A conspiracy requires a meeting of the minds of at least two people. *United States v. Rosenblatt*, 554 F.2d 36, 38 (2d Cir. 1977). If Mr. Geragos did not conspire with Mr. Avenatti, then Mr. Avenatti needs to know who else the government will claim was part of the conspiracy so that he can prepare to rebut that evidence. If there is no one else, the government should be required to so indicate, to avoid any surprise at trial about the nature of the conspiracy.

In large multi-defendant cases, where disputes at trial typically concern not whether the conspiracy exists but rather whether the particular defendant joined the conspiracy, knowledge of the identity of every other conspirator is most often unnecessary for the defendant to prepare for trial.  Here, by contrast, Mr. Avenatti is the only charged defendant and, notwithstanding undersigned's continuing review of the discovery and indictment, there is no one else (other than Mr. Geragos) within the realm of possibility who seems to fit within the government's theory.  Mr. Avenatti should not be required to guess whom else the government will claim shared a "meeting of the minds" with him, or whose out-of-court declarations the government might seek to offer against him under Fed.R.Evid. 801(d)(2)(E).

### III.  CONCLUSION

For the foregoing reasons, this Court should grant the requested bill of particulars.

Respectfully submitted,

By:      /s/Scott A. Srebnick
         Scott A. Srebnick, P.A.
         201 South Biscayne Boulevard
         Suite 1210
         Miami, FL 33131
         Telephone: (305) 285-9019
         Facsimile:  (305) 377-9937
         E-Mail:  Scott@srebnicklaw.com

By:      /s/Jose M. Quinon
         Jose M. Quinon, P.A.
         2333 Brickell Avenue, Suite A-1
         Miami, FL 33129
         Telephone:  (305) 858-5700
         Facsimile:  (305) 358-7848
         E-Mail:  jquinon@quinonlaw.com
         *Attorneys for Defendant Michael Avenatti*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2019, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/Scott A. Srebnick
Scott A. Srebnick