UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | :     19 Cr. 373 (PGG) |
| MICHAEL AVENATTI, | : |
|        Defendant. | : |

_____

**AFFIDAVIT OF SCOTT A. SREBNICK, ESQ., REGARDING
RULE 16.1 IN CONNECTION WITH MOTION TO DISMISS
INDICTMENT FOR VINDICTIVE AND/OR SELECTIVE
PROSECUTION, AND FOR DISCOVERY**

I, Scott A. Srebnick, Esq., pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.    I am a member of the law firm of Scott A. Srebnick, P.A., co-counsel for Defendant Michael Avenatti in this case.

2.    On August 14, 2019, I filed Defendant's Motion to Dismiss for Vindictive and Selective Prosecution, and for Discovery, and a Memorandum of Law in support (DE28, 29). Prior to filing the motion and memorandum of law, I had not conferred with the government about its position regarding the discovery requested at the conclusion of the Memorandum of Law. (DE29:48-49).

3.    As the requests did not seek traditional Rule 16 trial discovery, but rather discovery seeking to prove the claims in the motion to dismiss, it had not occurred to me that Local Criminal Rule 16.1 might apply to such motions (as opposed to routine trial discovery

1

motions). Indeed, it is still not clear to me whether the discovery requested in the motion to dismiss and memorandum of law is of the type contemplated by Rule 16.1.

4. Nonetheless, after reviewing Rule 16.1 again upon filing the motion for bill of particulars on Friday, August 16, 2019 (DE31), and seeing that that the plain language of the rule applies to "any discovery matter," I thought it best that I confirm with government counsel whether they intend to oppose the discovery requested in the motion to dismiss.

5. The motions deadline is today. By exchange of emails today, the government confirmed that they intend to oppose the motion to dismiss and do not believe the defendant is entitled to the discovery he seeks in the motion, although they advised that they would have been happy to confer prior to filing had they been given sufficient time. Moreover, they indicated that they do not believe that a party complies with Rule 16.1 by sending an email after filing a motion.

6. The Court has not yet heard the motion to dismiss (DE28) and the deadline for the government to respond has not been affected by the filing of this Affidavit three business days after the filing of the motion but before the motions deadline.

7. I certify that today, after filing the motion to dismiss but before the motions deadline, I sought to resolve by agreement defendant's request for discovery in the motion to dismiss without the intervention of the Court. The parties are unable to reach agreement.

Dated: August 19, 2019

By: /s/Scott A. Srebnick
Scott A. Srebnick, P.A.
201 South Biscayne Boulevard, #1210
Miami, FL 33131
Telephone: (305) 285-9019
Facsimile: (305) 377-9937
E-Mail: Scott@srebnicklaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2019, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/Scott A. Srebnick
Scott A. Srebnick