1  Blaine Bookey (SBN 267596)                      Christine Lin (SBN 239266)
   Neela Chakravartula (SBN 254746)*               CGRS-California
2  Kate Jastram (SBN 127625)                       200 McAllister Street
   Karen Musalo (SBN 106882)                       San Francisco, CA  94102
3  Anne Peterson (SBN 258673)*                     Telephone: (415) 565-4877
   CENTER FOR GENDER & REFUGEE STUDIES             Fax: (415) 581-8824
4  200 McAllister Street                           *linc@uchastings.edu*
   San Francisco, CA  94102
5  Telephone: (415) 565-4877
   Fax: (415) 581-8824
6  *bookeybl@uchastings.edu*
   *neela@uchastings.edu*
7  *musalok@uchastings.edu*
   *jastramkate@uchastings.edu*
8  *petersonanne@uchastings.edu*

9  *Not admitted in this Court

10 Attorneys for Amici Curiae

11

12                  IN THE UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

16 East Bay Sanctuary Covenant, *et al.*,          CASE NO.: 3:19-CV-04073-JST

17          *Plaintiffs*,                          **MOTION OF AMICI CURIAE NON-
                                                   PROFIT ORGANIZATIONS AND LAW
18          v.                                     SCHOOL CLINICS FOR LEAVE TO FILE
                                                   IN SUPPORT OF PLAINTIFFS' MOTION
19                                                 TO CONSIDER SUPPLEMENTAL
   William P. Barr, *et al.*,                      EVIDENCE AND RESTORE THE
20                                                 NATIONWIDE SCOPE OF THE
            *Defendants*.                          INJUNCTION**
21

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the undersigned non-profit organizations and law school clinics, move for leave to file a brief as amici curiae in support of Plaintiffs' Motion to Consider Supplemental Evidence and Restore the Nationwide Scope of the Injunction (Dkt. No. 57). A copy of the proposed amicus brief, which addresses the impact the rule will have on organizations serving asylum seekers as well as asylum seekers themselves, is submitted with this motion as Exhibit A. Counsel for the parties have consented to the relief sought in this motion and to the filing of a brief. Defendants' consent is contingent upon this brief being filed today, August 19, 2019, and Defendants further reserve the right to raise challenges to the brief's claims.

The district court has "broad discretion" to determine when leave to file an amicus brief is appropriate. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), *as recognized by Montijo v. Swaney*, 754 F.App'x 522, 524 (9th Cir. 2018) (unpublished). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)).

Here, proposed amici have "unique information or perspective" that can be of assistance to the court because they are public interest organizations with longstanding commitments to serving asylum seekers and other immigrants. *Id.* Together these organizations, made up of recognized experts in the field, have engaged in asylum work and research for decades. Of the thousands of asylum seekers they represent, a substantial portion of them sought safe haven at the U.S.-Mexico border and would be barred from protection due to having transited through a third country under the Administration's latest unlawful attempt to eviscerate the U.S. asylum system as we have known it for the last four decades. Amici thus have a strong interest in the issues in this case that impact their core missions and fall within their areas of expertise.

1       **Advocates for Human Rights,** located in Minneapolis, Minnesota, has provided free

2 legal representation to asylum seekers for more than 30 years. In 2018, with the help of hundreds

3 of volunteer attorneys, The Advocates provided legal consultation, pro se assistance, and full

4 representation to over 1100 people fleeing persecution, torture, and trafficking.

5       **Amnesty International USA,** headquartered in New York City, New York, works on the

6 right to seek asylum.

7       **Asylum Seeker Assistance Project**, located in Washington, D.C., works with asylum

8 seekers in the DC metropolitan area to rebuild their lives with dignity and purpose and to make

9 valuable contributions to our community.

10       **Catholic Charities, Immigrant and Refugee Services, New York,** based in New York

11 City, each year serves thousands of asylum-seekers with their legal defense needs and refugees

12 with their resettlement needs.

13       **Center for Gender and Refugee Studies**, located in San Francisco, California, which led

14 the drafting and filing of this brief, advances protections for refugee women, children and others

15 who flee persecution in their home countries and has played a central role in the development of

16 law and policy related to asylum and related forms of protection.

17       **Centro Legal de la Raza** is the largest removal defense organization in California, the

18 second largest in the U.S., and represents asylum seekers directly. The organization serves a large

19 indigenous Mayan community in the Fruitvale District of Oakland.

20       **Community Justice Alliance**, headquartered in Sacramento, is dedicated to racial and

21 immigrant justice. Our volunteer attorneys litigate to protect California communities in areas of

22 removal defense, post conviction relief, and civil rights violation cases.

23       **Community Legal Services in East Palo Alto** (CLSEPA) provides legal assistance to

24 low-income individuals and families in East Palo Alto, California and the surrounding

25 community.

26       **Dolores Street Community Services,** located in San Francisco, California, nurtures

27 individual wellness and cultivates collective power among low-income and immigrant

28

communities; its Deportation Defense and Legal Advocacy Program provides pro bono representation to indigent and particularly vulnerable immigrant communities, including many asylum seekers.

**HIAS** is the American Jewish community's refugee agency, and the oldest refugee serving organization in the world. For almost 140 years, HIAS has assisted immigrants and refugees seeking safety in the United States. Today, based in Silver Spring, HIAS provides legal services and wrap around support to asylum seekers in the metro Washington, DC region and in New York City. HIAS also provides legal services to asylum seekers along the Southern Border, in San Diego and in El Paso, as well as in Ciudad Juarez.

**Human Rights Initiative of North Texas** is a non-profit legal services agency in Dallas, Texas that represents people fleeing humanitarian abuses from all over the world; its clients include asylum seekers pursuing relief through both affirmative and defensive proceedings.

**Immigrant Legal Defense** (ILD) is a nonprofit agency in Oakland dedicated to providing free immigration legal services to immigrants, asylum seekers, and refugees. ILD's mission is to promote justice through the provision of legal representation to underserved immigrant communities.

**Immigrant Legal Resource Center** (ILRC) of San Francisco is a national nonprofit resource center that provides immigration legal trainings, technical assistance, and educational materials, and engages in advocacy and immigrant civic engagement to advance immigrant rights. In our work supporting legal advocates, ILRC frequently provides technical advice on asylum law, and ILRC publishes a widely-used manual on asylum law, *Essentials of Asylum Law* (ILRC, 4th Ed.). ILRC thus has a strong interest in ensuring that federal and international laws providing a right to seek asylum are followed by the U.S. government.

**Immigration and Human Rights Clinic at the District of Columbia** represents individuals seeking asylum.

**International Refugee Assistance Project, Inc.** is a legal advocacy organization for refugees and displaced people in need of a safe place to call home. Located in New York City, it

works with clients to identify and navigate pathways to safety through free direct representation, policy advocacy, and litigation.

**International Rescue Committee,** headquartered in New York City, is the nation's largest refugee resettlement organization with offices in more than 25 cities across the country and 40 countries around the world; it works with asylum seekers along the U.S.-Mexico border as well as on the ground in many of the countries people are fleeing.

**Loyola Immigrant Justice Clinic** (LIJC), located in Los Angeles, is a non-profit, community-based collaboration of Loyola Law School, Loyola Marymount University, Dolores Mission Parish and Homeboy Industries Inc. LIJC's dual pronged mission is to advance the rights of the indigent immigrant community through direct legal services, education and community empowerment, while teaching law students effective immigrants' rights lawyering in a real-world setting. LIJC offers consultations to, retains, and finds pro bono representation for hundreds of asylum seekers annually, develops programs tailored for asylum seekers, and has clients who will be directly impacted by the current litigation.

**National Justice for Our Neighbors (NJFON)** is headquartered in Annandale, Virginia, and supports nineteen sites nationwide. NJFON provides hospitality and compassion to low-income immigrants through immigration legal services, advocacy, and education.

**National Survivor Network** (NSN) is based in Los Angeles, and is a nonprofit focused on bringing together survivors of diverse kinds of human trafficking to build a national anti-trafficking movement.

**Pangea Legal Services** is a nonprofit legal services organization in San Francisco, California, that supports immigrant communities through direct legal representation, policy advocacy, education, and community empowerment efforts.

**Program for Torture Victims**, located in Los Angeles, California, serves many Central American and African asylum seekers.

**Public Counsel's** Immigrants' Rights Project, located in Los Angeles, California, has been providing pro bono legal representation to asylum seekers for over 30 years before U.S.

Citizenship and Immigration Services, the Executive Office for Immigration Review, and the federal courts.

**Sanctuary for Families**, based in New York City, is New York State's largest dedicated service provider and advocate for survivors of domestic violence, human trafficking, and related forms of gender violence. Each year, Sanctuary provides legal, clinical, shelter, and economic empowerment services to approximately 15,000 survivors. Sanctuary's Immigration Intervention Project provides free legal assistance and direct representation to thousands of immigrant survivors every year in a broad range of humanitarian immigration matters, including asylum.

**University of California, Davis Immigration Law Clinic** defends the rights of asylum seekers and has an interest in insuring that asylum eligibility follows the rule of law and international and domestic law.

Amici respectfully submit that their proposed brief could aid the court in evaluating the exceptional importance of the issues presented and the proper application of federal laws to ensure they are applied uniformly and afford right to asylum protection widely as Congress intended and our international obligations require.

For the foregoing reasons, amici respectfully request that the Court grant leave to file the attached amicus brief on August 19, 2019.

Dated: August 19, 2019                                    Respectfully submitted,


                                                          */s/ Blaine Bookey*

                                                          Blaine Bookey
                                                          Neela Chakravartula*
                                                          Anne Peterson*
                                                          Karen Musalo
                                                          Kate Jastram
                                                          Center for Gender & Refugee Studies
                                                          UC Hastings College of the Law
                                                          200 McAllister Street
                                                          San Francisco, CA  94102

                                                          Christine Lin
                                                          CGRS-California
                                                          200 McAllister Street
                                                          San Francisco, California  94102

Motion for Leave to File Brief of Amici Curiae
CASE 3:19-CV-04073-JST

P: (415) 565-4877
F: (415) 581-8824

*Not admitted in this Court

*Attorneys for Amici Curiae*

# Exhibit A

1   Blaine Bookey (SBN 267596)                    Christine Lin (SBN 239266)
    Neela Chakravartula (SBN 254746)*             CGRS-California
2   Kate Jastram (SBN 127625)                     200 McAllister Street
    Karen Musalo (SBN 106882)                     San Francisco, CA  94102
3   Anne Peterson (SBN 258673)*                   Telephone: (415) 565-4877
    CENTER FOR GENDER & REFUGEE STUDIES           Fax: (415) 581-8824
4   200 McAllister Street                         *linc@uchastings.edu*
    San Francisco, CA  94102
5   Telephone: (415) 565-4877
    Fax: (415) 581-8824
6   *bookeybl@uchastings.edu*
    *neela@uchastings.edu*
7   *musalok@uchastings.edu*
    *jastramkate@uchastings.edu*
8   *petersonanne@uchastings.edu*

9   *Not admitted in this Court

10  Attorneys for Amici Curiae

11

12                  IN THE UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

15

16  East Bay Sanctuary Covenant, *et al.*,       CASE NO.: 3:19-CV-04073-JST

17              *Plaintiffs*,                     **BRIEF OF AMICI CURIAE NON-PROFIT
                                                  ORGANIZATIONS AND LAW SCHOOL
18          v.                                    CLINICS IN SUPPORT OF PLAINTIFFS'
                                                  MOTION TO CONSIDER
19  William P. Barr, *et al.*,                    SUPPLEMENTAL EVIDENCE AND
                                                  RESTORE THE NATIONWIDE SCOPE
20              *Defendants*.                     OF THE INJUNCTION**

21                                                **IMMIGRATION ACTION**

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION AND INTEREST OF AMICI CURIAE

This brief explains why this Court was correct to enjoin the third country asylum rule and why anything other than a nationwide injunction will cause substantial harm to the Plaintiffs and to thousands of migrants in desperate need of protection.

The current Administration has displayed a singular focus over the last two years—to dismantle the U.S. asylum system by executive fiat in circumvention of the law and constitutionally mandated separation of powers. Its previous attempts to thwart the will of Congress and slam the United States' doors on the persecuted have rightly been blocked by the courts, including this one. *See, e.g.*, *E. Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838 (N.D. Cal. 2018) (enjoining rule banning asylum for individuals who cross the border outside a port of entry); *O.A. v. Trump*, No. 18-2838, 2019 WL 3536334 (D.D.C. Aug. 2, 2019) (same); *J.O.P. v. U.S. Dep't of Homeland Sec.*, No. GJH-19-1944, 2019 WL 3536786 (D. Md. Aug. 2, 2019) (enjoining policy stripping unaccompanied children from having their claims first heard in a non-adversarial setting); *Grace v. Whitaker*, 344 F. Supp. 3d 96 (D.D.C. 2018) (enjoining policy categorically foreclosing protection to certain groups of asylum seekers in expedited removal), *appeal docketed*, No. 19-5013 (D.C. Cir. Jan. 30, 2019). Its latest attempt to render ineligible for asylum individuals who transited through a third country before seeking protection at the southern border fared no better before this Court, which correctly enjoined the rule as inconsistent with existing asylum laws that only authorize sending asylum seekers to third countries in limited circumstances—where a Safe Third Country Agreement exists or the applicant is firmly resettled—to ensure "we do not deliver aliens into the hands of their persecutors." *E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922, 958 (N.D. Cal. 2019).

If permitted to take effect, the rule will have severe consequences across the country, eliminating a critical form of protection with life or death consequences for people long recognized as meriting asylum and violating the United States' treaty obligations to administer protection without discrimination and to avoid "in any manner whatsoever" returning individuals

1  to danger. Convention Relating to the Status of Refugees, art. 33, ¶ 1, 198 U.N.T.S. 150, 176

2  (July 28, 1951) (Refugee Convention).

3          Amici curiae[1] are twenty-four non-profit organizations and law school clinics that

4  represent asylum seekers across the country. Of the thousands of asylum seekers they represent, a

5  substantial portion of them sought safe haven at the U.S.-Mexico border and would be barred

6  from protection from having transited through a third country under the Administration's latest

7  unlawful attempt to eviscerate the U.S. asylum system as we have known it for the last four

8  decades. Amici thus have a strong interest in the scope of this Court's rightful injunction of this

9  unlawful policy; and in the proper application of federal laws to ensure they are applied uniformly

10  and afford the right to asylum protection as widely as Congress intended and the United States'

11  international obligations require.[2]

12          Amici respectfully urge this Court to issue a new nationwide injunction based on the

13  Plaintiffs' supplemented record to ensure uniform administration of our immigration statutes and

14  to stop this cruel and unlawful policy that strikes at the core of the United States' fundamental

15  values and longstanding laws.

16                              **ARGUMENT**

17  **I.  The Third Country Asylum Rule Would Eliminate Asylum for the Very People U.S.
        Laws Have Long Protected and Result in Refoulement of Bona Fide Refugees.**

18

19          Because this Court has already correctly concluded that the new rule is likely unlawful,

20  amici provide only a brief overview of the merits.[3]

21          Individuals seeking asylum at the United States' southern border are fleeing gender-based

22  violence, violence perpetrated by gangs, and politically, racially and religiously motivated

23  _____

24  [1] Amici are listed and described in the accompanying Motion for Leave to File this Amicus Brief.

    [2] The parties consent to this filing. Defendants' consent is contingent upon this brief being filed
25  today, August 19, 2019, and Defendants further reserve the right to raise challenges to the brief's
    claims. No person or entity other than amici authored or contributed funds intended for its
26  preparation or submission.

27  [3] Amici agree with Plaintiffs' clear and cogent arguments, not repeated in this brief, regarding the
    inconsistency between the rule and the Safe Third Country and firm resettlement statutory
28  provisions.

persecution, among other heinous acts. *See, e.g.*, Administrative Record (AR) 293-95. There are many reasons asylum seekers fleeing this sort of violence are often unable to take a direct route to the United States, including the exigent circumstances of their flight and the lack of visas that would permit them to board a plane to the U.S. to seek asylum. The immigration agency and the courts have recognized this reality—that asylum seekers may pass through multiple countries while searching for refuge but continue on to the United States because they cannot find safety in the transited countries, or because they wish to reunify with family in the United States. *See, e.g.*, *Gulla v. Gonzales*, 498 F.3d 911, 917 (9th Cir. 2007); *Matter of Pula*, 19 I&N Dec. 467, 474 (B.I.A. 1987).

Since passage of the Refugee Act in 1980, these individuals have been eligible for asylum so long as they satisfy the stringent burden of establishing they meet the definition of a refugee. *See* 8 U.S.C. §§ 1101(a)(42), 1158. The Administration aims to uproot Congress' long held and unambiguous intent regarding the scope of the United States' asylum laws. Under the new rule, asylum seekers who fail to apply for protection from persecution or torture in at least one country before coming to the United States "shall be found ineligible for asylum," subject to only limited exceptions. 8 C.F.R. § 208.13(c)(4). This complete ban would eviscerate the U.S. asylum system, stripping this life saving protection for all non-Mexican asylum seekers entering at the southern border, who necessarily will have transited through a third country.

The practical effect of this rule would be to force asylum seekers to seek protection in Mexico or Guatemala, which will undoubtedly result in U.S. violations of the duty of non-refoulement wherever it is permitted to take effect. Refugee Convention, Article 33.1. News outlets, human rights organizations, the U.N. High Commissioner for Refugees (UNHCR), and the U.S. government have all documented the extreme dangers for migrants and shortcomings of the asylum processes in both countries. *See, e.g.*, AR 636-37 (Wall Street Journal article); 700 (Reuters article), 703 (Human Rights First Factsheet), 721-24 (Amnesty International report). Moreover, the rule violates the principle of non-discrimination found in Article 3 of the Refugee Convention and the U.S. refugee protection system by precluding from asylum protection any

1   non-Mexican fleeing persecution who is unable to enter by air, or sea, and therefore arrives at a

2   land port of entry. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059-60 (9th Cir. 2017) (en

3   banc) (examining history of the Refugee Act leading to the "nondiscriminatory definition of

4   refugee"). In doing so, it clearly places cruel and manifestly unsafe obstacles in front of asylum

5   seekers traveling by land from non-contiguous countries. Like its previous policies intent on

6   eliminating the United States' asylum system by decree, the Administration's new rule is patently

7   unlawful in flagrant violation of the United States' bedrock domestic and international obligations

8   to protect the persecuted.

9   **II.  A Nationwide Injunction is Necessary to Avert the Grave Consequences of
     Permitting Third Country Asylum Rule to Take Effect.**

10

11          The third country asylum rule will cause harm to asylum seekers and their representatives

12   across the country. To start, applying a different rule within the Ninth Circuit is not administrable

13   given that asylum seekers, in amici's vast experience, often do not appear in the same jurisdiction

14   throughout the life of their case. Even though an asylum seeker may seek protection at a border

15   point within the Ninth Circuit, for example, she may be transferred to a detention center in New

16   Jersey and then, if able to secure release, end up before an immigration judge in Florida (and even

17   later move and change venue to California). Moreover, ensuring that asylum seekers moving

18   across jurisdictions have accurate information as to their eligibility for protection will be

19   extremely difficult, made exponentially more so for those without an attorney. As many courts

20   have recognized, asylum law, including its accompanying procedures, is one of the most complex

21   areas of U.S. law and availability of this protection should not be left to chance. Moreover,

22   offering asylum in one jurisdiction but denying that same life-saving protection in the rest of the

23   country violates the important principle of uniformity, as well as the United States' domestic and

24   international obligations.

25   //

26   //

27   //

28

- 4 -

1 | //

2 | **CONCLUSION**

3 | Amici support the issuance of a nationwide injunction, and they respectfully request that

4 | the Court grant Plaintiffs' request.

5

6

7 | Dated: August 19, 2019                    Respectfully submitted,

8

9 | _/s/ Blaine Bookey_____

10 | Blaine Bookey
Neela Chakravartula*
11 | Anne Peterson*
Karen Musalo
12 | Kate Jastram
Center for Gender & Refugee Studies
13 | UC Hastings College of the Law
200 McAllister Street
14 | San Francisco, CA  94102

15 | Christine Lin
CGRS-California
16 | 200 McAllister Street
San Francisco, California  94102
17 | P: (415) 565-4877
F: (415) 581-8824
18
19 | *Not admitted in this Court
20 | *Attorneys for Amici Curiae*
21
22
23
24
25
26
27
28

1

2

**LIST OF AMICI**

3
Amnesty International
New York, New York

4
Asylum Seeker Assistance Project
Washington, D.C.

5

6
Catholic Charities, Immigrant and Refugee Services
New York, New York

7
Center for Gender & Refugee Studies
San Francisco, California

8

9
Centro Legal de La Raza
Oakland, California

10
Community Justice Alliance
Sacramento, California

11

12
Community Legal Services in East Palo Alto
East Palo Alto, California

13
Dolores Street Community Services
San Francisco, California

14

15
HIAS
Silver Spring, Maryland

16
Human Rights Initiative of North Texas
Dallas, Texas

17

18
Immigrant Legal Defense
Oakland, California

19
Immigrant Legal Resource Center
San Francisco, California

20

21
Immigration and Human Rights Clinic, University of the District of Columbia Law School
Washington, D.C.

22
International Refugee Assistance Project, Inc.
New York, New York

23

24
International Rescue Committee (IRC)
New York, New York

25
Loyola Immigrant Justice Clinic
Los Angeles, California

26

27
National Justice For Our Neighbors
Annandale, Virginia

28

- 6 -

National Survivor Network
Los Angeles, California

Pangea Legal Services
San Francisco, California

Program for Torture Victims (PTV)
Los Angeles, California

Public Counsel
Los Angeles, California

Sanctuary for Families
New York, New York

The Advocates for Human Rights
Minneapolis, Minnesota

UC Davis Immigration Law Clinic
Davis, California

1

2

3

4

5

6

7

8

9               IN THE UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

East Bay Sanctuary Covenant, *et al.*,          CASE NO.: 3:19-CV-04073-JST

13
                                                **[PROPOSED] ORDER GRANTING**
14              *Plaintiffs*,                    **MOTION OF NON-PROFIT**
                                                **ORGANIZATIONS AND LAW SCHOOL**
15                  v.                           **CLINICS FOR LEAVE TO FILE AN**
                                                **AMICUS CURIAE BRIEF**
16  William P. Barr, *et al.*,

17              *Defendants*.

18

19

20

21

22

23

24

25

26

27

28

1    This matter comes before the Court on a Motion for Leave to File an Amicus Brief in
2    Support of Plaintiffs, filed by non-profit organizations and law school clinics. The Motion
3    includes the proposed amicus brief as an exhibit. Good cause appearing, the Court hereby
4    GRANTS the Motion.

5

6    IT IS SO ORDERED.

7    DATED: _____, 2019.

8

9

10   _____
     Hon. Jon S. Tigar

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28