LAW OFFICES
# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
www.srebnicklaw.com

September 24, 2019

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Avenatti*, No. 19 Cr. 373 (PGG)
               Reply to Government's Letter of September 23,
               2019, and **Withdrawal of Request for Rule 17(c)**
               **Subpoena to Nike**

Dear Judge Gardephe:

      We represent defendant Michael Avenatti in this case. We write to respond to the letter submitted by the government (Dkt. #62) opposing Mr. Avenatti's Rule 17(c) subpoena duces tecum to Nike. The government's recitation of the facts overlooks the relevant procedural history and leaves the misimpression that the defense has not adequately conferred with government counsel regarding the Rule 17(c) subpoena to Nike. Nonetheless, because Nike has now confirmed, for the first time, that the USAO-SDNY possesses all of the documents that Mr. Avenatti seeks from Nike – and the USAO-SDNY accepts Nike's representation -- we are withdrawing our request for a Rule 17(c) subpoena to Nike.

      On July 1, 2019, Mr. Avenatti, through undersigned counsel, sent a letter to government counsel seeking evidence that we contended was discoverable under Rule 16 and the Due Process Clause, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). *See* Letter of 7/1/19 (attached hereto as Exhibit 1) (redacted except for the request regarding Nike). With respect to Nike, Mr. Avenatti requested evidence of potential criminal conduct by Nike as well as a copy of the federal grand jury subpoena issued to Nike in or about September 2017.

      On July 17, 2019, undersigned counsel had a conference call with government counsel about the Nike documents that we were requesting pursuant to Rule 16, *Brady*, and *Giglio*, etc. At that time, government counsel indicated that if any such documents existed, they would be in the possession of a different investigative and prosecution team – "the Adidas team" -- and that government counsel in this case did not know what the Adidas team possessed. Thereafter, on July 26, 2019, in its Fourth Discovery Production, the government produced documents

that were partially responsive to Mr. Avenatti's request, including text messages. The documents confirmed what Coach Gary Franklin and his consultant, Jeffrey Auerbach, had told Mr. Avenatti about Nike's involvement in paying amateur players, both through Coach Franklin and other coaches in the Nike Elite Youth Basketball League. (*E.g.,* Dkt. #30:5; 30-16).

The Bates numbers of the Nike documents produced by the government contained breaks in the production (from a numerical standpoint), which suggested that only a fraction of the Nike documents had been produced. Because undersigned counsel did not know at the time how the government selected the documents it produced, or the universe of documents it was selecting from, prior to filing the Rule 17(c) motion, undersigned followed up with an e-mail to government counsel on August 29, 2019, requesting various categories of Nike-related documents pursuant to Rule 16 and *Brady/Giglio*, and explaining the bases for Mr. Avenatti's requests. *See* E-mail string (attached hereto as Exhibit 2). Government counsel responded that they "do not necessarily agree that the defendant is entitled to more than he has already received, which went beyond our obligations with respect to substance and/timing, but we will review your request and then circle back." Government counsel indicated that they did not expect to be able to resolve their positions until after the Labor Day holiday. (Exh. 2). Undersigned counsel responded that, given the current trial date, and "given that I think we probably have an honest, good faith disagreement about the scope of the discovery to which we are entitled, I think it is probably prudent that I proceed with my Rule 17(c) request related to Nike on Tuesday. Also, it is not clear to me from your email whether the government is even in possession of all that we would seek directly from Nike anyway." (Exh. 2).[1]

On September 6, 2019, *prior to filing* the Rule 17(c) memorandum of law (Dkt. #52), undersigned counsel emailed a draft of the memorandum of law to government counsel so that the government could evaluate whether it would request that the memorandum be filed under seal. *See* Email exchange (attached hereto as Exhibit 3). That memorandum of law narrowed the four categories of requested Nike documents even further (to the language of the current requests). The government, aware of the requests that were going to be made to Nike pursuant to Rule 17(c) later that day, did not inform undersigned counsel that Nike had already produced *all* such requested documents to the government, *i.e.*, that the documents to be requested by Mr. Avenatti pursuant to Rule 17(c) were a *subset* of documents that Nike had already produced to the government in response to the federal grand jury subpoena. Plainly, government counsel could not know whether Nike had produced to "the Adidas team" everything we were seeking.

Thus, on September 6, 2019, Mr. Avenatti filed a motion to issue a Rule 17(c) subpoena to Nike. (Dkt. #50). The first time that Mr. Avenatti learned of Nike's position that the

---

[1] Although government counsel offered on a telephone call to have undersigned counsel propose "search terms" for the Nike documents in the possession of "the Adidas team," because undersigned counsel did not have a copy of the federal grand jury subpoena and did not know the universe or categories of documents that Nike had already produced to the government, use of "search terms" to search unspecified documents would have been insufficient.

government is already in possession of *all* of the documents responsive to his Rule 17(c) subpoena was when Nike submitted its letter, on September 19, 2019, in opposition to the subpoena. (Dkt. #58:2-3). It appears that this is also when government counsel first learned of this fact. (Dkt. #62) ("But Nike has now proffered that the United States Attorney's Office possesses all potentially responsive documents."). Thus, while the government suggests that Mr. Avenatti should have first sought the documents via a Rule 16 motion (as opposed to seeking a Rule 17(c) subpoena), government counsel did not inform undersigned counsel – and perhaps did not even know themselves – whether the "Adidas team" was in possession of the Nike documents that Mr. Avenatti was requesting.

Given that Nike has now confirmed that it has produced to the government all documents responsive to the Rule 17(c) subpoena – and the government takes Nike at its word -- undersigned counsel hereby withdraws the request for a Rule 17(c) subpoena to Nike and will confer with the government regarding what documents it intends to produce and, if necessary and appropriate, file the appropriate Rule 16 / *Brady* / *Giglio* motion with the Court rather than proceed under Rule 17(c) vis-à-vis Nike.

Respectfully,

*/s/ Scott A. Srebnick*

Scott A. Srebnick
Jose M. Quinon

cc: Counsel of Record (via ECF)

LAW OFFICES
# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
www.srebnicklaw.com

July 1, 2019

**Via E-mail**
Matthew Podolsky, Esq.
Robert Sobelman, Esq.
Daniel Richenthal, Esq.
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

      Re:    *United States v. Michael Avenatti*
               Case No. 19-cr-373-PGG

Gentlemen:

      On behalf of defendant Michael Avenatti, and pursuant to Rule 16(a)(1)(E)(i) and the government's obligations under the Due Process Clause, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, we make this specific request that the government produce the evidence (*e.g.*, records, documents, and information) in its possession listed below. This request is meant to direct the government's attention to specific categories of evidence. It is not intended to be a substitute for general categories of evidence that the government is otherwise required to produce under the Due Process Clause and the above authorities (*e.g.*, plea agreements, deferred prosecution agreements, non-prosecution agreements, promises and benefits to witnesses, threatened charges against witnesses, etc.), all of which we request as well.



**Nike, Inc.**

**Request:**

1. All evidence of potential criminal conduct by Nike and/or its personnel (whether or not related to high school and college basketball);

2. All evidence that Nike failed to comply in all respects with any subpoena(s) issued to it in connection with a criminal investigation being conducted by the USAO-SDNY and DOJ.

**Basis:** Inasmuch as Nike is the purported victim of the alleged extortion, evidence that Nike personnel have committed criminal conduct is relevant and admissible on several grounds. First, the evidence is relevant to the motive of Nike witnesses, including their counsel at Boies Schiller, to implicate Mr. Avenatti to curry favor with the government and avoid individual and corporate criminal liability. Second, the evidence is relevant to show that there was truth to the allegations that Gary Franklin was reporting to Nike, thereby tending to negate the element of "wrongfulness" under the extortion charges. Third, the evidence is relevant to show that Nike was not honest in its dealings with the government. According to media reports, in or around September 2017, a federal grand jury in the SDNY issued subpoena(s) to Nike. This request seeks the subpoena(s) and the response to the subpoena(s) to the extent the government later learned that Nike failed to disclose information that was responsive to the subpoena(s).





Thank you for your prompt attention to this matter.

Respectfully,

SCOTT A. SREBNICK
JOSE M. QUINON

Scott A. Srebnick, P.A.

| | |
|---|---|
| **From:** | Scott Srebnick |
| **To:** | Richenthal, Daniel (USANYS) |
| **Cc:** | Jose M. Quiñon; Podolsky, Matthew (USANYS); Sobelman, Robert (USANYS) |
| **Subject:** | RE: Rule 16, Brady/Giglio, etc., requests for Nike-related evidence |
| **Date:** | Thursday, August 29, 2019 12:04:00 PM |

Daniel:

It was my understanding that you were going to propose a schedule for pretrial disclosures. When do you think you will be able to circulate that proposal?

Because we are currently on a November 12 trial schedule, and given that I think we probably have an honest, good faith disagreement about the scope of the discovery to which we are entitled, I think it is probably prudent that I proceed with my Rule 17(c) request related to Nike on Tuesday. Also, it is not clear to me that from your email whether the government is even in possession of all that we would seek directly from Nike anyway.

330pm tomorrow is fine for the conference call. We can discuss the issue further at that time.

Scott A. Srebnick, P.A.
201 South Biscayne Boulevard
Suite #1210
Miami, FL 33131
Tel: 305-285-9019

Fax: 305-377-9937

www.srebnicklaw.com

---

**From:** Richenthal, Daniel (USANYS) <​>
**Sent:** Thursday, August 29, 2019 11:40 AM
**To:** Scott Srebnick <​>
**Cc:** Jose M. Quiñon <​>; Podolsky, Matthew (USANYS) <​>; Sobelman, Robert (USANYS)
 Rule 16, Brady/Giglio, etc., requests for Nike-related evidence

Thanks Scott. As we have discussed, and as we stated in court, the defendant is not yet entitled to *Giglio* material, or 3500 material, under settled law and district practice, and we are open to discussing a reasonable schedule for the production of such material, along with other pretrial disclosures by both sides. In any event, under *Nixon* and its progeny, impeachment material may not be sought under Rule 17(c). We also do not agree that any of what you have described and not yet received is *Brady*, and do not necessarily agree that the defendant is entitled to more than he has already received, which went beyond our obligations with respect to substance and/timing, but we will review your request and then circle back. Given the scope of your request, other commitments, and the Labor Day holiday, we do not expect that we will be able to resolve fully our respective positions until after the holiday, but we can confer once we've had time to review your request more fully and discuss internally.

**From:** Scott Srebnick <​█████████████████​>
**Sent:** Thursday, August 29, 2019 10:48 AM
**To:** Richenthal, Daniel (USANYS) <​█████████████████​>; Podolsky, Matthew (USANYS) <​█████████████████​>; Sobelman, Robert (USANYS) <​█████████████████​>
**Cc:** Jose M. Quiñon <​█████████████████​>
**Subject:** Rule 16, Brady/Giglio, etc., requests for Nike-related evidence

Gentlemen:

Good morning.

As I stated at the status conference last week, I intend to seek a Rule 17(c) subpoena duces tecum to Nike for documents that I believe are discoverable from the government under Rule 16, Brady/Giglio, and the Due Process Clause (to the extent they are in the government's possession).  Namely, I will be seeking:

1. All evidence, including invoices, text messages, e-mails, and the like, that Nike executives Carlton DeBose and Jamal James directed or asked Gary Franklin of the California Supreme to make payments for the benefit of amateur players, their handlers, and their families, including players DeAndre Ayton, Brandon McCoy, and Bol Bol;

2. All evidence that Nike executives directed or participated in (whether directly or indirectly) the payment of cash to any amateur basketball players in the EYBL and/or their families or agents (including handlers), after January 1, 2016;

3. All evidence that Nike executives directed or participated in (whether directly or indirectly) the payment by means other than cash to amateur basketball players in the EYBL and/or their families or agents (including handlers), not including benefits that are permitted under NCAA rules, after January 1, 2016;

4. All evidence that Nike executives directed or participated in (whether directly or indirectly) the creation of false or fictitious invoices to hide payments (whether cash or otherwise) to amateur basketball players in the EYBL and/or their families or agents (including handlers), after January 1, 2016; and

5. All evidence disclosed by Nike to the USAO-SDNY related to the matters in 1-4 above, and the dates such evidence was disclosed (including the certificates of

authentication/production).

It is our position that these items fall under Rule 16 as being "material to the defense" as well as under Brady and Giglio, and we ask that you produce all such materials in your possession. They are relevant to prove Gary Franklin's plausible claim of right and the value of that claim, as well as the extent of the internal investigation that would have been necessary to root out this conduct. They are also relevant to prove the motive of Nike and its lawyers (including expected government trial witnesses) to curry favor with the government. I realize that you have already produced some materials responsive to these items, even though you may disagree with whether they are discoverable. What is not clear to me is whether you have produced everything in your possession related to them or whether it is your position that the defense is simply not entitled to any additional materials that fall under these categories.

Please advise whether we should expect any additional materials that fall in these categories so that I know whether I need to seek the Rule 17(c) subpoenas.

Scott A. Srebnick, P.A.
201 South Biscayne Boulevard
Suite #1210
Miami, FL 33131
Tel: 305-285-9019
Cell: 
Fax: 305-377-9937
www.srebnicklaw.com

| | |
|---|---|
| **From:** | Podolsky, Matthew (USANYS) |
| **To:** | Scott Srebnick; Richenthal, Daniel (USANYS); Sobelman, Robert (USANYS) |
| **Cc:** | Jose M. Quiñon |
| **Subject:** | RE: Current draft of Memo of Law re Nike Rule 17c |
| **Date:** | Friday, September 06, 2019 2:51:44 PM |

We do not have an objection to the filing of this motion on the public docket.

Many thanks,
Matt

**From:** Scott Srebnick <███████████████>
**Sent:** Friday, September 6, 2019 10:39 AM
**To:** Richenthal, Daniel (USANYS) <███████████████>; Podolsky, Matthew (USANYS) <███████████████>; Sobelman, Robert (USANYS) <███████████████>
**Cc:** Jose M. Quiñon <███████████████>
**Subject:** Current draft of Memo of Law re Nike Rule 17c

Gentlemen:

Attached is the current draft of the memo of law re Nike. I don't think there is any basis for filing this under seal inasmuch as the matters are in the public record.

Thanks,
Scott

Scott A. Srebnick, P.A.
201 South Biscayne Boulevard
Suite #1210
Miami, FL 33131
Tel: 305-285-9019
Cell: ███████████
Fax: 305-377-9937

www.srebnicklaw.com