LAW OFFICES
# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
www.srebnicklaw.com

July 1, 2019

**Via E-mail**
Matthew Podolsky, Esq.
Robert Sobelman, Esq.
Daniel Richenthal, Esq.
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

      Re:    *United States v. Michael Avenatti*
              Case No. 19-cr-373-PGG

Gentlemen:

      On behalf of defendant Michael Avenatti, and pursuant to Rule 16(a)(1)(E)(i) and the government's obligations under the Due Process Clause, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, we make this specific request that the government produce the evidence (*e.g.*, records, documents, and information) in its possession listed below. This request is meant to direct the government's attention to specific categories of evidence. It is not intended to be a substitute for general categories of evidence that the government is otherwise required to produce under the Due Process Clause and the above authorities (*e.g.*, plea agreements, deferred prosecution agreements, non-prosecution agreements, promises and benefits to witnesses, threatened charges against witnesses, etc.), all of which we request as well.



**Nike, Inc.**

    **Request:**

    1. All evidence of potential criminal conduct by Nike and/or its personnel (whether or not related to high school and college basketball);

    2. All evidence that Nike failed to comply in all respects with any subpoena(s) issued to it in connection with a criminal investigation being conducted by the USAO-SDNY and DOJ.

    **Basis:**    Inasmuch as Nike is the purported victim of the alleged extortion, evidence that Nike personnel have committed criminal conduct is relevant and admissible on several grounds. First, the evidence is relevant to the motive of Nike witnesses, including their counsel at Boies Schiller, to implicate Mr. Avenatti to curry favor with the government and avoid individual and corporate criminal liability. Second, the evidence is relevant to show that there was truth to the allegations that Gary Franklin was reporting to Nike, thereby tending to negate the element of "wrongfulness" under the extortion charges. Third, the evidence is relevant to show that Nike was not honest in its dealings with the government. According to media reports, in or around September 2017, a federal grand jury in the SDNY issued subpoena(s) to Nike. This request seeks the subpoena(s) and the response to the subpoena(s) to the extent the government later learned that Nike failed to disclose information that was responsive to the subpoena(s).



SCOTT A. SREBNICK, P.A.



Thank you for your prompt attention to this matter.

Respectfully,

SCOTT A. SREBNICK
JOSE M. QUINON

Scott A. Srebnick, P.A.