| | |
|---|---|
| **From:** | Scott Srebnick |
| **To:** | Richenthal, Daniel (USANYS) |
| **Cc:** | Jose M. Quiñon; Podolsky, Matthew (USANYS); Sobelman, Robert (USANYS) |
| **Subject:** | RE: Rule 16, Brady/Giglio, etc., requests for Nike-related evidence |
| **Date:** | Thursday, August 29, 2019 12:04:00 PM |

Daniel:

It was my understanding that you were going to propose a schedule for pretrial disclosures.  When do you think you will be able to circulate that proposal?

Because we are currently on a November 12 trial schedule, and given that I think we probably have an honest, good faith disagreement about the scope of the discovery to which we are entitled, I think it is probably prudent that I proceed with my Rule 17(c) request related to Nike on Tuesday.  Also, it is not clear to me that from your email whether the government is even in possession of all that we would seek directly from Nike anyway.

330pm tomorrow is fine for the conference call.  We can discuss the issue further at that time.

Scott A. Srebnick, P.A.
201 South Biscayne Boulevard
Suite #1210
Miami, FL 33131
Tel: 305-285-9019

Fax: 305-377-9937

www.srebnicklaw.com

---

**From:** Richenthal, Daniel (USANYS) <​​​​​​​​​​​​​​​​​​​​​​>
**Sent:** Thursday, August 29, 2019 11:40 AM
**To:** Scott Srebnick <​​​​​​​​​​​​​​​>
**Cc:** Jose M. Quiñon <​​​​​​​​​​​​​​​>; Podolsky, Matthew (USANYS) <​​​​​​​​​​​​​​​​​​​​​​​​​​​>; Sobelman, Robert (USANYS)
  Rule 16, Brady/Giglio, etc., requests for Nike-related evidence

Thanks Scott.  As we have discussed, and as we stated in court, the defendant is not yet entitled to *Giglio* material, or 3500 material, under settled law and district practice, and we are open to discussing a reasonable schedule for the production of such material, along with other pretrial disclosures by both sides.  In any event, under *Nixon* and its progeny, impeachment material may not be sought under Rule 17(c).  We also do not agree that any of what you have described and not yet received is *Brady*, and do not necessarily agree that the defendant is entitled to more than he has already received, which went beyond our obligations with respect to substance and/timing, but we will review your request and then circle back.  Given the scope of your request, other commitments, and the Labor Day holiday, we do not expect that we will be able to resolve fully our respective positions until after the holiday, but we can confer once we've had time to review your request more fully and discuss internally.

**From:** Scott Srebnick <​███████████████​>
**Sent:** Thursday, August 29, 2019 10:48 AM
**To:** Richenthal, Daniel (USANYS) <​███████████████​>; Podolsky, Matthew (USANYS) <​███████████████​>; Sobelman, Robert (USANYS) <​███████████████​>
**Cc:** Jose M. Quiñon <​███████████████​>
**Subject:** Rule 16, Brady/Giglio, etc., requests for Nike-related evidence

Gentlemen:

Good morning.

As I stated at the status conference last week, I intend to seek a Rule 17(c) subpoena duces tecum to Nike for documents that I believe are discoverable from the government under Rule 16, Brady/Giglio, and the Due Process Clause (to the extent they are in the government's possession). Namely, I will be seeking:

1. All evidence, including invoices, text messages, e-mails, and the like, that Nike executives Carlton DeBose and Jamal James directed or asked Gary Franklin of the California Supreme to make payments for the benefit of amateur players, their handlers, and their families, including players DeAndre Ayton, Brandon McCoy, and Bol Bol;

2. All evidence that Nike executives directed or participated in (whether directly or indirectly) the payment of cash to any amateur basketball players in the EYBL and/or their families or agents (including handlers), after January 1, 2016;

3. All evidence that Nike executives directed or participated in (whether directly or indirectly) the payment by means other than cash to amateur basketball players in the EYBL and/or their families or agents (including handlers), not including benefits that are permitted under NCAA rules, after January 1, 2016;

4. All evidence that Nike executives directed or participated in (whether directly or indirectly) the creation of false or fictitious invoices to hide payments (whether cash or otherwise) to amateur basketball players in the EYBL and/or their families or agents (including handlers), after January 1, 2016; and

5. All evidence disclosed by Nike to the USAO-SDNY related to the matters in 1-4 above, and the dates such evidence was disclosed (including the certificates of

authentication/production).

It is our position that these items fall under Rule 16 as being "material to the defense" as well as under Brady and Giglio, and we ask that you produce all such materials in your possession. They are relevant to prove Gary Franklin's plausible claim of right and the value of that claim, as well as the extent of the internal investigation that would have been necessary to root out this conduct. They are also relevant to prove the motive of Nike and its lawyers (including expected government trial witnesses) to curry favor with the government. I realize that you have already produced some materials responsive to these items, even though you may disagree with whether they are discoverable. What is not clear to me is whether you have produced everything in your possession related to them or whether it is your position that the defense is simply not entitled to any additional materials that fall under these categories.

Please advise whether we should expect any additional materials that fall in these categories so that I know whether I need to seek the Rule 17(c) subpoenas.

Scott A. Srebnick, P.A.
201 South Biscayne Boulevard
Suite #1210
Miami, FL 33131
Tel: 305-285-9019
Cell:
Fax: 305-377-9937
www.srebnicklaw.com