**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 17, 2019

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: ***United States v. Michael Avenatti*, 19 Cr. 373 (PGG)**

Dear Judge Gardephe:

    In light of the adjournment of the trial in the above-captioned matter to January 21, 2020, the Government respectfully writes to advise the Court that the parties have conferred and agreed to a revised schedule with respect to the exchange of certain material and information prior to and during trial. The revised schedule is as follows:

| | |
|---|---|
| November 15, 2019: | The Government provides supplemental notice, if any, to the defendant of evidence it may seek to offer pursuant to Federal Rule of Evidence 404(b). |
| November 22, 2019: | The parties provide notice to each other, consistent with the requirements of Federal Rule of Criminal Procedure 16, of experts potentially to be called during the Government's case-in-chief and the defendant's case, if any. |
| December 6, 2019: | The parties provide notice to each other, consistent with the requirements of Rule 16, of rebuttal experts, if any. |
| January 10, 2020: | The Government provides to the defendant a list of exhibits the Government reasonably expects to seek to introduce during its case-in-chief. This exhibit list will be subject to good-faith revision as the Government continues to prepare its case for trial, including in response to the defense's list of proposed exhibits that it anticipates seeking to introduce into evidence during the Government's case-in-chief. |
| | The Government also provides to the defendant a list of witnesses whom the Government reasonably expects to call in its case-in-chief. |

Honorable Paul G. Gardephe
United States District Judge
October 17, 2019
Page 2

| | |
|---|---|
| January 15, 2020: | Defense counsel provides to the Government a list of exhibits that the defendant reasonably expects to seek to introduce during the Government's case-in-chief. This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. |
| At least three business days prior to the anticipated start of a defense case: | Defense counsel provides to the Government a list of witnesses whom the defendant reasonably expects to call in his case. |
| At least three days prior to the anticipated start of a defense case: | Defense counsel provides the Government a list of exhibits that the reasonably expects to seek to introduce during his case. This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. |

The Government has also agreed produce material covered by 18 U.S.C. § 3500 on or before January 14, 2020, and the defense has agreed to produce material covered by Federal Rule of Criminal Procedure 26.2 at least five business days prior to the anticipated start of a defense case. The parties recognize that 3500 and Rule 26.2 obligations are continuing, so when new material is generated after the pertinent deadline described above, such material will be timely provided, *i.e.*, the same day it is generated, and prior to the witness to whom it applies next taking the stand. The defense has also agreed that, consistent with Rule 26.2(c), if the defense intends to withhold any such material on the ground of privilege or work-product, it will provide that material to the Court for timely review.

In addition to the schedule above, the parties have also conferred and reached agreement regarding the following issues, which are designed to narrow or moot disputes, specifically: (1) attempting in good faith to share any proposed summary chart, or any proposed transcript of a meeting or call, at least one week before it will be sought to be introduced, notwithstanding the foregoing, to permit the opposing party to review the accuracy of the chart or transcript; (2) sharing any visuals or slides to be used in opening statements, one business day before such statements; and (3) alerting the opposing party to (a) the next day's witnesses, in anticipated order, and (b) the exhibits expected to be sought to be introduced through those witnesses, by at least 7:00 pm on the day before calling such witnesses, and the party to whom such disclosure is made will provide any objections to such exhibits as quickly as possible that evening, so that the parties may confer and then be prepared, if necessary, to raise any objections with the Court in the morning, prior to the beginning of the trial day during which the exhibits are expected to be sought to be introduced.

Finally, both the Government and the defense anticipate timely agreeing to stipulations to avoid the need to call custodians of records or otherwise to authenticate evidence or the accuracy of transcripts, and the parties agree that the dates set forth herein do not alter the parties' reciprocal

Honorable Paul G. Gardephe
United States District Judge
October 17, 2019
Page 3

discovery obligations or the obligation to produce materials obtained pursuant to Federal Rule of Criminal Procedure 17(c), absent an order to the contrary.

                                                      Respectfully submitted,

                                                      GEOFFREY S. BERMAN
                                                      United States Attorney

By:   *Robert B. Sobelman*
                                                      Matthew D. Podolsky
                                                      Daniel C. Richenthal
                                                      Robert B. Sobelman
                                                      Assistant United States Attorneys
                                                      (212) 637-1947/2109/2616

cc:     (by ECF)

          Counsel of Record