UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
                                      :

UNITED STATES OF AMERICA       :

                                      :

          - v. -                :                   S1 19 Cr. 373 (PGG)

                                      :

MICHAEL AVENATTI,           :

                                      :

                Defendant.         :

                                      :

------------------------------------------------- x

# MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
## IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS COUNT THREE

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

Matthew D. Podolsky
Daniel C. Richenthal
Robert B. Sobelman
Assistant United States Attorneys
- *Of Counsel* -

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 1

I.      The Superseding Indictment Sufficiently Alleges Wire Fraud ................................... 3

   A.   Applicable Law ............................................................................................................ 3

   B.   Discussion .................................................................................................................... 4

II.     The Wire Fraud Statute Is Not "Vague-as-Applied" ................................................ 8

   A.   Applicable Law ............................................................................................................ 8

   B.   Discussion .................................................................................................................... 9

CONCLUSION ............................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337 (1952) ..................................................... 4

*Costello v. United States*, 350 U.S. 359 (1956) ........................................................................... 3

*Hamling v. United States*, 418 U.S. 87 (1974).......................................................................... 3, 4

*Maynard v. Cartwright*, 486 U.S. 356 (1988)............................................................................. 9

*Pasquantino v. United States*, 544 U.S. 349 (2005) ...................................................................... 6

*United States v. Alfonso*, 143 F.3d 772 (2d Cir. 1998) .............................................................. 3, 5

*United States v. Balde*, --- F.3d ----, No. 17-3337-cr, 2019 WL 5938025 (2d Cir. Nov. 13, 2019) ……………................................................................................................................................ 5

*United States v. Bout*, 731 F.3d 233 (2d Cir. 2013)..................................................................... 5

*United States v. Bout*, No. 08 Cr. 365 (SAS), 2011 WL 2693720 (S.D.N.Y. July 11, 2011) ........ 8

*United States v. De La Pava*, 268 F.3d 157 (2d Cir. 2001) ........................................................... 4

*United States v. Elie*, No. 10 Cr. 336 (LAK), 2012 WL 383403 (S.D.N.Y. Feb. 7, 2012) ............ 4

*United States v. Elson*, 968 F. Supp. 900 (S.D.N.Y. 1997.............................................................. 4

*United States v. Goldberg*, 756 F.2d 949 (2d Cir. 1985)............................................................... 4

*United States v. Greenberg*, 835 F.3d 295 (2d Cir. 2016)............................................................. 6

*United States v. Halloran*, 821 F.3d 321 (2d Cir. 2016)............................................................... 8

*United States v. Hausmann*, 354 F.3d 952 (7th Cir. 2003)............................................................ 7

*United States v. Milani*, 739 F. Supp. 216 (S.D.N.Y. 1990).......................................................... 8

*United States v. Nouri*, 711 F.3d 129 (2d Cir. 2014) ................................................................... 6

*United States v. Reifler*, 446 F.3d 65 (2d Cir. 2006) ................................................................... 6

*United States v. Rosen*, 716 F.3d 691 (2d Cir. 2013)................................................................... 8

*United States v. Rybicki*, 354 F.3d 124 (2d Cir. 2003) .............................................................. 7, 9

*United States v. Skilling*, 561 U.S. 358 (2010) ............................................................................... 5

**Rules**

Fed. R. Crim. P. 7(c) ............................................................................................................................. 3

Fed. R. Crim. P. 29 ............................................................................................................................... 4

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to the defendant's motion to dismiss Count Three of the Superseding Indictment, which charges the defendant with honest services wire fraud, for alleged failure to state an offense or because the honest services wire fraud statutes are purportedly vague as applied (Dkt. No. 75) ("MTD").[1]  The defendant's motion does little more than make conclusory factual assertions unsupported by the allegations against him or the expected evidence in the case, and it offers no cognizable basis to dismiss Count Three.  The motion should be denied.

## STATEMENT OF FACTS

As set forth in detail in the Government's opposition to the defendant's prior motion to dismiss, the defendant wrongfully used information obtained from his client (or potential client), Client-1, in a failed effort to extort NIKE, Inc. ("Nike"), a public corporation, into paying at least $15 million, not to the client, but directly to the defendant himself.  (*See* Gov't Opp'n 1-4 (Dkt. No. 57).)  As part of that scheme, and in violation of duties owed to his client, the defendant demanded that Nike pay him personally—at least ten times what he asked Nike to pay his client— in exchange for which the defendant would, among other things, cause any potential claims by his client against Nike to be resolved.  (*See* S1 Indictment ¶¶ 1-2, 10-11, 13-14.)  Indeed, when one of Nike's attorneys asked whether Nike could resolve the defendant's demands by paying only Client-1, the defendant responded not that Nike should increase its payment to his client, but rather that he did not think it made sense for Nike to pay his client an "exorbitant sum of money . . . in

---

[1] The defendant has also filed—some three weeks prior to the deadline set by the Court for motions *in limine* and voir dire—a motion seeking use of a jury questionnaire in this case (Dkt. No. 78).  Absent contrary direction from the Court, the Government will respond to that motion on the schedule for motions *in limine* and voir dire previously set by the Court.

light of his role in this." (S1 Indictment ¶ 14(b).)  Not surprisingly, the defendant did not inform

his client of his demands or of Nike's responses, much less receive authorization for what he did,

but instead misled his client regarding the nature of his purported negotiations, concealed facts

from his client, and misused his client's confidential information.  (S1 Indictment ¶¶ 10, 11(f),

14(g).)

On November 13, 2019, the grand jury returned Superseding Indictment S1 19 Cr. 373

(PGG), charging the defendant with three offenses arising from the conduct described above.  (Dkt.

No. 72.)  The first two counts were previously charged against the defendant.  Specifically, Count

One charges the defendant with transmission of interstate communications with intent to extort, in

violation of 18 U.S.C. § 875(d).  (S1 Indictment ¶¶ 19-20.)  Count Two charges the defendant with

extortion, in violation of 18 U.S.C. § 1951.[2]  (S1 Indictment ¶¶ 21-22.)  Count Three charges the

defendant with honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346.  (S1

Indictment ¶¶ 23-24.)  As relevant here, Count Three, after incorporating by reference the prior

relevant paragraphs of the Superseding Indictment, states:

> In or about March 2019, in the Southern District of New York and
> elsewhere, MICHAEL AVENATTI, the defendant, having devised
> and intending to devise a scheme and artifice to defraud, and to
> deprive Client-1 of Client-1's intangible right to the honest services
> of AVENATTI, transmitted and caused to be transmitted by means
> of wire communication in interstate and foreign commerce,
> writings, signs, signals, pictures, and sounds for the purpose of
> executing such scheme and artifice, to wit, AVENATTI, owing a
> duty of honest services to Client-1, engaged in a scheme to obtain
> payments for himself from Nike based on confidential information
> provided to AVENATTI by Client-1 for the purpose of furthering

---

[2] Counts One and Two of the Superseding Indictment are identical to counts previously
charged in the original indictment, which were, as noted above, the subject of a prior motion to
dismiss.  (*See* Dkt. Nos. 29, 35.)  The defendant has, without objection by the Government,
renewed the same claims with respect to the relevant counts of the Superseding Indictment.  (*See*
Dkt. No. 71.)

> AVENATTI's representation of Client-1, without Client-1's knowledge or approval, and used and caused the use of interstate communications to effect the scheme.

(S1 Indictment ¶ 24.)

## ARGUMENT

The defendant asserts that the Court should dismiss Count Three because it fails sufficiently to allege a crime or, in the alternative, because the honest services wire fraud statutes are purportedly vague as applied to him. Stripped of rhetoric and conclusory factual assertions, the motion relies on a single argument: the Superseding Indictment, in the defendant's telling, fails to allege a "bribe" or "kickback." The defendant is wrong, but it would not matter even were he right. The Superseding Indictment contains a plain, concise, and definite recitation of the charge. Nothing more is required.

## I.     The Superseding Indictment Sufficiently Alleges Wire Fraud

### A.     Applicable Law

It is well-settled that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also* Fed. R. Crim. P. 7(c). To state an offense, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998).

Where, as here, the charging instrument meets those basic requirements, dismissal of an otherwise facially valid indictment is an "'extraordinary remedy' reserved only for extremely limited circumstances implicating fundamental rights." *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001) (citation omitted).  In particular, where a motion to dismiss the indictment is, at core, a challenge to the sufficiency or quality of the evidence the Government may adduce at trial to establish the defendant's guilt, a defendant must wait until after the close of the Government's case-in-chief at trial or after the jury's verdict before contesting the sufficiency of the evidence.  *See* Fed. R. Crim. P. 29; *see also, e.g.*, *United States v. Elie*, No. 10 Cr. 336 (LAK), 2012 WL 383403, at *1 (S.D.N.Y. Feb. 7, 2012) ("[T]here is no summary judgment in criminal cases. . . .  [A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." (internal quotation marks omitted)); *United States v. Elson*, 968 F. Supp. 900, 905 (S.D.N.Y. 1997).  In short, on a pretrial motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the allegations of the indictment must be taken as true.  *See Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952); *United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985).

### B.    Discussion

The defendant does not dispute—nor could he—that the Superseding Indictment "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense," *Hamling*, 418 U.S. at 117.  Indeed, it is striking that in claiming that Count Three does not contain legally sufficient allegations, the defendant fails to make any reference at all to the actual language of Count Three.  Paragraph 24 of the Superseding Indictment tracks the language of the relevant statutes and sets forth the charge of honest services wire fraud

4

in clear and unmistakable terms.  Its allegations must be taken as true, and on this basis alone, the defendant's motion to dismiss must be denied.  *See Alfonso*, 143 F.3d at 776.

The defendant nevertheless contends that Count Three should be dismissed because the Superseding Indictment does not expressly use the words "bribe" or "kickback," which, the defendant asserts, is required by the Supreme Court's decision in *United States v. Skilling*, 561 U.S. 358 (2010).  (MTD 2-9.)  The premise of this argument—that an indictment, in addition to tracking the charged statute, must contain certain words consistent with case law's interpretation of the statute's scope—is wrong.  Nothing in *Skilling* remotely suggests, much less holds, that the Supreme Court intended to overrule decades of settled law as to what constitutes a valid indictment.

The Second Circuit recently had occasion to make this very point.  Addressing a claim that a conviction for possession of a firearm by an alien unlawfully in the United States, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), should be reversed because the indictment failed to allege knowledge of being unlawfully in the United States, which the Supreme Court had recently held was required for conviction, the Second Circuit observed that "it is difficult to understand how an *indictment* that tracks the exact language of the statute, and that expressly charges that the defendant violated it, fails on its face to charge that the defendant committed a federal crime."[3] *United States v. Balde*, --- F.3d ----, No. 17-3337-cr, 2019 WL 5938025, at \*11 (2d Cir. Nov. 13, 2019) (emphasis in original); *see also United States v. Bout*, 731 F.3d 233, 240-41 (2d Cir. 2013) (rejecting argument that indictment was insufficient for failure to use language specific to the

---

[3] Although the defendant in *Balde* framed his argument as going to the jurisdiction of the court, the argument raised was the same advanced here—that the failure to include language reflecting case law interpretation of a statute in addition to tracking the statute "means that the indictment does not charge a federal crime."  2019 WL 5938025, at \*9.

5

concept of "murder," where indictment tracked language of the statute).   In short, where the indictment charging honest services wire fraud, as here, tracks the language of Sections 1343 and 1346, there is no requirement that the indictment also use the words "bribe" or "kickback."   The defendant cites nothing to the contrary.

In any event, the defendant ignores what the Superseding Indictment alleges.   "In applying *Skilling*'s limitation on honest-services wire fraud, [the Second Circuit has] explained that, to violate the right to honest services, the charged conduct must involve a quid pro quo, *i.e.,* an 'intent to give or receive something of value in exchange for an . . . act.'"   *United States v. Nouri*, 711 F.3d 129, 139 (2d Cir. 2014) (quoting *United States v. Bruno*, 661 F.3d 733, 743-44 (2d Cir. 2011)).   A scheme to engage in this type of exchange is exactly what the Superseding Indictment alleges: the defendant "would and did seek or demand payments from Nike for himself in exchange for resolving any potential claims made by Client-1."   (S1 Indictment ¶ 10; *see also, e.g.*, *id.* ¶ 1 (alleging that the defendant demanded payments to himself in exchange for not publicizing client information).)   Indeed, the Superseding Indictment quotes the defendant making these corrupt demands for payments in exchange for taking action in his capacity as an attorney for Client-1. (*E.g.*, *id.* ¶¶ 13(a)-(f), 14(b)-(g).)   That the indictment refers to "payments," rather than using the words "bribes" or "kickbacks" is of no legal significance.[4]

---

[4] The defendant also suggests that the Superseding Indictment does not sufficiently allege a scheme to defraud because the defendant did not have a "corrupt partner" and the scheme was not completed.   (*See* MTD 7-9 & n.4.)   It is uncontroversial, however, that "[t]he wire fraud statute punishes the scheme, not its success."   *Pasquantino v. United States*, 544 U.S. 349, 371 (2005); *see also United States v. Greenberg*, 835 F.3d 295, 305 (2d Cir. 2016) ("[T]he gravamen of the offense is the scheme to defraud." (internal quotation marks and citation omitted)).   Thus, "to violate the statute, the defendant need not have completed or succeeded in his scheme to defraud, and the scheme need not have resulted in actual injury to the scheme's victims."   *United States v. Reifler*, 446 F.3d 65, 96 (2d Cir. 2006).   In other words, it is not a defense to engaging in a scheme to defraud, and committing wire fraud, that Nike chose to report the defendant's conduct to law

The defendant also asserts—without apparent substantive argument or support—that Count Three "fails to allege a violation of a legally cognizable duty." (MTD 9 (formatting and capitalization omitted).) To the contrary, it has long been clear that attorneys owe a duty of honest services to their clients. *See, e.g.*, *United States v. Hausmann*, 354 F.3d 952, 956 (7th Cir. 2003) (affirming conviction of attorney for defrauding client of attorney's honest services); *see also United States v. Rybicki*, 354 F.3d 124, 141-42 & n.17 (2d Cir. 2003) (honest services wire fraud applies to "persons who assume a legal duty of loyalty comparable to that owed by an officer or employee to a private entity").

The defendant does not appear to disagree, nor could he. Instead, he appears to assert that the alleged conduct did not violate his fiduciary duty to Client-1. Specifically, without any attempt to ground his argument in law, the defendant makes various assertions about the nature of settlement negotiations, and claims that, "[a]t its core, the 'honest services' wire fraud charge is a supercilious and dangerous attempt by federal prosecutors in New York to regulate the practice of civil law, impose their own views of when and what constitutes adequate client communication during settlement negotiations, and convert alleged violations of state ethics rules into a federal criminal offense." (MTD 9-10.) This hyperbole has no basis in law or fact. The Superseding Indictment "regulate[s] the practice of civil law" only to the extent that it seeks to enforce Congress's prohibitions against extortion and fraud—rules that apply equally to attorneys entrusted with power over a client's information and potential claims as they do to non-attorneys.[5]

_____

enforcement and continued to work with law enforcement rather than accede to his extortionate and corrupt demands.

[5] To the extent that the defendant suggests that Count Three is premised on nothing more than his failure to keep his client informed of developments in settlement negotiations (MTD 10), he again ignores the allegations contained in the Superseding Indictment, which charge, as explained above and among other things, that the defendant engaged in a scheme to solicit side-

7

In short, the defendant is entitled to argue to the jury that he is not guilty.  He is not entitled to avoid a jury considering his conduct by baldly asserting that he is not guilty because he merely failed to engage in "adequate client communication."   *See, e.g.*, *United States v. Bout*, No. 08 Cr. 365 (SAS), 2011 WL 2693720, at \*5 n.73 (S.D.N.Y. July 11, 2011) ("To the extent [that the defendant's] challenges are to the sufficiency of the Government's evidence to *satisfy*— as opposed to the sufficiency of the Indictment to *allege*—the federal elements of the crimes charged, those arguments are not appropriately decided on a motion to dismiss." (internal quotation marks omitted; emphases in original)), *aff'd*, 731 F.3d 233 (2d Cir. 2013).

## II.     The Wire Fraud Statute Is Not "Vague-as-Applied"

### A.     Applicable Law

"The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."   *United States v. Halloran*, 821 F.3d 321, 337 (2d Cir. 2016) (internal quotation marks omitted).  "Although a law has to provide minimal guidelines in the form of explicit standards regarding what conduct is unlawful, it need not achieve meticulous specificity, which would come at the cost of flexibility and reasonable breadth."   *United States v. Rosen*, 716 F.3d 691, 699 (2d Cir. 2013) (internal quotation marks omitted).

Because vagueness challenges are "as applied," courts "must await conclusion of the trial" to determine whether a statute is unconstitutionally vague in a particular case.  *United States v. Milani*, 739 F. Supp. 216, 218 (S.D.N.Y. 1990).   As the Supreme Court has explained,

---

payments from Nike in exchange for making decisions about or settling his client's potential claims (*see, e.g.*, S1 Indictment ¶ 10).

"[o]bjections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk." *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988); *see also Rybicki*, 354 F.3d at 129 ("Panel opinions of this Court have repeatedly held that when, as in the case before us, the interpretation of a statute does not implicate First Amendment rights, it is assessed for vagueness only 'as applied,' i.e., in light of the specific facts of the case at hand and not with regard to the statute's facial validity." (internal quotation marks and citation omitted)).

### B.     Discussion

The defendant contends that this Court should, contrary to settled law, decide his void-for-vagueness challenge prior to trial because "the Court need not wait until trial because *Skilling* provides all the clear guidance this Court needs." (MTD 11.)  But the reason that the law requires void-for-vagueness challenges to be raised after trial is not because the *law* may become clearer, but because the inquiry is *fact*-specific and thus cannot be decided without the record developed at trial.  *Maynard*, 486 U.S. at 361.  There is no exception under *Skilling* to this long-settled principle.

In any event, even if a motion to dismiss Count Three for alleged vagueness as applied were properly raised now, it would still have no merit.  The defendant's conclusory argument simply repeats his prior assertion that "*Skilling* requires a bribe or kickback and here there is no allegation of a bribe or kickback." (MTD 11.)  As set forth above, the allegations contained in the Superseding Indictment easily satisfy any theoretical requirement under *Skilling* that an indictment contain such an allegation.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss Count Three should be denied.

Dated:  New York, New York
        November 22, 2019

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney

                              By:      s/ Matthew D. Podolsky
                                        Matthew D. Podolsky
                                        Daniel C. Richenthal
                                        Robert B. Sobelman
                                        Assistant United States Attorneys
                                        (212) 637-1947/2109/2616

10