UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,      :

vs.                         :      S1 19 Cr. 373 (PGG)

MICHAEL AVENATTI,        :

        Defendant.        :
_____


**DEFENDANT AVENATTI'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT'S
PROPOSED EXPERT TESTIMONY AND FOR A *DAUBERT* HEARING**

Scott A. Srebnick
SCOTT A. SREBNICK, P.A.
201 South Biscayne Boulevard
Suite 1210
Miami, FL 33131
Telephone: (305) 285-9019
Facsimile:  (305) 377-9937
E-Mail:  Scott@srebnicklaw.com


Jose M. Quinon
JOSE M. QUINON, P.A.
2333 Brickell Avenue, Suite A-1
Miami, FL 33129
Telephone:  (305) 858-5700
Facsimile:  (305) 358-7848
E-Mail:  jquinon@quinonlaw.com

*Attorneys for Defendant Michael Avenatti*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

I.    PRELIMINARY STATEMENT ............................................................. 1

II.   LEGAL DISCUSSION ......................................................................... 2

    A.  Legal Standards ............................................................................. 2

    B.  The Proposed Testimony is Inadmissible Under Rules 702 and 704 ................. 3

    C.  The Expert Testimony Should be Excluded under Rule 403 ............................ 8

    D.  The Government's Notice is Deficient ............................................................ 10

        1.  *Failure to Disclose Meaningful Developments and Consult With Client-1* ........................................................... 11

        2.  *Disclosing and Publicizing Client-1's Confidential Information* .............. 12

        3.  *Seeking Greater Money for Himself to the Detriment of his Client* ............ 13

    E.  Mr. Avenatti Requests a *Daubert* Hearing on Methodology and Reliability ........................................................................ 13

CONCLUSION ....................................................................................... 14

CERTIFICATE OF SERVICE ................................................................. 15

## TABLE OF AUTHORITIES

**CASES:**                                                                                          **Page**

*Amnesty Int'l USA v. Clapper*,
    638 F.3d 118 (2d Cir. 2011),
    *rev'd on other grds.*, ___ U.S. ___, 133 S. Ct. 1138 (2013) ........................................5

*Barber v. United Airlines, Inc.*,
    17 Fed.Appx. 433 (7th Cir. 2001) ................................................................................14

*Bernstein v. Bernstein Litowitz Berger & Grossman LLP*,
    814 F.3d 132 (2d Cir. 2016).............................................................................................4

*Birbrower, Montalbano, Condon & Frank v. Superior Court*,
    (1998) 17 Cal. 4th 119, 70 Cal.Rptr.2d 304 ...................................................................4

*CDX Liquidating Tr. ex rel. CDX Liquidating Trustee v. Venrock Assocs.*,
    411 B.R. 571 (N.D. Ill. 2009) ........................................................................................9

*Commonwealth v. Lambert*,
    No. 0423-1992,
    1998 WL 558749 (Pa.Com.Pl. Aug. 24, 1998) .............................................................7

*Daubert v. Merrell Dow Pharmaceuticals*,
    509 U.S. 579 (1993) ...........................................................................................1, 13, 14

*Fishman v. Brooks*,
    396 Mass. 643, 487 N.E. 2d 1377 (1986).......................................................................7

*GST Telecomm., Inc. v. Irwin*,
    192 F.R.D. 109 (S.D.N.Y. 2000) ...................................................................................6

*Highland Cap. Mgmt., L.P., v. Schneider*,
    379 F.Supp.2d 461 (S.D.N.Y. 2005)..............................................................................6

*Howard v. Babcock*,
(1993) 6 Cal. 4th 409, 25 Cal. Rptr. 2d 90 ........................................................................4

*Hygh v. Jacobs*,
    961 F.2d 359 (2d Cir. 1992)....................................................................................3, 5, 9

*In re Initial Public Offering Securities Litigation*,
    174 F.Supp.2d 61 (S.D.N.Y. 2001) ...............................................................................6

**CASES:**                                                                                                  **Page**

*In re McKesson HBOC, Inc. Sec. Litig.*,
    126 F.Supp.2d 1239 (N.D.Ca. 2000) ...................................................................... 6-7

*Joffe v. King & Spalding LLP*,
    No. 17-CV-3392 (VEC),
    2019 WL 4673554 (S.D.N.Y. Sept. 24, 2019).........................................................3, 6

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ..................................................................................................13, 14

*Marx & Co. v. The Diners' Club, Inc.*,
    550 F.2d 505 (2d Cir. 1977) ..............................................................................................5

*Nimely v. City of New York*,
    414 F.3d 381 (2d Cir. 2005)........................................................................................3, 4, 8

*SLSJ, LLC v. Kleban*,
    277 F.Supp. 3d 258 (D.Conn. 2017) ...............................................................................6, 9

*Specht v Jensen*,
    853 F.2d 805 (10th Cir. 1988)...........................................................................................9

*Tockstein v. Spoeneman*,
    No. 4:07Cv00020-ERW,
    2009 WL 2143762 (E.D.Mo. July 14, 2009) ...................................................................7

*United States v. Bilzerian*,
    926 F.2d 1285 (2d Cir. 1991)...........................................................................................5

*United States v. Bronston*,
    658 F.2d 920 (2d Cir. 1981)..............................................................................................5

*United States v. Brooks*,
    No. 06-CR-550 (JS),
    2010 WL 291769 (E.D.N.Y. Jan. 11, 2010) ..................................................................6

*United States v. Duncan*,
    42 F.3d 97 (2d Cir. 1994)..................................................................................................3

*United States v. Halloran*,
    821 F.3d 321 (2d Cir. 2016)..............................................................................................1

**CASES:**                                                                                      **Page**

*United States v. Lupton*,
    No. 07-Cr-219, 2008 WL 2224399 (E.D.Wi. May 28, 2008),
    *aff'd* 620 F.3d 790 (7th Cir. 2010) ................................................................................8

*United States v. Monaghan.*
    648 F.Supp.2d 658 (E.D.Pa. 2009) ..........................................................................7

*United States v. Scop*,
    846 F.2d 135 (2d Cir. 1994),
    *rev'd in part on reh'g on other grounds*, 856 F.2d 5 (2d Cir. 1988) ..........................5

*United States v. Sprouse*,
    No. 3:07cr211,
    2009 WL 798827 (W.D.N.C. Mar. 23, 2009) ............................................................7

*United States v. Tuzman*,
    No. 15 Cr. 536 (PGG),
    2017 WL 6527261 (S.D.N.Y. Dec. 18, 2017)....................................................3, 8, 10

*United States v. Valle*,
    No. 12 Cr 847 (PGG),
    2013 WL 440687 (S.D.N.Y. Feb. 2, 2013) ................................................................10

*United States v. Williams*,
    506 F.3d 151 (2d Cir. 2007)......................................................................................3

**CALIFORNIA BUSINESS & PROFESSIONAL CODE**:

Section 21384 ..........................................................................................................4

Section 6000 ....................................................................................................1, 4, 11

Section 6068(e) ....................................................................................................11, 12

Section 6068(e)(1) ...................................................................................................4

Section 6076 ............................................................................................................4

Section 6077 ............................................................................................................4

## CALIFORNIA RULES OF PROFESSIONAL CONDUCT:  **Page**

Rule 1.2 ................................................................................................................1, 11

Rule 1.4 ................................................................................................................1, 11

Rule 1.4.1 ............................................................................................................1, 11

Rule 1.5 ...................................................................................................................1

Rule 1.6 ..........................................................................................................1, 11, 12

Rule 1.6(a) ..............................................................................................................4

Rule 1.7 ..........................................................................................................1, 11, 13

Rule 1.8.2 ....................................................................................................1, 4, 11, 13

Rule 1.8.3 ...............................................................................................................4

Rule 8.4 ................................................................................................................1, 11

## FEDERAL RULES OF CRIMINAL PROCEDURE:

Rule 16(a)(1)(G) .................................................................................................1, 2, 10

Rule 16(b)(1)(C) .....................................................................................................10

## FEDERAL RULES OF EVIDENCE:

Rule 401 ................................................................................................................1

Rule 402 ................................................................................................................1

Rule 403 ..........................................................................................................1, 8, 9

Rule 702 .......................................................................................................... passim

Rule 703 ...............................................................................................................10

Rule 704 ....................................................................................................1, 3, 4, 10

Rule 705 ...............................................................................................................10

**UNITED STATES CODE**:                                                                    **Page**

18 U.S.C. §1343.............................................................................................................1

18 U.S.C. §1346.............................................................................................................1

**MISCELLANEOUS**:

Baker, Thomas, "The Impropriety of Expert Witness Testimony on the Law,"
   40 *U. Kan. L. Rev*. 325 (1992) ...........................................................................6

Defendant Michael Avenatti, through counsel, and pursuant to Rules 401, 402, 403, and 702 and 704 of the Federal Rules of Evidence, respectfully submits this memorandum of law in support of his Motion *in Limine* to Exclude Government's Proposed Expert Testimony and for a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

## I.   PRELIMINARY STATEMENT

Mr. Avenatti is charged in Count Three with honest services wire fraud, in violation of 18 U.S.C. §1343 and §1346, for allegedly violating his duty of honest services to Client-1 (Coach Gary Franklin).  In an honest services fraud prosecution, the government must prove that the defendant owed a fiduciary duty not to accept bribes or kickbacks.  *United States v. Halloran*, 821 F.3d 321, 337 (2d Cir. 2016).

The government has provided Notice, pursuant to Fed.R.Crim.P. 16(a)(1)(G), that it expects to offer testimony from one or two legal experts on ethics: Professor Nora Freeman Engstrom, Esq., of Stanford Law School, and California attorney Mark L. Tuft, Esq. of Cooper, White & Cooper, LLP.  *See* Government's Notice (attached as Exhibit 1 to the Declaration of Scott A. Srebnick, filed contemporaneously herewith); *see also* Government's Supplemental Notice (attached as Exhibit 3 to the Srebnick Declaration).  These witnesses are prepared to testify "about legal duties, ethical rules, and professional responsibility requirements of lawyers admitted to the bar of the state of California, and how, assuming the description of the defendant's conduct set forth in the Superseding Indictment is true, the defendant violated those duties, rules, and requirements."  *See* Exh. 1 to Srebnick Declaration, at pp.1-2.  In particular, the legal expert witnesses apparently "would testify that at least the following California Rules are *relevant* to the allegations set forth in the Superseding Indictment": Rule 1.2, 1.4, 1.4.1, 1.5, 1.6, 1.7, 1.8.2, 8.4, as well as Business and Professions Code Sections 6000

*et seq.*, and that Mr. Avenatti "violated multiple of these rules" in various ways.  *See* Exh. 1 to Srebnick Declaration, at p.2.  Thus, the government is proposing to have legal experts explain to the jury the various legal duties that Mr. Avenatti owed to Coach Franklin, express their opinion on the relevance of those duties to the charges, and then tell the jury that, assuming the allegations in the Superseding Indictment are true, Mr. Avenatti violated those legal duties.

Mr. Avenatti moves to exclude the proposed expert testimony because: a) it is patently inadmissible under well-settled jurisprudence from this Circuit; and b) the Government's Notice, even as supplemented, is deficient under Fed.R.Crim.P. 16(a)(1)(G).  Accordingly, the Court should exclude the testimony as a matter of law without the need for a hearing.  Should the Court conclude, however, that the proposed testimony about law and ethics is a proper subject matter for expert testimony and that the Government's Notice is sufficient, Mr. Avenatti respectfully requests that the Court hold a *Daubert* hearing to assess the methodology and the reliability of the experts' opinions, so that Mr. Avenatti may properly explore the basis for the purported opinions and challenge the admissibility of the testimony.

## II.   LEGAL DISCUSSION

### A.  Legal Standards

The proper scope of an expert's testimony is delineated by Federal Rule of Evidence 702.  That rule provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or ***other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue***;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods;

> and (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed.R.Evid. 702 (emphasis added).  "Whether expert testimony should be admitted is a matter committed to the trial judge's 'broad discretion.'"  *United States v. Tuzman*, No. 15 Cr. 536 (PGG), 2017 WL 6527261, *9 (S.D.N.Y. Dec. 18, 2017) (citation omitted).  "The party seeking to rely on expert testimony bears the burden of establishing by a preponderance of the evidence, that all requirements for admissibility have been met."  *Id.* (citing *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007)).

Although "[i]t is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions…"  *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005), a district court must still act as a "gatekeeper" against unreliable expert testimony, *see Williams*, 506 F.3d at 160, and against testimony that will not assist the trier of fact "to understand the evidence or to determine a fact in issue."  *Joffe v. King & Spalding LLP*, No. 17-CV-3392 (VEC), 2019 WL 4673554, *3 (S.D.N.Y. Sept. 24, 2019) (citing Rule 702). Moreover, Fed.R.Evid. 704 precludes the admission of opinions which would merely tell the jury what result to reach.  *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992); *see also Joffe*, 2019 WL 4673554, *3 ("An expert's opinion must be precluded if it 'undertakes to tell the jury what result to reach' and 'attempts to substitute the expert's judgment for the jury's.'") (citing *Nimely*, 414 F.3d at 397 and *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994)).

## B.  The Proposed Testimony is Inadmissible under Rules 702 and 704

The government proposes to have "legal experts" testify about their interpretation of various provisions of the California Rules of Professional Conduct and opine that Mr. Avenatti violated them.  The California State Bar Act was enacted by the California Legislature as part

of the California Business & Professions Code, §§6000 *et seq.*, which is a comprehensive statutory scheme regulating the practice of law in California.   *Birbrower, Montalbano, Condon & Frank v. Superior Court,* (1998) 17 Cal. 4th 119, 127, 70 Cal.Rptr.2d 304.  Under the State Bar Act, the Board of Trustees of the California Bar formulates the Rules of Professional Conduct which must be approved by the California Supreme Court and, when approved, are binding upon all licensees of the State Bar.  Cal. Bus. & Prof. Code, §§6076, 6077.  The Rules of Professional Conduct incorporate definitions from state statutes.  *E.g,* Rule 1.6(a) (citing Cal. Bus. & Prof. Code, §6068(e)(1)); Rule 1.8.2 (same); Rule 1.8.3 (citing Cal. Prob. Code §21384).  The state courts of California routinely interpret the rules of professional conduct governing lawyers.  *See, e.g., Howard v. Babcock*, (1993) 6 Cal. 4th 409, 417, 25 Cal. Rptr. 2d 90.

The proposed legal expert testimony is inadmissible under Rules 702 and 704.  The Second Circuit has "consistently held" that "expert testimony that usurps either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it, by definition does not aid the jury in making a decision."  *Nimely*, 414 F.3d at 397 (citation and internal quotations omitted).  As a result, the Second Circuit has ***uniformly rejected*** testimony from experts about legal concepts, ethics, rules of professional responsibility, and fiduciary duties, and precluded experts from providing an opinion that a party did (or did not) violate particular laws, rules or duties.  *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) ("As a threshold matter, we note that defendants rely in large part on the conclusions of their legal-ethics expert made in a declaration filed in the district court.  We do not consider arguments based on this declaration because of our longstanding rule that expert testimony on issues of domestic law is not to be

considered."); *Amnesty Int'l USA v. Clapper*, 638 F.3d 118, 128 n.12 (2d Cir. 2011) (holding that the court was "not compelled to accept" a legal-ethics expert's declaration regarding whether an ethical duty had been triggered, because the question was for the court), *rev'd on other grds.*, ___ U.S. ___, 133 S. Ct. 1138 (2013)); *Cf. Hygh*, 961 F.2d at 363-364 (finding error in district court's admission of expert's testimony in excessive force case, where expert provided a definition of deadly physical force and testified that the defendant's conduct was "totally improper" and not "warranted under the circumstances."); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (upholding exclusion of defense expert because the proposed testimony "related directly to the issue of whether Bilzerian's actual 13D disclosures complied with the legal requirements;" court noted that the hypothetical questions posed to the expert "included the particular facts alleged in the indictment, blurring the line between testimony regarding industry practice and an opinion on the legality of defendant's conduct."); *United States v. Scop*, 846 F.2d 135, 139-40 (2d Cir. 1994) (holding that the expert's "repeated statements embodying legal conclusions exceeded the permissible scope of opinion testimony under the Federal Rules of Evidence"), *rev'd in part on reh'g on other grounds*, 856 F.2d 5 (2d Cir. 1988); *United States v. Bronston*, 658 F.2d 920, 930 (2d Cir. 1981) (upholding exclusion of expert testimony that defendant's conduct did not amount to a breach of fiduciary duty); *Marx & Co. v. The Diners' Club, Inc.*, 550 F.2d 505, 509-11 (2d Cir. 1977) (holding that it was error for district court to allow testimony from a legal expert interpreting a contract and providing conclusions as to the legal significance of various facts adduced at trial).

Moreover, the district courts in this Circuit have faithfully applied Second Circuit precedent to exclude or limit testimony from legal experts, including about legal ethics, duties, and rules of professional conduct, because the testimony amounts to a legal conclusion or tells

the jury what result to reach.  *See Joffe v. King & Spalding LLP*, *supra,* 2019 WL 4673554, at *14-18 (excluding defendant's legal ethics expert who would have testified that the conduct of certain lawyers did not violate the New York Rules of Professional Conduct); *SLSJ, LLC v. Kleban*, 277 F.Supp. 3d 258, 288 (D.Conn. 2017) (precluding Yale Law professor from testifying that defendant's conduct constituted a breach of fiduciary duty); *United States v. Brooks*, No. 06-CR-550 (JS), 2010 WL 291769 (E.D.N.Y. Jan. 11, 2010) ("And, overwhelmingly, courts specifically preclude the expert from offering either legal conclusions or opinions that apply corporate governance concepts to the case's specific facts.  Thus, although a corporate governance expert can explain what a CEO does, and what a fiduciary duty is, the expert cannot opine as to whether a specific CEO's acts breached any fiduciary duty."); *GST Telecomm., Inc. v. Irwin*, 192 F.R.D. 109, 111 (S.D.N.Y. 2000) (stating that "testimony of legal experts on ethics in the profession is hardly an occasion for which credible experts supply legal opinions") (citation and quotation marks omitted); *Highland Cap. Mgmt., L.P., v. Schneider*, 379 F.Supp.2d 461, 470-72 (S.D.N.Y. 2005) (excluding testimony from legal expert that securities laws had been violated).

As one district court has noted, "[t]he rule prohibiting experts from providing their legal opinions or conclusions is 'so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle.'"  *In re Initial Public Offering Securities Litigation*, 174 F.Supp.2d 61, 64 (S.D.N.Y. 2001) (citing Thomas Baker, "The Impropriety of Expert Witness Testimony on the Law," 40 *U. Kan. L.Rev.* 325, 352 (1992)).  "In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law."  *In re Initial Public Offering*, 174 F.Supp.2d at 64; *see, e.g., In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp.2d 1239, 1246 (N.D.Ca. 2000) (striking from

the record "three declarations from law professors opining on the ethical propriety of the various solicitation tactics that the firm employed, a purely legal question"); *Tockstein v. Spoeneman*, No. 4:07Cv00020-ERW, 2009 WL 2143762, *2 (E.D.Mo. July 14, 2009) (experts' opinions that an attorney who entered into a construction contract with his client violated Missouri ethics rules and breached his fiduciary and ethical duty to his client was "little more than legal conclusions" which should be excluded) (citation omitted); *Fishman v. Brooks*, 396 Mass. 643, 487 N.E. 2d 1377, 1381 (1986) ("Expert testimony concerning the fact of an ethical violation is not appropriate, any more than expert testimony is appropriate concerning the violation of, for example, a municipal building code."); *Commonwealth v. Lambert*, No. 0423-1992, 1998 WL 558749, at *10 n.34 (Pa.Com.Pl. Aug. 24, 1998) (excluding Professor Wolfram's testimony on ethical propriety of lawyers' conduct and stating: "The interpretation of the Rules of Professional Conduct and the Rules of Criminal Procedure is a legal issue to be decided by a court, for which use of an expert would be wholly inappropriate. A court may not abdicate its role to determine the ultimate issue by allowing expert testimony.").

*Moreover, district courts have excluded expert testimony about ethics and legal duties in honest services fraud prosecutions, whether offered by either the government or the defendant. See United States v. Monaghan*. 648 F.Supp.2d 658, 662 (E.D.Pa. 2009) ("There is no reason why an expert, instead of the Court, would be needed to explain the laws in this case to the jury. Nor is it appropriate for the Government to ask Contino to opine on whether specific conduct in the indictment violates the Ethics Act and accordingly such questions are precluded."); *United States v. Sprouse*, No. 3:07cr211, 2009 WL 798827 (W.D.N.C. Mar. 23, 2009) (legal expert "may not testify that the Defendant violated an ethical or professional duty

7

…" noting that "such opinion would be so close to testimony of an opinion that the Defendant is guilty of a crime with which she is charged (honest services fraud) that any probative value is substantially outweighed by the danger of unfair prejudice to the Defendant and potential confusion of the jury arising from such testimony."); *United States v. Lupton*, No. 07-Cr-219, 2008 WL 2224399 (E.D.Wi. May 28, 2008) (in honest services fraud prosecution, excluding defense expert, a law professor, who would have testified that the conduct of defendant, a real estate broker, was appropriate under the rules and practices applicable to brokers in Wisconsin), *aff'd* 620 F.3d 790 (7th Cir. 2010).

To the extent this Court determines that any California Bar rules are even relevant in this case (over defense objection), the Court may instruct the jury on those rules, incorporating any relevant case law that interprets them.  And, only to the extent it is relevant, the jury can then decide whether Mr. Avenatti violated those rules without having Professor Engstrom and attorney Tuft tell the jury what result to reach.

### C.    The Expert Testimony Should be Excluded under Rule 403

"In addition to the requirements of Rule 702, expert testimony is subject to Rule 403, and 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Nimely*, 414 F.3d at 397 (quoting Fed.R.Evid. 403).  "The Second Circuit has cautioned trial courts to consider 'the uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations.'" *Tuzman*, 2017 WL 6527261, at *10 (quoting *Nimely*, 414 F.3d at 397).

Thus, federal courts have held that "Rule 403 bars expert testimony purporting to interpret the governing law, because such testimony will necessarily confuse the jury by

providing competing interpretations of the law." *CDX Liquidating Tr. ex rel. CDX Liquidating Trustee v. Venrock Assocs.*, 411 B.R. 571, 587 (N.D. Ill. 2009) (citation omitted).  "Expert testimony about the governing law is barred under Rule 403 because 'it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.'" *Id.* (quoting *Specht v Jensen*, 853 F.2d 805, 807 (10th Cir. 1988)).  Such testimony should be excluded because the jury could be "misled into adopting outright a legal conclusion proffered by the expert."  *Hygh*, 961 F.2d at 364.

The probative value of the proposed expert testimony in this case would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Given the backgrounds of Professor Engstrom and attorney Tuft, the jury would naturally defer to them as super-jurors; the risk is intolerable that the jury would "adopt[] outright" their testimony on the essential element of whether Mr. Avenatti violated a fiduciary duty to Coach Franklin.  Moreover, because Professor Engstrom and attorney Tuft's alleged primary basis for their testimony is an assumption that the facts alleged in the Superseding Indictment are true, *without any other examination of the evidence or independent verification*, their proffered testimony would "simply recite a factual narrative from one party's perspective, granting it credibility."  *See SLSJ, LLC v. Kleban*, 277 F.Supp. 3d at 280.[1]  In essence, the government seeks to have both experts serve as mere mouthpieces for the prosecution.  Accordingly, the

---

[1] Curiously, the government has purported to designate both experts on the exact same topics and has been non-committal as to whether they intend on calling both experts.  To the extent the government intends to ask both witnesses to testify about the same subject matters, Mr. Avenatti objects on the ground that the testimony of the second expert witness is cumulative of the first.

proposed expert testimony should be excluded under Rule 403.

**D.     The Government's Notice is Deficient**

Rule 16(a)(1)(G) requires the government, upon a defendant's request, to "give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial….The summary provided…must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."[2] Here, in the event the Court determines that the subject matter of the proposed experts' testimony does not categorically run afoul of Rules 403, 702 and 704, the Court should nonetheless exclude the testimony because the Government's Notice, even as supplemented, was deficient.

In the analogous context of reciprocal defense expert disclosures under Rule 16(b)(1)(C), this Court has noted that while "[t]he type of information that must be disclosed [] is very clear[,], [t]he quantity and specificity required of the disclosure…is less so." *Tuzman*, 2017 WL 6527651, at *10. "Merely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions." *United States v. Valle*, No. 12 Cr 847 (PGG), 2013 WL 440687, *5 (S.D.N.Y. Feb. 2, 2013). Moreover, a "general description of **possible bases** does not meet the requirements" of the rule. *Id. (emphasis added).*

The salient paragraph of the Government's Notice summarizes the expert testimony:

The Government further presently expects that each of Professor Engstrom and Mr. Tuft would testify that, based on their training and experience and review of this matter, including the Superseding Indictment, assuming that the

---

[2] There is no dispute that undersigned counsel made the request for expert summaries under Rule 16. *See* Exh. 1 to Srebnick Declaration ("Based on your request …"). By agreement of the parties, summaries for case-in-chief experts were due on November 22, 2019.

allegations set forth in the Superseding Indictment are true, the defendant violated multiple of these rules, provisions of Business and Professions Code Sections 6000 *et seq.*, and his duties to Client-1, by, among other things, failing to disclose meaningful developments to Client-1 and consult with Client-1 regarding the means by which the defendant would seek or was seeking to accomplish Client-1's objectives, using Client-1's confidential information as a bargaining chip to seek to obtain money for himself, and publicizing at least certain of that information without authorization. For example, by not keeping Client-1 informed, the defendant violated Rules 1.2, 1.4, and 1.4.1; by disclosing and publicizing Client-1's confidential information without Client-1's consent, the defendant violated Rule 1.6 and Business and Professions Code Sections 6000 *et seq.* (including Section 6068(e)); by seeking to obtain greater money for himself to the detriment of his client, including by using Client-1's confidential information and seeking to obtain side-payments, the defendant violated Rules 1.7 and 1.8.2; and through his general course of conduct, the defendant violated Rule 8.4. In short, the defendant placed his own interests above that of his client, which violated his fiduciary duty to his client and duties of loyalty and fidelity.

Exh. 1 to Srebnick Declaration, at pp. 2-3. In the Government's Supplemental Notice (Exh. 3 to Srebnick Declaration), the government declined to provide any additional bases for the expert opinions. A review of the assertions in the above-quoted paragraph demonstrates that the Government's Notice is deficient.

### 1. *Failure to Disclose Meaningful Developments and Consult with Client-1*

The experts propose to testify that Mr. Avenatti violated Rules 1.2, 1.4, and 1.4.1 of the California Rules by "not keeping Client-1 informed." As the Court is aware, the negotiations between Mr. Avenatti and Nike were held over a three-day period between March 19-21, 2019. The discovery provided by the government demonstrates that Mr. Avenatti spoke with Coach Franklin by telephone during that time period. No settlement agreement was ever signed, and Nike never made a formal offer of settlement to Coach Franklin through Mr. Avenatti. Yet, these experts are apparently ready to opine, based on the Superseding Indictment alone, that there were "meaningful developments" and insufficient communication about those

developments between Mr. Avenatti and his client.[3]    Precisely what "meaningful

developments" did Mr. Avenatti fail to disclose?  When was he required to disclose those

"meaningful developments?"  The day of the developments?  The next day?  On what legal

bases do the experts so conclude?  The language of the rule?  The case law interpreting the

rule?  The Government's Notice provides no further clarity or specificity.

Similarly, the legal experts are apparently prepared to testify that Mr. Avenatti failed

to "consult with Client-1 regarding the means by which [Mr. Avenatti] would seek or was

seeking to accomplish Client-1's objectives…"  Are the legal experts suggesting that a lawyer

needs specific authorization from a client for every tactical decision and every negotiating

posture?  On what basis?  What rule, ethics opinion, or case states that?

### 2.  *Disclosing and Publicizing Client-1's Confidential Information*

The legal experts propose to testify that Mr. Avenatti violated Rule 1.6 of the California

Rules of Professional Conduct and Section 6068(e) of the California Business and Professions

Code by publicizing Client-1's confidential information without Client-1's consent.  It is not

even clear to what the experts are even referring.  What confidential information?  What was

improperly disclosed and when?  It is true that, during the first settlement meeting on March

19, 2019, Mr. Avenatti showed Nike attorneys the evidence of Nike's own misconduct (*e.g.,*

false invoices, bank statements, and text messages with Nike employees) in an effort to settle

Coach Franklin's claim.  Are the legal experts suggesting that it was improper for Mr. Avenatti

---

[3] According to the government, the Superseding Indictment is the only "case material" that the government has provided to the legal experts.  Exh. 3 to Srebnick Declaration, at p.2.  Critically, the legal experts have not reviewed any of the interview reports of Coach Franklin (and presumably have not interviewed him directly).  Further, according to the government, the experts have merely assumed, without any further review or analysis, that everything in the Superseding Indictment is true in order to reach their opinions.

to show examples of evidence to an opposing party's attorneys at a settlement conference (at their request) and that he was not expressly or impliedly authorized to do so?   The Government's Notice provides no clarity or specificity regarding any improper disclosures.

### 3. *Seeking Greater Money for Himself to the Detriment of his Client*

The legal experts propose to testify that Mr. Avenatti violated Rules 1.7 and 1.8.2 "by seeking to obtain greater money for himself to the detriment of his client, including by using confidential information and seeking to obtain side-payments…"   Presumably, the legal experts are referring to Mr. Avenatti's demand that Nike hire him and attorney Mark Geragos to conduct an internal investigation and be paid for their legal services.   Are the legal experts suggesting that it is *per se* improper to seek legal fees as part of a settlement, or that it was improper for Mr. Avenatti to pursue Coach Franklin's quest for "justice" through an internal investigation?   If not improper to demand an internal investigation, should Mr. Avenatti have worked for free?   How did Mr. Avenatti's conduct allegedly work to "the detriment of his client," especially when Nike never made any offer of settlement to Coach Franklin?   The Government's Notice does not provide any clarity or specificity.   In sum, the Government's Notice is deficient.   Accordingly, the Court should exclude the government's legal experts.

### E.   Mr. Avenatti Requests a *Daubert* Hearing on Methodology and Reliability

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court held that *Daubert's* general holding – setting forth the trial judge's general gatekeeping obligation for testimony based on scientific knowledge – applies also to testimony based on "technical" and "other specialized knowledge" under Rule 702.   A district court has the "same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate

reliability determination." *Id.* at 142.

As noted above, the legal experts base their opinions that Mr. Avenatti violated various duties to Coach Franklin on their review of the allegations in the Superseding Indictment and the blanket assumption that everything in it is accurate. They reviewed no other evidence before reaching their opinions. In other words, they propose to tell the jury what result to reach on the "fiduciary duty" element of Count Three on the basis of the government's one-sided version of events and "facts." No expert can reliably render an opinion about an attorney's conduct on the basis of the hodgepodge of limited information alleged in the Superseding Indictment. *Cf. Barber v. United Airlines, Inc.*, 17 Fed.Appx. 433, 437 (7th Cir. 2001) ("Because in formulating his opinion Dr. Hynes cherry-picked the facts he considered to render an expert opinion, the district court correctly barred his testimony because such a selective use of facts fails to satisfy the scientific method and *Daubert,* and it thus fails to assist the trier of fact.") (quotation omitted). Mr. Avenatti requests that the Court conduct a *Daubert/Kumho* hearing so that the methodology and reliability of the legal experts' proposed testimony may be properly tested before allowing the experts to provide such prejudicial testimony.

## CONCLUSION

For the foregoing reasons, the Court should categorically exclude the proposed legal expert testimony as unhelpful to the jury and unfairly prejudicial, misleading, and confusing. In the event the Court determines that the testimony is not excludable on its face and that the Government's Notice is sufficient, the Court should conduct a *Daubert*/*Kumho* hearing on methodology and reliability.

Respectfully submitted,

By:     /s/Scott A. Srebnick
        Scott A. Srebnick, P.A.
        201 South Biscayne Boulevard
        Suite 1210
        Miami, FL 33131
        Telephone: (305) 285-9019
        Facsimile:  (305) 377-9937
        E-Mail:  Scott@srebnicklaw.com

By:     /s/Jose M. Quinon
        Jose M. Quinon, P.A.
        2333 Brickell Avenue, Suite A-1
        Miami, FL 33129
        Telephone:  (305) 858-5700
        Facsimile:  (305) 358-7848
        E-Mail:  jquinon@quinonlaw.com

        *Attorneys for Defendant Michael Avenatti*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2019, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/Scott A. Srebnick
Scott A. Srebnick