UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | S1 19 Cr. 373 (PGG) |
| MICHAEL AVENATTI, | : | |
| Defendant. | : | |

_____

**DECLARATION OF SCOTT A. SREBNICK, ESQ., IN SUPPORT OF
DEFENDANT AVENATTI'S MOTION *IN LIMINE* TO EXCLUDE
GOVERNMENT'S PROPOSED EXPERT TESTIMONY**

I, Scott A. Srebnick, Esq., pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.     I am a member of the law firm of Scott A. Srebnick, P.A., co-counsel for Defendant Michael Avenatti in this case.  I submit this Declaration, pursuant to Local Rule 16.1, in connection with Mr. Avenatti's motion *in limine* to exclude government's proposed expert testimony, filed contemporaneously herewith.

2.     On Friday, November 22, 2019, which was the deadline for the parties to exchange expert witness summaries for case-in-chief experts (if any), the government provided Notice that it expected to call one or perhaps two legal experts to testify about the California Rules of Professional Conduct and to opine that Mr. Avenatti violated multiple rules.  *See* Exhibit 1 (attached hereto).

3.     On Sunday, November 24, 2019, I sent a letter to government counsel raising deficiencies in the Government's Notice under Fed.R.Crim.P. 16(a)(1)(G), including but not limited to that the Government's Notice failed to provide adequate bases for each opinion

1

regarding how/why a particular act or omission of Mr. Avenatti violated a specific Bar rule. *See* Exhibit 2 (attached hereto), at p.2 (the "Fifth" request).

4. On November 25, 2019, I had a conference call with government counsel relating to my position that the Government's Notice is deficient. I also advised government counsel of my position that the government's proposed expert testimony about law and ethics was categorically inadmissible and, later that evening, I sent government counsel a list of approximately twenty cases, with parenthetical descriptions, in support of my position.

5. On November 26, 2019, I had another conference call with government counsel relating to these issues. Government counsel advised that they intended to send a supplemental Notice regarding experts in response to my letter of November 24, 2019.

6. On November 27, 2019, the government sent undersigned counsel a Supplemental Notice, in which the government declined to provide additional details regarding *the bases* for the expert witnesses' opinions. *See* Exhibit 3, at p.2 ("Finally, you generally requested additional details…The defense is not entitled to a preview of the Government's case by seeking additional details...").

7. Today I am filing a motion to exclude the government's proposed experts, which includes the argument that the Government's Notice, as supplemented, is deficient. I am filing this motion nine days before the December 6 deadline for filing motions *in limine* with the hope that the Court will accelerate the timetable for considering this particular motion *in limine*. Even if Mr. Avenatti chooses to designate a rebuttal legal expert before the December 6, 2019, deadline, we hope to avoid the cost to have the rebuttal legal expert review all of the evidence, given what we submit is the obvious inadmissibility of the government's proposed expert testimony on laws and rules and legal duties.

8.      I certify that a good faith effort was made to resolve by agreement the issues raised by the motion without the intervention of the Court, but the parties have been unable to reach agreement.

Dated: November 27, 2019

By:     /s/Scott A. Srebnick
        Scott A. Srebnick, P.A.
        201 South Biscayne Boulevard, #1210
        Miami, FL 33131
        Telephone: (305) 285-9019
        Facsimile:  (305) 377-9937
        E-Mail:  Scott@srebnicklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2019, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/Scott A. Srebnick
Scott A. Srebnick

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 22, 2019

**BY EMAIL**

Scott A. Srebnick, Esq.
201 South Biscayne Boulevard, Suite 1210
Miami, FL 33131
Scott@srebnicklaw.com

    Re:    *United States v. Michael Avenatti,*
             **S1 19 Cr. 373 (PGG)**

Dear Mr. Srebnick:

    Based on your request, this letter provides notice, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), of certain expert testimony that the Government expects to offer during its case-in-chief at trial. The Government reserves the right to call additional expert witnesses, and will promptly provide notice if the Government elects to do so.

## I.    Disclosure By the Government

    The Government expects to offer testimony from one or both of Nora Freeman Engstrom, Esq. and Mark L. Tuft, Esq.

    Professor Engstrom is Professor of Law and Deane F. Johnson Faculty Scholar at Stanford Law School, where she teaches classes in, among other things, legal ethics. She is the author or co-author of numerous publications, including Legal Ethics (Foundation Press, 7th ed. 2016). Her *curriculum vitae* is enclosed.

    Mr. Tuft is a partner at Cooper, White & Cooper LLP, who principally focuses on, among other things, professional liability, and counsels lawyers and law firms on professional responsibility. He is a Certified Specialist in Legal Malpractice Law and former President of the Association of Professional Responsibility Lawyers. He is the co-author of California Practice Guide on Professional Responsibility (The Rutter Group), and has given numerous presentations on professional responsibility. His *curriculum vitae* is enclosed, as is a list of cases in which he has testified in recent years.

    The Government expects that, if called to testify, Professor Engstrom and Mr. Tuft would testify about legal duties, ethical rules, and professional responsibility requirements of lawyers admitted to the bar of the state of California, and how, assuming the description of the defendant's

conduct set forth in the Superseding Indictment is true, the defendant violated those duties, rules, and requirements.

The Government presently expects that each of Professor Engstrom and Mr. Tuft would testify that, at all times relevant to the charges in this case, the state of California (similar to other states, including the state of New York) imposed a number of legal duties, ethical rules, and professional responsibility requirements on lawyers, including duties of confidentiality, loyalty, honesty, fair dealing, and reasonable communication with respect to all clients, and that certain of these same duties—including honesty, fair dealing, and confidentiality—also apply with respect to individuals conferring with a lawyer regarding potential legal claims and retaining the lawyer. These duties are set forth in the California Rules of Professional Conduct (the "California Rules"), the current version of which became effective on November 1, 2018, and Business and Professions Code Sections 6000 *et seq.* At all times relevant to the charges in this case, California also limited the ability of lawyers to charge certain fees when the lawyer failed to enter into a written retainer agreement with a client. The California Rules are intended to regulate the professional conduct of attorneys licensed by the bar of the state of California (the "State Bar") through discipline. They have been approved by the California Supreme Court, and are designed to protect the public and to promote respect and confidence in the legal profession. The California Rules are binding on all attorneys licensed by the State Bar.

The Government also presently expects that each of Professor Engstrom and Mr. Tuft would testify that at least the following of the California Rules are relevant to the allegations set forth in the Superseding Indictment:

Rule 1.2: Scope of Representation and Allocation of Authority
Rule 1.4: Communication with Clients
Rule 1.4.1: Communication of Settlement Offers
Rule 1.5: Fees for Legal Services
Rule 1.6: Confidential Information of a Client
Rule 1.7: Conflict of Interest: Current Clients
Rule 1.8.2: Use of Current Client's Information
Rule 8.4: Misconduct

The Government further presently expects that each of Professor Engstrom and Mr. Tuft would testify that, based on their training and experience and review of this matter, including the Superseding Indictment, assuming that the allegations set forth in the Superseding Indictment are true, the defendant violated multiple of these rules, provisions of Business and Professions Code Sections 6000 *et seq.*, and his duties to Client-1, by, among other things, failing to disclose meaningful developments to Client-1 and consult with Client-1 regarding the means by which the defendant would seek or was seeking to accomplish Client-1's objectives, using Client-1's confidential information as a bargaining chip to seek to obtain money for himself, and publicizing at least certain of that information without authorization. For example, by not keeping Client-1 informed, the defendant violated Rules 1.2, 1.4, and 1.4.1; by disclosing and publicizing Client-1's confidential information without Client-1's consent, the defendant violated Rule 1.6 and Business and Professions Code Sections 6000 *et seq.* (including Section 6068(e)); by seeking to obtain greater money for himself to the detriment of his client, including by using Client-1's

06.20.2018

confidential information and seeking to obtain side-payments, the defendant violated Rules 1.7 and 1.8.2; and through his general course of conduct, the defendant violated Rule 8.4.  In short, the defendant placed his own interests above that of his client, which violated his fiduciary duty to his client and duties of loyalty and fidelity.

The Government further presently expects that each of Professor Engstrom and Mr. Tuft would testify that the California Rules apply to the conduct set forth in the Superseding Indictment.

Finally, the Government presently expects that each of Professor Engstrom and Mr. Tuft would testify that the California Rules and Business and Professions Code Sections 6000 *et seq.* are publicly available, and that the duties of confidentiality, loyalty, honesty, fair dealing, and reasonable communication are generally made known to and known within members of the bar of the state of California, who must certify every three years, if they wish to remain active members of that bar, to having taken continuing legal education, including with respect to ethics.

## II.     Demand for Reciprocal Discovery and Expert Notice

In light of your request for the foregoing notice, the Government hereby requests reciprocal notice under Fed. R. Crim. P. 16(b)(1)(C).  In addition, the Government reiterates its prior request for reciprocal disclosure of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also reiterates its request that the defendant disclose prior statements of witnesses he will call to testify, including expert witnesses.  *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975).

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By:     <u>s/ Daniel C. Richenthal</u>
Robert B. Sobelman
Matthew D. Podolsky
Daniel C. Richenthal
<u>Assistant United States Attorneys</u>
█████████████████████

Enclosures

# NORA FREEMAN ENGSTROM

## LEGAL EXPERIENCE

**STANFORD LAW SCHOOL**
*Professor of Law (with Tenure) and Deane F. Johnson Faculty Scholar*, 2014–present
*Associate Dean for Curriculum*, 2016–2018
*Associate Professor*, 2012–2014
*Assistant Professor*, 2009–2012

- *Classes Taught*:  Tort Law; Legal Ethics:  The Plaintiffs' Lawyer; Beyond the Common Law:  Tort Reform and Tort Alternatives; Responsibility for Risk:  Perspectives on Liability Insurance; Discussions in Ethical and Professional Values
- Reporter, Third Restatement of Torts (Concluding Provisions)
- Frequent commentator on matters of tort law, legal ethics, and complex litigation, including in:  *The New York Times*, *Washington Post*, *Chicago Tribune*, *USA Today*, *Forbes*, *Wall Street Journal*, *Congressional Quarterly*, *National Law Journal*, *Los Angeles Times*, Associated Press, CNN, NPR, BBC, and ABC News

**GEORGETOWN UNIVERSITY LAW CENTER**
*Research Dean's Scholar*, 2007–2009

**WILMER CUTLER PICKERING HALE & DORR**, LLP
*Litigation Associate*, 2005–2007
*Summer Associate*, 2001 & 2002

- Represented clients before various appellate and trial courts.

**HON. MERRICK B. GARLAND, U.S. COURT OF APPEALS FOR THE D.C. CIRCUIT**
*Law Clerk*, 2003–2004

**HON. HENRY H. KENNEDY, JR., U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
*Law Clerk*, 2002–2003

**U.S. DEPARTMENT OF JUSTICE, TERRORISM AND VIOLENT CRIME SECTION**
*Outstanding Scholar*, 1997–1999

- Worked on domestic terrorism and national security issues.
- Recipient of the Attorney General's Award for Superior Service, 1998.

## EDUCATION

**STANFORD LAW SCHOOL**
J.D. with distinction, 2002; Order of the Coif

- *Stanford Law Review*, 2000–2002; Articles Editor, 2001–2002
- Co-President, Stanford Law School Student Body, 2000–2001

**DARTMOUTH COLLEGE**
A.B. in Anthropology, *summa cum laude*, 1997; Phi Beta Kappa, National Merit Scholar

## CASEBOOKS

LEGAL ETHICS (Foundation Press, 7th ed. 2016), *with* Deborah L. Rhode, David Luban, & Scott L. Cummings

TORT LAW AND ALTERNATIVES:  CASES AND MATERIALS (Foundation Press, 11th ed., forthcoming 2021), *with* Marc A. Franklin, Robert L. Rabin, Michael D. Green, and Mark A. Geistfeld

## SCHOLARLY PUBLICATIONS

*Lone Pine Orders:  A Critical Examination and Empirical Analysis,* 167 U. PA. L. REV. ONLINE __ (forthcoming, 2019) (with Amos Espeland)

*The Lessons of* Lone Pine, 129 YALE L.J. 2 (2019)

*The Trouble with Trial Time Limits,* 160 GEO. L.J. 933 (2018)

*When Cars Crash:  The Automobile's Tort Law Legacy*, 53 WAKE FOREST L. REV. 293 (2018)‡

*The Diminished Trial*, 87 FORDHAM L. REV. 2131 (2018)

*Retaliatory RICO and the Puzzle of Fraudulent Claiming*, 115 MICH. L. REV. 639 (2017)

*A Dose of Reality for Specialized Courts:  Lessons from the VICP*, 163 U. PA. L. REV. 1631 (2015)‡

*Exit, Adversarialism, and the Stubborn Persistence of Tort Law*, 6 J. OF TORT LAW 75 (2015)

*Lawyer Lending:  Costs and Consequences*, 63 DEPAUL L. REV. 377 (2014)

*3-D Printing and Product Liability:  Identifying the Obstacles*, 162 U. PA. L. REV. ONLINE 35 (2013)

*Re-Re-Financing Civil Litigation:  How Lawyer Lending Might Remake the American Litigation Landscape, Again*, 60 UCLA L. REV. DISC. 110 (2013)

*Attorney Advertising and the Contingency Fee Cost Paradox*, 65 STAN. L. REV. 633 (2013)

*An Alternative Explanation for No-Fault's "Demise,"* 61 DEPAUL L. REV. 303 (2012)

_____

‡ Peer reviewed at Jotwell.com as among "the best new scholarship relevant to the law."

*Sunlight and Settlement Mills*, 86 N.Y.U. L. REV. 805 (2011) ‡

*Legal Access and Attorney Advertising*, 19 J. OF GENDER, SOC. POL'Y & LAW 1083 (2011)

*Run-of-the-Mill Justice*, 22 GEO. J. OF LEGAL ETHICS 1485 (2009)

## WORKING PAPERS

WHY NO FAULT FAILS (book manuscript)

*The Legacy of Tobacco Litigation and Lessons for Opioids* (with Robert L. Rabin)

*Competition and Contingency Fees*

*Trial Time Limits:  Behind the Scenes and Beyond the Statistics* (with David Freeman Engstrom)

## OTHER WRITINGS

*Calif. Bars the Calculation of Tort Damages Based on Race, Gender and Ethnicity,* LAW.COM, Nov. 12, 2019 (with Robert L. Rabin), *available at* https://www.law.com/therecorder/2019/11/12/calif-bars-the-calculation-of-tort-damages-based-on-race-gender-and-ethnicity/

*Stanford Legal Experts on Johnson & Johnson's Product Liability Exposure,* LEGAL AGGREGATE, Oct. 14, 2019 (with Diana Garnet Li), *available at* https://law.stanford.edu/2019/10/14/stanford-law-experts-on-johnson-johnsons-product-liability-exposure/

*Project Spotlight:  Restatement of the Law Third, Torts, Concluding Provisions,* 41 ALI REPORTER 4, 8 (2019) (with Michael D. Green)

*Stanford Legal Experts on the Oklahoma Opioids Verdict and Ongoing Litigation,* LEGAL AGGREGATE, Aug. 28, 2019 (with Michelle M. Mello), *available at* https://law.stanford.edu/2019/08/28/stanford-legal-experts-on-the-oklahoma-opioids-verdict-and-ongoing-litigation/

---

‡ Peer reviewed at Jotwell.com as among "the best new scholarship relevant to the law."

*Stanford Law Professors on the Lawsuit Against Gun Manufacturers in the Wake of the Sandy Hook Massacre,* LEGAL AGGREGATE, Mar. 14, 2019 (with David M. Studdert), *available at* https://law.stanford.edu/2019/03/14/stanford-law-professors-on-sandy-hook-victims-relatives-lawsuit-against-gun-manufacturers/

*Litigation is Critical to Opioid Crisis Response,* DAILY JOURNAL, Mar. 13, 2019, at 1 (with Michelle M. Mello)

*The Downsizing of the American Civil Trial*, DAILY JOURNAL, Sept. 17, 2018, at 6

*Suing the Opioid Companies*, LEGAL AGGREGATE, Aug. 20, 2018 (with Michelle M. Mello), *available at* https://law.stanford.edu/2018/08/30/q-and-a-with-mello-and-engstrom/

*Proceed with Caution: The Dangers of Trial Time Limits*, JURY MATTERS, May 2018, at 4 (with Nathan Werksman), *available at* https://civiljuryproject.law.nyu.edu/wp-content/uploads/2018/05/CJP_Newsletter-May-2018_4_PDF.pdf

*Minding the Gap: Access to Justice Over the Years,* Review of Deborah L. Rhode & Scott Cummings, *Access to Justice: Looking Back, Thinking Ahead*, JOTWELL REV., May 2, 2018, *available at* https://legalpro.jotwell.com/minding-the-gap-access-to-justice-over-the-years/

*Measuring Common Claims About Class Actions,* Review of Joanna C. Schwartz, *The Cost of Suing Business*, JOTWELL REV., Mar. 16, 2018, *available at* https://torts.jotwell.com/measuring-common-claims-about-class-actions/

*Reforming the Civil Justice System?  First, Do No Harm,* STANFORD LAWYER MAGAZINE, Spring 2017, at 38

*Questions and Answers on Soto v. Bushmaster Firearms Int'l LLC,* LEGAL AGGREGATE, Apr. 20, 2017, *available at* https://law.stanford.edu/2017/04/20/nora-freeman-engstrom-on-soto-v-bushmaster-firearms-intl-llc/

*ISO the Missing Plaintiff,* Review of DAVID M. ENGEL, THE MYTH OF THE LITIGIOUS SOCIETY: WHY WE DON'T SUE (2016), JOTWELL REV., Apr. 12, 2017, *available at* http://torts.jotwell.com/?wptouch_switch=desktop&redirect=/2013/09

*Congressional Tinkering with the Civil Justice System is Misguided and Dangerous,* LEGAL AGGREGATE, Mar. 14, 2017, *available at* https://law.stanford.edu/2017/03/14/congressional-tinkering-with-the-civil-justice-system-is-misguided-and-dangerous/

*Trump Travel Ban Shines Light on Litigation Funding,* DAILY JOURNAL, Feb. 14, 2017 (with Nathan Werksman)

*Unresolved Issues in Uber Settlement,* STANFORD REPORT, Apr. 25, 2016, *available at* https://law.stanford.edu/2016/04/25/professor-nora-freeman-engstrom-clarifies-unresolved-issues-in-uber-settlement/

*Boilerplate and the Boundary Between Contract and Tort,* Review of MARGARET JANE RADIN, BOILERPLATE: THE FINE PRINT, VANISHING RIGHTS, AND THE RULE OF LAW (2013), JOTWELL REV., Apr. 22, 2016, http://torts.jotwell.com/boilerplate-and-the-boundary-between-contract-and-tort/

*Why Flint May Not Find Justice,* L.A. TIMES, Mar. 10, 2016, *available at* http://www.latimes.com/opinion/op-ed/la-oe-0310-engstrom-flint-water-lawsuits-20160311-story.html

*The Flint Water Crisis,* STANFORD REPORT, Feb. 16, 2016, *available at* https://law.stanford.edu/2016/02/16/the-flint-water-crisis-professor-nora-freeman-engstrom-answers-critical-legal-questions/

*Should Med-Mal Cases Be Removed from Court System?,* CONN. L. TRIBUNE, Nov. 16, 2015, *available at* http://www.ctlawtribune.com/id=1202742589571/Should-MedMal-Cases-Be-Removed-From-Court-System?mcode=0&curindex=0

*Heeding the Vaccine Court's Failures: Shortcomings of the Compensation Program do not Bode Well for Other Alternative Tribunals,* NAT'L L.J., June 29, 2015, *available at* http://www.nationallawjournal.com/id=1202730681760/OpEd-Heeding-Vaccine-Courts-Failures?slreturn=2015080819475

*Big Data and Deterrence,* Review of Zenon Zabinski & Bernard Black, *The Deterrent Effect of Tort Law: Evidence from Medical Malpractice Reform,* JOTWELL REV., Mar. 4, 2015, *available at* http://torts.jotwell.com/big-data-and-deterrence/

*What Prop. 46 Would Fix*, L.A. TIMES, Oct. 28, 2014 (with Michelle M. Mello and Robert L. Rabin), *available at* http://www.latimes.com/opinion/op-ed/la-oe-engstrom-prop-20141029-story.html

*"The Only Thing We Have to Fear is Fear Itself": How Physicians' Exaggerated Conception of Medical Malpractice Liability Has Become the Real Problem,* Review of Myungho Paik et al.,

*"The Receding Tide of Medical Malpractice Litigation: Part 1 – National Trends,"* JOTWELL REV., Apr. 9, 2014, *available at* http://torts.jotwell.com/the-only-thing-we-have-to-fear-is-fear-itself-how-physicians-exaggerated-conception-of-medical-malpractice-liability-has-become-the-real-problem/

*Raise the Cap on Malpractice Awards*, L.A. TIMES, Aug. 13, 2013 (with Robert L. Rabin), *available at* http://articles.latimes.com/2013/aug/13/opinion/la-oe-engstrom-malpractice-damage-caps-20130813

*Bridging the Gap in the Justice Gap Literature,* Review of Joanna Shepherd, "*Justice in Crisis:  Victim Access to the American Medical Liability System,*" JOTWELL REV., May 6, 2013, *available at* http://torts.jotwell.com/bridging-the-gap-in-the-justice-gap-literature/

*Damage Caps — and Why* Fein *May No Longer Be Good*, Guest Blog for the Torts Prof Blog, Dec. 5, 2012, *available at* http://lawprofessors.typepad.com/tortsprof/2012/12/nora-freeman-engstrom-damage-caps-and-why-fein-may-no-longer-be-good.html

*Shining a Light on Shady Personal Injury Claims*, 2 J. OF INS. FRAUD OF AM. 13 (2011)

## SELECT APPELLATE BRIEFS

Brief of Legal Ethicists as *Amici Curiae* in Support of Respondents, U.S. Supreme Court, *Nat'l Inst. of Family & Life Advocates v. Bacerra*, Case No. 16-1140 (Feb. 2018)

Brief of Professors of Law as *Amici Curiae* in Support of Petitioners, Conn. Sup. Ct., *Soto v. Bushmaster Firearms Int'l, LLC*, Case No. 19832 (Apr. 2017)

Brief for Human Rights Campaign et al., as *Amici Curiae* in Support of Appellants, Conn. Sup. Ct., *Kerrigan v. Comm'r of Public Health*, Case No. 17716 (Jan. 2007)[¥]

Brief for Equality Maryland, Inc. et al., as *Amici Curiae* in Support of Appellees, Md. Ct. of App., *Conaway v. Polyak*, Case No. 24-C-04-005390 (Oct. 2006) (Counsel of Record)[¥]

Brief for the ACLU et al., as *Amici Curiae* in Support of Petitioners, U.S. Supreme Court, *Lopez v. Gonzales*, Case Nos. 05-547, 05-7664 (June 2006)[¥]

Brief for Professors of Law as *Amici Curiae* in Support of Respondents, U.S. Supreme Court, *Gonzales v. Oregon*, Case No. 04-623 (July 2005)[¥]

## SELECT PRESENTATIONS

Commentator, Pound Civil Justice Institute Judges' Forum, San Diego (July 2019)

Commentator, 25th Annual Clifford Symposium, DePaul Law School (Apr. 2019)

"Trial Time Limits:  Behind the Scenes and Beyond the Statistics," Civil Jury Project Roundtable, NYU School of Law (Apr. 2019)

---

[¥] These four briefs were written while I was an Associate at Wilmer Hale.

"The Lessons of Lone Pine," University of Virginia Faculty Workshop (Mar. 2019)

"The Lessons of Lone Pine," Stanford Law School Faculty Workshop (Mar. 2019)

"The Lessons of Lone Pine," Brooklyn Law School Faculty Workshop (Feb. 2019)

"The Lessons of Lone Pine," Changes in the Nature of Proof:  Epidemiology and Mass Torts, MDL at 50, Center on Civil Justice at NYU School of Law (Oct. 2018)

"When Cars Crash:  The Automobile's Tort Law Legacy," Wake Forest Law Review Symposium, Wake Forest Law School (Nov. 2017)

"The Diminished Trial," Fordham Law Review Ethics Colloquium, Fordham Law School (Oct. 2017)

"The Trouble with Trial Time Limits," Third Annual Civil Procedure Workshop, University of Arizona, Rogers College of Law (Oct. 2017)

"The Trouble with Trial Time Limits," Stanford Law School Faculty Workshop (Aug. 2017)

"The Trouble with Trial Time Limits," Legal Ethics Schmooze, UCLA School of Law (July 2017)

"Health Courts and the VICP," ABA Section on Dispute Resolution Spring Conference, San Francisco, California (Apr. 2017)

"Civil Justice Under Siege:  Tort Reform in its Fourth Decade, Gaining Momentum While Changing Course," University of Michigan Law Review Author Workshop (Mar. 2017)

"The First Thing You Do Is Kill All the Lawyers," The Inner Circle of Advocates, San Francisco (Feb. 2017)

"Retaliatory RICO and the Puzzle of Fraudulent Claiming," North American Workshop in Private Law Theory IV, Fordham Law School (Nov. 2016)

"Retaliatory RICO and the Puzzle of Fraudulent Claiming," Loyola L.A. Law School Faculty Workshop (Oct. 2016)

"Veterans' Courts in Context," Veterans Treatment Court Conference, Stanford Law School (May 2016)

"Retaliatory RICO and the Puzzle of Fraudulent Claiming," Workshop on Courts and the Legal Process, Columbia Law School (Mar. 2016)

"Retaliatory RICO and the Puzzle of Fraudulent Claiming," New York Torts Group, NYU Law School (Mar. 2016)

"Retaliatory RICO and the Puzzle of Fraudulent Claiming," Stanford Law School Faculty Workshop (Mar. 2016)

7th Annual Stanford International Junior Faculty Forum, Judge and Commentator, Stanford Law School (Oct. 2015)

"Retaliatory RICO and the Puzzle of Fraudulent Claiming," Legal Ethics Schmooze, Stanford Law School (July 2015)

Participant, Comptroller General Forum on Additive Manufacturing, U.S. Government Accountability Office (GAO), Washington, D.C. (Oct. 2014)
  ▪ Culminated in the GAO's publication of REPORT TO THE CHAIRMAN, COMMITTEE ON SCIENCE, SPACE, AND TECHNOLOGY, HOUSE OF REPRESENTATIVES, Highlights of a Forum: 3D PRINTING: OPPORTUNITIES, CHALLENGES, AND POLICY IMPLICATIONS OF ADDITIVE MANUFACTURING (2015)

"The Plaintiffs' Bar: Where It's Been, Where It's Going," The Inner Circle of Advocates, Washington, D.C. (Aug. 2014)

"No-Fault's Failure and the Persistent Durability of Tort," AALS Annual Meeting, Insurance Law and Torts Compensation Systems Joint Program, New York, New York (Jan. 2014)

"Medical Malpractice Litigation: How Does It Work? What Do We Know? How Are Radiologists at Risk?," Stanford Medical School (Nov. 2013)

"Lawyer Lending: Costs and Consequences," Works-in-Progress Roundtable for Third-Party Funding Scholars, Washington & Lee Law School (Nov. 2013)

6th Annual Harvard-Stanford International Junior Faculty Forum, Judge and Commentator, Harvard Law School (Oct. 2013)

"Lawyer Lending: Costs and Consequences," Stanford Law School Faculty Workshop (Aug. 2013)

"Lawyer Lending: Costs and Consequences," Legal Ethics Schmooze, Fordham Law School (June 2013)

"Potential Tort Liability for 3-D Printing," Roundtable on 3-D Printing, Stanford Center for Internet and Society (May 2013)

"Lawyer Lending: Costs and Consequences," 19th Annual Clifford Symposium, DePaul Law School (Apr. 2013)

"Attorney Advertising and the Contingency Fee Cost Paradox," Stanford Law Review Author Series (Feb. 2013)

"Re-Re-Financing Civil Litigation:  How Lawyer Lending Might Remake the American Litigation Landscape, Again," UCLA Law Review Symposium (Jan. 2013)

"Attorney Advertising and the Contingency Fee Cost Paradox," Stanford Law School Faculty Workshop (Dec. 2012)

5th Annual Harvard-Stanford International Junior Faculty Forum, Judge and Commentator, Stanford Law School (Nov. 2012)

"Attorney Advertising and the Contingency Fee Cost Paradox," International Legal Ethics Conference, Banff, Alberta (July 2012)

"Run-of-the-Mill Justice," Stanford Center for Ethics in Society, Stanford University (May 2012)

"An Alternative Explanation for No-Fault's 'Demise,'" Berkeley Law School Faculty Workshop (Feb. 2012)

"An Alternative Explanation for No-Fault's 'Demise,'" Stanford Law School Faculty Workshop (Jan. 2012)

4th Annual Harvard-Stanford International Junior Faculty Forum, Judge and Commentator, Harvard Law School (Nov. 2011)

"An Alternative Explanation for No-Fault's 'Demise,'" Faculty Speaker Series, Loyola Chicago Law School (Sept. 2011)

"An Alternative Explanation for No-Fault's 'Demise,'" 17th Annual Clifford Symposium, DePaul Law School (Apr. 2011)

"Sunlight and Settlement Mills," New Voices in Civil Justice Scholarship, Vanderbilt Law School (Apr. 2011)

"Sunlight and Settlement Mills," Bay Area Civil Procedure Forum, Hastings Law School (Mar. 2011)

"Settlement Mills," Lecture in "Cutting-Edge Issues in Professional Responsibility," Berkeley Law School (Mar. 2011)

"Advertising and Access," AALS Annual Meeting, Section on Professional Responsibility, San Francisco (Jan. 2011)

"Run-of-the-Mill Justice," International Legal Ethics Conference (July 2010)

"Run-of-the-Mill Justice," Legal Studies Workshop, Stanford Law School (Jan. 2010)

"Run-of-the-Mill Justice," Junior Faculty Speaker Series, Catholic University's Columbus School of Law (Mar. 2008)

## UNIVERSITY SERVICE

LAW SCHOOL COMMITTEES:

Chair, Curriculum Committee, 2016–2018

Chair, Admissions Committee, 2015–2016, 2019–2020 (member 2013–2016, 2018–present)

Chair, Clerkship Committee, 2013–2015 (member 2009–2015)

Member, Public Interest Committee, 2009–2012

OTHER:

Stanford University Faculty Fellow, 2011–2013

Stanford University Faculty Affordability Task Force, 2018–present (Chair of Subcommittee on Non-Housing Affordability)

Member, Stanford University Committee on Lecturers, 2017-2018

Stanford University, Voice and Influence Program Participant, 2011–2012

Member, Advisory Board, Stanford Public Interest Law Foundation, 2010–2012

Guest Lecturer (Torts), *Thinking Like a Lawyer*, 2012–2015

Guest Lecturer (Torts), LeadAmerica/Envision, 2013–present

Member, Steering Committee, Stanford Center on the Legal Profession, 2009–present

Faculty Advisor, William A. Ingram Inn of Court, 2009–2013

Stanford University, Diversifying Academia, Recruiting Excellence (DARE) Faculty Resource Advisor, 2012–2013

Faculty Mentor, Stanford Law Association, 2009–2017

Stanford Law School Representative to the AALS House of Delegates, 2011

## PROFESSIONAL MEMBERSHIP AND SERVICE

Member, American Law Institute (elected 2016)

Reporter, American Law Institute's Third Restatement of Torts:  Concluding Provisions (appointed 2019)

Fellow, American Bar Foundation (selected 2016)

Academic Advisor, NYU Civil Jury Project (selected 2018)

Academic Fellow, Pound Civil Justice Institute (selected 2017)

Executive Committee Member, William A. Ingram Inn of Court, 2012–2013

Selection Committee, Warren E. Burger Prize of the American Inns of Court, 2016– present

Referee: *Yale Law Journal*, *New England Journal of Medicine*, *American Journal of Law and Medicine*, *Stanford Law Review*, *Journal of Empirical Legal Studies*, *Stanford Journal of Complex Litigation*, *Law & Society Review*, *Law & Social Inquiry*, *Journal of Consumer Policy*

Co-Editor (Legal Profession), *Jotwell*, 2016–present

Contributing Editor (Torts), *Jotwell*, 2013–present

Admitted to the Bars of California, District of Columbia, and Maryland

*Dated:  November 2019*

## MARK L. TUFT



**LEGAL PRACTICE**

Partner with Cooper, White & Cooper LLP; principally engaged in professional liability, media law, civil and criminal litigation in federal and state courts. State-wide practice as counsel to lawyers and law firms on professional responsibility, professional liability, law firm mergers and dissolutions and lawyer discipline. Arbitrator, special master and mediator on lawyer-client and law firm disputes.

**LEGAL EDUCATION**

LL.M., George Washington University, June 1972. Graduated with highest honors.

J.D., Hastings College of the Law, June 1968. Order of the Coif, Thurston Law Society, *Hastings Law Journal*.

**PROFESSIONAL ASSOCIATIONS AND AWARDS**

- Certified Specialist in Legal Malpractice Law
- Member, American Bar Association, Center for Professional Responsibility, Editorial Board
- President, Association of Professional Responsibility Lawyers (2012 - 2013)
- Chair, State Bar Committee on Professional Responsibility and Conduct (1995 - 1996)
- Former Member, State Bar of California Commission for the Revision of the Rules of Professional Conduct (2001 – 2018)
- Member, Board of Directors, Bar Association of San Francisco (1994 - 1997)
- Chair, Bar Association of San Francisco Legal Ethics Committee (1990 – 1992)
- Bar Association of San Francisco Certificate of Merit Award
- Spirit of the CEB Award
- Member, State Bar of California's Task Force on Access Through Innovation of Legal Services

**PUBLICATIONS AND TEACHING**

- Co-Author, California Practice Guide on Professional Responsibility (The Rutter Group, a division of Thomson Reuters)
- Adjunct Professor, University of San Francisco School of Law (1997-2011)

**RECENT PROGRAMS**[1]

- Panelist, "Communicating with Represented and Unrepresented Persons," The Rutter Group, Los Angeles, CA, November 5, 2019

- Panelist, "Ethics for California Lawyers," The Rutter Group, Los Angeles, CA, November 5, 2019

- Co-Chair, "The Law and Ethics of NewLaw" October 2019; PLI, San Francisco, CA

- Panelist, ABA Fall 2019 National Legal Malpractice Conference "Cutting-Edge Conflicts: "Recent Developments in Perilous Times", San Diego, CA, September 2019

- Panelist, "Attorney Advertising and the Search for Plaintiffs," George Mason University Antonin Scalia Law School Thirteenth Annual Judicial Symposium on Civil Justice Issues, Arlington, VA, May 6, 2019

- Speaker, BASF Legal Ethics Program "Annual Law Governing Lawyers 2019 - The Year in Review," San Francisco, CA  January 2019

- Speaker, "CEB's Annual Review Program" San Francisco, CA, January 2019

- Panelist, "PLI's California MCLE Marathon 2018: Current Developments in Ethics Portion", San Francisco, December 4, 2018

- Speaker, "Legal Ethics for California Lawyers 2018-2019" The Rutter Group, Los Angeles, CA, November 15,  2018

- Speaker, CEB/Alameda County Bar Association, "Ethics - New rules CLE with the ACBA" Oakland, CA, October 31, 2018

- Panelist, "Mastering California's New Rules of Professional Conduct – What Every Lawyer Needs to Know to be in Compliance" The Rutter Group. Los Angeles, October 4, 2018

- Panelist, "Mastering California's New Rules of Professional Conduct (What Every Lawyer Needs to Know To Be In Compliance" The Rutter Group, San Francisco, CA, September 2018

- Speaker, Alameda County Bar Association, Program on the New Rules of Professional Conduct, :"What California Attorneys Need to Know About New Ethics Rules", Oakland, CA, September 2018

- Panelist, "New Professional Responsibilities of Prosecutors CRPC-5110"

---

[1]  Since January 1, 2010.

The Rutter Group, Universal City, CA, April 2018

- Speaker, "CEB's January Ethics Live Cast" Oakland, CA, January 2018

- Speaker, BASF Legal Ethics Program, "The Law Governing Lawyers 2017-2018: The Year in Review," San Francisco, CA, January 16, 2018

- Panelist, "PLI's California MCLE Marathon 2017: Current Developments in Legal Ethics" – Competence Issues – Elimination of Bias, San Francisco, December 8, 2017

- Speaker "Representing Clients with Diminished Capacity: Managing Risks and Satisfying Responsibilities," Pilot Legis Annual Conference, New Orleans LA (October 2017)

- Moderator, "New and Evolving Attorney Disqualification Issues" California Judges Association/Rutter Group Annual Program, Los Angeles, CA, February 2017

- Speaker, BASF Legal Ethics Program, "The Law Governing Lawyers 2016-2017: The Year in Review," San Francisco, CA, January 11, 2017

- Panelist, "Current Developments in Legal Ethics – Competence Issues – Elimination of Bias, " PLI's California MCLE Marathon Program 2016, San Francisco, CA, December 2016

- Speaker, "Legal Ethics for California Lawyers 2016-2017" The Rutter Group, Universal City, CA, November 10, 2016

- Speaker, "Fee-Sharing Fundamentals, Strategies and Trends" The Rutter Group, Universal City, CA, November 10, 2016

- Panelist, State Bar of California, 89th Annual Meeting, "Really Interesting Legal Ethics Stuff," San Diego, CA, September 29, 2016,

- Speaker, ABA 42nd Annual Meeting, "Rethinking Advertising Rules," Philadelphia, PA, June 1-2, 2016

- Panelist, State Bar of California, Ethics Symposium, "Redux: Who's Running the Profession? The Future of Rules-Making and the Disciplinary Process," San Francisco, CA, April 9, 2016

- Speaker, LMRM Conference, Joint program on "Phantom Clients and How to Exorcise Them," Chicago, IL, March 2-4, 2016

- Speaker, BASF Legal Ethics Program, "The Law Governing Lawyers 2015-2016: The Year in Review," San Francisco, CA, January 14, 2016

- Speaker, NOBC/APRL joint program on the Regulation of Lawyer Advertising, ABA Annual Meeting, Chicago, IL, July 29-30, 2015

- Speaker, 14th Annual LMRM Conference, Hinshaw & Culbertson, sponsor, "Conflicts: Who is Your Client?", Chicago, IL, February 26, 2015

- Speaker, CEB/Alameda County Bar Association, "FAQs: The Lawyer's Duty of Confidentiality," Oakland, CA, January 23, 2015

- Speaker, BASF Legal Ethics Program, "The Law Governing Lawyers 2014-2015: The Year in Review," San Francisco, CA, December 2014

- Panelist, PLI California MCLE Marathon Program 2014, San Francisco, CA, December, 2014

- Panelist, Legal Ethics 2015, The Rutter Group, Los Angeles, CA, November 18, 2014

- Panelist, "Significant Developments in Lawyer Law," Beverly Hills Bar Association 2014 MCLE Extravaganza, November 14, 2014

- Panelist, "Really Interesting Legal Ethics Stuff," 87th Annual Meeting of the California State Bar, San Diego, CA, September 2014

- Panelist, CWC Roundtable, "How to Avoid Malpractice," San Francisco, CA, June 17, 2014

- Panelist, "Watching Your Step: Uncovering and Working Through Client Lies," 13th Annual LMRM Conference, Chicago, IL, March 2014

- Moderator, "What Can I Say? Borderless Communication in a Jurisdictional Profession," University of San Francisco School of Law, Law Review Symposium on Legal Ethics in the 21st Century: Technology, Speech and Money, San Francisco, CA, January 2014

- Panelist, "Significant Developments in Lawyer Law," Beverly Hills Bar Association, Beverly Hills, CA, January 2014

- Panelist, Roundtable Discussion, "Law Firm In-House Attorney-Client Privilege," ABA Business, Litigation and Law Practice Management Sections, San Francisco, CA, January 2014

- Speaker, "The Law Governing Lawyers 2012-2013: The Year In Review," The Bar Association of San Francisco, San Francisco, CA, December 2013

- Panelist, "Current Developments in Legal Ethics—Substance Abuse—Elimination of Bias in the Profession," PLI's California MCLE Marathon Program 2013, San Francisco, CA, December 2013

- Panelist, "Legal Ethics 2014," Seminar, The Rutter Group, Universal City, CA, November 2013

- Panelist, "Confidentiality and Privilege for California Lawyers 2014," Seminar, The Rutter Group, Universal City, CA, November 2013

4

- Panelist, "Inside, Outside: Challenges in Outsourcing, Temporary and Contract Lawyer, and Secondment Arrangements," 2013 Aon Law Firm Symposium, Chicago, IL, October 2013

- Panelist, "Attorney-Client Confidentiality Under Attack," 86th Annual Meeting of the California State Bar, San Jose, CA, October 2013

- Panelist, "Really Interesting Legal Ethics Stuff," 86th Annual Meeting of the California State Bar, San Jose, CA, October 2013

- Panelist, "Social Media and International Law," 86th Annual Meeting of the California State Bar, San Jose, CA, October 2013

- Speaker, "Navigating the Ethical and Legal Minefields of E-Discovery," SF Legal Forum, City Club, San Francisco, September 2013

- Panelist, "Ethical Issues Arising from Conflicts of Interest," Tax Section Conference of the American Bar Association, San Francisco, CA, September 2013

- Panelist, "Not That There's Anything Wrong With That: Eliminating Bias Against Gay Attorneys," West LegalEdcenter webcast, June 2013

- Panelist, "Ethical Considerations," The Rutter Group, 2013 Advanced Family Law Course, Los Angeles, CA, August 2013

- Speaker, "Ethics, Lies & Videotape: Lessons From Hollywood," North American South Asian Bar Association, 2013 Annual Convention, June 2013

- Speaker, AIMRRG Luncheon, "Choice of Law Issues for California Lawyers – How Lawyers and Law Firms Practicing in California Deal with Choice of Ethics Law Issues in Cross-Border Practice and the Effect of Recent Amendments to the ABA Model Rules," Los Angeles, CA, June 2013

- Moderator, "Confidentiality and Attorney-Client Privilege," 39th ABA National Conference on Professional Responsibility, San Antonio, TX, May 2013

- Panelist, "What You Need to Know About the Impact of ABA Model Rule 1.18 on Prospective Client Conflicts, and an Update on Former Client Conflicts," 12th Annual Legal Malpractice & Risk Management Conference, Chicago, March 2013

- Speaker, "What Firms Are Doing, and Can Do, to Assure That Their Lawyers Understand and Comply with the Rules of Professional Conduct," AIM PRRM Seminar, Century City, CA, January 2013

- Speaker, "Current Developments in Legal Ethics—Substance Abuse— Elimination of Bias in the Profession," PLI's California MCLE Marathon Program 2012, San Francisco, CA, December 2012

- Panelist, "Conflicts of Interest Disclosure and Consent," 2013 Seminar, The Rutter Group, Sherman Oaks, CA, October 30, 2012

- Panelist, "Hot Topics in Legal Ethics 2013 Seminar," The Rutter Group, Sherman Oaks, CA, October 30, 2012

- Panelist, ALAS/AON, Large Law Firm Conference, "Yours, Mine and Ours: Law Firm Property Disputes," New Orleans, LA, October 2012

- Speaker, CEB Videotape Program "Confidentiality and Privilege," Oakland, CA, July 2012

- Panelist, ABA Journal podcast, "Diversify or Die: How Adding Ancillary Businesses Can Get Your Firm Through Tough Times," June 2012

- Moderator, "So You Think You're Up-To-Date on Attorney-Client Privilege and Confidentiality," 38th ABA National Conference on Professional Responsibility, Boston, MA, May 2012

- Speaker, "The Law Governing Lawyers 2011-2012: The Year In Review," The Bar Association of San Francisco, San Francisco, CA, April 2012

- Panelist, Webinar re Privilege in Investigations, California Association of Workplace Investigators, Inc., San Francisco, CA, February 2012

- Chair, "Current Developments in Legal Ethics—Substance Abuse—Elimination of Bias in the Profession," PLI's California MCLE Marathon Program 2011, San Francisco, CA, December 2011

- Moderator, "Confidentiality, Attorney-Client Privilege and Work Product" The Rutter Group, Universal City, CA, November 2011

- Panelist, "Hot Topics in Legal Ethics 2012," The Rutter Group, Universal City, CA, November 2011

- Speaker, "Developments in Legal Ethics for Today's Intellectual Property Lawyer," Intellectual Property Law Institute 2011, San Francisco, CA, October 2011

- Co-panelist, "Really Interesting Legal Ethics," State Bar Annual Meeting, Long Beach, CA, September 2011

- Speaker, "Ethical Considerations," The Rutter Group, 2011 Advanced Family Law Course, Los Angeles, CA, June 2011

- Moderator, "So You Think You're Up-to-Date on Attorney-Client Privilege and Confidentiality," 37th ABA National Conference on Professional Responsibility, Memphis, TN, June 2011

- Speaker, "Practical Ethical Issues for Lawyers in a Rapidly Changing Legal Environment," Bernard E. Witkin Memorial Symposium, Oakland, CA, May 2011

- Panelist, "Ethics in Limbo: Practical Issues for Lawyers as Changes in the Law Regulating Lawyers Continue," 15th Annual California State Bar Ethics Symposium, University of California, Irvine, CA, April 2011

- Panelist, "Ethical Issues Facing Outside/In-House Counsel in the Environmental Context," PLI—Environmental Regulation 2011 Managing in the Face of Rapid Change, Practising Law Institute, San Francisco, CA, April 2011

- Speaker, "Ethics and Workplace Investigations," CAOWI Webinar program, Oakland, CA, April 2011

- Panelist, "Effective Law Firm Marketing in the 21st Century," The Rutter Group, San Francisco and Los Angeles, CA, April 2011

- Speaker, "A Practical Approach to Conflicts of Interest for California Lawyers," Monterey County Women Lawyers Association and Monterey College of Law, Monterey, CA, March 2011

- Speaker, "Ethics for Estate Planning Lawyers," Contra Costa County Bar Association and Mechanics Bank, Dean Lesher Center for the Arts, Walnut Creek, CA, March 2011

- Panelist, "APRL and the ABA Ethics 20/20 Initiative: Opportunities and Challenges," Association of Professional Responsibility Lawyers, 2011 Midyear Meeting, Atlanta, GA, February 2011

- Speaker, "The Law Governing Lawyers 2010-2011:  The Year In Review," Bar Association of San Francisco, Legal Ethics Committee, San Francisco, CA, January, 2011

- Panelist, "Significant Developments in Lawyer Law," Beverly Hills Bar Association, Beverly Hills, CA, January, 2011

- Chair, "Latest Issues in Legal Ethics—Substance Abuse—Elimination of Bias in the Profession," PLI's California MCLE Marathon Program 2010, San Francisco, CA, December 2010

- Speaker, "Ethical Issues in Licensing," PLI's Symposium on Understanding the IP License 2010, San Francisco, CA, December 2010

- Speaker, "Ethics for Estate Planning Lawyers, Part II" Bar Association of San Francisco, The Estate Planning, Probate and Trust Section, San Francisco, CA, December 2010

- Speaker, "The Current and Future State of the Law Governing Lawyers in California," MCLE Spectacular, Contra Costa County Bar Association, Walnut Creek, CA, November 2010

- Panelist, "Ethical Walls and Screening in California," ALM Media, San Francisco, CA, November 2010

- Panelist, "Legal Ethics 2011:  New Risks—New Rules—New Solutions," The Rutter Group, Sherman Oaks, CA, November 2010

- Panelist, "Effective Screening to Avoid Vicarious Disqualification 2011," The Rutter Group, Sherman Oaks, CA, November 2010

- Panelist, "Lawyers Performing Workplace Investigations:  Avoiding Traps for the Unwary," California Association of Workplace Investigators, Inc., First Annual Conference, Oakland, CA, November 2010

- Panelist, "Navigating the Legal and Ethical Minefields of E-Discovery," SF Legal Forum, City Club, San Francisco, CA, November 2010

- Speaker, "Ethics for Estate Planning Lawyers," The Southern California Tax & Estate Planning Forum, San Diego, CA, October 2010

- Panelist, "Will Non-Consensual Screening Avoid Vicarious Disqualification for Lawyers and Law Firms in California?" Thomson Reuters Legal Ed Center Webcast, October 2010

- Panelist, "Really Interesting Legal Ethics Stuff," 83rd Annual Meeting of the California State Bar, Monterey, CA, September 2010

- Speaker, "What Law Librarians Need to Know About Lawyer Ethics," Council of California County Law Librarians, Monterey, CA, September 2010

- Speaker, "Ethical Considerations for Counsel and Fiduciary Obligations Between Partners," Law Seminars International, San Francisco, CA, September 2010

- Panelist, "Ancillary Businesses:  What Hat Are You Wearing Today—Lawyer or Entrepreneur?," Association of Professional Responsibility Lawyers, Annual Meeting, San Francisco, CA, August 2010

- Panelist, "Understanding Conflict Waivers – Their Rules, Scope and Effect," American Intellectual Property Law Association, 2010 Spring Meeting, New York, NY, May 2010

- Speaker, "Ethics for Estate Planning Lawyers, Part I" Bar Association of San Francisco, The Estate Planning, Probate and Trust Section, San Francisco, CA, May 2010

- Panelist, "Rules Revision Commission: New Rules for a New Decade?" 14th Annual State Bar Ethics Symposium, San Francisco, CA, May 2010

- Panelist, "The Nationalization and Globalization of Legal Ethics and Lawyer Regulation," Association of Professional Responsibility Lawyers, 20th Anniversary Program, New Orleans, LA, April 2010

- Speaker, "The New Model Rule Revisions for Screening Lateral Attorneys and Related Conflict of Interest Topics," Board of Directors, Attorneys Insurance Mutual Risk Retention Group, Inc., San Francisco, CA, January 2010

- Panelist, "Legal Ethics & Professionalism," CLE Europe, 18th Annual London MCLE Fair, London, England, January 2010

## RECENT ARTICLES [2]

- "How Not to Be A Lawyer," Daily Journal, March 22, 2019

- "Recent Developments on Professional Responsibility and the Attorney-Client Privilege" PLI's California MCLE Marathon 2017, September 2017; co-authored with Sarah J. Banola, Esq.

- "De-Unifying California's Integrated Bar," Daily Journal, April 17, 2017

- "Navigating Duties Between Prospective and Former Clients," Practicing Law Institute December, 2016

- "Rethinking Lawyer Advertising Rules," 23 The Professional Lawyer, 23 (ABA 2016)

- Co-Author, Association of Professional Responsibility Lawyers (APRL), 2016 Supplemental Report of the Regulation of Lawyer Advertising Committee, June 20, 2016

- Co-Author, Association of Professional Responsibility Lawyers (APRL), 2015 Report of the Regulation of Lawyer Advertising Committee, June 22, 2015

- "Good Lawyering in Representing 'Bad' Clients," Practicing Law Institute, September 25, 2014

- "Choice-of-Ethics Law Issues for California Lawyers," Daily Journal, May 30, 2014

- "Practicing Law With Foreign Lawyers in California," PLI's California MCLE Marathon Course Handbook 2013, December 2013

- "Proposed Changes in the Regulation of Cross-Border Practice and Resolving Choice of Law Issues, New Challenges for Lawyers Practicing in California," The Practicing Law Institute, December 2012

- "What's Uncommon About the 'Common Interest' Doctrine," 35th ABA National Conference on Professional Responsibility, May 2012

- "Do Lawyers in California Owe Former Clients a Duty of Loyalty?", The Practicing Law Institute, December 2011

- "Developments in Legal Ethics for Today's Intellectual Property Lawyer," PLI, Intellectual Property Law Institute 2011  p. 915

---

[2] Since January 1, 2010

- "Attorneys Conducting Workplace Investigations: Avoiding Traps for the Unwary," California Labor & Employment Law "Review," Volume 25, No. 4, July 2011

- "Developments in Legal Ethics for Today's Intellectual Property Lawyer," PLI Intellectual Property Law Institute 2011, San Francisco, CA, October 2011

- "Choice of Law Issues Under California's Current and Proposed Rules," presented at the 15th Annual Ethics Symposium, State Bar of California, UC Irvine, CA, April 2011

- "A Fresh Look at Ethical Obligations for Environmental Lawyers Practicing in California," PLI's Environmental Regulation 2011: Managing in the Face of Rapid Change, San Francisco, CA, April, 2011

- "Supervising Offshore Outsourcing of Legal Services in a Global Environment: Re-Examining Current Ethical Standards," 43 Akron Law Review, No. 3, 825 (2010)

- "A Conspectus of Rules and Standards for Intellectual Property Lawyers on Obtaining Client Consent," presented at the Annual Conference of the American Intellectual Property Law Association , New York, NY, May 2010

- "The Nationalization and Globalization of Legal Ethics and Lawyer Regulation, A Sampling of Papers and Articles – 1990 - 2010" presented at the APRL 20th Anniversary Conference, New Orleans, LA, April 2010

# MARK L. TUFT

## TRIAL, DEPOSITION AND ARBITRATION TESTIMONY

1.    *McGee v. Terroir Capital LLC,*, Sonoma County Superior Court, Case No. SCV-261108 [Deposition: May 22, 2019]; [Testimony June 12 and June 18, 2019]

2.    *The Boesch Law Group/Kay Arbitration*, Judicial Arbitration and Mediation Services, Inc., Case No.: 1120058113 [Deposition: September 27, 2018]

3.    *William Atkins, et al. v. Allen Sussman*, et. al., JAMS Arbitration No. 1220054486 [Testimony – August 30, 2018; Deposition – June 27, 2018]

4.    *Qian & Nemecek LLP v. Qian et al and related cross actions;* San Francisco Superior Court, Case No. CGC-15-546564 [Deposition July 25, 2018]

5.    *Packard, Packard & Johnson v. Hinshaw & Culbertson LLP*, San Francisco Superior Court Case No.: CGC16554441 [Deposition: May 11, 2018]

6.    *Buchalter Nemer v. Fox, et al.,* JAMS Arbitration, Ref. No. R1003172  [Deposition: December 6, 2017; Arbitration: January 30, 2018]

7.    *Ryan v. Santa Clara Valley Transportation Authority,* USD, Northern District of California, Case No. 16-CV-04032 [Deposition: December 7, 2017]

8.    *Successfulmatch.com v. Kronenberger Rosenfeld,* San Francisco Superior Court, Case No. CGC-17-557596 [Deposition: November 28, 2017]

9.    *Fraley v. Kessler*, American Arbitration Association, Case No. 01-16-0001-3741, Los Angeles [Testimony: April 17, 2017]; [Deposition: March 30, 2017]

10.    *In the Matter of Shaffer and Furman,* State Bar Court, Case No.: 14-0-04029 PEM [Testimony: November 16, 2016]

11.    *Thomas Lee Phillips v. Robert Zebulon Law, et al.,* Orange County Superior Court, Case No. 30-2015-00795933-CU-PN-CJC; [Deposition: October  6, 2016]

12.    *E.O.C. Ord adv. Rene Medina,* Contra Costa County Superior Court, Case No. MSC11-02715, [Deposition: November 11, 2015]

13.    *Medversant Technologies v. Christie Park & Hale*, Los Angeles County Superior Court, Case No. BC489969 [Deposition: October 1, 2015]

14.    *Baradaran v. Frimmer,* Los Angeles County Superior Court, Case No. BC570638 [Deposition: August 26, 2015]

15.    *Shartsis Friese LLP v. Roger Peikin*, JAMS Arbitration [Testimony: August, 2015]

16.   *Stueve v. Novell*, Orange County Superior Court, Case No. 30-2010-00411651
       [Deposition: August 4, 2015]

17.   *Shopoff, Cavallo & Kirsch, LLP v. Pappas, et al.*, San Francisco Superior Court, Case
       No. CGC-13-355053 [Deposition: February 20, 2015]

18.   *Ruby et. al. v. Allen Matkins et. al.,* JAMS, Arbitration, Ref. No. 12200471491
       [Deposition: January 8, 2015]

19.   *The Grace Foundation of Northern California v. Wells Fargo Bank, et al.*, Orange
       Superior Court, Case No. 30-2012-00612863-CU-BE-CJC [Deposition: July 12, 2014]

20.   *Charles Swimmer, Trustee of the Swimmer Family Trust, et al. v. Robert Charles, LP, a
       California Limited Partnership, et al.*, San Diego Superior Court, Case No. 37-2011-
       00094323-CU-PN-CTL [Deposition: January 21, 2014; Arbitration: July 7, 2014]

LAW OFFICES

# Scott A. Srebnick, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
*www.srebnicklaw.com*

November 24, 2019

<u>Via E-mail</u>
Matthew Podolsky, Esq.
Daniel Richenthal, Esq.
Robert Sobelman, Esq.
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

> Re:   *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG)
> **Response to Government's Expert Witness Notice
> of November 22, 2019 ("Notice")**

Counsel:

We write to request additional information relating to the government's Notice, pursuant to Fed.R.Crim.P. 16(a)(1)(G), that it expects to offer testimony from one or both of Nora Freeman Engstrom, Esq., and Mark L. Tuft, Esq., in the government's case-in-chief. We submit that the additional information requested below is required by Rule 16(a)(1)(G) so that we can: 1) meaningfully prepare to cross-examine each witness; 2) decide whether to engage any rebuttal experts; and 3) prepare a motion to challenge the admissibility of the expert testimony under on various grounds, including but not limited to qualifications and reliability.[1]

First, the Notice fails to distinguish between the testimony the government expects to elicit from Professor Engstrom and the testimony it expects to elicit from Mr. Tuft. If the government expects **both** to testify, we need to know who will say what so that we can prepare to examine each of them based on prior testimony and so that we can assess (and potentially challenge) whether their testimony is cumulative of each other under Fed.R.Evid. 403.

Second, the Notice does not identify any prior testimony from Professor Engstrom. Please provide a list of such testimony, if any, so we can assess her qualifications in this area.

---

[1] It is our position that, as a general matter, the proposed expert testimony is inadmissible under the prevailing law of this Circuit because, among other reasons, the testimony concerns questions of law and improperly reaches ultimate conclusions (notwithstanding Fed.R.Evid. 704(a)). Those arguments will be raised in a defense motion *in limine*. The information requested in this letter, however, addresses preliminary issues about the specifics of each expert's opinions, the bases for each opinion, and the adequacy of the Notice.

Third, the Notice states that Professor Engstrom and Mr. Tuft would testify "based on their training and experience *and review of this matter, including the Superseding Indictment* ..." Notice, at p.2. The Notice also states that the proposed experts based their conclusions on the assumption that the "description of the defendant's conduct set forth in the Superseding Indictment is true," and that "the allegations set forth in the Superseding Indictment are true." Notice, at pp.1-2. We respectfully request all materials, other than the Superseding Indictment, that the government provided to the proposed experts and upon which the experts are basing their opinions. For example, did the government provide the experts with any reports of interviews of Gary Franklin? Did the government provide the experts with an oral proffer of Gary Franklin's testimony?

Fourth, the Notice cites several "examples" of specific rules violations purportedly committed by Mr. Avenatti. Notice, at pp. 2-3. We respectfully request *all* examples that the government intends to offer at trial.

Fifth, we further request the basis for each opinion regarding how/why a particular act or omission of Mr. Avenatti violated a specific rule. For example, we submit it is insufficient to simply state that "by not keeping Client-1 informed, the defendant violated Rules 1.2, 1.4, and 1.4.1." On what basis does the expert say that? His/her own interpretation of the California bar rules? Prior ethics opinions? Case law? How often must the lawyer communicate with the client? What is sufficient communication? What is the uniform standard for client communication?

We hope to cover these matters on our telephone conference with you tomorrow afternoon. Without additional information in compliance with Rule 16(a)(1)(G), and given the upcoming Thanksgiving Holiday, we cannot be expected to locate a rebuttal ethics expert(s) in advance of the December 6, 2019, deadline.

Thank you for your prompt attention to this matter.

Respectfully,

*Scott A.*

SCOTT A. SREBNICK
JOSE M. QUINON

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 27, 2019

**BY EMAIL**

Scott A. Srebnick, Esq.
201 South Biscayne Boulevard, Suite 1210
Miami, FL 33131
Scott@srebnicklaw.com

     Re:    ***United States v. Michael Avenatti,***
              **S1 19 Cr. 373 (PGG)**

Dear Mr. Srebnick:

     We write in response to your letter dated November 24, 2019, requesting more information with respect to the Government's letter dated November 22, 2019, which provided notice of certain expert testimony that the Government expects to offer during its case-in-chief at trial (the "Government's Notice"), and as a follow-up to our phone conversation of November 25, 2019 regarding the same. While we believe that the notice complied with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, as we discussed, we are willing to provide additional information to assist in the preparation of the defense, the retention, if any, of a rebuttal expert (for which notice is due on or before December 6, 2019, as previously agreed), and the narrowing of any potential disputes with respect to expert testimony. In your letter and our subsequent conversation, you asked four principal questions. We provide responses in turn below. We also are available to confer further at your convenience.

     First, you asked whether the Government expects that Professor Engstrom or Mr. Tuft would testify to all of the subjects and opinions set forth in the notice. As we discussed, and as indicated in the Government's Notice, both experts are competent and prepared to testify on all subjects and to offer all opinions set forth in the Government's Notice. However, we have not yet decided whether we will call one or both to do so, a decision that rests, in part, on arguments that you may make to the jury. Regardless of whether we intend to call one or both experts, we will provide you with material under 18 U.S.C. § 3500 for both potential experts on the schedule to which we have previously agreed.

     Second, you asked whether we are aware of any prior relevant testimony of Professor Engstrom. As we discussed, we are not aware of any prior relevant testimony of Professor Engstrom.

Third, you requested additional information regarding the case materials provided to date to Professor Engstrom and Mr. Tuft. As we discussed, the only case material that we have provided them is the Superseding Indictment.

Fourth, you asked whether we expect that, if called to testify and asked whether she or he believe that the defendant violated certain rules imposed on attorneys by the state of California, Professor Engstrom or Mr. Tuft might cite rules beyond those listed in the Government's Notice. As we discussed, we presently expect that the rules listed in our notice are the central ones that, if asked, Professor Engstrom and Mr. Tuft would testify the defendant violated, but we expect that they may also refer to other rules in the course of their testimony on this subject, specifically, Rules 1.3, 1.8.6, and 3.10. We also expect that Professor Engstrom and Mr. Tuft may refer to Rule 1.18 in describing the duties owed to prospective clients and to Rule 8.5 in describing the applicability of the rules to the conduct described in the Superseding Indictment.

Finally, you generally requested additional details regarding the expected testimony of Professor Engstrom and Mr. Tuft. As you are aware, Rule 16(a)(1)(G) requires disclosure of "a written summary" of expected expert testimony, including "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." "[T]he notice must provide sufficient detail such that the basis for any testimony or opinion can be identified," *United States v. Kidd*, 385 F. Supp. 3d 259, 262 (S.D.N.Y. 2019), but "Rule 16(a)(1)(G) does not require recitation of the chapter and verse of the experts' opinions, bases and reasons," *United States v. Cerna*, No. 08 Cr. 730 (WHA), 2010 WL 2347406, at *2 (N.D. Cal. June 8, 2010). The Government's Notice provides a written summary of the expected testimony of the Government's potential expert witnesses, including Professor Engstrom's and Mr. Tuft's opinions, the bases for those opinions, and Professor Engstrom's and Mr. Tuft's extensive qualifications, including publications. In short, "the substance of the proposed testimony [is] not a surprise to the [d]efendant." *United States v. Rosario*, No. 09 Cr. 415 (VEC), 2014 WL 6076364, at *4 (S.D.N.Y. Nov. 14, 2014). The defense is not entitled to a preview of the Government's case by seeking additional details, approximately two months prior to trial, regarding particular statements that may be made by these (or other) witnesses. *See, e.g.*, *United States v. Lipscomb*, 539 F.3d 32, 38 (1st Cir. 2008); *Kidd*, 385 F. Supp. 3d at 262; *United States v. Raniere*, No. 18 Cr. 204 (NGG) (VMS), 2019 WL 2212639, at *4-5 (E.D.N.Y. May 22, 2019). Furthermore, the Government will provide 3500 material for both potential witnesses on the schedule agreed to by the parties.

We expect to receive timely the defendant's expert notice, if any, and as noted above, we are available to confer further at your convenience.

06.20.2018

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By:    <u>s/ Daniel C. Richenthal</u>
Robert B. Sobelman
Matthew D. Podolsky
Daniel C. Richenthal
Assistant United States Attorneys
████████████████████

06.20.2018