UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| vs. | :   S1 19 Cr. 373 (PGG) |
| MICHAEL AVENATTI, | : |
| Defendant. | : |

_____

**DEFENDANT AVENATTI'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
OF HIS FINANCIAL CONDITION AND SPENDING**

Scott A. Srebnick
SCOTT A. SREBNICK, P.A.
201 South Biscayne Boulevard
Suite 1210
Miami, FL 33131
Telephone:  (305) 285-9019
Facsimile:  (305) 377-9937
E-mail:  Scott@srebnicklaw.com

Jose M. Quinon
JOSE M. QUINON, P.A.
2333 Brickell Avenue, Suite A-1
Miami, FL 33129
Telephone:  (305) 858-5700
Facsimile:  (305) 358-7848
E-mail:  Jquinon@quinonlaw.com

*Attorneys for Defendant Michael Avenatti*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

    I.    INTRODUCTION ........................................................................................1

    II.    LEGAL STANDARD ..................................................................................1

    III.    ARGUMENT ...............................................................................................2

        A.  The Evidence Is Irrelevant Because Mr. Avenatti's
            Motive Is Not At Issue..........................................................................2

        B.  Evidence Of Mr. Avenatti's Spending And Financial
            Condition Should Be Excluded Under Rule 403 ..................................6

    IV.    CONCLUSION ............................................................................................6

CERTIFICATE OF SERVICE .............................................................................................7

# **TABLE OF AUTHORITIES**

**CASES**                                                                              **Page**

*Hassan v. City of New York*,
    804 F.3d 277 (3d Cir. 2015)......................................................................................3

*Old Chief v. United States*,
    519 U.S. 172 (1997) ..................................................................................................2

*Skilling v. United States*,
    561 U.S. 358 (2010) ..................................................................................................3

*United States v. Clemente*,
    640 F.2d 1069 (2d Cir. 1981)....................................................................................2

*United States v. Hernandez*,
    588 F.2d 346 (2d Cir. 1978)......................................................................................4

*United States v. Jackson,*
    180 F.3d 55 (2d Cir. 1999),
    *on reh'g*, 196 F.3d 383 (2d Cir. 1999) .......................................................................2

*United States v. Quattrone*,
    441 F.3d 153 (2d Cir. 2006)......................................................................................3

*United States v. Ram*,
    101 F.3d 107 (2d Cir. 1996)......................................................................................4

*United States v. Stahl*,
    616 F.2d 30 (2d Cir. 1980)....................................................................................5, 6

*United States v. Sutton*,
    41 F.3d 1257 (8th Cir. 1994).....................................................................................4

*United States v. Weller*,
    238 F.3d 1215 (10th Cir. 2001).................................................................................5

*United States v. Young*,
    745 F.2d 733 (2d Cir. 1984)......................................................................................4

**FEDERAL RULES OF EVIDENCE**:                                                                                              **Page**

Rule 402 ...............................................................................................................................1, 6

Rule 403 ...........................................................................................................................1, 2, 5, 6

**UNITED STATES CODE**:

18 U.S.C. §875(d) .....................................................................................................................2, 3

18 U.S.C. §1343 .............................................................................................................................3

18 U.S.C. §1346 .............................................................................................................................3

18 U.S.C. §1951 .............................................................................................................................2

18 U.S.C. §1951(a) ........................................................................................................................2

**MISCELLANEOUS**:

*Black's Law Dictionary* 881 (Bryan Garner ed., 10th ed. 2014) ................................................3

## I.  INTRODUCTION

The government has notified Mr. Avenatti that it intends to offer evidence in its case-in-chief "regarding [Mr. Avenatti's] motive, including evidence regarding his financial needs and desires at the time of the charged offenses." Although the government has not yet identified precisely what testimony or which documents it intends to offer, it appears the government will adduce evidence that, at the time of the alleged offenses, Mr. Avenatti owed money to various individuals, including attorney Mark Geragos, and that, among other things, there was a personal judgment entered against Mr. Avenatti for nearly $5 million. The government has advised that some of the evidence may show that Mr. Avenatti owed money on luxury items, such as an expensive residence, a race car, a Ferrari, Porsche, and an airplane.

Mr. Avenatti seeks to exclude such evidence because: 1) his purported "motive" is not an element of the offenses and does not bear at all on whether he committed the alleged crimes; 2) even if Mr. Avenatti's motive was at issue, his general financial condition and spending habits have no bearing on his motivations under the circumstances of this case; and (3) evidence of Mr. Avenatti's financial condition and spending habits would unfairly prejudice the jury against him. Based on these arguments, discussed in more detail below, Mr. Avenatti requests that the Court exclude any evidence on this topic and bar any reference to such issues by government counsel.

## II.  LEGAL STANDARD

Federal Rule of Evidence 402 provides that evidence is admissible only if it is "relevant." And even relevant evidence may be excluded if its prejudicial value substantially outweighs its probative effect. Fed. R. Evid. 403. "Unfair prejudice" is defined by the Rule

403 Advisory Notes as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See also Old Chief v. United States*, 519 U.S. 172, 180-1 (1997).

### III.  ARGUMENT

#### A.  The Evidence is Irrelevant Because Mr. Avenatti's Motive Is Not at Issue

The Superseding Indictment charges Mr. Avenatti with a substantive violation of 18 U.S.C. §875(d) (Count One) and attempted extortion under §1951 (Count Two). The essence of those charges is that Mr. Avenatti allegedly engaged in a scheme to extort Nike by threatening to damage Nike's reputation and cause Nike economic harm if Nike did not agree to make multi-million dollar payments to Mr. Avenatti and CC-1, who were assisting Client-1 in an effort to settle claims against Nike. Title 18, United States Code, Section 875(d) provides that

> Whoever, with *intent to extort* from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another … shall be fined under this title or imprisoned not more than two years, or both.

Title 18, United States Code, Section 1951(a) provides that

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or *extortion* or attempts or conspires so to do, … shall be fined under this title or imprisoned not more than twenty years, or both.

(Emphasis added). Those two counts of the Superseding Indictment require proof of "wrongfulness." *See, generally, United States v. Clemente*, 640 F.2d 1069, 1077 (2d Cir. 1981) (discussing §1951); *United States v. Jackson,* 180 F.3d 55, 67-71 (2d Cir. 1999), *on reh'g*, 196

2

F.3d 383 (2d Cir. 1999) (concluding that although §875(d) does not define "extortion," the "intent to extort" element in §875(d) incorporates a "wrongfulness component").

Mr. Avenatti is also charged in a third count with honest services wire fraud under 18 U.S.C. §§1343 and 1346. The essence of that charge is that Mr. Avenatti allegedly defrauded his client, Coach Gary Franklin, of the intangible right to Mr. Avenatti's honest services. Under *Skilling v. United States*, 561 U.S. 358, 411 (2010), honest services wire fraud prosecutions are limited to "the paradigmatic cases of bribes and kickbacks."

None of these three charges requires the government to prove motive as an element of the offense. Mr. Avenatti's motive – *i.e.,* "why" he engaged in that conduct -- is simply irrelevant to the charges and his intent.

> [T]here's a difference between "intent" and "motive." "[A] defendant acts intentionally when he desires a particular result, without reference to the reason for such desire. Motive, on the other hand, is the reason why the defendant desires the result." 2 Harry Sanger Richards et al., *American Law and Procedure* § 8, at 6 (1922). In other words, "intent" asks whether a person acts "intentionally or accidentally," while "motive" asks, "If he did it intentionally, *why* did he do it?" 1 John William Salmond, *Jurisprudence* § 134, at 398 (7th ed.1924) (emphasis in original); *see also Black's Law Dictionary* 881 (Bryan Garner ed., 10th ed. 2014) ("While motive is the inducement to do some act, intent is the mental resolution or determination to do it."). This fundamental "distinction between motive and intent runs all through the law." *Johnson v. Phelan*, 69 F.3d 144, 155 (7th Cir. 1995) (Posner, C.J., concurring in part and dissenting in part).

*Hassan v. City of New York*, 804 F.3d 277, 297 (3d Cir. 2015).

In the classic case where motive is relevant – for example, where the defendant denies that the conduct occurred, that he/she was the perpetrator of the crime, or that he/she knew about the alleged criminal conduct -- the "why" is relevant to establish an element of the offense, such as the *actus reus*, knowledge, or intent. *See, e.g., United States v. Quattrone*,

3

441 F.3d 153, 168, 187 (2d Cir. 2006) (defendant denied knowledge of SEC subpoena and intent to destroy responsive documents so his substantial salary established a motive for him to obstruct the SEC investigation); *United States v. Ram*, 101 F.3d 107, *3 (2d Cir. 1996) (summary order) (defendant's financial difficulties created a strong motive to vandalize an office so as to collect on an insurance policy);[1] *United States v. Hernandez*, 588 F.2d 346, 348 (2d Cir. 1978) (evidence of defendant's financial indebtedness relevant to prove that defendant knew about the cocaine in his suitcase); *cf. United States v. Sutton*, 41 F.3d 1257, 1259 (8th Cir. 1994) (holding that admission of evidence related to defendant's drug use was inadmissible to demonstrate motive to commit robbery when "motive was not a material issue; the defendant did not put his motive in issue; there was no testimony by his co-conspirators about his motive; and the facts which the government used to show motive were not … *relevant to identity*.") (emphasis added).  As another example, evidence of a defendant's *unexplained* wealth may be relevant to prove that the defendant committed the crime.  *See, e.g., United States v. Young*, 745 F.2d 733, 763 (2d Cir. 1984) (unexplained wealth highly probative of narcotics trafficking).

Mr. Avenatti does not intend to defend the case on the basis of mistaken identity.  He does not intend to present an alibi defense.  Nor does he intend to present a defense on the basis that the conduct at issue was an accident or that he lacked knowledge of the conduct.  Thus, the government does not need "motive" evidence to show that the defendant was the person who committed the conduct at issue or that he knew what he was doing.  Indeed, much

---

[1] This Summary Order, issued prior to January 1, 2007, is cited not for any precedential value but rather only as an example of a type of case in which motive evidence may be relevant.

4

of the conduct in this case is contained in recorded conversations and text messages. Likewise, unexplained wealth is not an issue in this case.

To be sure, there will be no dispute at trial that Mr. Avenatti – representing a client in a settlement negotiation – demanded money for his client, Gary Franklin, and to be retained (along with attorney Mark Geragos) by Nike to conduct an internal investigation of Nike. Mr. Avenatti will readily admit that he was seeking to be compensated to conduct an internal investigation. Virtually all civil litigation is driven and motivated by money. **Why** Mr. Avenatti was looking to make money as part of the settlement -- in the government's view, to pay debts or spend on luxury items – is irrelevant and unfairly prejudicial.

The government's theory of prosecution, as first announced in the USAO-SDNY press release at the time of arrest, establishes the irrelevance of the government's "motive" evidence. According to the government, until it superseded the Indictment, "CC-1" (Mr. Geragos) conspired with Mr. Avenatti to commit extortion. Mr. Geragos is a highly successful lawyer and a person who has had substantial success; [2] indeed, he loaned money to Mr. Avenatti. The allegation that a financially successful person like Mr. Geragos, conspired with a person undergoing financial difficulties, such as Mr. Avenatti, to commit extortion demonstrates the irrelevance to the crimes charged of the parties' financial condition. *See United States v. Weller*, 238 F.3d 1215, 1221 (10th Cir. 2001) (holding that evidence of a defendant's finances is minimally probative to show motive and acknowledging that "even wealthy people may commit financial crimes in hope of amassing still more money."). Evidence that Mr. Avenatti spent money on luxury items and had debts is simply irrelevant. *United States v. Stahl*, 616

---

[2] To the extent the government disputes this point as a factual matter, we can proffer relevant facts to the Court *in camera.*

5

F.2d 30, 32-33 (2d Cir. 1980) (reversing bribery convictions where prosecutor intended to arouse prejudice against defendant because of his wealth and engaged in calculated and persistent efforts to arouse such prejudice throughout the trial).

### B. Evidence of Mr. Avenatti's Spending and Financial Condition Should be Excluded under Rule 403

The evidence of luxury items and Mr. Avenatti's financial condition will serve no purpose other than to distract the jury from the central issues in the case. It will not bear on whether Mr. Avenatti's conduct was wrongful under the law. Yet, based on the volume and type of discovery that has been provided, it certainly seems as though the government intends to make Mr. Avenatti's financial condition a substantial feature of the trial. Introducing evidence of a defendant's spending habits and financial condition invites a jury to engage in class-based bias regarding the defendant's wealth or lack thereof, unfairly prejudicing the defendant. *See, e.g.*, *Stahl, supra.* The probative value of Mr. Avenatti's financial spending prior to the alleged conduct and his financial condition at the time of that conduct, is far outweighed by the danger of unfair prejudice.

### IV. CONCLUSION

For the foregoing reasons, evidence related to Mr. Avenatti's financial spending and financial condition should be excluded under Federal Rules of Evidence 402 and 403.

Dated: December 9, 2019

>By:   /s Scott Srebnick
>Scott A. Srebnick
>SCOTT A. SREBNICK, P.A.
>201 South Biscayne Boulevard
>Suite 1210
>Miami, FL 33131
>Telephone:  (305) 285-9019
>Facsimile:  (305) 377-9937
>E-mail:  Scott@srebnicklaw.com
>
>Jose M. Quinon
>JOSE M. QUINON, P.A.
>2333 Brickell Avenue, Suite A-1
>Miami, FL 33129
>Telephone:  (305) 858-5700
>Facsimile:  (305) 358-7848
>E-mail:  Jquinon@quinonlaw.com
>
>*Attorneys for Defendant Michael Avenatti*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2019, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

>/s/Scott A. Srebnick
>Scott A. Srebnick