UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
                                     :

  UNITED STATES OF AMERICA         :
                                       :

            - *v.* -                :           S1 19 Cr. 373 (PGG)
                                       :

  MICHAEL AVENATTI,               :
                                       :

             Defendant.         :
                                       :

-----------------------------------------------------x


## THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS


GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

Matthew D. Podolsky
Daniel C. Richenthal
Robert B. Sobelman
Assistant United States Attorneys

- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                              :
UNITED STATES OF AMERICA                      :
                                              :
           - *v.* -                           :              S1 19 Cr. 373 (PGG)
                                              :
MICHAEL AVENATTI,                             :
                                              :
                        Defendant.            :
                                              :
------------------------------------------------------- x

## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.[1]

### A.   The Charges

1.      This is a criminal case.  The defendant, MICHAEL AVENATTI, has been charged in an indictment with violating federal laws related to extortion and wire fraud.  The indictment is not evidence.  It simply contains the charges that the Government must prove to the jury beyond a reasonable doubt.  I will summarize the charges in this case to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

---

[1]      On November 15, 2019, the defendant filed a motion for a written juror questionnaire. (Dkt. Nos. 76, 77, 78.)  Although the Government does not believe one to be necessary, *see, e.g.*, *United States v. Treacy*, 639 F.3d 32, 47 (2d Cir. 2011); *United States v. Salameh*, 152 F.3d 88, 120-21 (2d Cir. 1998), to the extent that the Court intends to grant the defendant's motion for a questionnaire, the Government objects to multiple of the defendant's proposed statements and questions (including the defendant's proposal that potential jurors be required to provide their names), and proposes that the parties confer and then provide to the Court a questionnaire indicating areas of agreement and remaining disagreement, if any.  Unless directed by the Court, the Government does not intend to respond separately to the defendant's motion.

2.      The indictment contains two counts related to extortion and one count related to wire fraud.  Count One alleges that the defendant transmitted communications across state lines in which he threatened to cause financial harm to NIKE, Inc., an athletic apparel company, and Nike's reputation if Nike did not agree to make multimillion dollar payments to or at the direction of the defendant.  Count Two alleges that the defendant attempted to extort Nike by using threats of economic and reputational harm in an attempt to obtain multimillion dollar payments.  Count Three alleges that the defendant, who is an attorney, attempted to defraud one of his clients of that client's right to his honest services by misusing confidential information provided by that client, without the client's knowledge or approval, to attempt to obtain payments for himself from Nike.

3.      Do any of you believe you have personal knowledge of the case as I have described it?

4.      Has any of you seen, read, or heard anything about this case?  *(If yes, the Government would respectfully request that the Court follow up, at side bar, if appropriate, with the following)*:

a.      From whom did you hear about the case? (*e.g.*, a friend, the newspaper, television)  What did you hear/read/see?

b.      Based on anything that you have read, seen, or heard, have you formed any opinions about the investigation, the case, the charges, or the defendant that might make it difficult for you to be a fair and impartial juror in this case?

5.      Do any of you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

**B.      Nature of the Charges and Relevant Entities**

6.      During the trial, you will hear evidence concerning alleged extortion and wire fraud. Does the fact that the charges involve allegations of extortion and wire fraud make it difficult for any

Case 1:19-cr-00373-PGG   Document 90   Filed 12/10/19   Page 4 of 16

of you to render a fair verdict?  Does the fact that the charges involve alleged extortion of a large company make it difficult for any of you to render a fair verdict?  Does the fact that the charges involve alleged fraud committed by an attorney on his client make it difficult for any of you to render a fair verdict?

7.      Have any of you formed an opinion that the actions charged in the indictment, as I have described them to you, should not be crimes, or that the laws governing these offenses should not be enforced, or that these crimes should not be prosecuted by the United States Government?

8.      During this trial you may hear evidence concerning amateur athletics, specifically nationally competitive basketball teams consisting of high school-aged players.  Does anything about the fact that the charges in this case relate in part to amateur athletics, and specifically nationally competitive boys basketball teams, make it difficult for you to be fair and impartial in this case?

9.      Are you familiar with the Elite Youth Basketball League, commonly referred to as EYBL, which is sponsored by Nike?  Does anything about the fact that the EYBL may be mentioned in this trial make it difficult for you to be fair and impartial in this case?  Do you have an opinion about whether a company such as Nike should or should not be sponsoring amateur basketball such that it would be for you to be fair and impartial in this case?

10.     During this trial you may hear evidence about alleged payments made by Nike or certain individuals to amateur athletes or their families.  Do you have any views or opinions regarding whether amateur athletes, such as high school or college athletes competing in teams organized by the National Collegiate Athletic Association, or NCAA, should be compensated while still in high school or college?  Is there anything about your views on that subject that would make it difficult for you to be fair and impartial in this case?

11.     During this trial you may hear references to prior prosecutions brought by the United States Attorney's Office for the Southern District of New York against individuals arising from their involvement in paying bribes to amateur athletes to influence their choice of which college basketball team they would to play for.  Are you familiar with those prior cases?  If so, is there anything about your views on the subject of those cases that would make it difficult for you to be fair and impartial in this case?

12.     During this trial you may hear evidence that the defendant, who is an attorney, represented a client who was the director and coach of a nationally competitive boys' basketball program.  He is alleged to be the victim of Count Three.  Have you or any other member of your household ever participated in coaching an amateur athletics team, including any middle school, high school, amateur travel team, or college team?  Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

13.     During this trial you may hear evidence about statements made by the defendant or others to Nike or its representatives, including its attorneys, in the course of discussing or negotiating, among other things, the settlement of a potential legal claim or claims.  Do you have any views about how a settlement or negotiation involving attorneys should proceed that would make difficult for you to consider fairly this evidence?  Does any potential juror have views about whether such discussions or negotiations should or should not lead to criminal charges that might make it difficult for you to fairly consider the evidence in this case?

14.     As I indicated earlier, the Government has alleged that Nike, a large corporation, was the victim of the defendant's extortion scheme.  I instruct you that a large corporation such as Nike is equally subject to the protections of the law as anyone else, including individuals and small companies.  Is there anything about the fact that a large corporation, or Nike specifically, is alleged

4

to be the victim of some of the charged crimes that would make it difficult for you to be fair and impartial in this case?

16.     Have you, any member of your family, or any of your close friends worked for Nike in any capacity?  If so, is there anything about that affiliation that would prevent you from rendering a fair and impartial verdict in this case?

16.     Have you, any member of your family, or any of your close friends worked in the high school or college basketball?  If so, in what capacity were you, members of your family, or any of your close friends employed?  Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

17.     Have you, any member of your family, or any of your close friends worked for a sports apparel or equipment company? If so, in what capacity were you, members of your family, or any of your close friends employed?  Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

18.     Have you, any member of your family, or any of your close friends worked for a law firm?  If so, in what capacity were you, members of your family, or any of your close friends employed?  What type of law practice was the law firm engaged in?  Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

19.     Have you, any member of your family, or any of your close friends retained or hired an attorney to file a lawsuit?  If so, what type of lawsuit was filed?  Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

20.     Have you, any member of your family, or any of your close friends had any experiences of any kind, directly or indirectly, with alleged extortion or wire fraud, either as a

victim, a witness, a subject of investigation, or a defendant?  Would that experience prevent you from rendering a fair and impartial verdict in this case?

### C.    **Knowledge of the Trial Participants**

21.    As I mentioned previously, the defendant in this case is MICHAEL AVENATTI. [Please ask the defendant to stand.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of any of the defendant in any capacity?  How do you know the defendant, or relative, friend, or associate of the defendant?  Is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

22.    To your knowledge, do any of your relatives, close friends, associates, or employers know the defendant?  To your knowledge, how do they know the defendant?  Is there anything about what you have heard from those other individuals that would prevent you from rendering a fair and impartial verdict in this case?

23.    Is there anything that you have read or heard about the defendant prior to today that would affect your ability to be a fair and impartial juror in this case?

24.    The defendant is represented by Scott Srebnick and Jose Quinon.  [Please ask the attorneys to stand.]  Do any of you know either of these individuals?  Have you, your family members, or any close friends had any dealings either directly or indirectly with any of these individuals?

25.    The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Geoffrey Berman.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Matthew Podolsky, Daniel Richenthal, and Robert Sobelman.  They will be assisted by

Special Agent DeLeassa Penland with the U.S. Attorney's Office for the Southern District of New York, Special Agents Melissa Galicia and Christopher Harper with the Federal Bureau of Investigation, or the FBI, and paralegal specialists Andrew Hamilton and Kristina Kotyza with the U.S. Attorney's Office.  [Please ask the AUSAs and agents, and paralegals to stand.]  Do any of you know any of the attorneys, agents, or paralegals that I have just identified?  Have any of you, or, to your knowledge, any member of your family or any close friend, had any dealings, directly or indirectly, with any of these individuals, or with the FBI or the United States Attorney's Office for the Southern District of New York?

26.     I will now read a list of names and entities that may be mentioned during the trial. Some of the individuals may be witnesses in this case.  [To be provided in advance of trial.]  Do any of you know any of these individuals or entities?  Have you had any dealings either directly or indirectly with any of these individuals or entities?   If so, is there anything about your familiarity with or knowledge of these individuals or entities that could affect your ability to be fair and impartial in this case?

### D.    Relationship with Government

27.     Have you, any member of your family, or any of your close friends ever worked in law, law enforcement, the justice system, or the courts?  In what capacity?  Have you had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to render a fair and impartial verdict in this case?

28.     Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York, the Department of Justice, or the FBI?  Is any member of your

family employed by any federal department or agency, or any law enforcement agency, whether federal, state, or local?

29.     Does any potential juror have any bias, prejudice or other feelings for or against the United States Attorney's Office, the Department of Justice, the FBI, or any other law enforcement agency?

30.     Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or other dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the FBI?  Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

31.     Do you have a case pending at this time in state court, federal court, tax court, or with any federal agency or appeal authority?

32.     Aside from what you already have mentioned in response to previous questions, have you ever sued anyone or been sued by anyone else?  What was the nature of the lawsuit?  Were you represented by an attorney?  How was the lawsuit resolved?

**E.     <u>Prior Jury Service</u>**

33.     Have any of you ever sat as a juror before in any type of case?

34.     If so, please state whether the case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

35.     Have any of you served as a grand juror?  If so, please indicate where and when you served, and describe, in general terms, the kind of cases you heard.

36.     For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

### F.     Experience as a Witness, Defendant, or Crime Victim

37.     Have you, or any member of your family or any close friends, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant?  If so, what kind of case and what was your role in that case?  Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case? If you would prefer not to give your answer in open court, please say so.

38.     Have you, or a relative or close friend, ever been charged with a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  If you would prefer not to give your answer in open court, please say so.

39.     Have you, or a relative or close friend, ever been the victim of a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  If you would prefer not to give your answer in open court, please say so.

40.     Have you, or a relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

41.     Have you, or a relative or close friend, ever been subpoenaed for any inquiry or investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

42.     Have you, or a relative or a close friend, ever been questioned in any matter by the United States Department of Justice, the United States Attorney's Office for the Southern District of

New York, or the FBI?  If so, is there anything about that experience that could affect your ability to be fair and impartial in this case?

### G.    Views on Certain Witnesses and Investigative Techniques

43.    The Government witnesses may include law enforcement witnesses.  Does anyone have any personal views or experiences with law enforcement that would in any way affect their ability to be fair and impartial in this case?  Would any of you be more inclined or less inclined to believe a witness solely because the witness was an FBI or other special agent, government investigator, or other law enforcement officer?

44.    Some of the evidence admitted at trial may come from searches performed by law enforcement officers, including searches of the defendant's and others' electronic devices and social media accounts pursuant to Court-authorized search warrants.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability consider such evidence or to be fair and impartial in this case?

45.    Some of the evidence admitted at trial may come from recordings made of the defendant by others when they were cooperating with law enforcement.  I instruct you that those recordings are legal and they are admissible in this case.  Do any of you have strong feelings about such recordings such that would affect your ability consider such evidence or to be fair and impartial in this case?

46.    Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

47.     Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?

**H.   Persons Not on Trial**

48.     You might hear evidence in this trial of criminal activity or non-criminal misconduct committed by people other than the defendant.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any potential juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

**I.     Ability to Sit as a Juror**

49.     Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

50.     Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

51.     Do any of you have any difficulty in reading or understanding English?

52.     Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons regardless of the evidence?

53.     With respect to any publicity this trial generates, I will instruct you that you are to avoid reading about this case in the newspaper or social media or internet, or listening to any radio or television reports concerning the case until after it is over.  Will any of you have any difficulty following this instruction?

### J.       Function of the Court and Jury

54.     The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the indictment.  Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

55.     Will each of you accept that the question of punishment is for the Court alone to decide, and that the possible punishment or the consequences of conviction must not enter into your deliberation as to whether the defendant is guilty?

56.     Will each of you accept that sympathy must not enter into your deliberation as to guilt of the defendant, and that only the evidence produced here in Court may be used by you to decide the guilt of the defendant?

57.     It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any potential juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons regardless of the evidence?

### K.       Other Biases

58.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve

conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

**L.**      **Juror's Background**

59.      The Government respectfully requests that the Court ask each juror to state the following information:

a.      the juror's age;

b.      with whom the juror lives, the area in which the juror resides and any other area the juror has resided during the last ten years;

c.      the juror's educational background, including the highest degree obtained;

d.      the juror's occupation/employment status, and whether the juror supervises others in the course of his/her duties;

e.      the name of the juror's employer, and the period of employment with that employer;

f.      the same information concerning other employment within the last five years;

g.      the same information with respect to the  juror's spouse, domestic partner, and any working children;

h.      main websites, newspapers, and magazines the juror reads/visits and how often;

i.      main television programs the juror regularly watches and/or radio programs the juror regularly listens to;

j.      the juror's hobbies and leisure-time activities;

        k.        whether the juror has served in the military; and

        l.        whether the juror is a member of any clubs or organizations.

**M.**      **Requested Instruction Following Impaneling of the Jury**

60.      From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case with anyone, including your fellow jurors, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.  Do not read or listen to anything touching on this case in any way.  With respect to any publicity this case generates, you are instructed not to read, listen to, or watch any news or other reports or information about the case, including anything on the internet or social media.  You must not be influenced by anything you might hear or see outside the courtroom.  Do not do any research or investigation about the case or anything touching upon the case.  Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

Dated:  New York, New York
          December 10, 2019

                                     Respectfully submitted,

                                     GEOFFREY S. BERMAN
                                     United States Attorney

                            By:      _Robert B. Sobelman_____

                                     Matthew D. Podolsky
                                     Daniel C. Richenthal
                                     Robert B. Sobelman
                                     Assistant United States Attorneys
                                     (212) 637-1947/2109/2616