UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                                                       :
  UNITED STATES OF AMERICA                             :
                                                       :
              - *v.* -                                 :          S1 19 Cr. 373 (PGG)
                                                       :
  MICHAEL AVENATTI,                                    :
                                                       :
                        Defendant.                     :
                                                       :
------------------------------------------------------ x


## THE GOVERNMENT'S REQUESTS TO CHARGE


                                        GEOFFREY S. BERMAN
                                        United States Attorney
                                        Southern District of New York


Matthew D. Podolsky
Daniel C. Richenthal
Robert B. Sobelman
Assistant United States Attorneys

- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
   UNITED STATES OF AMERICA                           :
                                                      :
              - *v.* -                                :          S1 19 Cr. 373 (PGG)
                                                      :
   MICHAEL AVENATTI,                                  :
                                                      :
                   Defendant.                         :
                                                      :
------------------------------------------------------x

## THE GOVERNMENT'S REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.

## Table of Contents

REQUEST NO. 1 ........................................................................................................................ 1

General Requests

REQUEST NO. 2 ........................................................................................................................ 2

The Indictment

REQUEST NO. 3 ........................................................................................................................ 4

Multiple Counts

REQUEST NO. 4 ........................................................................................................................ 5

Count One: Transmission of Interstate Communications with Intent to Extort

REQUEST NO. 5 ........................................................................................................................ 6

Count One: Transmission of Interstate Communications with Intent to Extort

First Element: Transmission in Interstate or Foreign Commerce

REQUEST NO. 6 ........................................................................................................................ 7

Count One: Transmission of Interstate Communications with Intent to Extort

Second Element: Threat to Injury Property or Reputation

REQUEST NO. 7 ........................................................................................................................ 8

Count One: Transmission of Interstate Communications with Intent to Extort

Third Element: Intent to Transmit

REQUEST NO. 8 ........................................................................................................................ 9

Count One: Transmission of Interstate Communications with Intent to Extort

Fourth Element: Intent to Extort

REQUEST NO. 9 ...................................................................................................................... 11

Count Two: Hobbs Act Extortion

REQUEST NO. 10 .................................................................................................................... 13

Count Two: Hobbs Act Extortion

First Element: Personal Property

REQUEST NO. 11 .................................................................................................................... 14

Count Two: Hobbs Act Extortion

Second Element: Obtaining Property Through Wrongful Use of Fear

REQUEST NO. 12 .................................................................................................................... 18

Count Two: Hobbs Act Extortion

Third Element: Affecting Interstate Commerce

REQUEST NO. 13 .................................................................................................................... 19

Count Three: Honest Services Wire Fraud

REQUEST NO. 14..................................................................................................... 21

Count Three: Honest Services Wire Fraud

First Element: Scheme or Artifice

REQUEST NO. 15..................................................................................................... 24

Count Three: Honest Services Wire Fraud

Second Element: Intent to Defraud

REQUEST NO. 16..................................................................................................... 26

Count Three: Honest Services Wire Fraud

Third Element: Materiality

REQUEST NO. 17..................................................................................................... 28

Count Three: Honest Services Wire Fraud

Fourth Element: Use of Wires

REQUEST NO. 18..................................................................................................... 30

Dual Intent No Defense

REQUEST NO. 19..................................................................................................... 31

Willfully Causing a Crime

REQUEST NO. 20..................................................................................................... 33

Venue

REQUEST NO. 21..................................................................................................... 35

Motive

REQUEST NO. 22..................................................................................................... 36

Conscious Avoidance

REQUEST NO. 23..................................................................................................... 38

Persons Not on Trial

REQUEST NO. 24..................................................................................................... 39

Law Enforcement or Government Witnesses

REQUEST NO. 25..................................................................................................... 40

Preparation of Witnesses

REQUEST NO. 26..................................................................................................... 41

False Exculpatory Statements

REQUEST NO. 27..................................................................................................... 42

Similar Acts

REQUEST NO. 28................................................................................................................43

Limited Evidence

REQUEST NO. 29................................................................................................................44

Particular Investigative Techniques

REQUEST NO. 30................................................................................................................45

Use of Audio and Video Recordings and Transcripts

REQUEST NO. 31................................................................................................................46

Use of Evidence Obtained Pursuant to Searches and Seizures

REQUEST NO. 32................................................................................................................47

Charts and Summaries: Admitted as Evidence

REQUEST NO. 33................................................................................................................48

Charts and Summaries: Not Admitted as Evidence

REQUEST NO. 34................................................................................................................49

Stipulations of Testimony

REQUEST NO. 35................................................................................................................50

Stipulations of Fact

REQUEST NO. 36................................................................................................................51

Redaction of Evidentiary Items

REQUEST NO. 37................................................................................................................52

Variance in Dates and Amounts

REQUEST NO. 38................................................................................................................53

Character Witnesses

REQUEST NO. 39................................................................................................................54

Uncalled Witnesses – Equally Available or Unavailable

REQUEST NO. 40................................................................................................................55

Expert Testimony

REQUEST NO. 41................................................................................................................556

Defendant's Testimony

REQUEST NO. 42................................................................................................................577

Defendant's Right Not to Testify

REQUEST NO. 43................................................................................................................588

Improper Considerations: Race, Religion, National Origin, Sex, or Age

REQUEST NO. 44..................................................................................................599
Punishment Is Not to Be Considered by the Jury

REQUEST NO. 45.................................................................................................. 60
Sympathy: Oath as Jurors

Conclusion ........................................................................................................... 611

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

a.      Function of Court and Jury
b.      Jury's Recollection Governs
c.      Note-Taking by Jurors
d.      Duty to Base Verdict on Evidence
e.      Improper Considerations
f.      Statements of Court and Counsel Not Evidence
g.      Duty to Weigh Evidence Without Prejudice
h.      Government as a Party
i.      Indictment Not Evidence
j.      Burden of Proof
k.      Presumption of Innocence
l.      Reasonable Doubt
m.      Direct and Circumstantial Evidence
n.      Inferences
o.      Credibility of Witnesses
p.      Right to See Exhibits and Have Testimony Read During Deliberation

## REQUEST NO. 2

### The Indictment

The defendant, Michael Avenatti, is formally charged in an Indictment.   As I have instructed you already, the Indictment is not evidence of a crime and is simply a way for the Government to present charges in this case.   Before you begin your deliberations, you will be provided a copy of the Indictment.   I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment contains three counts against the defendant.   I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One charges the defendant with transmitting or causing to be transmitted threats in interstate commerce, in violation of Title 18, United States Code, Sections 875(d) and 2.   This count alleges that, through the use of interstate communications, such as text messages or email or phone calls, the defendant threatened to cause harm to the company Nike's finances and/or its reputation if Nike did not agree to make a multimillion dollar payment to the defendant.

Count Two charges the defendant with extortion, in violation of Title 18, United States Code, Sections 1951 and 2.   This count alleges that the defendant used threats of economic and reputational harm in an attempt to obtain a multimillion dollar payment from Nike.

Count Three charges the defendant with honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346.   This count alleges that the defendant, who is a lawyer, engaged in a scheme to defraud his client of that client's right to the defendant's honest services by seeking to obtain payment for himself from Nike in exchange for taking action and making decisions regarding his representation of his client.   I will explain to you in detail the law

2

relating to honest services wire fraud, but I want to provide you now a brief explanation of the term "honest services" and how a client can be defrauded of his lawyer's honest services.   When lawyer takes or agrees to take or offers to take an action in the course of his representation of a client at least in part because of a concealed bribe or side payment, or solicits such a bribe or side payment, the lawyer has breached his duty to his client.   Thus, the client is not receiving what he or she expects and is entitled to, namely, its right to his or her lawyer's honest and faithful service. I will discuss this concept in more detail in a few minutes.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3-1, 3-2; the jury instructions of Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP).

**REQUEST NO. 3**

**Multiple Counts**

The indictment contains a total of three counts.  You must consider each count of the indictment separately, and you must return a separate verdict for each count of the indictment. Your verdict as to one count should not control your decision as to any other count.

Adapted from Sand *et al*., *Modern Federal Jury Instructions*, Instr. 3-8; the jury instructions of the Hon. Alvin K. Hellerstein in *United States v. Seabrook*, 16 Cr. 476 (AKH).

4

## REQUEST NO. 4

### Count One: Transmission of Interstate Communications with Intent to Extort

As I mentioned, Count One of the Indictment charges the defendant with transmission of interstate communications with intent to extort.    The law provides that

> Whoever, with intent to extort from any person, firm, association, or corporation, any money or thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the reputation of the addressee or of another, or any threat to accuse the addressee and another of a crime, [has committed a crime].

To meet its burden of proving that the defendant committed this crime, the prosecution, which is known here as the government, must establish beyond a reasonable doubt each of the following four facts, known as "elements":

First, the defendant transmitted a communication in interstate or foreign commerce;

Second, the communication contained a threat to injure the reputation of a person or corporation—here, the company Nike;

Third, the defendant acted knowingly and intentionally in transmitting a communication, and that in so doing, the defendant knowingly and internationally communicated a threat; and

Fourth, the defendant did so with the intent to extort money or a thing of value from Nike.

> 18 U.S.C. § 875(d); adapted from the jury instructions of the Honorable Denise L. Cote in *United States v. Balkany*, 10 Cr. 441 (DLC); the jury instructions of the Honorable Barbara S. Jones in *United States v. Jackson*, 97 Cr. 121 (BSJ); *see also United States v. Jackson*, 180 F.3d 55, 64-71 (2d Cir. 1999).

5

## REQUEST NO. 5

### Count One: Transmission of Interstate Communications with Intent to Extort

### First Element: Transmission in Interstate or Foreign Commerce

The first element that the government must prove beyond a reasonable doubt is that the defendant transmitted a communication in interstate or foreign commerce.

To establish this element, the government must prove that the communication passed either between two or more states, such as, for example, a telephone call between New York and Florida or California; or between the United States and a foreign country.   If the government establishes beyond a reasonable doubt that the communication passed between two or more states, it is sufficient to establish this element even if the defendant and the victim were in the same state at the time.

The Government is not required to prove that the defendant actually knew that the communication would be transmitted in interstate or foreign commerce.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 31-9; the jury instructions of the Honorable Denise L. Cote in *United States v. Balkany*, 10 Cr. 441 (DLC); the jury instructions of the Honorable Barbara S. Jones in *United States v. Jackson*, 97 Cr. 121 (BSJ).

## REQUEST NO. 6

## Count One: Transmission of Interstate Communications with Intent to Extort

## Second Element: Threat to Injury Property or Reputation

Second, to find that the defendant committed this offense, you must find beyond a reasonable doubt that he threatened to injure the property or the reputation of Nike, or that he threatened to do both of these things.

A threat is a serious statement expressing an intention to inflict injury at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.   The mere hope, desire, or wish to injure is insufficient to constitute a threat.   To find that the defendant threatened Nike, you must find that a reasonable person would have understood the defendant's statement as a serious expression of intent, determination, or purpose either to injure the property or reputation of Nike or both.

To determine whether the defendant threatened to injure the property or reputation of Nike, you should consider the circumstances under which the statement was made, including the kind of statement made, the place where it was made, to whom it was made, how it was spoken, whether it was said plainly and unconditionally or in jest, and its context with respect to surrounding conversation.   You may also consider the language and tone the defendant used and the reaction of the person or persons to whom the communication was addressed.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 31-8; the jury instructions of the Honorable Denise L. Cote in *United States v. Balkany*, 10 Cr. 441 (DLC); the jury instructions of the Honorable Barbara S. Jones in *United States v. Jackson*, 97 Cr. 121 (BSJ).

7

## REQUEST NO. 7

## Count One: Transmission of Interstate Communications with Intent to Extort

## Third Element: Intent to Transmit

As to the third element, the government must prove beyond a reasonable doubt that the defendant acted knowingly and intentionally in transmitting the communication charged in the indictment, and thus knowingly and intentionally communicated a threat.

A person acts knowingly if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.   A person acts intentionally if he or she acts deliberately and purposefully, that is, a defendant's acts must have been the product of the defendant's conscious objective rather than the product of a mistake or accident.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 31-10; the jury instructions of the Honorable Barbara S. Jones in *United States v. Jackson*, 97 Cr. 121 (BSJ).

## <u>REQUEST NO. 8</u>

## <u>Count One: Transmission of Interstate Communications with Intent to Extort</u>

## <u>Fourth Element: Intent to Extort</u>

The fourth and final element that the government must prove beyond a reasonable doubt for Count One is that the defendant acted with the intent to extort money or a thing of value from Nike.   To act with extent to extort means to act with the intent to obtain money or something of value from someone or something else, with that person's or entity's consent, but caused or induced by the wrongful use of fear of harm to another's property or reputation.

A threat of harm is "wrongful" when it is used to seek money or something of value that the defendant does not have a right to receive, and that the defendant cannot reasonably believe he has a right to receive.    In other words, the term "wrongful" means that the defendant has no lawful right to the money or thing of value he attempted to obtain, and also that the defendant knew that he had no lawful right to the money or thing of value he attempted to obtain.

In addition, it is not a defense that the alleged threats to another's property reputation are based on true facts.    In other words, it is irrelevant whether Nike or anyone at Nike in fact did engage in any misconduct or other alleged fact that the defendant may have threatened to expose. Rather, you must determine whether the defendant communicated a threat to injure the property or reputation of Nike, and whether the defendant did so with intent to extort money or a thing of value from Nike, regardless of whether the threat or threats concerned something true.

Because the crime is transmitting a threat with the intent to extort, it is not necessary that any payment actually take place or be promised to take place.    It is the making of the threat that completes the crime, and this element is satisfied even if no payment is made or promised.

9

Adapted from the jury instructions of the Honorable Denise L. Cote in *United States v. Balkany*, 10 Cr. 441 (DLC); the jury instructions of the Honorable Loretta A. Preska in *United States v. Ho*, 17 Cr. 779 (LAP) (regarding instruction that payment is not necessary); the jury instructions of the Honorable Vernon S. Broderick in *United States v. Ng*, 15 Cr. 706 (VSB) (same); *see also* the jury instructions of the Honorable Katherine B. Forrest in *United States v. Fazio*, 11 Cr. 873 (KBF); the jury instructions of the Honorable Barbara S. Jones in *United States v. Jackson*, 97 Cr. 121 (BSJ); *United States v. Jackson*, 180 F.3d 55, 70-71 (2d Cir. 1999).

## REQUEST NO. 9

### Count Two: Hobbs Act Extortion

As I mentioned, Count Two of the Indictment charges the defendant with extortion in violation of what is known as the Hobbs Act.   That law provides that

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of an article or commodity in commerce, by . . . extortion or attempts . . . so to do [has committed a crime].

Much as I explained with respect to Count One, "extortion" here is the obtaining of or attempt to obtain another person's or entity's property or money, with his or its consent when this consent is induced or brought upon through the use, or threatened use of fear.   The word "fear" here means an apprehension, concern, or anxiety about possible economic loss or harm.   "Fear" or "harm" do not have to involve a concern about violence or anything physical.

To meet its burden of proving that the defendant committed extortion, the government must establish beyond a reasonable doubt each of the following three elements:

First, the defendant wrongfully obtained or attempted to obtain the property of another;

Second, the defendant obtained or attempted to obtain this property with the victim's consent, but that this consent was compelled by the wrongful use or threat of force, or fear, including fear of economic loss or harm; and

Third, as a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was or would have been delayed, obstructed, or affected in any way or degree.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50-8, 50-10; the jury instructions of the Honorable Katherine

11

B. Forrest in *United States v. Delligatti*, 15 Cr. 491 (KBF); the jury instructions of the Honorable Katherine B. Forrest in *United States v. Fazio*, 11 Cr. 873 (KBF); the jury instructions of the Honorable Roger L. Hunt in *United States v. Greer*, 07 Cr. 120 (RLH-GWF) (D. Nev.); *see also United States v. Jackson*, 180 F.3d 55, 70-71 (2d Cir. 1999).

## REQUEST NO. 10

## Count Two: Hobbs Act Extortion

## First Element: Personal Property

The first element that the government must prove beyond a reasonable doubt is that the defendant wrongfully obtained or took or attempted to obtain or take the personal property of another, or from the presence of another.    "Another" here includes a company.

The term "property" includes money and other tangible and intangible things of value.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50-11; the jury instructions of the Honorable Katherine B. Forrest in *United States v. Delligatti*, 15 Cr. 491 (KBF); the jury instructions of the Honorable Katherine B. Forrest in *United States v. Fazio*, 11 Cr. 873 (KBF).

**REQUEST NO. 11**

**Count Two: Hobbs Act Extortion**

**Second Element: Obtaining Property Through Wrongful Use of Fear**

The second element the government must prove beyond a reasonable doubt is that the defendant wrongfully took this property or attempted to take it by actual or threatened force or fear of injury or economic harm, whether immediate or in the future.

It is not necessary that force was actually used or injury or economic harm was actually caused.   It is enough if it was threatened.   Now let me turn for a moment to the concept of threat. Threats need not be direct.   They may be veiled threats made by suggestion, implication, or inference, though such inference on the part of the person extorted must be reasonable.   Whether an implied or veiled reference amounts to a threat is a matter for you to decide under all the circumstances.

In considering whether the defendant used, or threatened to use force or cause injury or harm, you should give those words their common and ordinary meaning, and understand them as you normally would.   The use or threat of force, injury, or harm does not have to be specifically directed at the person or entity whose property was sought to be taken.   The use or threat might be aimed at a third person.   It also may be aimed causing only economic rather than physical injury.   A threat may be made verbally or by a physical gesture or both.   Whether a statement or physical gesture by the defendant actually was a threat depends upon the surrounding facts.

Fear exists if at least one victim experiences anxiety, concern, or worry over expected personal harm, or loss, or financial security.   The existence of fear must be determined by the facts that existed at the time the property was taken or sought to be taken.

14

Fear of economic injury or personal harm may be found to be real if, considering the demand for money, the person who would have made the demand, and the nature of the conduct, a reasonable person would get the message clearly.   There need not be an explicit demand for money; the demand may have been implicit in the defendant's conduct or other statements that he made or caused others to make.

You have also heard the testimony of a witness describing his state of mind.    That is how he felt at the time he was asked to give up his property or that of an entity for which he worked. Although it is not necessary that the victim actually subjectively feel fear, you should consider that testimony in deciding whether the defendant sought to obtain the property through the use of fear— that is, through threats that would make a reasonable person fear harm, including economic harm.

You may also consider the nature of the relationship between the defendant and the witness in deciding whether the element of fear exists.   However, a friendly relationship between the defendant and the witness does not necessarily mean that the element of fear is lacking.

It is not necessary that the fear be a consequence of a direct threat.    It is sufficient that the surrounding circumstances render the person's fear reasonable.    You must find that a reasonable person would have been fearful in the circumstances for himself or the entity for which he works.

As I explained with respect to Count One, use of fear of economic harm is "wrongful" when it is used to seek money or something of value that the defendant does not have a right to receive, and that the defendant cannot reasonably believe he has a right to receive.   In other words, the term "wrongful" means that the defendant has no lawful right to the money or thing of value he attempted to obtain, and also that the defendant knew that he had no lawful right to the money or property he attempted to obtain.

Now, as I've mentioned, it is equally a crime to attempt to obtain or take money through fear as it is to actually obtain or take the money or property.   Therefore, it is not necessary that any payment actually take place or be promised to take place.   That is, even if no property was taken from the victim, and even if there was only an attempt to instill fear in the victim, and the victim experienced no actual subjective fear, the defendant has still committed a crime.

In order to prove that the defendant attempted to commit extortion, the government must prove, first, that the defendant intended to commit the crime of extortion as I defined it for you just a moment ago.   Second, the government must prove that that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.   Mere intention to commit a specific crime does not amount to an attempt.   In order to find the defendant guilty of attempting to commit a crime, here the crime of extortion, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step towards the commission of that crime.   In determining whether the defendant's actions amounted to a substantial step towards commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of a criminal deed on the other.   Mere preparation, which may consist of planning the offense, or commission, is not enough, although some preparation may be of such a degree or quality that it amounts to an attempt.   The question whether the defendant's actions, if any, have crossed the line from mere preparation into a substantial step toward the commission of the crime is for you alone to decide. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an attempt to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

16

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 10-1, 50-12, 50-13, 50-14; the jury instructions of the Honorable Katherine B. Forrest in *United States v. Delligatti*, 15 Cr. 491 (KBF); the jury instructions of the Honorable Katherine B. Forrest in *United States v. Fazio*, 11 Cr. 873 (KBF); the jury instructions of the Honorable Denise L. Cote in *United States v. Balkany*, 10 Cr. 441 (DLC); *see also United States v. Jackson*, 180 F.3d 55, 70-71 (2d Cir. 1999).

**REQUEST NO. 12**

**Count Two: Hobbs Act Extortion**

**Third Element: Affecting Interstate Commerce**

The third element the Government must prove is that the defendant's actions affected or could affect interstate commerce in some way or degree. For this element, you must determine whether there was an actual or potential effect on commerce between any two or more states or between a state and the District of Columbia. "Commerce between two or more states" just means that items are bought and sold by entities located in different states.

It is not necessary for the Government to prove that commerce actually was affected by the defendant's conduct or that the defendant intended or anticipated that his actions would affect interstate commerce. It is sufficient for you to find that the defendant's conduct possibly or potentially could have affected interstate commerce. The Government only needs to prove a very slight or subtle actual or potential effect on interstate commerce. The actual or potential effect on interstate commerce can be minimal.

The defendant need not have intended or anticipated an effect on interstate commerce. You may find the effect is a natural consequence of his actions. If you find that the defendant intended to take certain actions—that is, he did the acts charged in the Indictment in order to obtain property—and you find those actions have either caused, or would probably cause, an effect on interstate commerce, even if no such effect occurred, then the requirements of this element have been satisfied.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50-15; the jury instructions of the Honorable Valerie E. Caproni in *United States v. Percoco*, 16 Cr. 776 (VEC).

18

**REQUEST NO. 13**

**Count Three: Honest Services Wire Fraud**

As I mentioned earlier, Count Three charges the defendant with honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346.   This count alleges that the defendant, who is a lawyer, engaged in a scheme to defraud his client of that client's right to the defendant's honest services by seeking to obtain payments for himself from Nike in exchange for taking action and making decisions regarding his representation of his client.   A lawyer owes a fiduciary duty—that is, a duty of honest and faithful services—to his client.   When lawyer seeks or obtains an undisclosed payment in exchange for taking actions or making decisions in the course of his representations of a client to help or benefit the person making the undisclosed payment, he has breached his duty of honest and faithful service.

In order to establish the offense of honest services wire fraud, the government must prove the following four elements beyond a reasonable doubt:

First, there was a scheme or artifice to deprive the defendant's client of his intangible right to the defendant's honest services through bribes or kickbacks, which more generally may be referred to as *quid pro quo* payments;

Second, the defendant knowingly participated in the scheme or artifice, with knowledge of its fraudulent nature and with specific intent to defraud;

Third, the scheme or artifice to defraud involved a material misrepresentation, omission, false statement, false pretense, or concealment of fact; and

Fourth, in execution of that scheme, the defendant used, or caused the use by others of, interstate or foreign wires.

19

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3; the jury instructions of the Honorable Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the jury instructions of the Honorable Andrew L. Carter in *United States v. Seabrook*, 16 Cr. 467 (ALC); the jury instructions of the Honorable George B. Daniels in *United States v. Mazer*, 11 Cr. 121 (GBD).

## REQUEST NO. 14

## Count Three: Honest Services Wire Fraud

## First Element: Scheme or Artifice

The first element of honest services wire fraud is the existence of a scheme or artifice to defraud the defendant's client by depriving him of his intangible right to the honest services of the defendant through bribes or kickbacks, which, as I mentioned, can more generally be described as *quid pro quo* payments, which I will explain in a moment.

A "scheme or artifice" is merely a plan for the accomplishment of an object.   A scheme to defraud is any plan, device, or course of action to deprive another of the intangible right of honest services by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

To prove that the defendant committed honest services fraud, the Government must show a *quid pro quo*, that is, that the defendant sought to receive something of value from Nike or its representatives or at their direction in exchange for an act performed or promised to be performed in the course of his representation of his client in violation of his fiduciary duty to the client, and that the deprivation of the defendant's honest services was material to his client.   The Government is not required to show that the defendant performed, or promised to perform, an act solely because of the benefit.   It is no defense that the defendant may have ultimately chosen to perform the same act even if he had not received a payment from Nike in exchange.   All that is required is the defendant performed, or promised to perform, the act in question at least in part because of the potential payment.

Additionally, the Government is not required to show that any acts the defendant performed, or promised to perform, were contrary to his client's interests or caused, or were

21

intended to cause, financial harm to his client.   Rather, the only intended loss the Government must prove is the defendant's client's loss of his intangible right to the defendant's honest services. However, while the Government need not prove that any actions taken by the defendant were contrary to his client's interests, you are instructed that you may consider such evidence, if any, in determining whether the defendant took any action or promised to take any action at least in part because of a potential payment and not exclusively because it was at the direction, or for the benefit, of his client.   In other words, it is not a defense that the defendant sought something of value in exchange for actions that were lawful, desirable, or even beneficial to his client.

In this context, a *quid pro quo* payment is anything of value, which is solicited, offered, or provided, directly or indirectly, in exchange for taking action in violation of a fiduciary duty, whether or not the defendant actually accepts the thing of value or ultimately performs the action promised.   The defendant need not have initiated the payment, but he must have known that the payment was made or sought in exchange for influencing his actions based on his role as his client's lawyer.

If you find beyond a reasonable doubt that the defendant has violated the duty to provide honest services by soliciting a corrupt payment, as defined here, regardless of whether he actually received such a payment, then this element is satisfied.   Because the crime is engaging in a scheme to defraud, and sending a wire or causing a wire to be sent in furtherance of that scheme, the crime has been committed even if no payment is ever actually made or promised.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4; the jury instructions of the Honorable Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the jury instructions of the Honorable Andrew L. Carter in *United States v. Seabrook*,

22

16 Cr. 467 (ALC); the jury instructions of the Honorable Loretta A. Preska in *United States v. Stevenson*, 13 Cr. 161 (LAP); the jury instructions of the Honorable George B. Daniels in *United States v. Mazer*, No. 11 Cr. 121 (GBD); the jury instructions of the Honorable Loretta A. Preska in *United States v. Ho*, 17 Cr. 779 (LAP) (regarding instruction that payment is not necessary); the jury instructions of the Honorable Vernon S. Broderick in *United States v. Ng*, 15 Cr. 706 (VSB) (same); *see also United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part does not insulate participants in an unlawful transaction from criminal liability), *cert. denied*, 510 U.S. 595 (1994); *United States v. Woodward*, 149 F.3d 46, 71 (1st Cir. 1998) ("[a] defendant may be prosecuted for deprivation of honest services if he has a dual intent, *i.e.*, if he is found to have intended both a lawful and unlawful purpose to some degree.  If the jury finds that an unlawful purpose was present, it may convict the defendant." (citing *United States v. Greber*, 760 F.2d 68, 72 (3d Cir. 1985)); *United States v. Ganim*, 510 F.3d 134, 142 (2d Cir. 2007) ("the requisite quid pro quo for the crimes at issue may be satisfied upon a showing that a government official received a benefit in exchange for his promise to perform official acts or to perform such acts as the opportunities arise").

23

**REQUEST NO. 15**

**Count Three: Honest Services Wire Fraud**

**Second Element: Intent to Defraud**

The second element of honest services wire fraud is that the defendant participated in the scheme to defraud knowingly and with specific intent to defraud.

As I mentioned earlier, a person acts knowingly if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

Specific intent to defraud means to act knowingly and with the specific intent to deceive for the purpose of depriving the defendant's client of his right to the defendant's honest services. Direct proof of knowledge and fraudulent intent is almost never available.   It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.   Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, conduct, and acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud.   A defendant, however, has no burden to establish a defense of good faith.   The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

As I previously explained, when a lawyer takes or agrees to take or offers to take an action in the course of his representation of a client in part because of a concealed or sought payment, the

lawyer has breached his duty to his client.   Thus, the client is not receiving what he expects and is entitled to, namely, the client's right to his lawyer's honest and faithful service.

The fact that a lawyer's conduct violates the codes of conduct required of attorneys does not necessarily mean that there was a scheme to defraud.   Nor is it sufficient to merely prove that the defendant was engaged in undisclosed self-dealing or failed to disclose a conflict of interest. However, you may consider any evidence that the defendant violated the rules that apply to attorneys or intentionally did not disclose, or concealed, material information about a financial or personal conflict of interest, money received, or any behavior indicating consciousness of guilt as evidence of the defendant's state of mind.   The Government must prove that the defendant took or promised to take or agreed to take some actions, at least in part, because of the payment.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-5; the jury instructions of the Honorable Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the jury instructions of the Honorable Valerie E. Caproni in *United States v. Percoco*, 16 Cr. 776 (VEC); the jury instructions of the Honorable Andrew L. Carter in *United States v. Seabrook*, 16 Cr. 467 (ALC).

## REQUEST NO. 16

### Count Three: Honest Services Wire Fraud

### Third Element: Materiality

The third element that the Government must prove beyond a reasonable doubt is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or omission.

A statement, representation, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.   A statement, representation, or document is fraudulent if it was made falsely and with intent to deceive.   Deceitful statements, half-truths, the concealment of facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements.   The deception need not be premised on spoken or written words alone.   The arrangement of the words or the circumstances in which they are used may convey the false and deceptive appearance.   For example, the deceit may consist of the concealment of *quid pro quo* payment that the lawyer has demanded or solicited or received, or the lawyer's implicit false representation to his client that he has not solicited or obtained a payment in exchange for taking actions on behalf of the person or entity providing the payment. If there is deception, the manner in which it is accomplished is immaterial.

A representation, statement, false pretense, omission, or concealment of fact is "material" if it would naturally tend to lead or is capable of leading a reasonable person, in this case the defendant's client, to change his conduct.

It does not matter whether the client might have discovered the fraud had he probed it further.   If you find that a scheme or artifice existed, it is irrelevant whether you believe that the client or anyone else involved was careless, gullible, or even negligent.   Furthermore, it is not

26

necessary that the government prove that the intended victim actually suffered any loss.   It is sufficient for the government to prove that the defendant's client did not receive the honest and faithful services of his lawyer, the defendant.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-4; the jury instructions of the Honorable Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the jury instructions of the Honorable Andrew L. Carter in *United States v. Seabrook*, 16 Cr. 467 (ALC); *see also United States v. Rybicki*, 354 F.3d 124, 145 (2d Cir. 2003) (en banc) ("the misrepresentation or omission at issue for an honest services fraud conviction must be 'material,' such that the misinformation or omission would naturally tend to lead or is capable of leading a reasonable employer to change its conduct.").

**REQUEST NO. 17**

**Count Three: Honest Services Wire Fraud**

**Fourth Element: Use of Wires**

The fourth and final element that the Government must establish beyond a reasonable doubt is that interstate or international wire facilities were used in furtherance of the scheme to defraud.   The term "wire facilities" includes telephones, faxes, emails, text messages, and wire transfers between banks.   The use of the wire facilities must pass between two or more states, or from outside the United States into the United States or vice versa.

It is not necessary for the defendant to directly or personally use any wire facility, as long as such use is reasonably foreseeable in the execution of the alleged scheme to defraud. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to use a wire facility.   When one does an act with knowledge that the use of the wire will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.   Incidentally, this wire use requirement is satisfied even if the wire use was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

The use of the wire need not itself be fraudulent.   Stated another way, the material wired need not contain any fraudulent representation, or even any request for money.   It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

Finally, if you find that the wire communication was reasonably foreseeable and that the interstate wire use charged in the Indictment took place, then this element is satisfied even it if

28

was not foreseeable that the wire communication would cross state or national lines.   However, if you find that wire communications were used in furtherance of the scheme to defraud, you must be unanimous as to at least one of the particular interstate or foreign wire communications in furtherance of the scheme that occurred.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 44-7; the jury instructions of the Honorable Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the jury instructions of the Honorable Andrew L. Carter in *United States v. Seabrook*, 16 Cr. 467 (ALC).

## REQUEST NO. 18

## Dual Intent No Defense

## [*If Applicable*]

During this trial, the defendant has contended that his actions were motivated by considerations that were not unlawful.   However, even if true, it is no defense to any count that the defendant may have been motivated by both proper and improper motives.   A defendant may be found to have the requisite corrupt intent even if he possesses a dual intent – that is, an unlawful intent and also partly a proper or neutral intent.

> *See United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part "does not insulate participants in an unlawful transaction from criminal liability").

## REQUEST NO. 19

## Willfully Causing a Crime

In addition to charging the defendant with transmitting extortionate threats in interstate commerce and with extortion, Counts One and Two also charge that the defendant "willfully caused" another person to commit each of those crimes.

Federal law provides that:

> Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal.

What does the term "willfully caused" mean?  It does not mean that the defendant need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.  The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendant intend the crime to occur?

Did the defendant intentionally cause another person or persons to engage in the conduct constituting the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant you are considering is guilty of the crime charged just as if the defendant himself had actually committed it.

To prove the defendant guilty in this way, the Government need not prove that he acted through a guilty person.  Rather, the defendant can be found guilty even if he acted through someone who has no knowledge of the illicit acts charged in the Indictment or otherwise is not guilty of any crime.

31

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 11-3; *see also United States v. Concepcion*, 983 F.2d 369, 383-84 (2d Cir. 1992) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries'" (citations omitted)); *United States v. Margiotta*, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); *United States v. Ordner*, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant").

## REQUEST NO. 20

## Venue

In addition to proving the essential elements of each crime beyond a reasonable doubt, the Government must also establish what is called "venue"—that is, that some act pertaining to the charge occurred in the Southern District of New York.   The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.   The Government does not have to prove that the complete crime was committed within the Southern District of New York or that the defendant was ever in the Southern District of New York.

With respect to Counts One and Two, it is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this district.   The act itself need not be a criminal act; it could include, for example, meeting with others involved in the criminal scheme within this district.   And the act need not have been taken by the defendant, as long as the act was part of the crime that you find that the defendant committed.   It could include, for example, a telephone call made to this district in furtherance of the scheme.

With respect to Count Three, the Government must prove that any of the wire communications, such as a telephone call or email, you found to satisfy the third element of the offense were transmitted from or to the Southern District of New York, so long as the defendant reasonably anticipated that a wire communication in furtherance of the scheme would be transmitted from or to the Southern District of New York.

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence.   A preponderance of the evidence means that it is more probable

33

than not that the act in furtherance of the crime occurred in this district.  If you find that the Government failed to prove venue by a preponderance of the evidence as to any count, you must return a verdict of not guilty as to that count.

> Adapted from the jury instructions of the Honorable Valerie E. Caproni in *United States v. Percoco*, 16 Cr. 776 (VEC); the jury instructions of the Honorable Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776 (VEC); the jury instructions of the Honorable Denise L. Cote in *United States v. Balkany*, 10 Cr. 441 (DLC).

## REQUEST NO. 21

### Motive

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.   Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.   If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's the motive for the crime or crimes may be, or whether the defendant's motive was shown at all.   The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 6-18; the jury instructions of the Honorable Deborah A. Batts in *United States v. Gupta*, 07 Cr. 177 (DAB).

**REQUEST NO. 22**

**Conscious Avoidance**

[*If Applicable*]

In determining whether a defendant has knowledge of a fact, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious.   As you all know, if a person is actually aware of a fact, then he knows that fact.   But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact.   The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that a defendant had knowledge or acted "knowing" that a certain thing was intended or would occur, you may consider whether that defendant deliberately closed his eyes to what would otherwise have been obvious to him.   One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.   And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

Accordingly, if you find that the defendant was aware of a high probability of a fact, and that defendant acted with deliberate disregard of the facts, you may find that the defendant knew that fact.   However, if you find that the defendant actually believed that the fact was true, then you may not find that he knew that fact.   You must also remember that guilty knowledge may not be established by demonstrating that a defendant was merely negligent, reckless, foolish, or mistaken.

36

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3A-2; the jury instructions of the Honorable Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the jury instructions of the Honorable Laura Taylor Swain in *United States v. Bonventre*, 10 Cr. 228 (LTS); the jury instructions of the Honorable Richard J. Sullivan in *United States v. Wadman*, 08 Cr. 1295 (RJS); the jury instructions of the Honorable John F. Keenan in *United States v. Rohan Cameron*, 03 Cr. 1457 (JFK).

"A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."   *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted).   The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge."   *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

**REQUEST NO. 23**

**Persons Not on Trial**

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in the Indictment, or are not present at this trial.   You also may not speculate as to the reasons why other persons are not defendants in this trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

Adapted from the jury instructions of the Honorable Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the jury instructions of the Honorable Andrew L. Carter in *United States v. Seabrook*, 16 Cr. 467 (ALC); the jury instructions of the Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW); the jury instructions of the Honorable Loretta A. Preska in *United States v. Stevenson*, 13 Cr. 161 (LAP); *see also United States v. Muse*, 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2017), *aff'd*, 369 F. App'x 242 (2d Cir. 2010).

## REQUEST NO. 24

## Law Enforcement or Government Witnesses

## [*If Applicable*]

You have heard the testimony of law enforcement or other government witnesses.  The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 7-16; the jury instructions of the Honorable Kimba M. Wood in *United States v. Juan Cespedes-Pena*, 14 Cr. 520 (KMW).

## REQUEST NO. 25

## Preparation of Witnesses

### [*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.   Such consultation helps conserve your time and the Court's time.   Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the jury instructions of the Honorable Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS).

**REQUEST NO. 26**

**False Exculpatory Statements**

**[*If Applicable*]**

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant attempted to exculpate himself are false.   If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.   You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 6-11.

41

**REQUEST NO. 27**

**Similar Acts**

**[*If Applicable*]**

There has been evidence received during the trial that the defendant engaged in conduct which was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment.   Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged.   Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.   This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and to provide background for the alleged conspiracy, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant under consideration acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake.   It may not be considered by you for any other purpose.   Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-25, 5-26.

42

## REQUEST NO. 28

### Limited Evidence

**[*If Applicable*]**

Some of the evidence in this case was introduced for a limited purpose.   Let me emphasize that any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-5.

## REQUEST NO. 29

## Particular Investigative Techniques

[*If Applicable*]

You have heard reference, [in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities.   There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the government prove its case through any particular means.   While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.   The government is not on trial and law enforcement techniques are not your concern.

Your sole concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 4-4; the jury instructions of the Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW); *see, e.g.*, *United States v. Knox*, 687 F. App'x 51, 54-55 (2d Cir. 2017) (instructing jury that the "government is not on trial" is "appropriate" (internal quotation marks omitted)); *United States v. Saldarriaga*, 204 F.3d 50, 52 (2d Cir. 2000) ("The Court properly charged the jury to base its decision on the evidence or lack of evidence that had been presented at trial, and to focus solely on whether, in light of that evidence or lack of evidence, the jury was convinced beyond a reasonable doubt that the defendant was guilty of the crimes with which he was charged.").

## REQUEST NO. 30

### Use of Audio and Video Recordings and Transcripts

Audio and video recordings have been admitted into evidence and transcripts of those recordings were provided to use as aids.

Whether you approve or disapprove of the recording of the activity may not enter your deliberations.   I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant you are considering.

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings.   I instructed you then, and I remind you now, that the transcripts are not evidence.   The transcripts were provided only as an aid to you in listening to the recordings.   It is for you to decide whether the transcripts correctly present the conversations recorded on the recordings that you heard.

If you wish to hear any of the recordings again, they will be made available to you during your deliberations.

> Adapted from the jury instructions of the Honorable Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); the jury instructions of the Honorable Paul A. Engelmayer in *United States v. Fernandez*, 13 Cr. 20 (PAE); the jury instructions of the Honorable Pierre N. Leval, *United States v. Mucciante*, 91 Cr. 403 (PNL).

45

## REQUEST NO. 31

### Use of Evidence Obtained Pursuant to Searches and Seizures

### [*If Applicable*]

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, and in particular, of email and other electronic evidence obtained pursuant to court-approved search warrants.  Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you. Such searches and seizures were entirely appropriate law enforcement actions.  Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the jury instructions of the Honorable Katherine B. Forrest in *United States v. Levin*, 15 Cr. 101 (KBF).

## REQUEST NO. 32

## Charts and Summaries: Admitted as Evidence

[*If Applicable*]

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.   You should consider these charts and summaries as you would any other evidence.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-12.

**REQUEST NO. 33**

**Charts and Summaries: Not Admitted as Evidence**

[*If Applicable*]

There have also been summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case.   The charts and exhibits act as visual aids for you.   They are not, however, evidence in themselves.   They are graphic demonstrations of underlying evidence.   It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.   To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.   To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-13; the jury instructions of the Honorable Richard J. Sullivan instructions in *United States v. Peirce*, 06 Cr. 1032 (RJS).

## REQUEST NO. 34

### Stipulations of Testimony

[*If Applicable*]

In this case you have heard evidence in the form of stipulations of testimony.   A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.   You must accept as true the fact that the witness would have given that testimony.   However, it is for you to determine the effect to be given that testimony.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-7.

## **REQUEST NO. 35**

### **Stipulations of Fact**

**[*If Applicable*]**

In this case you have also heard evidence in the form of stipulations of fact.   A stipulation of fact is an agreement between the parties that a certain fact is true.   You must regard such agreed-upon facts as true.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-6.

**REQUEST NO. 36**

**Redaction of Evidentiary Items**

[*If Applicable*]

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document or tape was taken out.   You are to concern yourself only with the part of the item that has been admitted into evidence.   You should not consider any possible reason why the other part of it has been deleted.


Adapted from the jury instructions of the Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).

51

## REQUEST NO. 37

### Variance in Dates and Amounts

You will note that the Indictment alleges that certain acts occurred on or about various dates or that a certain amount of money was involved.   It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or that the amount of money involved was different.   The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence or the amounts alleged in the Indictment and the amounts established by the evidence.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr.
3-12 and 3-13.

## REQUEST NO. 38

## Character Witnesses

### [*If Applicable*]

The defendant has called witnesses who have given their opinion of his character or reputation.   This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty.   That question is for you alone to determine.   You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created, you must acquit.   On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

53

**REQUEST NO. 39**

**Uncalled Witnesses – Equally Available or Unavailable**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.   I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr.
> 6-7; *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974)
> (proper to instruct jury that no inference should be drawn from the
> absence of a witness who was equally unavailable to both sides);
> *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

54

## REQUEST NO. 40

### Expert Testimony

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.   A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.   Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.   Nor should you substitute it for your own reason, judgment and common sense.   The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of any expert witness.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 7-21.

## REQUEST NO. 41

### Defendant's Testimony

**[*Requested Only If the Defendant Testifies*]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  That burden remains with the government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

In this case, the defendant did testify and he was subject to cross-examination like any other witness.   You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> Adapted from the jury instructions of the Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).  *See also United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when a defendant testifies).

## REQUEST NO. 42

## Defendant's Right Not to Testify

**[*If Requested by the Defendant*]**

The defendants did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that a particular defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-21.

57

## REQUEST NO. 43

### Improper Considerations: Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider any personal feelings you have about the defendant's race, religion, national-origin, gender, sexual orientation, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from jury instructions of the Honorable Kimba M. Wood
in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).

## **REQUEST NO. 44**

## **Punishment Is Not to Be Considered by the Jury**

The question of possible punishment of the defendant or the potential consequence of conviction is no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing sentence rests exclusively with me.   Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence.   Under your oath as jurors, you cannot allow consideration of the punishment that must be imposed on the defendant or the consequences of conviction, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 9-1; *see Shannon v. United States*, 512 U.S. 573, 579 (1994).

59

## REQUEST NO. 45

### Sympathy: Oath as Jurors

Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence in the case.   You are to determine the guilt or non-guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict.   And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict.   It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you don't arrive at a true and just verdict.   Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

The charges here, ladies and gentlemen, are serious, and the just determination of this case is important to both the defendant and the government.   Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.

If the government has failed to carry its burden, your sworn duty is to bring in a verdict of not guilty.   If the government has carried its burden, you must not flinch from your sworn duty, and you must bring in a verdict of guilty.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 2-12; the jury instructions of the Honorable Irving Kaufman in *United States v. Davis*, Appellant's Appendix at pp. 15a-16a, *aff'd*, 353 F.2d 614 (2d Cir. 1965).

60

### Conclusion

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict on each count must represent the considered judgment of each juror.   In order to return a verdict, it is necessary that each juror agree to it.   Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.   Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.   If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.   Both sides are entitled to a fair trial.   You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.   Each of you must decide the case for her or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.   In the course of your

61

deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.   Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like.   The foreperson will preside over your deliberations, and will be your spokesperson here in court.   That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you. Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

Adapted from the jury instructions of the Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).

* * *

The Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
     December 10, 2019

                      Respectfully submitted,

                      GEOFFREY S. BERMAN
                      United States Attorney

By:    s/ Matthew D. Podolsky
                      Matthew D. Podolsky
                      Daniel C. Richenthal
                      Robert B. Sobelman
                      Assistant United States Attorneys
                      (212) 637-1947/2109/2616

63