UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,          :

vs.                                :          No. S1 19 Cr. 373 (PGG)

MICHAEL AVENATTI,                  :

          Defendant.               :
_____

**DEFENDANT AVENATTI'S REQUESTS TO CHARGE**

Defendant Michael Avenatti, through counsel, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure, respectfully submits these proposed jury instructions. Many of these instructions are adapted from jury instructions given in the following criminal cases in this district: *United States v. Martoma*, No. 12 Cr. 973 (PGG) (ECF No. 229) (hereinafter "*Martoma*"); *United States v. Tanner, et al.*, No. 17 Cr. 0061 (LAP) (ECF No. 161) (hereinafter "*Tanner*"); *United States v. Seabrook*, No. 16 Cr. 0467 (AKH) (ECF No. 251) (hereinafter "*Seabrook*").

Mr. Avenatti respectfully reserves the right to make supplemental requests to charge, including theory of defense instructions, based on the evidence and arguments offered at trial. Moreover, Mr. Avenatti respectfully reserves the right to withdraw any request based on the Court's evidentiary rulings and other issues that arise during the trial.

/s Scott A. Srebnick
SCOTT A. SREBNICK, P.A.
201 South Biscayne Boulevard
Suite 1210
Miami, FL 33131
Telephone: (305) 285-9019
Facsimile:  (305) 377-9937
E-Mail:  Scott@srebnicklaw.com

/s Jose M. Quinon
JOSE M. QUINON, P.A.
2333 Brickell Avenue, Suite A-1
Miami, FL 33129
Telephone:  (305) 858-5700
Facsimile:  (305) 358-7848
E-Mail:  jquinon@quinonlaw.com

*Attorneys for Defendant Michael Avenatti*

# TABLE OF CONTENTS

## BASIC INSTRUCTIONS

REQUEST NO. 1
Introduction .................................................................................................1

REQUEST NO. 2
Role of the Court ..........................................................................................2

REQUEST NO. 3
Role of the Jury ............................................................................................3

REQUEST NO. 4
Role of Counsel ............................................................................................4

REQUEST NO. 5
Sympathy or Bias .........................................................................................5

REQUEST NO. 6
All Persons Equal Before the Law ...............................................................7

REQUEST NO. 7
Meaning of Indictment; Presumption of Innocence; The Government's
Burden of Proof; and the Reasonable Doubt Standard ..................................8

REQUEST NO. 8
What Is and Is Not Evidence......................................................................10

REQUEST NO. 9
Direct and Circumstantial Evidence...........................................................12

REQUEST NO. 10
Rulings on Evidence and Objections ..........................................................14

REQUEST NO. 11
Witness Credibility.....................................................................................15

REQUEST NO. 12
Prior Inconsistent Statements .....................................................................17

REQUEST NO. 13
Bias of Witnesses .......................................................................................18

REQUEST NO. 14
    Cooperating Witnesses (if applicable) ........................................................19

REQUEST NO. 15
    Law Enforcement Witnesses.......................................................................22

REQUEST NO. 16
    Opinion Testimony (if Experts are Permitted).............................................23

REQUEST NO. 17
    Improper Considerations: Race, Religion, National Origin, Sex,
    or Age ..........................................................................................................24

REQUEST NO. 18
    Uncalled Witnesses .....................................................................................25

REQUEST NO. 19
    Defendant's Right Not to Testify (provisional in the event he
    does not testify ............................................................................................26

REQUEST NO. 20
    Stipulations..................................................................................................27

## OFFENSE INSTRUCTIONS

REQUEST NO. 21
    Instructions as to Specific Charges .............................................................28

REQUEST NO. 22
    Count One – Violation of 18 U.S.C. §875(d)
        The Elements ....................................................................................30

REQUEST NO. 23
    Count One – Violation of 18 U.S.C. §875(d)
        First Element – Knowingly, Willfully, Transmission
        in Interstate Commerce.....................................................................31

REQUEST NO. 24
    Count One – Violation of 18 U.S.C. §875(d)
        Second Element – Threat to Injure Reputation ................................32

REQUEST NO. 25
    Count One – Violation of 18 U.S.C. §875(d) ................................................33
    Third Element – "Intent to Extort" – "Wrongfully"........................................33
        A.  Principal Instruction ........................................................33
        B.  Litigation Exception (to be considered separately)........................35

REQUEST NO. 26
    Count Two – Attempted Extortion under 18 U.S.C. §1951
    The Elements ....................................................................36

REQUEST NO. 27
    Count Two – Attempted Extortion (18 U.S.C. §1951)
    First Element – Knowingly and Willfully ..........................................37

REQUEST NO. 28
    Count Two – Attempted Extortion (18 U.S.C. §1951)
    Second Element – "Wrongfully" and "Use of Fear"................................38
        A.  General................................................................38
        B.  Litigation Exception ..................................................39
        C.  Litigation Exception ..................................................39
        D.  Duty to Disclose ....................................................39

REQUEST NO. 29
    Count Two – Attempted Extortion (18 U.S.C. §1951)
    Third Element – Commerce........................................................40

REQUEST NO. 30
    Count Two – Attempted Extortion (18 U.S.C. §1951)
    Fourth Element – Substantial Step .................................................41

REQUEST NO. 31
    Count Three – Honest Services Wire Fraud
    The Elements ....................................................................42

REQUEST NO. 32
    Count Three – Honest Services Wire Fraud
    First Element – Existence of Scheme or Artifice ..................................44

REQUEST NO. 33
    Count Three – Honest Services Wire Fraud
    Second Element – Knowingly, Willfully, and Specific
    Intent to Defraud..................................................................46

REQUEST NO. 34
    Count Three – Honest Services Wire Fraud
        Third Element – Materiality ........................................................................47

REQUEST NO. 35
    Count Three – Honest Services Wire Fraud
        Fourth Element – Use of Interstate Wire Communications ............................49

## ADDITIONAL REQUESTS

REQUEST NO. 36
    California Bar Rules Generally ....................................................................50

REQUEST NO. 37
    Written Retainer Agreements ......................................................................50

REQUEST NO. 38
    Settlement Negotiations ..............................................................................51

REQUEST NO. 39
    Communication of Settlement Offers ..........................................................51

REQUEST NO. 40
    Settlement Agreements – Client's Signature ...............................................52

REQUEST NO. 41
    Statements to the Press ...............................................................................52

REQUEST NO. 42
    Rule 408 ....................................................................................................52

REQUEST NO. 43 ...................................................................................................53
    A. Good Faith ...........................................................................................53
    B. Good Faith Reliance on Counsel ...........................................................53
    C. Good Faith Engagement of Counsel ......................................................54

## FINAL INSTRUCTIONS CONCERNING PROCEDURE

REQUEST NO. 44
    Right to See Exhibits; Communications with the Court ..............................55

REQUEST NO. 45
    Duty to Deliberate/Unanimous Verdict ......................................................56

REQUEST NO. 46
    Juror Notes ........................................................................................................58

REQUEST NO. 47
    Verdict ...............................................................................................................59

REQUEST NO. 48
    Duties of Foreperson ........................................................................................60

REQUEST NO. 49
    Return of Verdict .............................................................................................61

REQUEST NO. 50
    Rules of Conduct .............................................................................................62

REQUEST NO. 51
    Conclusion .......................................................................................................63

**REQUEST NO. 1**

**GENERAL INSTRUCTIONS**

Introduction[1]

I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along with me or to just listen to me.  You will be able to take your copy of the instructions into the jury room, and you will be able to consult these instructions during your deliberations.

There are three parts to these instructions.  First, I'll give you general instructions about your role, and about how you are to decide the facts of the case, i.e., what happened.  Second, I'll give you instructions as to the specific charges in this case.  Third, I'll give you some final instructions about procedure.

It is important that you listen carefully.  I am reading these instructions from a prepared text because the law is made up of words that are very carefully chosen.  This is not a time to *ad lib*.  When I tell you what the law is, it's critical that I use exactly the right words.

---

[1] *Martoma*, ECF No. 229:5

## REQUEST NO. 2

Role of the Court[2]

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any lawyer has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.  You must not substitute your own notions or opinions of what the law is or what it ought to be.

---

[2] *Martoma*, ECF No. 229:5

## REQUEST NO. 3

<u>Role of the Jury</u>[3]

As members of the jury, you are the sole and exclusive judges of the facts.  You decide what happened.  It is your sworn duty to determine the facts based solely on the evidence received in this trial.  Any opinion I might have regarding the facts is of absolutely no consequence.

---

[3] *Martoma*, ECF No. 229:6

## REQUEST NO. 4

<u>Role of Counsel</u>[4]

The personalities and the conduct of counsel in the courtroom are not in any way at issue.  If you formed an opinion of any kind as to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, that should not enter into your deliberations.

The lawyers and I have had sidebar conferences and other conferences out of your hearing.  These conferences involved procedural and evidentiary matters, and should not enter into your deliberations at all.

A lawyer has a duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.  It is my job to rule on those objections.  Why an objection was made or how I ruled on it is not your concern.  You should not draw any inference simply from the fact that a lawyer objects to a question, or that I sustained or overruled an objection.

---

[4] *Martoma*, ECF No. 229:6

# REQUEST NO. 5

<u>Sympathy or Bias</u>[5]

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.  Our system of justice cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.  Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence is: has the Government proven each element of the charges against Mr. Avenatti beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that Mr. Avenatti is guilty of the crimes charged, and you are to do so solely on the basis of the evidence, and subject to the law as I explain it to you.  If you let fear or prejudice, or bias or sympathy, interfere with you thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr. Avenatti's guilt, you should not hesitate for any reason to reach a verdict of not guilty.  But on the other hand, if you should find that the Government has met its burden of proving beyond a reasonable doubt that Mr. Avenatti is guilty, you should not hesitate because of sympathy or any other reason to reach a verdict of guilty.

---

[5] *Martoma*, ECF No. 229:6-7

The question of possible punishment of Mr. Avenatti must not enter into or influence your deliberations in any way.  The duty of imposing a sentence rests exclusively upon me. Your function is to weigh the evidence in the case and to determine whether or not Mr. Avenatti has been proven guilty beyond a reasonable doubt, solely on the basis of such evidence or lack of evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed on Mr. Avenatti, if he is convicted, to influence your verdict in any way, or, in any sense, to enter into your deliberations.  Similarly, you cannot permit any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  Your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

## REQUEST NO. 6

<u>All Persons Equal Before the Law</u>[6]

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the Government is a party and that the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less consideration.

In reaching your decision as to whether the Government sustained its burden of proof, you may not consider any personal feelings you may have about Mr. Avenatti's race, religion, ethnicity, national origin, political views, sex or age.  All persons are entitled to the same presumption of innocence.

---

[6] *Martoma*, ECF No. 229:7-8 (modified to add "political views")

# REQUEST NO. 7

Meaning of Indictment; Presumption of Innocence; The Government's
Burden of Proof; and the Reasonable Doubt Standard[7]

As you know, the charges against Mr. Avenatti are contained in an Indictment. An Indictment is not evidence of the crimes charged; it is not proof of a defendant's guilt. It is merely a method or procedure under the law whereby persons accused of crimes by the grand jury are brought into Court to have their case tried by a trial jury such as yourselves. Therefore, the Indictment is to be given no evidentiary value but should be treated by you only as an accusation, a statement of charges made against Mr. Avenatti  It gives the defendant notice of the charges against him, and informs the court and the public of the nature of the accusation. No weight or significance whatsoever is to be given to the fact that an Indictment has been brought against Mr. Avenatti. Given that the indictment is proof of nothing, Mr. Avenatti begins trial with an absolutely clean slate and without any evidence against him.

Mr. Avenatti has pleaded not guilty. In doing so, he has denied the charges in the Indictment. As a result, the Government has the burden of proving the charges against him beyond a reasonable doubt. This burden of proof never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, of calling any witness, or of locating or producing any evidence.

A defendant does not have to prove his innocence. To the contrary, Mr. Avenatti is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proven him guilty beyond a reasonable doubt.

---

[7] Adapted from *Martoma*, ECF No. 229:8-9, 21; *Tanner*, ECF No. 161:9-11

This presumption of innocence alone is sufficient to acquit Mr. Avenatti unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence. If the Government fails to sustain its burden, you must find Mr. Avenatti not guilty.

I will now address reasonable doubt. What is reasonable doubt? It is a doubt founded upon reason and common sense, as opposed to speculation, emotion, sympathy, or prejudice. It is a doubt that arises out of the evidence in the case, or the lack of evidence. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Reasonable doubt is a doubt that arises from your own judgment, life experience, and common sense when applied to the evidence. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

If, after a fair and impartial consideration of all the evidence, you are not satisfied of the guilt of Mr. Avenatti – that is, if you do not have an abiding conviction of his guilt – you must find him not guilty. In other words, if you have such a doubt as would cause you, as a prudent person, to hesitate before acting in matters of importance to yourself, then you have a reasonable doubt, and it is your duty to find Mr. Avenatti not guilty.

On the other hand, if after a fair and impartial consideration of all the evidence you do have an abiding conviction of Mr. Avenatti's guilt – in other words, a conviction you would be willing to act upon without hesitation in important matters in your own life – then you have no reasonable doubt, and it is your duty to find Mr. Avenatti guilty.

# REQUEST NO. 8

<u>What Is and Is Not Evidence</u>[8]

In determining the facts, you must rely on your own recollection of the evidence.  The evidence in this case is the testimony of the witnesses, the exhibits received in evidence, and the stipulations or agreements as to certain facts entered into by the parties.  When I sustained an objection to a question, the answer that the witness may have given in response to that question is not part of the evidence in this case and may not be considered by you.  You are likewise not to consider a lawyer's questions as evidence.  It is the witnesses' answers that are evidence, not the questions.

When I ordered that testimony be stricken from the record, you may not consider that testimony during your deliberations.

Also, if any testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the purposes I indicated.

The only exhibits that are evidence in this case are those that were received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

Witnesses sometimes have a failure of recollection when testifying.  In such circumstances, it is proper for the lawyer questioning the witness to attempt to refresh his or her recollection.  As I told you during the trial, anything can be used to refresh a witness's recollection.  Where a document is used, that document does not have to have been prepared

---

[8] *Martoma*, ECF No. 229:9-11

by the witness, made contemporaneously with the events described in it, or be admissible. Where a witness states that a writing has refreshed the witness's memory, then the witness may proceed to testify as to the matters on which his or her memory was refreshed. That testimony is evidence. However, where a witness states that his recollection is not refreshed, any statements a lawyer may have made about the document used in the attempt to refresh the witness's recollection are not evidence.

As I told you at the start of this case, arguments by lawyers are likewise not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their closing arguments is intended to help you understand the evidence to reach your verdict. However, where your recollection of the evidence differs from what a lawyer has argued, it is your recollection of the evidence that controls. You must determine the facts based solely on the evidence received in this trial. In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers said in opening statements, in closing arguments, in objections, or in question is not evidence.

I remind you also that nothing I have said during the trial or will say during these instructions is evidence. Similarly, the rulings I have made during the trial are not any indication of my views of what your decision should be.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have heard and the exhibits you have seen.

# REQUEST NO. 9

Direct and Circumstantial Evidence[9]

Generally, there are two types of evidence that you may consider in reaching your verdict:  direct evidence and circumstantial evidence.

Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something seen, felt, touched, or heard.  For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, you could conclude that it had been raining.

That is all there is to circumstantial evidence.  On the basis of reason, life experience, and common sense, you infer from one established fact the existence or non-existence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guess work or speculation.  An inference is a logical, factual conclusion that you might reasonably draw

---

[9] *Martoma*, ECF No. 229:11-12

from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are rarely easily proven by direct evidence.  Often such facts are established by circumstantial evidence.

Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all the evidence in the case, circumstantial and direct.

There are times when different inferences may be drawn from the evidence.  The Government may ask you to draw one set of inferences, while the Defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

What is important here is the quality and persuasiveness of the evidence relied on by a party, and not the number of witnesses, the number or variety of the exhibits that party introduced, or the length of time that party spent on a particular subject.

## REQUEST NO. 10

<u>Rulings on Evidence and Objections</u>[10]

You should draw no inference or conclusion for or against either side based on a lawyer's objections or my ruling on the objection.  A lawyer has an obligation to object when he or she believes that evidence is not properly admitted under the rules of evidence.

You should likewise draw no inference or conclusion of any kind, whether favorable or unfavorable, with respect to any witness or party in the case, by reason of any question I posed to a witness.

---

[10] *Martoma*, ECF No. 229:12-13

**REQUEST NO. 11**

Witness Credibility[11]

You should evaluate the credibility, believability, and reliability of the witnesses by using your common sense.  Common sense is your greatest asset as a juror.  Ask yourself whether the witness appeared honest, open, candid, and reliable.  Did the witness appear evasive or as though he or she was trying to hide something?  How responsive was the witness to the questions asked on direct examination in comparison to the questions posed on cross-examination?  You should also consider the witness's ability to recollect past events.

If you find that any witness has lied under oath at this trial, you should view the testimony of that witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all, or to accept some and reject the balance of, that witness's testimony.

In sum, it is up to you to decide whether the testimony of a witness is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, to give to that witness's testimony.

In evaluating the testimony of any witness, you may consider, among other things:

---

[11] *Martoma*, ECF No. 229:13-14

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

The Government is not required to prove the essential elements of the offense by any particular number of witnesses.   The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are considering if you believe that the witness has truthfully and accurately related what he or she has told you.

**REQUEST NO. 12**

<u>Prior Inconsistent Statements</u>[12]

You have heard argument that, at some earlier time, witnesses said or did something that is inconsistent with their trial testimony.

Evidence of prior inconsistent statements was introduced for the purpose of helping you decide whether to believe a witness's testimony.  If you find that a witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness intentionally made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with an insignificant detail; whether the witness had an explanation for the inconsistence; and whether that explanation accords with you common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, part of, or none of the witness's testimony.

---

[12] *Martoma*, ECF No. 229:14-15

## REQUEST NO. 13

<u>Bias of Witnesses</u>[13]

In deciding whether to believe a witness, you should consider whether there is any evidence that the witness is biased in favor or against one side or the other.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.  It is your duty to consider whether any witness has permitted bias or interest to color his or her testimony.  If you find that a witness is biased, you should view his or her testimony with caution, weigh it with great care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness has an interest in the outcome of this case does not mean he or she has not told the truth.  It is for you to decide from your observations, and applying your common sense, life experience, and all the other considerations I have mentioned, whether the possible interest of a witness has – intentionally or otherwise – colored or distorted his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

---

[13] *Martoma*, ECF No. 229:15-16

## REQUEST NO. 14

Cooperating Witnesses (if applicable)[14]

** and ** were witnesses in this case.  Both testified that they entered into * * agreements with the Government.  In exchange for the Government's agreement not to prosecute them, ** and ** agreed to cooperate with the Government, including by testifying at this trial.

You are not to draw any conclusions or inferences of any kind about the guilt of Mr. Avenatti merely from the fact that ** and ** entered into ** agreements with the Government. ** and ** made a personal decision to cooperate with the Government based on their own evaluation of the facts and circumstances.  Their decision to cooperate with the Government is not evidence that Mr. Avenatti committed a crime.  A defendant may not be found guilty simply based on his association with individuals who decided to enter into non-prosecution agreements with the Government.

It is not unusual for the Government to rely on the testimony of witnesses who admit to participating in criminal activity.  The Government must take its witnesses as it finds them, and frequently must use such testimony in criminal prosecutions because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.  For this reason, the law allows the use of cooperating witness testimony, and you may consider the testimony of ** and ** in determining whether the Government has met its burden of proving Mr. Avenatti's guilt beyond a reasonable doubt.

---

[14] *Martoma*, ECF No. 229:16-18

However, the testimony of cooperating witnesses such as ** and ** must be scrutinized with special care and caution.  The fact that a witness states that he has participated in criminal conduct, and has entered into a non-prosecution agreement with the Government, may be considered by you as bearing on his credibility.  It does not follow, of course, that simply because a person has admitted participating in a crime, and has entered into a non-prosecution agreement with the Government, that he is incapable of giving a truthful account of what happened.  Moreover, it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony.

The testimony of cooperating witnesses should be given such weight as it deserves in light of all the facts and circumstances before you, taking into account the witness's candor, the strength and accuracy of his recollection, his background, his demeanor, and the extent to which his testimony is or is not corroborated by other evidence in the case.  As with other witnesses, you may consider whether the cooperating witnesses have an interest in the outcome of this case and, if so, whether that interest has affected their testimony.

In this regard, you should bear in mind that a witness who had avoided prosecution by entering into a cooperation agreement with the Government has an interest and motives different from those of any other witness in this case.  In evaluating the testimony of such a witness, you should ask yourself whether the witness would benefit more by lying, or by telling the truth.  Was the witness's testimony influenced in any way by a belief or hope that he would receive favorable treatment by testifying falsely, or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of avoiding prosecution, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?

In sum, you should consider all of the evidence in deciding what weight, if any, to give to the testimony of a cooperating witness.  If you find that the testimony of a cooperating witness was false, you should reject it.  However, if – after a cautious and careful examination of the cooperating witness's testimony in light of all the evidence – you conclude that the cooperating witness told the truth, you should accept the testimony as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided on an all-or-nothing basis.  Even if you find that a witness testified falsely in one part, you may still accept his testimony in other parts, or you may disregard all of the witness's testimony. That is a determination entirely for you, the jury, to make.

**REQUEST NO. 15**

<u>Law Enforcement Witnesses</u>[15]

You have heard testimony from witnesses employed by a law enforcement agency. The fact that a witness is employed by a law enforcement agency does not mean that his or her testimony deserves more or less consideration, or greater or lesser weight, than that of any other witness.

It is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

---

[15] *Martoma*, ECF No. 229:18

# REQUEST NO. 16

Opinion Testimony (if Experts are Permitted)[16]

I permitted ** to express opinions about certain matters that are at issue in this case. These witnesses were permitted to give opinion testimony because they possess specialized knowledge as a result of their education, training, and work experience.  In weighing the testimony of these witnesses, you may consider their qualifications, the reasons they gave for their opinions, and the reliability of the information supporting those opinions, as well as all the factors I have previously mentioned for evaluating witness testimony.  You may also consider the compensation they received in connection with this case.  To the extent you find the opinion testimony of these witnesses credible and reliable, you may rely on it.  To the extent you do not, you need not rely on their testimony.  Opinion testimony should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

---

[16] *Martoma*, ECF No. 229:18-19

**REQUEST NO. 17**

Improper Considerations: Race, Religion, National Origin, Sex, or Age[17]

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendant's race, religion, national origin, sex, age, or political views.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, age, or political views of any witness or anyone else involved in this case. Both sides are entitled to a trial free of prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

---

[17] *Martoma*, ECF No. 229:19 (modified to add "political views")

# REQUEST NO. 18

<u>Uncalled Witnesses</u>[18]

There are persons whose names you heard during the trial but who did not appear to testify.  You should not draw any inference or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.  You should keep in mind my instruction, however, that the law does not impose on a defendant the burden or duty of calling any witnesses or producing any evidence.  It is the Government's burden to prove beyond a reasonable doubt each element of the crimes charged in the Indictment.

---

[18] *Martoma*, ECF No. 229:19-20

**REQUEST NO. 19**

<u>Defendant's Right Not to Testify (provisional in the event he does not testify)</u>[19]

Mr. Avenatti did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant's guilt beyond a reasonable doubt.  That burden remains with the Government throughout the trial and never shifts to Mr. Avenatti.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that Mr. Avenatti did not testify.  You may not draw any inference against him because he did not take the witness stand.  You may not speculate as to why he did not testify, and you may not consider this against him in any way in your deliberations.

---

[19] *Martoma*, ECF No. 229:20

# REQUEST NO. 20

Stipulations[20]

You have heard evidence in the form of stipulations, or agreements, as to certain facts.

Where the parties have entered into an agreement as to certain facts, you must regard the

agreed-upon facts as true.

---

[20] *Martoma*, ECF No. 229:21

## REQUEST NO. 21

**Instructions as to Specific Charges**[21]

I will now turn to the specific charges in this case. The Superseding Indictment in this case contains three charges or counts. Counts One and Two charge variations of the crime of extortion. Count Three charges honest services wire fraud.

Count One states, in relevant part:

The Grand Jury further charges:

20.     On or about March 20, 2019, in the Southern District of New York and elsewhere, MICHAEL AVENATTI, the defendant, with intent to extort from a corporation money and a thing of value, transmitted in interstate commerce a communication containing a threat to injure the property and reputation of the corporation, to wit, AVENATTI, during an interstate telephone call, threatened to cause financial harm to Nike and its reputation if Nike did not agree to make multimillion dollar payments to AVENATTI.

(Title 18, United States Code, Sections 875(d) and 2.).

Count Two states, in relevant part:

The Grand Jury further charges:

22.     In or about March 2019, in the Southern District of New York and elsewhere, MICHAEL AVENATTI, the defendant, attempted to commit extortion as that term is defined in Title 18, United States Code, Section 1951(b)(2), and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, AVENATTI used threats

---

[21] Dkt. No. 72:15-17

of economic and reputational harm in an attempt to obtain multimillion dollar payments from Nike, a multinational public corporation.

(Title 18, United States Code, Sections 1951 and 2.).

Count Three states, in relevant part:

The Grand Jury further charges:

In or about March 2019, in the Southern District of New York and elsewhere, MICHAEL AVENATTI, the defendant, having devised and intending to devise a scheme and artifice to defraud, and to deprive Client-1 of Client-1's intangible right to the honest services of AVENATTI, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, AVENATTI, owing a duty of honest services to Client-1, engaged in a scheme to obtain payments for himself from Nike based on confidential information provided to AVENATTI by Client-1 for the purpose of furthering AVENATTI's representation of Client-1, without Client-1's knowledge or approval, and used and caused the use of interstate communications to effect the scheme.

## REQUEST NO. 22

### Count One – Violation of 18 U.S.C. §875(d)

### The Elements[22]

Count One charges that on March 20, 2019, Mr. Avenatti transmitted an interstate communication with the intent to extort Nike, in violation of Title 18, United States Code, Section §875(d). That statute makes it a crime for:

> Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another …

Specifically, Count One charges that Mr. Avenatti committed that offense during a telephone call on March 20, 2019, by allegedly threatening to injure Nike's reputation if Nike did not agree to make multi-million-dollar payments to him.

In order to meet its burden of proof with respect to Count One, the Government must establish beyond a reasonable doubt the following elements of the crime.

**First**, that Mr. Avenatti knowingly and willfully transmitted in interstate commerce a communication;

**Second**, that the communication contained a threat to injure the property or reputation of Nike, Inc.; and

**Third,** that Mr. Avenatti did so wrongfully and with the intent to extort any money or other thing of value from Nike.

---

[22] Adapted from Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, District of South Carolina §875(d), at p. 184 (2019 Online Edition) (modified to add "knowingly" and "willfully"); *United States v. Jackson*, 180 F.3d 55, 69-71 (2d Cir. 1999), *on reh'g*, 196 F.3d 383 (2d Cir. 1999).

## REQUEST NO. 23

### Count One – Violation of 18 U.S.C. §875(d)

### First Element – Knowingly, Willfully,[23] Transmission in Interstate Commerce[24]

To satisfy the first element of Count One, the government must prove beyond a reasonable doubt that a communication was knowingly and willfully transmitted by Mr. Avenatti, but the government need not prove that Mr. Avenatti knew the communication would be transmitted in interstate commerce.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly and inadvertently.

"Willfully" means to act knowingly and purposefully, with an intent to do something that the law forbids, that is to say, with bad purpose, either to disobey or disregard the law.

"Interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

---

[23] *Tanner*, ECF No. 161:27 (standard definitions of knowingly and willfully)

[24] Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, District of South Carolina §875(d), at p. 184 (2019 Online Edition) (modified to add "knowingly" and "willfully")

## REQUEST NO. 24

### Count One – Violation of 18 U.S.C. §875(d)

### Second Element – Threat to Injure Reputation[25]

To satisfy the second element of Count One, the government must prove beyond a reasonable doubt that Mr. Avenatti made a true threat to injure Nike's reputation rather than hyperbole or idle chatter.

---

[25] *Cf. Watts v. United States*, 394 U.S. 705, 708 (1969) (interpreting word "threat" under 18 U.S.C. §871(a))

# REQUEST NO. 25

## Count One – Violation of 18 U.S.C. §875(d)

## Third Element – "Intent to Extort" -- "Wrongfully"

**A.**   **Principal Instruction**.  To act with "intent to extort" means to act with the intent to obtain money or something of value from another person with his or her consent, but induced by the "wrongful" use of a threat to injure or harm a person's reputation.[26]  I will now instruct on what "wrongfully" means because that is a central issue in this case.

The law recognizes that creating a fear of economic loss or threatening injury to reputation through hard bargaining is a part of the American economic and legal system. Creating such fear in the mind of the other side in a negotiation through hard and aggressive bargaining is not inherently wrongful.[27]  Business and settlement negotiations typically involve creating fear in the mind of the other party, through posturing and puffing – "if you don't accept my offer, I will bankrupt you" -- in an effort to negotiate the best possible deal for oneself.  Or, "if you don't meet my demands, your business will be destroyed."  Thus, it is not wrongful to threaten public disclosure of truthful information about another person or corporation, if the person making the threat believes he has a plausible claim and the threat is related to that claim.  For example, a purchaser of a defective automobile may threaten to disclose through the media that the automobile is defective unless the manufacturer settles his claim. Or, as another example, a condominium association or co-op may threaten to publish a

---

[26] *United States v. Coss*, 2:10-cr-00021-RAED (N.D. Mi. July 15, 2010), ECF No. 115:94.

[27] *United States v. Clemente*, 640 F.2d 1069, 1077 (2d Cir. 1981); *United States v. Jackson*, 180 F.3d 55, 70 (2d Cir. 1999).

list of its members who are delinquent in paying their association dues, even if the members' reputation would be tarnished by that publication.[28]  There are many other examples that are legal and not wrongful.

By contrast, a threat to harm the reputation of or cause economic harm to a person or corporation is wrongful if the person making the threat believes that he (or in the case of a lawyer, if the lawyer believes that his client) has no plausible claim against the person or corporation being threatened.  Thus, for example, it would be wrongful for an eavesdropper who merely overhears two people at a bar talking about misconduct at a corporation to threaten to reveal the misconduct unless the corporation pays him money.  Also, a threat to reputation or of economic harm is wrongful if there is no relationship between the threat and the claim. Thus, for example, it would be wrongful for an employee to threaten to publicly expose that the CEO is cheating on his wife if the CEO does not give the employee a raise because the CEO's marital infidelity is unrelated to the employee's entitlement to a raise.[29]

It is important to remember that in this case, the alleged threatener, Mr. Avenatti, is a lawyer who was authorized by his client, Coach Gary Franklin, to approach Nike to demand and negotiate a settlement.  The United States has a system of representative litigation, in which the lawyer acts as an agent for the client.[30]  That means that Mr. Avenatti speaks for Coach Franklin when he makes a demand so long as Mr. Avenatti believes he is pursuing Coach Franklin's overall objectives.  As an agent of the client, the lawyer has considerable

---

[28] *Jackson*, 180 F.3d at 69-71.

[29] *Jackson*, 180 F.3d at 69-71; *United States v. Coss,* 677 F.3d 278, 286 (6th Cir. 2012)

[30] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *Gomez v. City of New York*, 805 F.3d 419, 424 (2d Cir. 2015)

discretion in representing the client in the complex world of legal rights and obligations, including settlement negotiations. Clients rely on the training, expertise, and judgment of their lawyers. The lawyer is thus given freedom to pursue a client's objectives in the manner that the lawyer deems in the client's best interests, including through hard bargaining and tough negotiation tactics, without having to ask specific permission from the client for every decision. It would be highly impractical, and clearly detrimental to our legal system, if a lawyer needed the client's consent for every single action taken by the lawyer. While a client must consent to a lawyer's representation and a final settlement of a claim, this does not mean that the client must approve the lawyer's methods or words in pursuing the client's objectives.[31]

Thus, to prove that Mr. Avenatti acted "wrongfully," the government must prove beyond a reasonable doubt that, at the time he threatened public disclosure of Nike's conduct, Mr. Avenatti believed that he was not pursuing Coach Franklin's plausible claim and overall objectives by demanding an internal investigation to be led by him and Mr. Geragos.

**B. Litigation Exception (to be considered separately)**. I instruct you that Mr. Avenatti did not "wrongfully" threaten injury to Nike's reputation by threatening to expose Nike's conduct if he believed that Coach Franklin would have filed a lawsuit alleging the same conduct if the case did not settle. The government has the burden of proving beyond a reasonable doubt that Mr. Avenatti did not believe such a lawsuit would have been filed.[32]

---

[31] *American Family Mut. Ins. Co. v. Zavala*, 392 F.Supp.2d 1108, 1116 (D. Ariz. 2003) (discussing a lawyer's role)

[32] *Cf. United States v. Pendergraft*, 297 F.3d 1198, 1202 (11th Cir. 2002) (threats of litigation are not wrongful, even if frivolous and made in bad faith).

## REQUEST NO. 26

## Count Two – Attempted Extortion under 18 U.S.C. §1951

### The Elements[33]

Count Two charges Mr. Avenatti with attempted extortion through fear of economic harm under Title 18, United States Code, Section 1951.  That statute makes it a crime for

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce by robbery or extortion or attempts or conspires so to do…

Extortion is the obtaining of another person's property or money, with his or her consent when this consent is induced or brought about through the wrongful use of actual or threatened force, violence or fear.  In this case, there is no allegation of force or violence; rather, the charge is that Mr. Avenatti wrongfully used the fear of economic harm in an attempt to extort Nike.  To prove attempted extortion through wrongful use of fear of economic harm, the government must prove the following elements beyond a reasonable doubt:

**First**, that Mr. Avenatti knowingly and willfully attempted to induce Nike to part with money;

**Second**, that Mr. Avenatti attempted to do so by means of extortion, that is, by wrongfully using fear of economic harm;

**Third**, that commerce from one state to another would have been obstructed, delayed, or affected in some way;

**Fourth**, that Mr. Avenatti did something that was a substantial step toward committing the crime and that strongly corroborated Mr. Avenatti's intent to commit the crime.

---

[33] Adapted from *United States v. Abelis*, 146 F.3d 73, 82 (2d Cir. 1998)

## REQUEST NO. 27

### Count Two – Attempted Extortion (18 U.S.C. §1951)

### First Element – Knowingly and Willfully[34]

As to the first element, I instruct you as follows:

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly and inadvertently.

"Willfully" means to act knowingly and purposefully, with an intent to do something that the law forbids, that is to say, with bad purpose, either to disobey or disregard the law.

---

[34] *Tanner*, ECF No. 161:27

**REQUEST NO. 28**

**Count Two – Attempted Extortion (18 U.S.C. §1951)**

**Second Element – "Wrongfully" and "Use of Fear"**

**A. General**.  The second element has two subparts.  First, the government must prove that Mr. Avenatti "wrongfully" used fear of economic harm.  I previously instructed you on the meaning of the term "wrongful" in connection with Count One.  That same instruction applies here.  The government must prove beyond a reasonable doubt that Mr. Avenatti acted wrongfully.  Please refer back to page _____.

Second, in considering whether the government has proved the wrongful "use of fear," I instruct you that the absence or presence of fear of economic loss must be considered from the perspective of Nike, the corporation.  The proof must establish that Nike reasonably believed: first, that Mr. Avenatti had the power to cause Nike economic harm through a press conference, and second, that Mr. Avenatti would wrongfully exploit that power to Nike's detriment.  Mr. Avenatti need not have created the fear, so long as he wrongfully used the fear with the intent to extort property.  The fear must be of an actual loss.  Fear of losing a potential benefit does not suffice.[35]

Your decision whether Mr. Avenatti used or threatened fear of economic loss involves a decision about Nike's state of mind at the time of Mr. Avenatti's actions.  It is obviously impossible to prove directly a corporation's subjective feeling.  You cannot look into Nike's mind to see what Nike's state of mind is or was.  But you must carefully consider all of the circumstances in deciding whether Nike's fear of a press conference was reasonable.

---

[35] Adapted from *United States v. Capo*, 817 F.2d 947, 951 (2d Cir. 1987); *United States v. Abelis*, 146 F.3d 73, 82 (2d Cir. 1998)

**B. <u>Litigation Exception</u> (to be considered separately).**   I instruct you that Mr. Avenatti did not wrongfully use fear of economic harm by threatening a press conference to expose Nike's conduct if he believed that Coach Franklin would have filed a lawsuit alleging the same conduct if the case did not settle.  The government has the burden of proving beyond a reasonable doubt that Mr. Avenatti did not believe such a lawsuit would have been filed.[36]

**C. <u>Litigation Exception</u> (to be considered separately).**   I instruct you that Nike's fear of economic harm from a threatened press conference was not reasonable if Coach Franklin would have filed a lawsuit raising the same allegations if the case did not settle.[37]

**D. <u>Duty to Disclose</u> (to be considered separately).**   Once a public company speaks on an issue, the company has a duty to tell the whole truth and to be both accurate and complete in its public statements to ensure that they are not misleading.[38]  If you find that Nike itself had a duty to disclose to the investing public the allegations raised by Coach Franklin to correct prior public statements, then: a) Nike's fear of economic harm from Mr. Avenatti's threatened press conference was not reasonable; (**or, alternatively**) b) you may consider that duty in deciding whether the government has proved beyond a reasonable doubt that whether Nike's fear was reasonable.

---

[36] *Cf. United States v. Pendergraft*, 297 F.3d 1198, 1202 (11th Cir. 2002) (threats of litigation are not wrongful, even if frivolous and made in bad faith).

[37] *Id.*

[38] *Meyer v. Jinkosolar Holdings Co., Ltd.*, 761 F.3d 245, 250 (2d Cir. 2014); *Caiola v. Citibank, N.A.*, 295 F.3d 312, 331 (2d Cir. 2002).

## REQUEST NO. 29

### Count Two – Attempted Extortion (18 U.S.C. §1951)

### Third Element – Commerce[39]

The third element that the government must prove beyond a reasonable doubt is that commerce would have been affected in some way by the conduct.  The effect can be minimal. Commerce means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

---

[39] 18 U.S.C. §1951(b)(3); *Taylor v. United States*, 136 S.Ct. 2074, 2079 (2016).

**REQUEST NO. 30**

**Count Two – Attempted Extortion (18 U.S.C. §1951)**

**Fourth Element – Substantial Step[40]**

An attempt requires a substantial step.  A substantial step must be something more than mere preparation yet may be less than the last act necessary before the actual commission of the substantive crime.

---

[40] *United States v. Desposito*, 704 F.3d 221, 231 (2d Cir. 2013)

## REQUEST NO. 31

### Count Three – Honest Services Wire Fraud

### The Elements[41]

I will now turn to Count Three of the Indictment, which charges that Mr. Avenatti committed "honest services" wire fraud, in violation of 18 U.S.C. 1343 and 1346.  In relevant part, that statute says:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communications in interstate, or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

Under 18 U.S.C. Section 1346, a scheme or artifice to defraud includes a scheme or artifice to deprive another of the intangible right of honest services.

In order to sustain the charge of honest services wire fraud, the government must prove the following elements beyond a reasonable doubt.

**First**, that there was a scheme or artifice to deprive Coach Franklin of his right to Mr. Avenatti's honest services through bribery or kickbacks;

**Second**, that Mr. Avenatti knowingly and willfully participated in the scheme or artifice, with knowledge of its fraudulent nature and with specific intent to defraud;

**Third**, that the scheme or artifice to defraud involved a misrepresentation, false statement, or false pretense to, or omission or concealment of fact from, Coach Franklin that was material to Coach Franklin; and

---

[41] Adapted from *Tanner*, ECF No. 161:30-31; *United States v. Rybicki*, 354 F.3d 124, 146 (2d Cir. 2003) (en banc).

**<u>Fourth</u>**, that Mr. Avenatti used or caused others to use, interstate or foreign wires as alleged in the indictment.

I will now go through each of these elements in greater detail.

## REQUEST NO. 32

### Count Three – Honest Services Wire Fraud

### First Element – Existence of Scheme or Artifice

As I have told you, the first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud Gary Franklin of the intangible right of the honest services of Mr. Avenatti through kickbacks or bribery. A scheme or artifice is simply a plan for the accomplishment of an object. A scheme to defraud is any plan, device, or course of action to deprive another of the intangible right of honest services, through kickbacks or bribery.

Honest services fraud, therefore, has a limited and specific definition and applies only to classic kickback or bribery schemes. A kickback is the secret return of money received as a result of coercion or a secret agreement.[42] A bribe is a secret payment made by a third party to gain influence over the person receiving the bribe (the recipient) and to cause the recipient to make a formal decision to the detriment of the person or entity to whom the recipient owes a fiduciary duty. Both a kickback and a bribe require proof of a *quid pro quo*, which is a Latin phrase that means "this for that" or "these for those." A *quid pro quo*, in other words, describes the receipt of a benefit by the recipient *in exchange* for acting on the briber's behalf.[43]

Thus, to prove this first element, the government must prove beyond a reasonable doubt that Mr. Avenatti:

a) owed a fiduciary duty to Coach Gary Franklin;

---

[42] *Black's Law Dictionary* 948 (9th ed. 2009); *see also United States v. DeMizio*, 741 F.3d 373, 381 (2d Cir. 2014).

[43] Adapted generally from *Tanner*, ECF No. 161:32-33 (except that *Tanner* did not require a "detriment"); *Seabrook*, ECF No. 251:17; *Skilling v. United States*, 561 U.S. 358, 408 (2010).

44

b) solicited the payment of a kickback or bribe from Nike, as those terms are defined above, in violation of such fiduciary duty; and

c) intended that such payment, when received, be concealed from Coach Franklin so that Coach Franklin would never know about it.

It is not an honest services fraud violation for the government to prove merely that Mr. Avenatti spoke about taking actions that furthered his own financial interests.  Moreover, evidence that a lawyer's conduct may violate ethics rules does not necessarily mean that there was an honest services fraud violation.  There must be an intent to receive a secret bribe or a secret kickback as part of a *quid pro quo* as explained above.

## REQUEST NO. 33

### Count Three – Honest Services Wire Fraud

### Second Element – Knowingly, Willfully, and Specific Intent to Defraud[44]

The second element that the government must prove beyond a reasonable doubt is that Mr. Avenatti participated in the scheme to defraud knowingly, willfully, and with the specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or to disregard the law.

"Specific Intent to defraud" in the case of honest services fraud means to act knowingly and with the specific intent to deceive for the purpose of depriving Coach Franklin of his right to Mr. Avenatti's honest services through bribes and kickbacks.

---

[44] *Tanner*, ECF No. 161:27, 34-35

## REQUEST NO. 34

### Count Three – Honest Services Wire Fraud

### Third Element – Materiality

The third element of honest services fraud that the government must prove beyond a reasonable doubt is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or omission.

A statement or representation is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A statement or representation is fraudulent if it was made falsely and with intent to deceive.  Deceitful statements, half-truths, the concealment of facts, or the expression of opinion not honestly entertained may also constitute false or fraudulent statements.  A representation, statement, false pretense, omission, or concealment of a fact is "material" if it would naturally tend to lead or is capable of leading a reasonable person to change his conduct.

A deception need not be premised upon spoken or written words alone.  For example, in the context of this allegation of honest services fraud, the deceit may consist of a concealment of a bribe or kickback, or the lawyer's implicit false representation to his client that he or she has not solicited or obtained kickbacks.

In this case, as explained above, the government alleges that Mr. Avenatti concealed from Coach Franklin that he, Mr. Avenatti, was soliciting a secret bribe or kickback from Nike for Mr. Avenatti's benefit.  I instruct you that for the concealment of a solicitation to be "material," the government must prove beyond a reasonable doubt that Mr. Avenatti never intended to disclose the payment to Coach Franklin before actually receiving the payment from Nike.  Thus, evidence that Mr. Avenatti did not disclose to Coach Franklin, during the

negotiation process, that Mr. Avenatti was demanding payment for himself from Nike is not alone sufficient to find that the omission was "material."  Rather, the government must prove beyond a reasonable doubt that Mr. Avenatti intended to actually receive a payment without first disclosing it to Coach Franklin.[45]

---

[45] Adapted from *Tanner*, ECF No. 161:35-36; *United States v. Rybicki*, 354 F.3d 124, 146 (2d Cir. 2003) ("A *material* representation is an element of the crime.")

## REQUEST NO. 35

### Count Three – Honest Services Wire Fraud

### Fourth Element – Use of Interstate Wire Communications[46]

The final element that the government must prove beyond a reasonable doubt is the use of interstate wire facilities to further the scheme to defraud. The term "wire facilities" includes telephones, emails, faxes, and wire transfer between banks. The use of the wire facilities must pass between two or more states.

It is not necessary that Mr. Avenatti directly or personally used any wire facility, as long as the use of the wires was reasonably foreseeable in the execution of the alleged scheme to defraud in. The use of the wire need not itself be fraudulent or contain any fraudulent representation, but the government must prove that it was used in some way to further or advance the scheme to defraud.

You must find that the alleged wire communication was in furtherance of the fraud and your verdict must be unanimous as to which particular interstate wire was in furtherance of the scheme to defraud.

---

[46] *Tanner*, ECF No. 161:37-38

## ADDITIONAL REQUESTS BASED ON THE EVIDENCE[47]

I am now going to give you some additional instructions for you to consider based on the evidence that was offered at trial.

### REQUEST NO. 36 -- California Bar Rules Generally

A violation of California Bar rules does not imply that Mr. Avenatti defrauded Coach Franklin or extorted or attempted to extort Nike.[48]

### REQUEST NO. 37 -- Written Retainer Agreements

In California, the absence of a signed written retainer agreement between a lawyer and client does not subject a lawyer to discipline, nor does it mean that the lawyer cannot be paid for his or her services.  Even in the absence of a written retainer agreement, a lawyer is still entitled to reasonable fees for legal work performed on behalf of a client.[49]

---

[47] Requests relating to California law and Bar rules are set forth herein, but they are largely dependent on the Court's rulings regarding the admissibility of ethics evidence at trial.

[48] *United States v. Fumo*, 655 F.3d 288, 303 (3d Cir. 2011)

[49] Calif. Bus. & Prof. Code §6148(c); *Matter of Harney*, 3 Calif. State Bar Ct. Rptr. 266, 280, 1995 WL 170223, *7 (1995); *Leighton v. Forster*, (2017) 8 Cal.App.5th 467, 490, 213 Cal.Rptr.3d 899

**REQUEST NO. 38 -- <u>Settlement Negotiations</u>**

In a settlement negotiation or conference, it is perfectly acceptable for a plaintiff or prospective plaintiff like Coach Gary Franklin to demand remedies and concessions from a defendant that the plaintiff might not be able to obtain in the lawsuit itself.  Typically. these demands are made through lawyers.  Moreover, settlement demands are, by accepted practice, often unrealistic and are imbued with puffery or posturing rather than a fair or realistic appraisal of a party's damages.[50]

**REQUEST NO. 39 – <u>Communication of Settlement Offers</u>**

Under California law and the Rules of Professional Conduct, a lawyer need not disclose to his client every statement about settlement made by his opposing counsel.  The rules only require a lawyer to promptly communicate to a client "all amounts, terms, and conditions of any *written* offer of settlement made to the client."  Whether a lawyer must disclose an "oral offer of settlement" depends on the surrounding facts and circumstances, including whether it is in fact a real offer.  At a minimum, the oral offer must contain amounts, terms, and conditions and must be "a significant development."  However, a lawyer need not disclose to his client an oral statement or remark of opposing counsel about possible settlement if the lawyer reasonably believes that opposing counsel has no authority to settle the case or if the statement or remark by opposing counsel is not a formal "oral offer of settlement."[51]

---

[50] *Cf. Vermande v. Hyundai Motor America, Inc.*, 352 F.Supp.2d 195, 203 (D.Conn. 2004) (noting in unrelated context that settlement offers can be wildly unrealistic and include posturing and puffing).

[51] California Rules of Professional Conduct, Rule 1.4.1.

**REQUEST NO. 40 -- <u>Settlement Agreements – Client's Signature</u>**

In California, the client must sign the settlement agreement.[52]

**REQUEST NO. 41 -- <u>Statements to the Press</u>**

A lawyer has a First Amendment right to hold a press conference and to make statements to the press in connection with a client's potential claim or lawsuit.[53]

**REQUEST NO. 42 -- <u>Rule 408</u>**

During the trial, there was a reference to Rule 408. Rule 408 is a standard rule that provides that evidence of conduct or statements made during settlement negotiations is not admissible to prove liability or the invalidity of the claim being discussed during those negotiations. The purpose of the rule is to encourage full and frank disclosure between the parties in order to promote settlements rather than protracted litigation.[54]

---

[52] *Williams v. Saunders*, (1997) 55 Cal.App.4th 1158, 1163-64, 64 Cal. Rptr. 2d 571; Cal. Code Civ. Proc., §664.6

[53] US Const. Amend. I

[54] *Olin Corp. v. Insurance Co. of North America*, 603 F.Supp. 445, 449 (S.D.N.Y. 1985)

**REQUEST NO. 43 –**

**A.**     **Good Faith**.[55]   Because "willfulness" is an element of each of the charges, it follows that good faith on the part of a defendant is a complete defense to each of the charges. This is so because good faith on the part of a defendant is inconsistent with a finding that the defendant acted knowingly and willfully.  That is, the law is not violated if Mr. Avenatti held an honest belief that his acts were proper and not in furtherance of any unlawful scheme.  A person who acts on a belief or reason honestly held that turns out to be wrong is not punishable under the laws charged here.  The government bears the burden of proving the absence of good faith beyond a reasonable doubt.

     **To be considered separately:**

**B.**     **Good Faith Reliance on Counsel.**[56]   If Mr. Avenatti relied in good faith on the advice of Mr. Geragos that his conduct was lawful, then he lacked the willfulness required to prove the offenses charged.  Mr. Avenatti relied in good faith on the advice of Mr. Geragos if: 1) before taking action, Mr. Avenatti in good faith sought the advice of Mr. Geragos whom he considered competent to advise him on the matter; and 2) Mr. Avenatti consulted Mr. Geragos for the purpose of securing advice on the lawfulness of his possible future conduct; and 3) Mr. Avenatti made a full and accurate report to Mr. Geragos of all material facts that Mr. Avenatti knew; and 4) Mr. Avenatti acted substantially in accordance with Mr. Geragos' advice.  The government bears the burden of proving the absence of good faith beyond a reasonable doubt.

---

[55] *United States v. Afriyie*, 929 F.3d 63, 68 (2d Cir. 2019)

[56] *United States v. Scully*, 877 F.3d 464, 478 (2d Cir. 2017) (modifying last sentence of Seventh Circuit pattern instruction to substitute "substantially" for "strictly")

**C.**     __Good Faith Engagement of Counsel__.[57]   In deciding whether Mr. Avenatti acted in good faith, you may consider the fact that he obtained the assistance of Mark Geragos, an experienced criminal defense lawyer, to participate in all of the communications with Nike. Specifically, you may consider whether it appeared to Mr. Avenatti that Mr. Geragos approved the statements made by Mr. Avenatti in deciding whether Mr. Avenatti had an honestly held belief that his acts were proper.  The government bears the burden of proving the absence of good faith beyond a reasonable doubt.

---

[57] Adapted from *United States v. Scully*, 877 F.3d 464, 478 (2d Cir. 2017) in the event a straight reliance on advice of counsel instruction is not warranted.

**FINAL INSTRUCTIONS CONCERNING PROCEDURE**

**REQUEST NO. 44**

Right to See Exhibits; Communications with the Court[58]

All of the documentary exhibits that have been received in evidence will be sent into the jury room.  If you want to see or listen to exhibits contained on electronic media, you can request that, and we will play those exhibits for you in the courtroom.  There will be a sheet given to you reflecting those exhibits.

If you want any further explanation of the law as I have explained it to you, you may also request that.  As I noted earlier, however, you may all take into the jury room your copy of these instructions.

Any communication to me should be made in writing, signed by your foreperson, include the date and time, and be given to one of the marshals.  Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

---

[58] *Martoma*, ECF No. 229:52-53 (modified to delete first paragraph regarding request for trial transcript)

**REQUEST NO. 45**

Duty to Deliberate/Unanimous Verdict[59]

Your function is to weigh the evidence in this case and to decide whether the Government has proven beyond a reasonable doubt each of the essential elements of the crimes with which the Defendant is charged.  If the Government has succeeded in meeting its burden, your verdict should be guilty; if it has failed to do so, it should be not guilty.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated under your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.

Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy or to prejudice or favor for either side, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Your verdict must be unanimous as to each charge in the Indictment.  However, you are not bound to surrender your honest convictions concerning the effect or weight of the

---

[59] *Martoma*, ECF No. 229:53-54

evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts. Your sole interest is to determine whether the Government has proven the Defendant's guilt beyond a reasonable doubt.

If you are divided, do *not* report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

**REQUEST NO. 46**

<u>Juror Notes</u>[60]

A number of you have taken notes during the trial.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  Any notes that you may take are not evidence.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.

.

---

[60] *Martoma*, ECF No. 229:54-55

**REQUEST NO. 47**

Verdict[61]

I have prepared a verdict form for you to use in recording your decision.  Please use that form to report your verdict.

---

[61] *Martoma*, ECF No. 229:55

**REQUEST NO. 48**

Duties of Foreperson[62]

I referred a moment ago to a foreperson.  It is customary for Juror Number 1 to serve as the foreperson, and that is what we will do here.  The foreperson doesn't have any more power or authority than any other juror, and her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  She will send out any notes, and when the jury has reached a verdict, she will notify the marshal that the jury has reached a verdict, and you will come into open court and deliver your verdict.

---

[62] *Martoma*, ECF No. 229:55

**REQUEST NO. 49**

<u>Return of Verdict</u>[63]

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

Each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

---

[63] *Martoma*, ECF No. 229:55

**REQUEST NO. 50**

Rules of Conduct[64]

During your deliberations, all the rules of conduct concerning outside influences remain in effect.  As I have instructed you many times, your verdict must be based solely on the evidence presented in this courtroom.  Accordingly, you are still not permitted to discuss this case with anyone but your fellow jurors, and you may not read anything in the newspapers, over the Internet, or elsewhere about this case or Mr. Avenatti.  Also, do not listen or watch any reporting about this case or Mr. Avenatti if it should be broadcast on TV or over the radio.

---

[64] *Martoma*, ECF No. 229:55-56

# REQUEST NO. 51

Conclusion[65]

Members of the jury, that concludes my instructions to you.  I ask you to remain seated while I confer with the lawyers to see whether there are any additional instructions that they wish me to give.

Before you retire into the jury room I must excuse Alternate Jurors ***.  You have been very attentive and very patient, and I want you to understand how much we all appreciate your service.  I'm sorry that you will miss the experience of deliberating with the jury, but the law provides for a jury of twelve persons in this case.

I have one final instruction for the Alternate Jurors ***.  I must ask you to abide by the rules of conduct until the jury reaches a verdict.  That is because, in the event that someone on the jury cannot continue during deliberations, it may be necessary for you to rejoin the jury. Accordingly, until the jury reaches a verdict, you may not discuss this case with anyone, you may not read anything in the newspapers, over the Internet, or elsewhere about this case of Mr. Avenatti, and you may not listen to or watch any reporting about this case or Mr. Avenatti on TV or over the radio.  If you would like to be advised of the outcome of the trial, please let me know, and we will contact you as soon as there is a verdict.

Before the rest of the jury retires into the jury room, I must ask the alternate jurors to retrieve any belongs they might have left in the jury room.

---

[65] *Martoma*, ECF No. 229:56

Respectfully submitted,

By:    /s/Scott A. Srebnick
        Scott A. Srebnick, P.A.
        201 South Biscayne Boulevard
        Suite 1210
        Miami, FL 33131
        Telephone: (305) 285-9019
        Facsimile:  (305) 377-9937
        E-Mail:  Scott@srebnicklaw.com

By:    /s/Jose M. Quinon
        Jose M. Quinon, P.A.
        2333 Brickell Avenue, Suite A-1
        Miami, FL 33129
        Telephone:  (305) 858-5700
        Facsimile:  (305) 358-7848
        E-Mail:  jquinon@quinonlaw.com

*Attorneys for Defendant Michael Avenatti*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/Scott A. Srebnick
Scott A. Srebnick