LAW OFFICES

# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

January 6, 2020

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
*www.srebnicklaw.com*

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Re:    ***United States v. Avenatti,* No. S1 19 Cr. 373 (PGG)**
>            **Compliance with Order of Jan. 6, 2020 (Dkt. No. 121)**

Dear Judge Gardephe:

In compliance with the Court's Order today (Dkt. No. 121), I am filing on the public docket the following documents:

Exhibit 1:    Defendant Avenatti's Motion for Issuance of Subpoena Duces Tecum, Pursuant to Rule 17(c), to Gary Franklin, Sr., dated Sept. 6, 2019.

Exhibit 2:    Defendant Avenatti's Memorandum of Law in Support of Motion for Issuance of a Rule 17(c) Subpoena Duces Tecum to Gary Franklin, Sr., dated Sept. 6, 2019.

Exhibit 3:    Declaration of Scott A. Srebnick, Esq., in Support of Motion for Issuance of Rule 17(c) Subpoena Duces Tecum to Gary Franklin, Sr. (without Exhibits 2 and 3), dated Sept. 6, 2019.

Exhibit 4:    Transmittal Letter Requesting Sealing, dated Sept. 6, 2019.

Exhibit 5:    Letter Reply in Support of Motion for Issuance of Rule 17(c) Subpoena Duces Tecum, dated Sept. 25, 2019.

Respectfully submitted,

Scott A. Srebnick

cc:    Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **REQUEST TO SEAL** |
| v. | : | 19 Cr. 373 (PGG) |
| MICHAEL AVENATTI | : | |
| Defendant. | : | |

_____

### DEFENDANT AVENATTI'S NOTICE OF MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM, PURSUANT TO RULE 17(C), TO GARY FRANKLIN, SR.

PLEASE TAKE NOTICE, that upon the Declaration of Scott A. Srebnick, Esq., the exhibits thereto, and the accompanying Memorandum of Law, and pursuant to Fed.R.Crim.P. 17(c), defendant Michael Avenatti will move this Court before the Honorable Paul G. Gardephe at the United States Courthouse, 40 Foley Square, Courtroom 705, New York, New York 10007, for an Order authorizing the service of a subpoenas duces tecum, returnable on or before October 15, 2019, on Gary Franklin, Sr.

Dated: September 6, 2019

Respectfully submitted,

By:    /s/Scott A. Srebnick
        Scott A. Srebnick, P.A.
        201 South Biscayne Boulevard
        Suite 1210
        Miami, FL 33131
        Telephone: (305) 285-9019
        Facsimile:  (305) 377-9937
        E-Mail:  Scott@srebnicklaw.com

By:     /s/Jose M. Quinon
        Jose M. Quinon, P.A.
        2333 Brickell Avenue, Suite A-1
        Miami, FL 33129
        Telephone:  (305) 858-5700
        Facsimile:  (305) 358-7848
        E-Mail:  jquinon@quinonlaw.com

        *Attorneys for Defendant Michael Avenatti*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2019, I caused a true and correct copy of the

foregoing to be served by e-mail on counsel of record for the government.

/s/Scott A. Srebnick
Scott A. Srebnick

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| vs. | : | 19 Cr. 373 (PGG) |
| MICHAEL AVENATTI, | : | **REQUEST TO SEAL** |
| Defendant. | : | |

### DEFENDANT AVENATTI'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF A RULE 17(C) SUBPOENA DUCES TECUM TO GARY FRANKLIN, SR.

Scott A. Srebnick
SCOTT A. SREBNICK, P.A.
201 South Biscayne Boulevard
Suite 1210
Miami, FL 33131
Telephone: (305) 285-9019
Facsimile: (305) 377-9937
E-Mail: Scott@srebnicklaw.com

Jose M. Quinon
JOSE M. QUINON, P.A.
2333 Brickell Avenue, Suite A-1
Miami, FL 33129
Telephone: (305) 858-5700
Facsimile: (305) 358-7848
E-Mail: jquinon@quinonlaw.com

*Attorneys for Defendant Michael Avenatti*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

I.      PRELIMINARY STATEMENT ............................................................................... 1

II.     LEGAL DISCUSSION ........................................................................................... 1

     A.  The Charges ....................................................................................................... 1

     B.  Legal Standard .................................................................................................. 3

     C.  Subpoena Duces Tecum to Gary Franklin, Sr. ................................................ 6

          Franklin Request #1 ......................................................................................... 7

          Franklin Request #2 ......................................................................................... 9

          Franklin Request #3 ......................................................................................... 9

     D.  Timing and Procedure...................................................................................... 10

CONCLUSION.................................................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................................. 11

# TABLE OF AUTHORITIES

**CASES**:                                                                                    Page

*Bowman Dairy Co. v. United States*,
   341 U.S. 214 (1951) ........................................................................................3, 5

*In re Irving*,
   600 F.2d 1027 (2d Cir. 1979) ..............................................................................3

*In re Martin Marietta Corp.*,
   856 F.2d 619 (4th Cir. 1988) ............................................................................. 5-6

*United States v. Cavollo*,
   No. 10-cr-654 HB, 2012 WL 1195194 (S.D.N.Y. Apr. 9, 2012)....................................5

*United States v. Clemente*,
   640 F.2d 1069 (2d Cir. 1981)..............................................................................2

*United States v. DiFelice*,
   837 F.Supp. 81 (S.D.N.Y. 1993) ..........................................................................8

*United States v. Iozia*,
   13 F.R.D. 335 (SDNY 1952) ..............................................................................4

*United States v. Jackson*,
   180 F.3d 55 (2d Cir. 1999),
   *on reh'g*, 196 F.3d 383 (2d Cir. 1999) .................................................................2

*United States v. Larouche Campaign*,
   841 F.2d 1176 (1st Cir. 1988) .............................................................................6

*United States v. Libby*,
   432 F. Supp. 2d 26 (D.D.C. 2006) .......................................................................6

*United States v. Morrison*,
   153 F.3d 34 (2d Cir. 1998).................................................................................8

*United States v. Murray*,
   97 F.2d 812 (2d Cir. [1962])...............................................................................5

*United States v. Nixon*,
   418 U.S. 683 (1974) ..............................................................................3, 4, 6, 8

**CASES**:                                                                                    Page

*United States v. Skelos,*
    No. 15-cr-317, 2018 WL 2254538 (S.D.N.Y. May 17, 2018) ...................................4, 6

*United States v. Tomison,*
    969 F. Supp. 587 (E.D. Cal. 1997) ...............................................................................5


**STATUTES**:

18 U.S.C. §371 ...............................................................................................................1

18 U.S.C. §875 ...........................................................................................................1, 2

18 U.S.C. §1951 .........................................................................................................1, 2


**UNITED STATES CONSTITUTION**:

AMEND VI .................................................................................................................1, 5


**MISCELLANEOUS**:

Fed. R. Crim. P. 17(c) ...........................................................................................passim

Defendant Michael Avenatti, through counsel, and pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure and the Compulsory Process Clause of the Sixth Amendment, respectfully submits this Memorandum of Law in support of his Motion for Issuance of Subpoenas Duces Tecum to Gary Franklin, Sr.

## I.    PRELIMINARY STATEMENT

Mr. Avenatti seeks the issuance of a subpoena duces tecum requiring early production of various items in the possession of Gary Franklin, Sr.  The proposed subpoena duces tecum is attached as Exhibit 1 to the Declaration of Scott A. Srebnick, filed contemporaneously herewith.  Mr. Avenatti requests production on or before October 15, 2019.  Specifically, Mr. Avenatti seeks the following:

1. All audio recordings (and transcripts thereof) that Gary Franklin, Sr., or Jeffrey Auerbach made of conversations or meetings with Nike executives, including Jamal James, Carlton DeBose, Nico Harrison, Bryan Freedman; Mel McDonald; and/or with Michael Avenatti, discussing or referencing Franklin's potential claims against Nike, Nike's conduct directed at Franklin, and/or the payment to amateur basketball players and/or their families or agents between January 1, 2016, and March 25, 2019.

2. Unredacted versions of all text messages and e-mails between Gary Franklin, Sr., and Jeffrey Auerbach, produced by Franklin to the FBI or USAO-SDNY;

3. The "recording" referenced in the text message with the Bates-stamp "Franklin 1017."

## II.   LEGAL DISCUSSION

### A.    The Charges

The Indictment charges Mr. Avenatti in four counts with: conspiracy under §371 to violate 18 U.S.C. §875(d) (Count One), conspiracy to violate the Hobbs Act, 18 U.S.C. §1951 (Count Two), a substantive violation of §875(d) (Count Three), and attempted extortion under

§1951 (Count Four). The essence of the charges is that Mr. Avenatti engaged in a scheme to allegedly extort Nike by threatening to damage Nike's reputation and cause Nike economic harm by holding a press conference if Nike did not agree to certain settlement demands made by Mr. Avenatti and Mark Geragos. Mr. Avenatti and Mr. Geragos were representing Coach Gary Franklin, Sr., in an effort to settle Coach Franklin's claims against Nike.

All four counts of the Indictment require proof of "wrongfulness." *See United States v. Clemente*, 640 F.2d 1069, 1077 (2d Cir. 1981) (discussing §1951); *United States v. Jackson*, 180 F.3d 55, 67-71 (2d Cir. 1999), *on reh'g*, 196 F.3d 383 (2d Cir. 1999) (concluding that although §875(d) does not define "extortion," the "intent to extort" element in §875(d) incorporates a "wrongfulness component" similar to §1951); *see generally* DE29; DE35.   In *Jackson*, the Second Circuit held that "not every threat to make a disclosure that would harm another person's reputation is wrongful," and "it is material whether the defendant had a claim of right to the money demanded." *Id*. at 70. Mr. Avenatti contends that his conduct was not "wrongful" because, among other reasons, his alleged threats to expose misconduct within Nike (a) were made during confidential settlement negotiations among lawyers; (b) were in furtherance of settling plausible legal claims that Franklin had against Nike, (c) had a direct nexus to those plausible claims, and (d) were part of contemplated and anticipated litigation that would have been filed in the public record.[1]

The parties have not yet exchanged witness lists in this case. However, given his role in the case and the specific references in the Indictment to certain information that Franklin

---

[1] Mr. Avenatti incorporates by reference the legal analysis set forth in his Memorandum of Law in Support of Motion to Dismiss for Failure to State an Offense, and Because the Extortion Statutes are Vague-as-Applied. *See* Dkt. #35 (filed Aug. 19, 2019).

allegedly provided to Mr. Avenatti, (*see* Dkt. #8, at ¶¶9-10), it seems likely that the government

will call Franklin as a witness.

## B.     Legal Standard

Rule 17(c) of the Federal Rules of Criminal Procedure, which governs the issuance of

subpoenas *duces tecum*, provides for the production of documents in advance of trial.  Rule

17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents,
> data, or other objects the subpoena designates. The court may direct the witness
> to produce the designated items in court before trial or before they are to be
> offered in evidence. When the items arrive, the court may permit the parties and
> their attorneys to inspect all or part of them.

As the Supreme Court held in *United States v. Nixon*, 418 U.S. 683 (1974), a party may

obtain a subpoena for the pretrial production of documents where (a) the information sought

is evidentiary and relevant; (b) the documents are not otherwise procurable reasonably in

advance of trial by the exercise of due diligence; (c) the party cannot properly prepare for trial

without such production in advance of trial and failure to obtain the documents may lead

unreasonably to delay the trial; and (d) the application is made in good faith and is not intended

as a general "fishing expedition." *In re Irving*, 600 F.2d 1027, 1034 (2d Cir. 1979) (citing

*Nixon*, 418 U.S. at 699-700).  The Supreme Court explained that a subpoena for documents

under Rule 17 "was not intended to provide a means of discovery for criminal cases[;] ...

[rather,] its chief innovation was to expedite the trial by providing a time and place before trial

for the inspection of subpoenaed materials...." *Nixon,* 418 U.S. at 698-99 (citing *Bowman

Dairy Co. v. United States*, 341 U.S. 214 (1951)).

Rule 17(c)(2) provides two grounds for objection to a Rule 17 subpoena: (a) that

compliance would be unreasonable or (b) oppressive. *See also Nixon*, 418 U.S. at 698 ("A

subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' but not otherwise."). In *Nixon*, the Court considered a request by the Special Prosecutor to obtain recordings of conversations between known participants at identified times in the White House. In upholding the denial of President Nixon's motion to quash the subpoenas, the Supreme Court held that the movant had adequately demonstrated the relevancy, admissibility, and specificity of the information sought, thus justifying the enforcement of the subpoena. More specifically, the Court "followed Judge Weinfeld's formulation in *United States v. Iozia*, 13 F.R.D. 335, 338 (SDNY 1952)" requiring a showing that:

> (1) the documents are evidentiary ... and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition."

*Nixon*, 418 U.S. at 699. In a footnote, the Court reserved on whether the *Iozia* standard—or a lower one, instead—should "apply in its full vigor when the subpoena duces tecum is issued to third parties rather than to government prosecutors." *Nixon* 418 U.S at 700 n.12 ("We need not decide whether a lower standard exists because we are satisfied that the relevance and evidentiary nature of the subpoenaed tapes were sufficiently shown as a preliminary matter to warrant the District Court's refusal to quash the subpoena."). However, "courts in the Second Circuit have almost unanimously applied *Nixon* to subpoenas served on third-parties." *United States v. Skelos*, No. 15-cr-317, 2018 WL 2254538, *2 (S.D.N.Y. May 17, 2018).

The *Nixon* test is met by establishing that the subpoena is designed to obtain relevant and admissible evidence for consideration by the jury at trial:

> While Rule 17(c) is limited to evidentiary materials, that is not to say that the
> materials subpoenaed must actually be used in evidence. It is only required that
> a good faith effort be made to obtain evidence.

*In re Martin Marietta Corp.*, 856 F.2d 619, 622 (4th Cir. 1988) (citing *Bowman Dairy Co.,* 341

U.S. at 219-20 (1951)).   So long as the documents sought pursuant to the subpoena are

evidentiary, the defendant has a statutory (Rule 17) *and constitutional* (Sixth Amendment)

right to have them available *during* the trial. And to the extent that early production of those

documents expedites the trial, Rule 17(c) provides a mechanism for inspection of those

documents *before* the trial:

> Rule 17(c) reflects the command of the Sixth Amendment that the full power
> and processes of the courts are available to defendants in criminal cases to help
> them defend against the charges brought by the Government. And, because it
> was enacted in order to "expedite the trial by providing a time and place before
> trial for the inspection of the subpoenaed materials," *Bowman Dairy Co. v.
> United States,* 341 U.S. 214, 220 (1951), Rule 17(c) is more far reaching than
> testimonial subpoenas.

*United States v. Beckford*, 964 F. Supp. 1010, 1016 (E.D. Va. 1997).

> [W]here evidence relevant to guilt or punishment is in a third party's possession
> and is too massive for the defendant to adequately review unless obtained prior
> to trial, pre–trial production through Rule 17(c) is necessary to preserve the
> defendant's constitutional right to obtain and effectively use such evidence at
> trial. *See United States v. Murray,* 297 F.2d 812, 821 (2d Cir. [1962])
> (interpreting *Bowman* as saying that Rule 17(c) permits pretrial production if it
> is necessary for the moving party to use the material as evidence at trial).

*United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997).

Moreover, "[d]ocuments bearing on a witness's decision to 'cooperate with the

government' or any bias towards the defendant ... can be proper subjects of a Rule 17(c)

motion because those types of documents may themselves be admissible into evidence."

*Skelos*, 2018 WL 2254538, at *2; *accord United States v. Cavollo*, No. 10-cr-654 HB, 2012

WL 1195194, at *2 (S.D.N.Y. Apr. 9, 2012); *see also United States v. Larouche Campaign*, 841 F.2d 1176 (1st Cir. 1988) (requiring pretrial production of evidence that would likely show a witness's bias). With respect to admissibility, the Court is to apply a flexible standard at this stage. *See generally United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006) ("Admittedly it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents; therefore, if a document is arguably relevant and admissible under the Rules of Evidence, the *Nixon* 'evidentiary' requirement is likely satisfied."). Although courts sometimes delay the production of impeaching evidence under Rule 17(c) until after the witness testifies, courts retain the discretion to determine the timing and manner of production to avoid unnecessary delay and disruption of the trial. *Skelos, supra*.

## C.    Subpoena Duces Tecum to Gary Franklin, Sr.

As noted above, the subpoena duces tecum to Gary Franklin, Sr. seeks production of the following documents in Franklin's possession.

1. All audio recordings (and transcripts thereof) that Gary Franklin, Sr., or Jeffrey Auerbach made of conversations or meetings with Nike executives, including Jamal James, Carlton DeBose, Nico Harrison, Bryan Freedman; Mel McDonald; and/or with Michael Avenatti, discussing or referencing Franklin's potential claims against Nike, Nike's conduct directed at Franklin, and/or the payment to amateur basketball players and/or their families or agents between January 1, 2016, and March 25, 2019.

2. Unredacted versions of all text messages and e-mails between Gary Franklin, Sr., and Jeffrey Auerbach, produced by Franklin to the FBI or USAO-SDNY;

3. The "recording" referenced in the text message with the Bates-stamp "Franklin 1017."

**Franklin Request #1**

When Mr. Avenatti met with Franklin and his advisor/consultant Jeffrey Auerbach in March 2019, they revealed to Mr. Avenatti that Franklin had been recording telephone conversations and meetings with Nike executives, as well as with Freedman and McDonald, in order to preserve evidence for a future legal case against them and Nike.[2] The discovery provided by the government confirms this fact, inasmuch as text messages between Franklin and Auerbach prove that between 2017-18, Franklin made a number of recordings that Franklin thereafter identified to Auerbach by their filenames.

In 2018, Franklin shared most, if not all, of the recordings with Auerbach as they prepared the evidence of Franklin's legal claims against Nike. The recordings are not privileged. There are e-mails in discovery in which Auerbach analyzes and summarizes the significance of various recordings for Franklin, to wit:

> Hard to stomach Gary. Hate listening to these guys "handle" and bullsh[] you as they f[]k you. USAO373_00025149.

> Gary – listende [sic] to the tape. This guy is something else. OUT OF TOUCH. He's got nerve. He and Carlton come into your house, your program, which you've been running long before they ever got to Nike, and give you a directive you can't refuse (so why even ask?) and inject criminal elements and behavior in the form of Mel McDonald, order payoffs, and insist you turn over your 17 EYBL team to an overzealous and crazed parent illegally paying a handler (and God knows who else) for the use of a star high school player (Bol Bol) all to make his son look better on the court. Jamal and Carlton put you through the f[]king ringer, decimated your program, hurt your brand, cost you money and mental anguish, and NOW he's still taking to you like you did something wrong (not them) and he's willing to leave "all that stuff" behind…End of the day, we're all part of the Nike family…" A family that insists and directs you to work with a man arrested and charged with extortion 3 years before they introduced you to him for DeAndre. Nike brought criminal behavior and corruption into your house, your club … How about you recalibrate my ass. USAO373_00025269.

---

[2] Franklin has since waived the attorney-client privilege with Mr. Avenatti.

> Get the transcripts. Part 1 very incriminating stuff re Freedman admitting he's made a big financial investment in Bol Bol, Mel, he's got big future plans. He want to be his agent! I suspect a lot of NCAA violations, which are likely CA State Bar issues. Also, the money never adds up. Mr. Big talker, yet everyone was on your ass to send first Nike payment, which wasn't even for 17s. Where did all of Freedman's money go….What they did was amateurish and wrong on so many levels. USAO373_00025275.

*See* Exhibit 2 to the Declaration of Scott A. Srebnick, filed contemporaneously herewith. At some point in 2018, Franklin began uploading the digital recordings to Temi.com, a service that transcribes audio recordings.

The proposed subpoena to Franklin satisfies the requirements of Rule 17(c) and *Nixon*. First, the information sought is evidentiary and relevant. Mr. Avenatti is entitled to prove that Franklin was wronged by Nike and therefore had a plausible claim of right. Mr. Avenatti anticipates that either the government or he will call Franklin as a witness. Mr. Avenatti is entitled to corroborate the testimony, or confront the witnesses as needed, with recordings that Franklin made of his conversations with those individuals showing the misconduct and helping to establish Franklin's claims. Further, whether California law precluded Franklin from recording his conversations without the other parties' consent does not affect the admissibility of the recordings in this federal proceeding. *See, e.g., United States v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998); *United States v. DiFelice*, 837 F.Supp. 81, 82 (S.D.N.Y. 1993). Second, the recordings and transcripts are not part of the Rule 16 discovery. Third, Mr. Avenatti cannot properly prepare for trial without the production in advance of trial; the failure to obtain the information in advance of trial may lead unreasonably to delay the trial. Undersigned counsel will need to listen to multiple recordings of unknown length and determine which recordings to offer in evidence at trial. Fourth, the application is made in good faith and is not intended

as a general "fishing expedition." Mr. Avenatti is seeking specific recorded conversations related to Franklin's plausible claims against Nike. The e-mails and text messages between Auerbach and Franklin reveal that the recordings exist. Auerbach's description of several of the conversations reveals that they tend to prove civil liability of Nike for forcing Franklin to violate NCAA rules and collaborating with Freedman and McDonald to remove Franklin from the California Supreme 17U team that he had been coaching and directing for more than ten years.

### Franklin Request #2

Franklin also produced documents to the government that are Bates-stamped "Franklin 0001 to 1208." Most of these documents consist of text messages and e-mails between Franklin and Auerbach, some of which are discussed in or attached to Mr. Avenatti's prior filings. (Dkt. #29:10-16, Dkt. #30, Exhs. F, G, H, I). However, some of the text messages and e-mails between Franklin and Auerbach contain significant portions that are redacted. Upon information and belief, Auerbach is not a lawyer as his biography does not describe him as such, so the attorney-client privilege does not apply and the defense has not been provided with a privilege log. Mr. Avenatti seeks the unredacted versions of the text messages and e-mails that Franklin produced to the government to provide context to the string of text messages and emails that precede and follow the redacted ones.

### Franklin Request #3

One of the text messages (Bates-stamped "Franklin 1017"), dated March 25, 2019 – the date of Mr. Avenatti's arrest – and sent shortly after his arrest was publicized, makes reference to a voice recording that Auerbach instructs Franklin to tell an unidentified woman *not to mention*. *See* Exhibit 3 to the Declaration of Scott A. Srebnick, filed contemporaneously

herewith. Mr. Avenatti seeks production of that voice recording, as the expression of concern by Auerbach about a recording on the date of Mr. Avenatti's arrest suggests that the recording would impeach Franklin in some respect.

### D.    Timing and Procedure

Gary Franklin, Sr. is represented by counsel, who has apparently helped Franklin respond to a subpoena served by the government. Mr. Avenatti requests that Franklin be directed to produce the requested materials to undersigned counsel's office on or before October 15, 2019. Mr. Avenatti will make the materials immediately available as reciprocal discovery in the event the subpoenaed parties do not provide a copy to the government.

## III.   CONCLUSION

For the foregoing reasons, Mr. Avenatti respectfully requests that the Court authorize him to serve a subpoena duces tecum on Gary Franklin, Sr., with a return on October 15, 2019.

Respectfully submitted,

By:    /s/Scott A. Srebnick
        Scott A. Srebnick, P.A.
        201 South Biscayne Boulevard
        Suite 1210
        Miami, FL 33131
        Telephone: (305) 285-9019
        Facsimile: (305) 377-9937
        E-Mail: Scott@srebnicklaw.com

By:    /s/Jose M. Quinon
        Jose M. Quinon, P.A.
        2333 Brickell Avenue, Suite A-1
        Miami, FL 33129
        Telephone: (305) 858-5700
        Facsimile: (305) 358-7848
        E-Mail: jquinon@quinonlaw.com

*Attorneys for Defendant Michael Avenatti*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2019, I caused a true and correct copy of the foregoing to be served by e-mail on counsel of record for the government.

/s/Scott A. Srebnick
Scott A. Srebnick

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **<u>REQUEST TO SEAL</u>** |
| vs. | : | 19 Cr. 373 (PGG) |
| MICHAEL AVENATTI, | : | |
| Defendant. | : | |

———————————————————————

### DECLARATION OF SCOTT A. SREBNICK, ESQ., IN SUPPORT OF DEFENDANT AVENATTI'S MOTION FOR ISSUANCE OF A <u>RULE 17(C) SUBPOENA DUCES TECUM TO GARY FRANKLIN, SR.</u>

I, Scott A. Srebnick, Esq., pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.     I am a member of the law firm of Scott A. Srebnick, P.A., co-counsel for Defendant Michael Avenatti in this case.

2.     I submit this Declaration in support of Mr. Avenatti's Motion for issuance of a Rule 17(c) subpoena duces tecum to Gary Franklin, Sr.

3.     Attached as Exhibit 1 to this Declaration is a proposed subpoena duces tecum to be served upon Gary Franklin, Sr.

4.     Attached as Exhibit 2 to this Declaration is an exchange of e-mail messages between Gary Franklin, Sr., and Jeffrey Auerbach, provided by the government in discovery.[1]

---

[1] In the event the Court does not accept the request to seal all the materials related to the Franklin subpoena duces tecum, the government has asked that Exhibit 2 be entirely redacted, which would likewise necessitate redaction of the quoted portions of Exhibit 2 in the accompanying memorandum of law.

5.      Attached as Exhibit 3 to this Declaration is an exchange of text messages between Gary Franklin, Sr., and Jeffrey Auerbach, provided by the government in discovery.

Dated: September 6, 2019

/s/Scott A. Srebnick
Scott A. Srebnick

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2019, I caused a true and correct copy of the foregoing to be served by e-mail on counsel for the government.

/s/Scott A. Srebnick
Scott A. Srebnick

# EXHIBIT 1

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

### for the
### Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  19 cr 373 (PGG) |
| Michael Avenatti | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To:   Gary Franklin, Sr.
████████████████████████

*(Name of person to whom this subpoena is directed)*

        **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment

| Place:  Scott A. Srebnick, P.A. | Date and Time:   10/15/2019 12:00 pm |
|---|---|
| 201 S. Biscayne Blvd., #1210 | |
| Miami, FL 33131 | |

        Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

        *(SEAL)*

Date:   _____

                              *CLERK OF COURT*

                                                      _____
                                                      *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Michael Avenatti
_____ , who requests this subpoena, are:

Scott A. Srebnick, P.A., 201 South Biscayne Blvd., #1210, Miami, FL 33131 (305) 285-9019
scott@srebnicklaw.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No.   19 cr 373 (PGG)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

  **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

  **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

  **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

  **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

  **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT

1.  All audio recordings (and transcripts thereof) that Gary Franklin, Sr., or
    Jeffrey Auerbach made of conversations or meetings with Nike executives,
    including Jamal James, Carlton DeBose, Nico Harrison, Bryan Freedman;
    Mel McDonald; and/or with Michael Avenatti, discussing or referencing
    Franklin's potential claims against Nike, Nike's conduct directed at
    Franklin, and/or the payment to amateur basketball players and/or their
    families or agents between January 1, 2016, and March 25, 2019.

2.  Unredacted versions of all text messages and e-mails between Gary
    Franklin, Sr., and Jeffrey Auerbach, produced by Franklin to the FBI or
    USAO-SDNY.  These include the following Bates numbers with the
    "FRANKLIN" prefix: 0115, 0116, 0154, 0564, 0565, 0567, 0605, 0606,
    0673, 0778, 0787, 0801, 0807, 0808, 0813, 0820, 0822, 0882, 0948, 1012,
    1018, 1019, 1023, and 1034.

3.  The "recording" referenced in the text message with the Bates-stamp
    "Franklin 1017."

LAW OFFICES
# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

September 6, 2019

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
www.srebnicklaw.com

**Via E-mail to Chambers**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**REQUEST TO SEAL**

Re:     *United States v. Michael Avenatti*, No. 19-cr-373 (PGG)
        Rule 17(c) Subpoena Duces Tecum to Gary Franklin, Sr.

Dear Judge Gardephe:

We represent defendant Michael Avenatti in the above-referenced case. Today we are filing two motions pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for issuance of two subpoenas duces tecum. Neither one is being filed *ex parte*. To the contrary, we have discussed both subpoenas with the government.

One of the motions involves a proposed subpoena duces tecum to the Custodian of Records of Nike. That motion has been filed in the public record, along with a memorandum of law and Declaration (with exhibits).

The second motion involves a proposed subpoena duces tecum to Coach Gary Franklin, Sr., of the California Supreme, who is "Client-1" referenced in the Indictment. That subpoena seeks, among other things, production of recordings that Franklin made of telephone conversations and meetings he had with Nike executives in or about 2017-18. Upon information and belief, the recordings were made without the knowledge of the Nike executives. To protect the privacy of certain individuals, the government has asked that we file the motion and related documents (memorandum of law, Declaration) under seal. There is persuasive authority for sealing these materials in the Rule 17(c) context, *see United States v. Kravetz*, 706 F.3d 47, 53-56 (1st Cir. 2013), and the defense does not object. Nor do we object to providing a copy of the sealed documents to counsel for Mr. Franklin so that he may be apprised of the filing.

Accordingly, we are submitting these materials directly to the Court, by e-mail, for filing under seal. Thank you for your consideration of this request.

Respectfully,

Scott A. Srebnick
Jose M. Quinon

cc:     AUSAs Podolsky, Richenthal,
        and Sobelman

LAW OFFICES

# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

September 25, 2019

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
*www.srebnicklaw.com*

**BY EMAIL**
The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**REQUEST TO BE SEALED**

Re:  *United States v. Avenatti*, No. 19 Cr. 373 (PGG)
  **Reply to the Opposition of the Government and
  Gary Franklin, Sr., to Mr. Avenatti's Request
  For Issuance of Rule 17(c) Subpoena to Franklin**

Dear Judge Gardephe:

We represent Mr. Avenatti in this case. We write to respond to the sealed submissions of the government and Coach Gary Franklin, Sr., filed September 23, 2019, opposing Mr. Avenatti's sealed request for issuance of a Rule 17(c) subpoena duces tecum to Franklin.

Both the government and Coach Franklin seek to erect impossible hurdles for a defendant to exercise his Sixth Amendment right to compulsory process and obtain trial evidence to defend against charges that threaten to deprive him of his liberty. As demonstrated below, however, Mr. Avenatti's requests easily satisfy the *Nixon* standard for issuing the Rule 17(c) subpoena duces tecum to Coach Franklin.

**Category 1 – Audio Recordings**

Although the government and Coach Franklin both claim that Mr. Avenatti is engaging in a "fishing expedition" regarding the audio recordings, Mr. Avenatti's request is anything but. Both the government and Coach Franklin know *precisely* what Mr. Avenatti is seeking as Franklin personally made the recordings and the recordings are referenced and identified in detail in the discovery produced by Franklin and his advisor Jeffrey Auerbach to the government, and by the government to Mr. Avenatti.

To be clear, according to what Coach Franklin and Auerbach told Mr. Avenatti, beginning in or about 2016, and continuing through 2017, Nike executives Carlton Debose and Jamal James pressured Coach Franklin and others to make payments to high school basketball players (and their families) to join the Nike Elite Youth Basketball League ("EYBL"), including the California Supreme, a Nike-sponsored team founded and operated by Coach

Franklin. (*See generally* Dkt. #30-4; 30-10:6). According to Coach Franklin, notwithstanding his contract, Nike executives also forced Coach Franklin to cede control of his prestigious 17 and under team to a California lawyer named Bryan Freedman and a "handler" with a criminal record named Mel McDonald, so that Freedman could have his son play on the team alongside Bol Bol, a player who was paid money and managed by McDonald. (Dkt. #30-14:26-28). As a result, Coach Franklin lost control of that team, suffered severe damage to his brand and reputation, and began to complain of health issues caused by stress.

As Coach Franklin became more and more concerned about the collaborative actions of Nike executives and Freedman and McDonald, Franklin began to surreptitiously record conversations with them. He had the conversations transcribed by a transcription service and shared the transcripts with his advisor Auerbach. The discovery produced by Coach Franklin and Mr. Auerbach to the government and by the government to Mr. Avenatti is replete with specific references to those recordings, such that their objection based on lack of "specificity" is perplexing. But to dispel any doubt, the list below contains the filenames of sixteen recordings (as referenced in the e-mails between Coach Franklin and Auerbach, produced in discovery) with specific references to the Bates numbers in discovery.

| | |
|---|---|
| 1.  Mel_McDonald_short_convo_20181010_62409.m4a; | USAO373_00025146 and USAO373_00025563 |
| 2.  Jamal_asking_to_get_on_call_with_Freedman_20181010_71234.m4a | USAO373_00025151 and USAO373_00025570 |
| 3.  Oct_17_2018_J._James_20181018_59972.m4a | USAO373_00025269 and USAO373_00025612 |
| 4.  Part_1_B._Freedman_Meeting__20181019_59292.m4a | USAO373_00025275 and USAO373_00025615 |
| 5.  Part_2_Meeting_B._Freedman_Meeting__20181019_62396.m4a | USAO373_00025279 and USAO373_00025614 |
| 6.  Part_1_Culver_City__20181026_20996.m4a | USAO373_00025286 and USAO373_00025621 |
| 7.  _Part_1_Conf_Call_N._Harrison__Jamal_James___Carlton_D_201811 05_81472.m4a | USAO373_00025291 and USAO373_00025632 |
| 8.  Melvin_M._Convo_about_Law_Suit_vs_Nike_20181010_61154.m4a | USAO373_00025143 and USAO373_00025562 |
| 9.  3_way_call_Jama_&_Bryan__20181010_73384.m4a | USAO373_00025573 |
| 10. Bryan_F._Backing_out_on_flight_5-9-2017_20181012_869.m4a | USAO373_00025573 |
| 11. Btyan_Freedman_Threatens_Me__20181012_2318.m4a | USAO373_00025573 |
| 12. Jamal_asking_to_get_on_call_with_Freedman_20181010_71234.m4a | USAO373_00025151 and USAO373_00025570 |
| 13. Mel McDonald_short_convo.,;20181010 _62 408 Jm4 | USAO373_00025573 |
| 14. Melvin_M._Convo_about_Law_Suit_vs_Nike_20181010_61154.m4a | USAO373_00025573 |
| 15. Mike_Law_told_Nike_A_guy_big_U_was_at_a_meeting_20181012 _55909 .m4a | USAO373_00025573 |
| 16. Rodnoy_Gumory_03-201? _20181009 _? 3949.m4r'l. | USAO373_00025573 |

Recordings are also referenced at the documents Coach Franklin produced (with the "Franklin" prefix) and the following Bates numbers (*E.g.,* 0615, 0635, 0642, 0645, 0647, 0648, 0683, 0685, 0686, 0688, 0689, 0731, 0732, 0752, 0753, 0766, 0875, 0979). Moreover, Mr. Auerbach and Coach Franklin discuss the recordings and transcripts in documents with the following Bates numbers (with the "USAO373" prefix) (*E.g.,* 24187, 24188, 24201, 24205, 24206, 24207, 24208, 24225, 24225, 24231, 24232, 24233, 24255, 24257, 24258, 24260, 24261, 24263, 24267, 24294, 24304). Thus, there is no question that recordings exist of Coach Franklin's conversations with Jamal James, Carlton Debose, Nico Harrison, Bryan Freedman, and Mel McDonald, that they have been transcribed, and that they pertain to the misconduct that Coach Franklin claimed had been directed against him. This more than satisfies the requirement of specificity with respect to the recordings.

With respect to relevancy, the recordings go to the very heart of the case. Based on Auerbach's description of the recordings (excerpted in Mr. Avenatti's sealed initial Memorandum of Law in support of the Rule 17(c) subpoena, at pp. 7-8) (quoting from USAO373_25149, 25629, 25275), they help prove and corroborate that Nike executives engaged in misconduct toward Franklin. Thus, when Mr. Avenatti approached Nike lawyers in March 2019 as an agent of Coach Franklin, he was there to settle a real claim on behalf of a real client based on real misconduct, as it was summarized by Coach Franklin and Mr. Auerbach to Mr. Avenatti in two in-person meetings and several telephone conversations. Mr. Avenatti is entitled to prove to the jury that he did not approach Nike lawyers with the intent to extort Nike, but rather to settle a real claim. The fact that Mr. Avenatti had not previously listened to the recordings does not render the recordings irrelevant; instead, they corroborate and validate Mr. Avenatti's good faith belief in (a) the misconduct Coach Franklin had described for Mr. Avenatti and (b) Coach Franklin's demand for both restitution and justice.

The government and Coach Franklin argue that the contents of the recordings would all be inadmissible hearsay. That is not so. It is true that courts have refused to order production under Rule 17(c) of certain types of recordings and transcripts that are classic hearsay on their face, such as interview reports and deposition transcripts, *see, e.g., United States v. Cuthbertson*, 651 F.2d 189 (3d Cir. 1981) (witness interviews conducted by CBS program 60 minutes); *United States v. Ceballo*, No. 03 Cr 283 (SWK), 2003 WL 21961123, *2 (police investigative files); *United States v. Skelos*, No. 15 Cr 317 (KMW), 2018 WL 2254538, *4 (S.D.N.Y. May 17, 2018) (deposition transcripts). Plainly, deposition transcripts and interview reports contain out-of-court assertions of fact that are being offered for their truth and are hearsay. By contrast, statements made by Nike executives and Freedman and McDonald to Coach Franklin, directing him to do certain things and threatening his program, would not be offered for the truth and are not hearsay. *See United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir. 1999) ("Statements offered as evidence of commands or threats or rules directed to the witness, rather than for truth of the matter asserted therein, are not hearsay."); *United States v. Amato*, No. 03-Cr-1382 (NGG), 2006 WL 1891119, *1 (E.D.N.Y. June 27, 2006). Moreover, they are relevant to Coach Franklin's state of mind and, to the extent they

are against the interest of the Nike executives, are covered by an exception to the hearsay rule. *See* Fed.R.Evid. 804(b)(3). To the extent the recordings contain some statements that might be hearsay, this militates in favor of early production under Rule 17(c), so that the parties have sufficient time to identify the hearsay prior to trial and redact it from the recordings in an appropriate way.

Finally, Coach Franklin's contention that Mr. Avenatti seeks an "extraordinarily vast array of information he hopes *might* be in the possession of his former client" and that production would be oppressive is baseless. Coach Franklin's e-mails and text messages show that the recordings and transcripts are in his possession and, furthermore, they show that he has them all conveniently stored for safekeeping at Auerbach's suggestion in a Drop Box and with a third-party transcription service. It would take very little time to produce a copy for the parties on a flash drive. The burden associated with compliance can only be described as minimal.


## Category #2 -- Redactions

Coach Franklin is partially mistaken about what redactions Mr. Avenatti is seeking to have unredacted. (Franklin Memo of Law, at 7). Mr. Avenatti is not seeking to remove the redactions on "pages 10-16 of ECF No. 29 and Exhibits F, G, H, and I of ECF No. 30," as *undersigned counsel* made those redactions to remove personal identifying information. Rather, Mr. Avenatti is seeking to have un-redacted certain redactions within the text messages and e-mails between Coach Franklin and Jeffrey Auerbach, which are in the heart of the Rule 16 production. Those are identified in the Attachment to the proposed Franklin subpoena duces tecum (Exh. 1 to the Declaration of Scott Srebnick), and are identified by the following Bates numbers with a "Franklin" prefix: (0115, 0116, 0154, 0564, 0565, 0567, 0605, 0606, 0673, 0778, 0787, 0801, 0807, 0808, 0813, 0820, 0822, 0882, 0948, 1012, 1018, 1019, 1023, 1034). Mr. Avenatti acknowledges that he does not know what is in the redactions, *but they are within the Rule 16 discovery* and he has specifically identified them. Moreover, producing unredacted versions of those limited, clearly identified documents would likely take less than twenty minutes to copy onto a flash drive.

Coach Franklin concedes the redactions pertain to communications involving himself and Auerbach and unidentified lawyers for the purpose of obtaining legal advice related to California Supreme – as opposed to some other purpose -- so they are clearly relevant. Mr. Avenatti does not dispute that Auerbach was acting as a consultant/advisor/agent to Coach Franklin and California Supreme. For privilege purposes, however, Coach Franklin has failed to demonstrate in his memorandum that Auerbach, a non-lawyer, played "an indispensable role" – as opposed to a useful one – in facilitating attorney-client communications with those lawyers. *See Allied Irish Banks v. Bank of America, N.A.,* 240 F.R.D. 96, 103-04 (S.D.N.Y. 2007) ("[T]he involvement of the third party [must] be nearly indispensable or serve some specialized purpose in facilitating attorney-client communications."). Thus, the privilege has

not been established.   Regardless, Mr. Avenatti has no objection to the government's alternative suggestion that the Court should first review the materials *in camera* if the Court is inclined to grant the request.


## Category #3 – Unidentified Recording

Mr. Avenatti acknowledges that he seeks the "recording" referenced in a text message between Mr. Auerbach and Coach Franklin on March 25, 2019, for impeachment purposes. Mr. Avenatti had been arrested that day and Coach Franklin was instructed by Mr. Auerbach to tell an unidentified woman not to mention the recording.  Inasmuch as we seek it only for impeachment purposes, we would ask that this recording be produced at the latest immediately after the government first calls Coach Franklin as a witness.

Respectfully submitted,

Scott A. Srebnick
Jose M. Quinon


cc:     Counsel of Record (via email)
        Counsel for Gary Franklin (via email)