

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 6, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *United States v. Michael Avenatti*,
           19 Cr. 373 (PGG)

Dear Judge Gardephe:

     The Government respectfully writes in response to the Court's Order of earlier today (Dkt. No. 121) directing public filing of certain documents relating to the defendant's motion for issuance of a Rule 17(c) subpoena. Attached to this letter, please find (1) the Government's opposition to that motion, dated September 23, 2019; and (2) the Government's letter, dated October 27, 2019, submitted in response to the Court's prior sealed Order.

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney

                       By:    <u>s/ Matthew D. Podolsky</u>
                                 Matthew D. Podolsky
                                 Daniel C. Richenthal
                                 Robert B. Sobelman
                                 Assistant United States Attorneys
                               (212) 637-1947/2109/2616

Attachments

cc:     (by ECF)

       Counsel of Record

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 23, 2019

**REQUESTED TO BE FILED UNDER SEAL**

**BY EMAIL**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*,
            19 Cr. 373 (PGG)

Dear Judge Gardephe:

      The Government respectfully writes in opposition to the defendant's motion for issuance of a subpoena pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure to be served on Gary Franklin, Sr. ("Franklin"), in support of which the defendant filed a memorandum under seal on September 6, 2019 ("Def. Mem."). Franklin's counsel filed a memorandum under seal objecting to the proposed subpoena earlier today, September 23, 2019 ("Franklin Ltr.").[1] The Government agrees that the defendant seeks information from Franklin that is beyond the scope of Rule 17. The defendant's motion accordingly should be denied.

      **I.**      **Applicable Law**

      Rule 17(c) "was not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974); *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) (same). Instead, because the rule's "purpose is trial-focused," a Rule 17(c) subpoena "may be used only to obtain materials admissible as evidence at trial." *United States v. Louis*, No. 04 Cr. 203 (LTS), 2005 WL 180885, at *3 (S.D.N.Y. Jan. 27, 2005). Moreover, "[d]efendants may not seek material under Rule 17 that they are prohibited from obtaining under Rule 16." *United States v. Boyle*, No. 08 Cr. 523 (CM), 2009 WL 484436, at *2 (S.D.N.Y. Feb. 24, 2009); *see also, e.g.*, *United States v. Ceballo*, No. 03 Cr. 283 (SWK), 2003 WL 21961123, at *1 (S.D.N.Y. Aug. 18, 2003) ("'Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16.'" (quoting *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995))).

---

[1] The Government believes that, as both the defendant outlined in his cover letter enclosing his memorandum and related materials and Franklin's counsel outlined in his cover letter enclosing his memorandum in opposition, the defendant's motion and materials filed in response should be maintained under seal, at least at this time. However, the Government will file a redacted version of this letter upon request.

Honorable Paul G. Gardephe
United States District Judge
September 23, 2019
Page 2

Accordingly, a defendant seeking documents by Rule 17(c) subpoena bears the burden of satisfying the "strict standard" set forth by the Supreme Court in *Nixon*, namely of "specifically identifying the materials sought and showing that they are relevant and admissible." *United States v. Brown*, No. 95 Cr. 168 (AGS), 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995); *see also Louis*, 2005 WL 180885, at *5 (party seeking documents pursuant to a Rule 17(c) subpoena must be able to "reasonably specify the information contained or believed to be contained in the documents sought" and establish both relevancy and admissibly (internal quotation marks omitted)). The defendant must also demonstrate that the material sought through the Rule 17(c) subpoena is "not otherwise procurable in advance of trial by the exercise of due diligence." *Boyle*, 2009 WL 484436, at *2 (citing *Nixon*, 418 U.S. at 699-700).

Rule 17(c) may not be used to conduct a "general 'fishing expedition.'" *Nixon*, 418 U.S. at 700. Indeed, precisely because the rule poses such a risk of abuse and misuse, courts are stringent in holding those seeking to obtain documents to Rule 17(c) to their burden of demonstrating that the documents sought are (1) relevant, (2) admissible, and (3) specifically identified, and it is "insufficient" for a party to show only that the subpoenaed documents "are *potentially* relevant or *may* be admissible." *United States v. RW Prof'l Leasing Servs. Corp.*, 228 F.R.D. 158, 162 (E.D.N.Y 2005) (emphases added). Requests accurately characterized as fishing expeditions "deserve[] to be quashed" on that basis alone. *United States v. Yian*, No. 94 Cr. 719 (DLC), 1995 WL 614563, at *2 (S.D.N.Y. Oct. 19, 1995).

Consistent with those principles, a Rule 17 subpoena may not be used to seek the prior statements of an anticipated trial witness. Indeed, Rule 17 expressly prohibits a party from serving a subpoena for this purpose. *See* Fed. R. Crim. P. 17(h) ("No party may subpoena a statement of a witness or of a prospective witness under this rule.").

Nor may a Rule 17(c) subpoena be used to obtain material that could be used only, if at all, to impeach a potential witness. *See, e.g.*, *United States v. Nektalov*, No. 03 Cr. 828 (PKL), 2004 WL 1574721, at *2 (S.D.N.Y July 14, 2004) ("documents sought solely for impeachment purposes are not the proper subject of a Rule 17(c) subpoena") (citing *Nixon*, 418 U.S. at 700; *Cherry*, 876 F. Supp. at 553); *United States v. Jasper*, No. 00 Cr. 825 (PKL), 2003 WL 1107526, at *2 (S.D.N.Y. Mar. 13, 2003) (quashing defendant's subpoena for personnel files regarding a government witness where the documents were sought only for impeachment and would not have been admissible at trial); *United States v. Iozia*, 13 F.R.D. 335, 340 (S.D.N.Y. 1952) (Rule 17(c) cannot be used "to require in advance of trial, and in preparation for trial, a disclosure to the defendant of information which may tend to impeach persons the Government may or may not call as witnesses"); *see also United States v. Bergstein*, No. 16 Cr. 746 (PKC), 2018 WL 9539856, *2 (S.D.N.Y. Jan. 22, 2018) ("The government's discovery obligations are defined by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), 18 U.S.C. § 3500, and Rule 16, Fed. R. Crim. P.—not by now-quashed or proposed Rule 17(c) subpoenas.").

Honorable Paul G. Gardephe
United States District Judge
September 23, 2019
Page 3

## II. Discussion

The defendant asks this Court to authorize a broad subpoena to Franklin, returnable on or before October 15, 2019, requiring the production of:

1. All audio recordings (and transcripts thereof) that Gary Franklin, Sr., or Jeffrey Auerbach made of conversations or meetings with Nike executives, including Jamal James, Carlton DeBose, Nico Harrison, Bryan Freedman; Mel McDonald; and/or [the defendant], discussing or referencing Franklin's potential claims against Nike, Nike's conduct directed at Franklin, and/or the payment to amateur basketball players and/or their families or agents between January 1, 2016, and March 25, 2019;

2. Unredacted versions of all text messages and e-mails between Gary Franklin, Sr., and Jeffrey Auerbach, produced by Franklin to the FBI or USAO-SDNY; and

3. The "recording" referenced in the text message with the Bates-stamp "Franklin 1017."

(Def. Mem. 6.)

None of this is an appropriate subject of a Rule 17(c) subpoena, much less well before trial.

### A. The First Category (Alleged Recordings of Nike Employees)

The first—and broadest—category of materials sought by the defendant fails for multiple reasons.

As an initial matter, the defendant's request plainly does not specifically identify documents that will be relevant and admissible at trial, calling instead for all recordings and transcripts concerning "the payment to amateur basketball players and/or their families or agents," regardless of the nature of the payment, regardless of whether it was relevant to Franklin's potential claim, and regardless of whether it was ever discussed with or known to the defendant, for a time period of more than three years. This is precisely the kind of blanket request that courts uniformly hold is insufficient. *See United States v. Barnes*, No. 04 Cr. 186 (SCR), 2008 WL 9359654, at *4 (S.D.N.Y. Apr. 2, 2008) (quashing motion that "blindly seeks 'all' documents and records that fall into several categories for an approximate 23-month period rather than identifiable pieces of evidence" because "[s]uch a blanket request implicates all of the problems associated with a classic 'fishing expedition'"); *RW Prof'l Leasing Servs. Corp.*, 228 F.R.D. at 163, 164 (rejecting as "overbroad and totally unreasonable" various requests calling for production of "[a]ll documents" noting it was likely to result in a "massive search for countless documents"); *Louis*, 2005 WL 180885, at *5 (rejecting as too broad a Rule 17(c) subpoena requesting "any and all" documents relating to several categories of subject matter).

Honorable Paul G. Gardephe
United States District Judge
September 23, 2019
Page 4

Second, and in any event, as with his proposed subpoena to Nike, the defendant does not attempt to connect his request to his contemporaneous knowledge. On the contrary, he appears to acknowledge that he was *not* aware of the contents of what he seeks at the time he acted, or even that all of the recordings he seeks existed (assuming they did). (*See* Def. Mem. 7.) This request is thus yet another improper attempt to seek to uncover alleged evidence of alleged misconduct by Nike—without any connection to the defendant's contemporaneous mental state.

Finally, the defendant also appears to acknowledge that one basis for what he seeks (and the only conceivable basis with respect to those materials of which he was not contemporaneously aware) is impeachment. (*See* Def. Mem. 8.) Such a request is improper. *See, e.g.*, *Nektalov*, 2004 WL 1574721, at *2; *Jasper*, 2003 WL 1107526, at *2. Suggesting to the contrary, the defendant notes without elaboration earlier in his brief that certain courts have permitted the use of a Rule 17(c) subpoena to obtain evidence of an incentive to cooperate with the government or, conversely, "bias." (Def. Mem. 5-6 (internal quotation marks omitted).) But even if that were the law (which the Government does not concede), the defendant here makes no effort to explain how or even argue that the materials he seeks from Franklin constitute evidence of an incentive to cooperate with the Government or of bias, and no basis for such a conclusion is apparent. In any event, the defendant omits that where courts have permitted a limited use of Rule 17(c) for this purpose, they have either ordered production delayed until after a witness testifies (and a determination may be made whether the materials in fact are impeaching) or ordered production to the court for *in camera* review. *See United States v. Skelos*, No. 15 Cr. 317 (KMW), 2018 WL 2254538, at *2, 6 (S.D.N.Y. May 17, 2018). The defendant does not seek to follow such a procedure. Instead, he seeks an order requiring Franklin to produce all materials directly to the defendant, and that he do so at least a month before trial, without any requirement that the materials, in fact, show bias or any other ground for impeachment, and without any limitation on how the materials may be used. This attempt is both unprecedented and improper.

### B. The Second Category (Unredacted Versions of Text Messages and Emails)

The second category of materials sought by the defendant fails for similar reasons. Indeed, the defendant does not even attempt to provide a theory of relevance or admissibility for what he seeks. He merely asks that he be provided with unredacted copies of certain materials "to provide context." (Def. Mem. 9.) He does not offer further explanation. At a minimum, given that these redactions were, as proffered by Franklin's counsel, made for reasons of privacy and/or privilege (*see* Franklin Ltr. 7), to the extent the Court might be inclined to grant this request, it should first review the materials *in camera*.

### C. The Third Category (Recording Referenced in a Text Message)

The third category of material sought by the defendant (regarding a recording potentially made by Frankin) can and should be swiftly dismissed. The defendant offers no analysis whatsoever as to how this item could even conceivably fit within the law regarding the proper use of Rule 17(c). The defendant merely asserts that he believes that other evidence "suggests" that this item "would impeach Franklin in some respect." (Def. Mem. 10.) Because a Rule 17(c) subpoena may not be used to seek to obtain such impeachment material (as opposed to, in the view of certain courts, evidence of bias, as discussed above) this request should be denied. But even

Honorable Paul G. Gardephe
United States District Judge
September 23, 2019
Page 5

assuming that a Rule 17(c) subpoena could be used in an appropriate case to seek to obtain such material, a "suggest[ion]" that something might impeach a witness "in some respect" is conclusory speculation, and as such, it does not come close to meeting the defendant's burden.  *See, e.g.*, *United States v. Barnes*, 560 F. App'x 36, 40 (2d Cir. 2014) (affirming order quashing subpoena because moving party "proferr[ed] only speculation"); *cf. United States v. Rivera*, No. 13 Cr. 149 (KAM), 2015 WL 1540517, at *4 (E.D.N.Y. Apr. 7, 2015) (rejecting request for subpoena based on a speculation that the type of communications requested often includes impeachment material).

### III. Conclusion

For the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:  s/ Daniel C. Richenthal
Matthew D. Podolsky
Daniel C. Richenthal
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2109/2616

cc: Counsel of Record (by email)

Counsel for Gary Franklin, Sr. (by email)





**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 27, 2019

**REQUESTED TO BE FILED UNDER SEAL**

**BY EMAIL**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *United States v. Michael Avenatti*,
            19 Cr. 373 (PGG)

Dear Judge Gardephe:

      The Government respectfully writes in response to the Court's sealed order, dated October 25, 2019, directing the Government to file a letter advising the Court of whether the Government has in its possession unredacted versions of the documents bearing identification numbers FRANKLIN0115, 0116, 0154, 0564, 0565, 0567, 0605, 0606, 0673, 0778, 0787, 0801, 0807, 0808, 0813, 0820, 0822, 0882, 0948, 1012, 1018, 1019, 1023, and 1034.  The Government has confirmed that it received those documents in redacted form from Gary Franklin, Sr.'s counsel, did not make any additional redactions to those documents prior to production to the defense, and does not possess unredacted versions of those documents.

      Because this letter relates to a sealed motion, and for the reasons set forth in the letter from Mr. Franklin's counsel to the Court dated September 27, 2019, the Government respectfully requests that this letter be filed and maintained under seal until further order of the Court.

                        Respectfully submitted,

                        GEOFFREY S. BERMAN
                        United States Attorney

          By:   s/ Matthew D. Podolsky
                Matthew D. Podolsky
                Daniel C. Richenthal
                Robert B. Sobelman
                Assistant United States Attorneys
                (212) 637-1947/2109/2616

cc:     Counsel of Record (by email)