*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 6, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*,
              **19 Cr. 373 (PGG)**

Dear Judge Gardephe:

      The Government respectfully submits this letter in response to the defendant's letter of January 2, 2020 ("Def. Ltr.") (Dkt. No. 113), which was filed in response to the Government's supplemental expert disclosure of December 27, 2019 (Dkt. No. 110).

      I.      <u>Expert Testimony on Pertinent Duties and Rules Is Both Common and Proper</u>

      In his letter, the defendant repeats his claim that, in a criminal case in which the Government bears the burden of demonstrating that the defendant committed honest services fraud, the Government should not be permitted to offer any evidence whatsoever to assist the jury to (a) understand the nature and scope of the honest services, *i.e.*, duties, to which he owed his client, and (b) weigh whether the defendant violated those duties, whether in the form of expert testimony or otherwise. (Def. Ltr. 1-5.) The defendant offers no support for such an expansive proposition. It is not the law. *See, e.g.*, *United States v. Kellington*, 217 F.3d 1084, 1098 (9th Cir. 2000) ("It is well settled that in the prosecution of a lawyer for conduct stemming from his or her representation of a client, expert testimony on the lawyer's ethical obligations is relevant to establish the lawyer's intent and state of mind."); *United States v. Brooks*, No. 06 Cr. 550 (JS), 2010 WL 291769, at *4 (E.D.N.Y. Jan. 11, 2010) (appropriate for an expert to describe "corporate governance and accounting concepts, such as the nature of fiduciary duties, [and] a publicly-held corporation's disclosure requirements").

      In support of the broad proposition for which he advocates, the defendant asserts that the "only fiduciary duty that is relevant in 'an honest services wire fraud' case is the duty not to engage in bribery or kickbacks." (Def. Ltr. 5.) Not so. The Government must prove that the defendant owed his client (Client-1) a fiduciary duty. *See Skilling v. United States*, 561 U.S. 358, 407 (2010); *United States v. Halloran*, 821 F.3d 321, 337-38, 340 (2d Cir. 2016); *United States v. Rybicki*, 354 F.3d 124, 133 (2d Cir. 2003). Indeed, the defendant's own Requests to Charge propose that the Court instruct the jury that the Government "must prove" that the defendant "owed a fiduciary duty" to Client-1 and "solicited the payment of a bribe or kickback . . . in violation of such fiduciary

Honorable Paul G. Gardephe
United States District Judge
January 6, 2020
Page 2

duty." (Def. Requests to Charge (Dkt. No. 97), Request No. 32.) The defendant's position thus appears to be that while the Government must prove beyond a reasonable doubt both the existence and violation of a fiduciary duty to his client, the jury should neither be provided with any evidence tending to prove that the defendant owed such a duty, nor any guidance whatsoever regarding the scope and contours of that duty, including whether and in what circumstances a side payment would violate that duty. This position is unsupported by law or logic.

In the alternative, the defendant states that if the Court determines that the scope and contours of the duty—which rests, as the defendant appears to agree, on the professional responsibility standards and rules governing a lawyer admitted to the bar of the State of California—the Court should simply instruct the jury "on those rules." (Def. Ltr. 5.) But the information the jury needs to perform its function is not limited to the literal text of the rules; it necessarily also encompasses what those rules *mean*, and, more fundamentally, what are the overarching duties (which the rules merely serve to help enforce) that an attorney owes to his or her client. As the Court noted at the December 17, 2019 conference, that is a subject beyond the ken of the average lay juror. Instructions are not a substitute for evidence assisting the jury to understand the standards and rules of a complex profession. *See, e.g.*, *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). But even if they were a substitute in a hypothetical case, this is not that case.

On the contrary, even if the Court were expressly to instruct the jury that a lawyer owes his or her client a fiduciary duty, and that solicitation of a *quid pro quo* payment would violate such a duty, evidence concerning the duties owed by an attorney to his or her client, and the applicable rules, remains relevant and admissible to help demonstrate the defendant's knowledge and intent. As explained in the Government's brief in opposition to the defendant's motion to preclude expert testimony (Dkt. No. 98), it is apparent that the defendant intends to argue that his charged conduct was no more than an attorney vigorously representing a client, and that he was therefore not acting wrongfully or with an intent to defraud. (*See, e.g.*, Def. Mot. to Dismiss Indictment (Dkt. No. 35) 1, 11-16; Def. Mot. to Dismiss Count Three (Dkt. No. 75) 9-10; Def. Requests to Charge (Dkt. No. 97), Request No. 25; Def. Opp'n to Gov't MIL (Dkt. No. 109) 12.) It is also apparent that the defendant intends to ask the jury to infer from the fact that he has previously filed complaints or held press conferences that it was proper to threaten the latter here. (*See* Def. Opp'n to Gov't MIL (Dkt. No. 109) 17.) Without expert testimony, the jury will have little—or no—ability to place such arguments in context or to evaluate intelligently any evidence that may offered by the defendant in support of his position. Moreover, there is a substantial risk that the lay jury would assume that there are no meaningful duties or rules governing lawyers apart from not taking explicit bribes, including a duty of communication and a duty of confidentiality, and that the defendant was accordingly entirely free to choose, on his own, what to make "part of his litigation strategy." (*Id.*) That assumption would be both false and highly prejudicial to the Government.

Honorable Paul G. Gardephe
United States District Judge
January 6, 2020
Page 3

In short, the defendant cannot reasonably argue to the jury that he was acting in good faith and within the scope of his duties as an attorney, while blocking all evidence of what those duties are.[1]

Finally, to the extent that the defendant simply disagrees with what the Government's expert is expected to say (although he has not identified with specificity any material areas of disagreement), the remedy is cross-examination, and/or for him to call his own expert—which he has, in fact, retained—not preclusion. *See, e.g.*, *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002); *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995). And to the extent that there is any appreciable risk that the jury might misapprehend the purpose of the admission of expert testimony, the Government has no objection to an appropriate limiting instruction, were the defendant to request one, and the Government has itself proposed an instruction for the jury charge that places such testimony in context. (*See* Gov't Requests to Charge (Dkt. No. 95) 25; *see also* Gov't Letter, dated Dec. 30, 2019 (Dkt No. 111), at 12-13.)

II.     Examples or Hypothetical Questions Are Both Common and Proper

The defendant's objection (Def. Ltr. 2) to the Government posing hypothetical questions should be rejected for substantially the same reasons. Again, that is not the law. *See, e.g.*, *Barefoot v. Estelle*, 463 U.S. 880, 903 (1983) ("Expert testimony, whether in the form of an opinion based on hypothetical questions or otherwise, is commonly admitted as evidence where it might help the factfinder do its assigned job."); *United States v. Muzaffar*, 714 F. App'x 52, 55 (2d Cir. 2017) (rejecting challenge to expert testimony where only limited hypotheticals "closely matched the facts of the case" and the district court provided a limiting instruction regarding such hypotheticals); *United States v. Offill*, 666 F.3d 168, 176 (4th Cir. 2011) ("It is well established that experts may offer opinions based on hypothetical questions proposed by the attorneys questioning them."); *Bilzerian*, 926 F.2d at 1294 ("The mere use of hypotheticals does not usurp the jury's function of applying the law to the facts of the case." (citing *United States v. Scop*, 846 F.2d 135, 143 (2d Cir. 1988))).

This is so for a very good reason. As discussed above, the pertinent duties and rules are beyond the ken of the average juror. To explain clearly to a lay jury what those duties and rules mean in practice, it is entirely appropriate for an expert to provide examples or to answer hypothetical questions. As previously noted, consistent with the Government's understanding of the Court's tentative view of the appropriate scope of expert testimony in this case, the Government does not intend to ask its expert questions in a manner that asks the expert to assume the truth of

---

[1] The defendant ignores that the Government's expert is also expected to testify that the duties and rules are public and generally known within the legal community, and indeed, that lawyers must pass the Multistate Professional Responsibility Examination and certify every three years, if they wish to remain members of the California bar, to having taken continuing legal education, including with respect to ethics. Such testimony is both relevant and proper. Indeed, without it, the jury would have no real ability to discern whether the defendant was aware of his duties. The defendant is not entitled to leave the jury with a misimpression that the duties are obscure or not made known to lawyers who practice in California.

Honorable Paul G. Gardephe
United States District Judge
January 6, 2020
Page 4

the allegations of misconduct in the Superseding Indictment (unless the defendant opens the door). Instead, the Government intends to ask its expert questions designed to help the lay jury understand the nature and scope of duties and rules with which it is likely to have limited or no familiarity and are not obvious. For example, as the Government explained in its letter, it may ask its expert (i) what kind of tactical decisions a lawyer is obligated to discuss with his or her client, (ii) when a lawyer is obligated to convey an offer or suggestion of a potential settlement to a client, (iii) what types of events or developments are significant and should be relayed to a client, (iv) when and to what extent the means of achieving a client's objectives should be discussed with a client, and (v) whether an offer that addresses some but not all of a client's objectives must be conveyed to a client. These questions are perfectly permissible and helpful to the jury, and the defendant's expert appears prepared to answer some or all of the same questions. (*See* Dkt. No. 96-1, at 1-3.)

Of course, if, as the defendant posits, a particular request for an example or a hypothetical question is "so divorced from the facts of the case" that the answer to the question would be "irrelevant" and a "waste of time," that question may be objectionable. (Def. Ltr. 2.) But that is not a basis for wholesale preclusion, in advance of trial, whether in this area or any other.[2]

### III.   The Defendant Should Be Ordered to Provide Supplemental Expert Notice

In its supplemental disclosure, the Government requested that the defendant be ordered to provide supplemental disclosure with additional detail concerning his proffered expert's opinions.[3] The defendant has declined to do so on the ground that the Court has not ordered him to do so. (Def. Ltr. 5-6.) That does make the defendant's disclosure to date adequate. In particular, the Government has exceedingly little understanding, with only two weeks before trial, of what areas of disagreement—if any—exist between the Government's expert and the defendant's expert.

The defendant also suggests that he cannot meaningfully supplement his disclosure without first receiving certain material pursuant to 18 U.S.C. § 3500. (Def. Ltr. 6.) This is not consistent with the parties' agreed upon schedule for pretrial disclosures, the text of Rule 16, or common sense. Indeed, as the defendant acknowledges (*id.*), the meetings and communications about which he seeks early 3500 material were with him. The defendant plainly does not lack information about them—and he is more than able to seek to "align" his expert's expected testimony with his

---

[2] The defendant also appears to suggest that the Government may not have provided sufficient information in certain areas. (Def. Ltr. 4.) Given the breadth of the Government's disclosure, including a more than 15-page supplemental letter (Dkt. No. 110), this suggestion is meritless. The Government has provided more information than the "summary" required under Federal Rule of Criminal Procedure 16(a)(1)(G), and far more than the defendant has provided, notwithstanding that he has the same expert disclosure obligations, *see* Fed. R. Crim. P. 16(b)(1)(C).

[3] This request is in addition to the Government's pending motion for preclusion of certain of the testimony for which the defendant previously provided notice, as offered without an apparent basis in his proffered expert's qualifications, insufficiently described, and/or in any event irrelevant or otherwise inadmissible. (*See* Gov't Mot. *in Limine* (Dkt. No. 96) 26-29; Gov't Reply (Dkt No. 118) 26.)

Honorable Paul G. Gardephe
United States District Judge
January 6, 2020
Page 5

defense (*id.*), should he believe that to be proper and wish to do so. In any event, as described above and in its supplemental disclosure, the Government intends to elicit testimony regarding the meaning of indisputably relevant duties and rules, which the Government has identified. There is no obstacle to the defendant providing his expert's opinions with respect to the same duties and rules (and any others he deems pertinent).

At bottom, the defendant does not even attempt to explain why he cannot promptly review the Government's detailed supplemental disclosure, and then provide his own, including identifying any areas of disagreement and the bases for such disagreement. He simply declines to do so. He should be ordered to do so. *See, e.g.*, *United States v. Ulbricht*, 858 F.3d 71, 114 (2d Cir. 2017).

          Respectfully submitted,

          GEOFFREY S. BERMAN
          United States Attorney

By:    s/ Daniel C. Richenthal
       Matthew D. Podolsky
       Daniel C. Richenthal
       Robert B. Sobelman
       Assistant United States Attorneys
       (212) 637-1947/2109/2616

cc:    (by ECF)

       Counsel of Record