# Durie Tangri

Whitney O'Byrne
415-236-6300 (main)
wobyrne@durietangri.com

January 9, 2020

**VIA ECF**

Hon. Paul G. Gardephe
United States District Court – Southern District of New York
Thurgood Marshall U.S. Courthouse, Courtroom 705
40 Foley Square
New York, NY 10007

Re:   *United States v. Michael Avenatti*, No. 19-cr-373 (PGG)
     Compliance with Order of Jan. 6, 2020 (Dkt. No. 121)

Dear Judge Gardephe,

In compliance with the Court's January 6, 2020 Order (Dkt. No. 121), I am filing on the public docket the following documents:

| | | |
|---|---|---|
| Exhibit 1: | Non-Party Gary Franklin's Objection to Defendant Avenatti's Motion for Issuance of Subpoena Duces Tecum, Pursuant to Rule 17(c), dated Sept. 23, 2019 | |
| Exhibit 2: | Transmittal Letter Requesting Sealing, dated Sept. 23, 2019 | |
| Exhibit 3: | Declaration of Michael J. Proctor in Support of Non-Party Gary Franklin's Request to File Under Seal Objection to Defendant Avenatti's Motion for Issuance of Rule 17(c) Subpoena Duces Tecum | |

Counsel attempted to transmit this letter and the exhibits thereto on January 8, 2020, but as a result of needing to update the undersigned's law firm information, was unable to do so until January 9, 2020.

Respectfully Submitted,

Whitney O'Byrne

cc:   Matthew D. Podolsky, Daniel C. Richenthal, Robert B. Sobelman, Scott A. Srebnick,
     Jose M. Quinon

217 Leidesdorff Street    530 Molino Street, Suite 111
San Francisco, California 94111    Los Angeles, California 90013
(415) 362-6666    (213) 992-4499
www.durietangri.com

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **REQUEST TO SEAL** |
| Plaintiff, | |
| | Case No. 19 CR. 373 (PGG) |
| v. | |
| MICHAEL AVENATTI | |
| Defendant. | |

**NON-PARTY GARY FRANKLIN'S OBJECTION TO DEFENDANT AVENATTI'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM, PURSUANT TO RULE 17(C)**

# <u>TABLE OF CONTENTS</u>

**Page**

I.      PRELIMINARY STATEMENT ........................................................................1

II.     BACKGROUND .........................................................................................1

      A.      Factual Background ........................................................................1

      B.      Mr. Avenatti's Supboena Requests.....................................................2

III.    RULE 17(C) IS NOT A DISCOVERY DEVICE...............................................3

IV.     THE PROPOSED SUBPOENA IS AN IMPROPER FISHING EXPEDITION ...............4

      A.      Mr. Avenatti Has Not Shown That The Communications Requested In Category No. 1 Are Relevant Or Admissible ..........................................................4

      B.      Mr. Avenatti Has Not Shown That The Communications Requested In Category No. 2 Are Relevant Or Admissible ..........................................................6

      C.      Mr. Avenatti Has Not Shown That The Communications Requested In Category No. 3 Are Relevant Or Admissible ..........................................................8

      D.      Compliance With The Subpoena Would Be Unreasonable And Oppressive .........8

V.      CONCLUSION.............................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*,
 160 F.R.D. 437 (S.D.N.Y. 1995) ............................................................................................7

*Bowman Dairy Co. v. United States*,
 341 U.S. 214 (1951) ...............................................................................................................3

*U.S. v. Barnes*,
 560 F. App'x 36 (2d Cir. 2014) .............................................................................................4

*United States v. Bergstein*,
 No. 16-cr-746 (PKC), 2017 WL 6887596 (S.D.N.Y. Dec. 28, 2017) .....................................3

*United States v. Cherry*,
 876 F. Supp. 547 (S.D.N.Y. 1995).........................................................................................3

*United States v. Cuthbertson*,
 651 F.2d 189 (3d Cir. 1981), *cert. denied*, 454 U.S. 1056 (1981)...........................................6

*United States v. Marchisio*,
 344 F.2d 653 (2d Cir. 1965).................................................................................................4

*United States v. Mendinueta-Ibarro*,
 956 F. Supp. 2d 511 (S.D.N.Y 2013)....................................................................................5

*United States v. Nixon*,
 418 U.S. 683 (1974)................................................................................... *passim*

*United States v. Rich*,
 No. 83 Cr. 579 (SWK), 1984 WL 845 (S.D.N.Y. Sept. 7, 1984) .............................................5

*United States v. Sawinski*,
 No. 00 CR. 499 RPP, 2000 WL 1702032 (S.D.N.Y. Nov. 14, 2000) ......................................8

*United States v. Skelos*,
 No. 15-CR-317 (KMW), 2018 WL 2254538 (S.D.N.Y. May 17, 2018)..................................3

*United States v. Weissman*,
 No. 01 CR. 529(BSJ), 2002 WL 31875410 (S.D.N.Y. Dec. 26, 2002).................................4, 6

**Other Authorities**

Fifth Amendment to U.S. Constitution ............................................................................................1

Fed. R. Crim. P. 16 .................................................................................................................3

Fed. R. Crim. P. 17(c) ................................................................................................. *passim*

## I.     PRELIMINARY STATEMENT

On September 6, 2019, Defendant Michael Avenatti filed a motion for issuance of a subpoena under Rule 17(c) of the Federal Rules of Criminal Procedure demanding an extraordinarily vast array of information he hopes *might* be in the possession of his former client, non-party Gary Franklin.[1]  The scope of the unspecified, irrelevant, and inadmissible materials sought by Mr. Avenatti's requested subpoena is immense, and the overbroad, vague, and unlimited nature of the subpoena falls far short of the stringent requirements necessary before a valid subpoena may be issued pursuant to Rule 17(c).  Mr. Franklin submits the following objection[2] to Mr. Avenatti's motion on the grounds that compliance with Mr. Avenatti's requested subpoena would be unreasonable and oppressive, especially in light of the limited probative value of the information sought by the subpoena.

## II.    BACKGROUND

### A.     Factual Background

Mr. Franklin is the Executive Director and coach of California Supreme, Inc. ("Cal Supreme"), a successful youth basketball program based in Los Angeles, California.  In March 2019, Mr. Franklin and an agent for Cal Supreme, Jeffrey Auerbach, retained Mr. Avenatti to represent Cal Supreme and Mr. Franklin.  Prior to March 2019, neither Mr. Franklin nor Mr. Auerbach had a relationship with Mr. Avenatti.

---

[1] Mr. Franklin does not concede that any of the materials requested by Mr. Avenatti's requested subpoena exist.  Mr. Franklin reserves all rights and privileges, including the act of production privilege under the Fifth Amendment, with respect to the requested subpoena.

[2] Mr. Franklin recognizes that a motion to quash is not ripe as a subpoena has not yet issued. However, Mr. Franklin submits this objection in the interest of judicial efficiency, recognizing that the decision to deny a request for a Rule 17(c) subpoena is within the sound discretion of the Court.

### B.    Mr. Avenatti's Supboena Requests

In sweeping language reminiscent of a civil discovery request for documents, Mr. Avenatti requests three categories of communications he believes to be in Mr. Franklin's possession:

1. All audio recordings (and transcripts thereof) that Mr. Franklin or other non-party Jeffrey Auerbach made of conversations or meetings with Nike executives and/or with Mr. Avenatti between January 1, 2016 and March 25, 2019 "discussing or referencing Franklin's potential claims against Nike, Nike's conduct directed at Franklin, and/or the payment to amateur basketball players and/or their families or agents;"

2. Unredacted versions of all text messages and e-mails between Mr. Franklin and Mr. Auerbach produced by Franklin either to the FBI or the United States Attorney's Office for the Southern District of New York; and

3. The "recording" referenced in the text message attached as Exhibit 3 to the Declaration of Scott A. Srebnick.

Decl. Scott A. Srebnick in Supp. Def. Avenatti's Mot. for Issuance of Rule 17(c) Subpoena ("Srebnick Decl.") ¶ 3, Ex. 1 ("Proposed Subpoena") at 1.

Mr. Avenatti claims he is entitled to the first category—"[a]ll audio recordings . . . with Nike executives"—in order "to prove that Franklin was wronged by Nike and therefore had a plausible claim of right."  Def. Avenatti's Mem. of Law in Supp. Mot. for Issuance of Rule 17(c) Subpoena ("Avenatti Mem.") at 8.  He further asserts that he "is entitled to corroborate [Mr. Franklin's] testimony, or confront the witnesses as needed, with recordings that Franklin made of his conversations with those individuals showing the misconduct."  *Id.*  With respect to the second category, Mr. Avenatti contends he is entitled to unredacted versions of text messages and emails that Mr. Franklin produced to the government because he (incorrectly) assumes that the redacted communications were not attorney-client privileged and that the redacted communications can "provide context" to surrounding text messages and emails at trial.  *Id.* at 9. Finally, Mr. Avenatti claims he is entitled to the third category—a "'recording' referenced in" a

particular text message—because Mr. Auerbach's supposed expression of concern about a recording "suggests that the recording would impeach [Mr.] Franklin in some respect." *Id.* at 9–10.

### III.  RULE 17(C) IS NOT A DISCOVERY DEVICE

A subpoena issued pursuant to Rule 17(c) may order the witness to produce designated "books, papers, documents, data, or other objects," Fed. R. Crim. P. 17(c)(1), so long as they are "evidentiary." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219 (1951).  Emphatically, however, Rule 17(c) "*is not a method of discovery in criminal cases*.  Indeed, '[c]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16.'"  *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (emphasis added) (quoting *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980), *cert. denied*, 449 U.S. 1126 (1981)).  The Supreme Court has explained that Rule 17(c) was not intended to provide a broad basis for a "fishing expedition." *Bowman*, 341 U.S. at 220–21 (Rule 17(c) subpoenas may not be used as "a fishing expedition to see what may turn up").

To ensure that Rule 17(c) subpoenas are not used as a discovery device or "general fishing expedition," a party seeking production of documents must demonstrate that the requested materials are (1) relevant; (2) admissible; and (3) adequately specified.  *See United States v. Nixon*, 418 U.S. 683, 699–700 (1974); *United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2254538, at *1 (S.D.N.Y. May 17, 2018) ("[C]ourts in the Second Circuit have almost unanimously applied Nixon to subpoenas served on third-parties.").  "A court may quash a motion for a Rule 17(c) subpoena based on a failure to satisfy one of these prongs."  *United States v. Bergstein*, No. 16-cr-746 (PKC), 2017 WL 6887596, at *4 (S.D.N.Y. Dec. 28, 2017) (citations omitted).

Moreover, it is well established that the use of a Rule 17(c) subpoena to obtain information solely for impeachment purposes is insufficient to justify production of documents in advance of trial. *See, e.g. United States v. Weissman*, No. 01 CR. 529(BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002).

## IV.   THE PROPOSED SUBPOENA IS AN IMPROPER FISHING EXPEDITION

Mr. Avenatti improperly seeks a subpoena under Rule 17(c) to demand production of an extraordinarily broad range of materials from Mr. Franklin.  Seeking wide swaths of communications he believes to be in Mr. Franklin's possession, Mr. Avenatti's subpoena request reads like a discovery request in civil cases.  This is precisely the type of subpoena that is unauthorized under Rule 17(c).  Mr. Avenatti has not met his burden of showing that any of the three categories of communications he seeks (to the extent any such communications exist) are relevant, admissible or adequately specified, as required by *Nixon*, 418 U.S. at 700.

Moreover, even if these materials were relevant, admissible, and not protected from disclosure, compliance with Mr. Avenatti's proposed subpoena would be unreasonable and oppressive for Mr. Franklin.  In short, Mr. Avenatti's request for a subpoena is not authorized under Rule 17(c) and should be denied.

### A.   Mr. Avenatti Has Not Shown That The Communications Requested In Category No. 1 Are Relevant Or Admissible

Mr. Avenatti's motion for a Rule 17(c) subpoena should be denied on the ground that he has not established the requested communications are relevant and admissible.  "Unlike the rule in civil actions, a subpoena *duces tecum* in a criminal action is not intended for the purpose of discovery; the document sought must at that time meet the tests of relevancy and admissibility." *United States v. Marchisio*, 344 F.2d 653, 669 (2d Cir. 1965); *U.S. v. Barnes*, 560 F. App'x 36,

39 (2d Cir. 2014) ("Rule 17 subpoenas are properly used to obtain admissible evidence, not as a substitute for discovery.").

Mr. Avenatti first requests the production of "[a]ll audio recordings" that Mr. Franklin or Mr. Auerbach made between January 1, 2016 and March 25, 2019 of conversations or meetings with Nike executives "discussing or referencing Franklin's potential claims against Nike, Nike's conduct directed at Franklin, and/or the payment to amateur basketball players and/or their families or agents." This broad request covering multiple years and several areas of information lacks the specificity required under Rule 17(c) and *Nixon*, reading instead as a request for production in a civil case. Courts in this district have rightly explained that "[s]ubpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y 2013) (citation omitted).

Mr. Avenatti has been unable to articulate the relevance of any of these alleged recordings beyond stating that he "is entitled to corroborate [Mr. Franklin's] testimony" and "confront" an unspecified group of "witnesses as needed" with these documents. Such broad proclamations fall well short of satisfying the threshold for relevancy and specificity under *Nixon*. "A mere hope that the documents, if produced, may contain evidence favorable to the defendant's case will not suffice." *United States v. Rich*, No. 83 Cr. 579 (SWK), 1984 WL 845, at *3 (S.D.N.Y. Sept. 7, 1984) (citations omitted). Rather, "Rule 17(c) requires a showing that the materials sought are currently admissible in evidence; it cannot be used as a device to gain understanding or explanation." *Id.* (citation omitted).

Even if Mr. Avenatti had met his burden of demonstrating relevance and specificity, his motion should still be denied because he fails to argue, much less show, that he can introduce the

5

contents of any of the purported recordings at trial.  This is unsurprising, given the contents of any such recordings would be inadmissible hearsay.

United States v. Cuthbertson, 651 F.2d 189 (3d Cir. 1981), cert. denied, 454 U.S. 1056 (1981), is instructive.  In that case, the district court ordered the production of non-party CBS's transcripts and audio tapes of interviews with individuals whose names appeared on the government's witness list.  The Court of Appeals for the Third Circuit reversed, explaining that the defendants "have not demonstrated, nor does our research disclose, any potential use of the present materials as evidence in the trial other than for purposes of impeachment."  651 F.2d at 195.  Indeed, the materials "[o]n their face . . . are simply hearsay" to which no relevant exception was argued to apply.  Id.  The court recognized that "[o]nly after a witness has testified will his prior inconsistent statement cease to be hearsay," but stated it was "unable to speculate on the likelihood of that occurrence."  Id. (citing Fed. R. Evid. 801(c)).

Mr. Avenatti concedes that he intends to use the recordings for some unspecified impeachment purpose, but the law is clear that, "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."  Nixon, 418 U.S. at 701.  Indeed, "several cases articulate an absolute prohibition on the use of a Rule 17(c) subpoena solely for impeachment purposes."  Weissman, 2002 WL 31875410, at *1 (citing United States v. Cherry, 876 F. Supp. 547, 553 (S.D.N.Y. 1995) (emphasis added); United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981); United States v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981)).

## B.  Mr. Avenatti Has Not Shown That The Communications Requested In Category No. 2 Are Relevant Or Admissible

Mr. Avenatti's showing of relevance and admissibility as to the second category is even more deficient.  To begin with, Mr. Avenatti fails to identify precisely what redactions he believes to be improper and instead seeks "all" redactions.  Additionally, Mr. Avenatti

acknowledges that the redacted portions of text messages and emails the government already has produced to him are not relevant to his defense:  He merely claims these materials will "provide context" to other text messages and emails already in his possession.  Avenatti Mem. at 9.  Mr. Avenatti's showing falls well short of the relevance and specificity requirements imposed by Rule 17(c) and *Nixon*.

What's more, the redactions are proper.  The only material redacted in the few materials Mr. Avenatti cites—pages 10–16 of ECF No. 29 and Exhibits F, G, H, and I to ECF No. 30—is personal identifying information such as email addresses and phone numbers that Mr. Avenatti does not contend were improperly redacted.  Furthermore, other communications that Mr. Franklin understands have been produced to Mr. Avenatti were with counsel for the purpose of obtaining legal advice, and are therefore protected from disclosure by the attorney-client privilege.  Mr. Franklin and Mr. Auerbach, acting on behalf of Cal Supreme, communicated with other counsel prior to and after engaging Mr. Avenatti.  These communications, and conversations between Mr. Auerbach and Mr. Franklin discussing these communications, are privileged.  *See, e.g. Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995) (holding that the attorney-client privilege protects from communications among corporate employees that reflect advice rendered by counsel to the corporation).

As with the first category of communications, these communications have not been shown to be admissible at trial for any purpose other than impeachment.  "Providing context" is not an exception to the rule against hearsay.  To the extent Mr. Avenatti intends to rely on these text messages to impeach Mr. Franklin or another trial witness, he has not shown what testimony would be impeached by these communications, and in any event Rule 17(c) cannot be used to compel production of impeachment material.

### C.      Mr. Avenatti Has Not Shown That The Communications Requested In Category No. 3 Are Relevant Or Admissible

Mr. Avenatti has also failed to meet the *Nixon* factors with respect to the third category of material he seeks.  Not only does Mr. Avenatti fail to identify what the requested audio recording is, who it captures, or when it was created—he admits the requested recording is not relevant to his defense.  Instead, he speculates that a particular recording, should it exist, "would impeach [Mr.] Franklin in some respect," but fails to articulate what "respect" that might be.  Avenatti Mem. at 9–10.  Rule 17(c) does not permit these sorts of fishing expeditions.  *See United States v. Sawinski*, No. 00 CR. 499 RPP, 2000 WL 1702032 (S.D.N.Y. Nov. 14, 2000) ("'[I]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up,' the requirement of specificity will not have been met." (citation omitted)).

### D.      Compliance With The Subpoena Would Be Unreasonable And Oppressive

Even if any of the requested materials were relevant and admissible (and they are not), Mr. Avenatti's subpoena should still be denied because of the undue burden production of those materials would impose on Mr. Franklin.  Courts are authorized to quash a Rule 17(c) subpoena "if compliance would be unreasonable or oppressive."  Fed. R. Crim. P. 17(c)(2).  Here, it would be unduly burdensome and oppressive to require Mr. Franklin, a third party, to comply with Mr. Avenatti's subpoena since it would necessitate extensive search for and review of any such recordings, if they exist; and re-review and re-production of numerous texts and emails he has already spent hundreds of hours originally producing.  All of this must be done for potential material spanning more than a three-year period.  These unreasonable costs of time and resources would need to be expended solely to fish for information that Mr. Avenatti hopes might turn up.

## V.    CONCLUSION

For the foregoing reasons, non-party Gary Franklin respectfully requests that the court

deny Mr. Avenatti's Motion for Issuance of a Rule 17(c) Subpoena *Duces Tecum*.


Dated:  September 23, 2019                          DURIE TANGRI LLP


                                                   By: _____*/s/ Michael J. Protor*_____
                                                             MICHAEL J. PROCTOR

                                                   Attorneys for Non-Party
                                                   Gary Franklin

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 23, 2019, I caused a true and correct copy of the

foregoing to be served by e-mail on counsel of record for all parties in this matter.

*/s/ Michael J. Protor*

MICHAEL J. PROCTOR

EXHIBIT 2

# Durie Tangri

Michael J. Proctor
213-992-4499 (main)
mproctor@durietangri.com

September 23, 2019

**VIA E-MAIL TO CHAMBERS**

Hon. Paul G. Gardephe
United States District Court – Southern District of New York
Thurgood Marshall U.S. Courthouse, Courtroom 705
40 Foley Square
New York, NY 10007

Re:   <u>*United States v. Michael Avenatti*</u>, No. 19-cr-373 (PGG)
       Gary Franklin's Objection to Defendant's Motion for Issuance of Rule 17(c) Subpoena

Your Honor,

We represent non-party Gary Franklin in connection with the above-captioned case.  We understand that on September 6, 2019, defendant Michael Avenatti filed a motion pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for issuance of a subpoena *duces tecum* on Mr. Franklin ("Motion").  The defendant's Motion and supporting materials, which implicate the privacy of certain individuals, were filed under seal.

Mr. Franklin will be filing his objection to the Motion today, and requests that his objection likewise be sealed.  The Court of Appeals for the First Circuit has held that the categories of materials requested in a defendant's Rule 17(c) subpoena "are not entitled to a presumption of access under either the First Amendment or the common law."  *United States v. Kravetz*, 706 F.3d 47, 53 (1st Cir. 2013).  At least one court in this District has agreed.  *See United States v. Smith*, 985 F. Supp. 2d 506, 520–21 (S.D.N.Y. 2013) (concluding "there is no presumptive right of access to the discovery materials provided" by the government).  Permitting Mr. Franklin's objection to be filed under seal in this case is particularly appropriate in light of its reliance on the under-seal Motion and the privacy interests of Mr. Franklin and other non-parties.  *See* Declaration Michael J. Proctor in Supp. Letter ¶ 2.

The government and defense counsel have consented to Mr. Franklin's sealing request.  Accordingly, Mr. Franklin will be submitting his objection directly to the Court, by e-mail, for filing under seal.

Hon. Paul G. Gardephe
September 23, 2019
Page 2

Respectfully Submitted,

Michael J. Proctor

cc:    Matthew D. Podolsky, Daniel C. Richenthal, Robert B. Sobelman, Scott A. Srebnick,
Jose M. Quinon

EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **REQUEST TO SEAL** |
| Plaintiff, | |
| v. | Case No. 19 CR. 373 (PGG) |
| MICHAEL AVENATTI | |
| Defendant. | |

**DECLARATION OF MICHAEL J. PROCTOR IN SUPPORT OF NON-PARTY GARY FRANKLIN'S REQUEST TO FILE UNDER SEAL OBJECTION TO DEFENDANT AVENATTI'S MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENA DUCES TECUM**

I, Michael J. Proctor, declare as follows:

1.      I am an attorney at law licensed to practice in the state of California.  I am an attorney with the law firm Durie Tangri LLP, counsel for non-party Gary Franklin in connection with this case.  I make this Declaration from personal knowledge, and if called to testify, I could and would testify competently thereto.

2.      I have reviewed Defendant Michael Avenatti's Motion for Issuance of Subpoena *Duces Tecum*, Pursuant to Rule 17(c), to Gary Franklin, Sr. ("Motion"), filed under seal in the above-captioned case.  I also have reviewed communications in Mr. Franklin's possession and discovery provided by Mr. Franklin to the United States Attorney's Office for the Southern District of New York.  Information in the Motion and in Mr. Franklin's objection to the Motion implicates the privacy interests of Mr. Franklin and other non-parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 23, 2019 at Los Angeles, California.

_____*/s/ Michael J. Protor*_____
MICHAEL J. PROCTOR

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2019, I caused a true and correct copy of the

foregoing to be served by e-mail on counsel of record for all parties in this matter.

_/s/ Michael J. Protor_
MICHAEL J. PROCTOR