# LAW OFFICES
# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*  
* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard  
Suite 1210  
Miami, Florida 33131

Tel. 305-285-9019  
Fax 305-377-9937  
E-mail: scott@srebnicklaw.com  
www.srebnicklaw.com

January 12, 2020

**MEMO ENDORSED**

*The Government is directed to respond to this letter by 3:00 p.m. today.*

**SO ORDERED:**

*[signature]*  
Paul G. Gardephe, U.S.D.J.  
Jan. 13, 2020

Via ECF  
Honorable Paul G. Gardephe  
United States District Judge  
Thurgood Marshall U.S. Courthouse  
40 Foley Square  
New York, NY 10007

Re: *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG)  
Request for Exclusion or, in the Alternative, A 30 Day Adjournment

Dear Judge Gardephe:

In the past week, the government has flooded the defense with new discovery, including thousands of documents and an untold amount of new digital data that we have yet to even be able to access. Many of these materials should have been produced long ago in this case as they have largely (if not entirely) been in the possession of or readily available to the government for months. The government has listed a number of these new documents on its exhibit list, previewed that more of these newly produced documents will be added to the list on a rolling basis, and refused to confirm that all discovery documents and materials have now been produced. This "document dump" on the eve of trial has severely prejudiced Mr. Avenatti and the defense team's ability to adequately prepare for the trial scheduled for January 21.[1] Accordingly, Mr. Avenatti requests that the government be prohibited from affirmatively using any of the late produced documents and materials at trial. Alternatively, Mr. Avenatti requests a 30-day adjournment and an order from the court that requires the government to complete its production by no later than Tuesday, January 14, 2020.

### The Late Productions by the Government

In a series of productions since January 3, 2020, the government has produced a large volume of documents and materials to the defense. These productions include the following:

---

[1] In addition to the standard demands of preparing for trial, Mr. Avenatti's defense team had been planning to review the required *Jencks* (3500) and *Giglio* materials this upcoming week, which are expected to be first produced on January 14. The defense had **not** planned on having to review, assess, and prepare responses to thousands of pages of late produced Rule 16 documents and materials.

1

(a) Over 11,500 pages of documents, including (i) four thousand pages pertaining to Mr. Avenatti's client, Coach Gary Franklin, that the government acknowledged it overlooked and should been produced back in August; (Dkt. No. 117); (ii) a number of transcripts containing hundreds of pages of sworn testimony given by Mr. Avenatti in various proceedings, which constitute statements of the defendant under Fed.R.Crim.P. 16(a)(1)(B)(i) that the government either knew about "or through due diligence could know ... exist[s];" and (iii) thousands of pages of other documents, including from various court proceedings, that appear to relate to the government's efforts to prejudice the jury with evidence of "significant debts" but have no relevance to the charges against him in this case;[2]

(b) the entire content of an iPhone belonging to Mr. Avenatti's former office manager (currently in a format unreadable to the defense) that was just produced two days ago (Friday, January 10, 2020), which is likely to include potentially thousands of text messages and emails involving Mr. Avenatti; and

(c) 2,300 pages of documents (with significant impeachment evidence) produced by Nike to the government at least five months ago, that the government permitted the defense to *review* only at the USAO-SDNY last Wednesday but – for reasons unclear and unexplained – refuses to permit the defense to copy for use at trial.[3]

### It is Now Even More Clear From the Late Produced Documents That the Government's Proffered Evidence of Alleged "Significant Debt" Must be Excluded

The parties previously have briefed whether or not the government may introduce evidence of Mr. Avenatti's alleged "significant debt" at trial. (Dkt. Nos. 89, 108, 116). Mr. Avenatti argued that, among other things, the introduction of such evidence would unduly prejudice Mr. Avenatti and necessitate a "mini-trial" that would swallow the trial of the actual charges in this case. He also argued that if the evidence was permitted, he would likely be required to retain an expert and would request an adjournment. That motion is presently

---

[2] Of the more than 11,500 pages produced in the last week, approximately 5,830 were produced by the "filter team" reviewing the contents of Mr. Avenatti's laptop which was seized from Mr. Avenatti on the date of his arrest on March 25, 2019. Although an image of the laptop was provided on a hard drive to undersigned counsel on November 21, 2019, it was totally impractical for undersigned counsel to review the inordinate amount of data on the laptop until the filter team identified which documents it intended to turn over to the prosecution team. The filter team began identifying the first batch of documents from the laptop on January 3, 2020, only nine days ago.

[3] This will unfortunately result in further motion practice before the Court. The defense has requested a physical or electronic copy of a mere 200 pages (approx.) of the production. The government has provided approximately 18 pages and has refused to provide the rest.

pending before the Court. In the interim, the defense has learned that the government's representation that its financial evidence would be limited to a single lay witness and/or summary witness was inaccurate. Indeed, the government's recently disclosed witness list reveals that as many as 9 out of 20 total witnesses relate to Mr. Avenatti's finances, and that the government intends to bring forth a parade of witnesses to testify about debts that he supposedly has failed to pay. The late production of documents and the government's proposed witness list and exhibit list confirm that the financial evidence threatens to overwhelm the trial and that Mr. Avenatti's Rule 403 concerns were well-founded. The sheer volume of newly-produced documents – many of which the government has either long had in its possession or were readily available to it but has only just produced – coupled with the highly prejudicial nature of this evidence, will deprive Mr. Avenatti of a fair trial and should be excluded.

To be sure, in a letter dated September 24, 2019 (the agreed-to deadline for providing notice under Rule 404(b)), the government announced that "we do *not* presently intend to offer evidence under Federal Rule of Evidence 404(b) in our case-in-chief at trial." (*See* Dkt. No. 116, Exh. 1) (Emphasis added). Rather, the government stated that it intended to "offer evidence – *not covered by Rule 404(b)* – in our case-in-chief regarding [Mr. Avenatti's] motive, including evidence regarding his financial needs and desires at the time of the charged offenses." *Id.* (Emphasis added). On December 9, 2019, Mr. Avenatti filed a motion *in limine* to exclude evidence of his financial condition (Dkt. No. 88). Thereafter, on December 24, 2019, the government announced its intention to introduce documents not regarding Mr. Avenatti's "financial needs and desires," but extrinsic evidence that he had "significant debt" that he had failed to pay at the time of the charged conduct and "brief testimony from *two witnesses*: (1) a lay witness who assisted the defendant with managing his finances, and (2) a law enforcement witness who may present one or more summary charts, including regarding financial records." (Dkt. No. 108:7; emphasis added). Mr. Avenatti responded on January 3, 2020 (Dkt. No. 116), arguing, among other things, that: (1) any such evidence should be excluded as a threshold matter because the government affirmatively provided notice that it would *not* offer 404(b) evidence; (2) such evidence rarely is admissible to show motive and certainly is not under the circumstances present here; and (3) the proffered evidence fails a Rule 403 balancing test because it would be unfairly prejudicial, necessitate a time-consuming mini-trial regarding Mr. Avenatti's finances to avoid leaving the jury with a distorted view of Mr. Avenatti's finances, confuse the issues and mislead the jury.

Since that time, as detailed above, the government has produced thousands of pages of financial related records. Further, far from calling one lay witness and one summary witness as stated in its December 24, 2019 filing, the government has provided notice of some *nine* possible "financial" witnesses, including eight lay witnesses and one FBI accountant – in a case in which the government proposes to call just a handful of witnesses to testify to the actual charges. Now that the proposed witnesses have been identified, it is clear that they ought to be excluded for the following additional reasons:

First, the government has now made clear that it proposes to call a former divorce lawyer for Mr. Avenatti's estranged wife, who was hired only after Mr. Avenatti's arrest and

3

who thereafter prepared filings claiming alleged child support arrears – a claim that is disputed by Mr. Avenatti. The concerns with this testimony and the exhibits that would go along with it are plain. As previously stated, any evidence regarding purported child support arrearages would be unduly prejudicial. Further, these filings were made only after Mr. Avenatti's arrest and therefore prove nothing about his state of mind at the time of the charged events.

Second, the government proposes to call two former clients and the attorney for one of those clients. For the reasons set forth in Mr. Avenatti's earlier brief, it would be unduly prejudicial to present evidence regarding former clients in this case, where the jury would be invited to infer that Mr. Avenatti breached fiduciary responsibilities to previous clients and therefore has breached his duties in this case. This is classic 404(b) evidence.

Third, the government proposes to call a former employee of Mr. Avenatti's, who helped to manage certain – but far from all – of his financial matters. The government also has only just produced, two days ago on January 10, 2020, a copy of the employee's iPhone – despite that the phone was seized pursuant to a search warrant executed on March 25, 2019. Moreover, the defense has been unable to access the data contained in the image since its production; we will need the assistance of a forensic expert this week to download the data and make it available to us in a readable format before we can even begin to review it.

Fourth, the government seeks to call an FBI accountant, purportedly as a summary witness, raising the specter of whether the witness will delve into areas traditionally reserved for experts, despite that the government provided no notice of such expert testimony. This alone raises a myriad of additional issues.

For the foregoing reasons (in addition to those set forth in Mr. Avenatti's earlier briefing), the Court should: i) preclude the government from using the late-produced documents; and ii) exclude the government's proffered evidence purporting to show Mr. Avenatti's indebtedness. Now that the government has provided its witness list and exhibit list, it is all the more clear that Mr. Avenatti's concerns were well-founded that this tail would wag the dog. A significant number of the government's trial exhibits and witnesses relate to Mr. Avenatti's financial condition and, as such, threaten to consume the trial. All such evidence should be excluded. In the alternative, Mr. Avenatti requests a 30-day adjournment of the trial so that counsel can meaningfully prepare for it.

Respectfully,

Scott A. Srebnick
Jose M. Quinon
E. Danya Perry

4