UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

MICHAEL AVENATTI,

                Defendant.

No. 19 Cr. 373

---

# MEMORANDUM OF LAW IN SUPPORT OF
# NON-PARTY NIKE, INC'S MOTION TO QUASH SUBPOENAS

Peter M. Skinner
Andrew Z. Michaelson
David L. Simons
Victor Zapana
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2300
(f) +1 212 446 2380

*Attorneys for NIKE, Inc.*

NIKE, Inc. ("Nike") respectfully submits this memorandum of law in support of its motion to quash Defendant Michael Avenatti's subpoenas *duces tecum* for certain documents, audio recordings, and video recordings that he believes may be in the possession of Nike or its attorneys at Boies Schiller Flexner LLP ("BSF").[1]

## PRELIMINARY STATEMENT

The Government has charged Mr. Avenatti with extorting Nike and defrauding his client Gary Franklin. As documented in video and audio recordings, Mr. Avenatti threatened to vilify the company and take billions off of its market capitalization unless Nike paid *him*—not his client—millions. Mr. Avenatti's primary "defense" is to try, to the extent possible, to confuse the jury and distract from his own guilt by introducing evidence about Nike's conduct in amateur basketball. In furtherance of this "defense," he has issued Rule 17(c) subpoenas for documents to Nike and its outside counsel, BSF, that amount to little more than fishing expeditions for irrelevant documents or impermissible impeachment material.

In general, Mr. Avenatti now seeks documents concerning Nike's conduct with respect to amateur basketball, as well as Nike's and BSF's documents concerning him or Mark Geragos. The Court should quash Mr. Avenatti's subpoenas for the same reasons that it denied, in a January 6, 2020, order, his request for issuance of a subpoena *duces tecum* on Mr. Franklin. The Court correctly explained that Nike's conduct "does not provide a defense to the extortion and honest services wire fraud charges against Avenatti." (Order of Jan. 6, 2020 [122] (hereinafter "Jan. 6 Order") at 10 n.2.) Since Mr. Avenatti demanded that Nike pay *him* millions of dollars, the Court specifically noted that the extent of any injury that Gary Franklin may have incurred from Nike is

---

[1] On December 30, 2019, Mr. Avenatti served a subpoena *duces tecum* on BSF. On December 31, 2019, Mr. Avenatti served a subpoena *duces tecum* on Nike seeking many of the same categories of documents. Because both subpoenas are deficient for similar reasons, in the interest of efficiency Nike addresses them in a single memorandum.

2

irrelevant. (*Id.* at 10.) Thus, the documents Mr. Avenatti now seeks relating to Mr. Franklin and Nike's conduct are irrelevant. To the extent that Mr. Avenatti seeks these documents for impeachment purposes, he runs afoul of *United States v. Nixon*, 418 U.S. 683, 701-02 (1974).

Mr. Avenatti's other overbroad, non-specific requests also fail to satisfy *Nixon*'s exacting requirements. Nike and BSF have already produced to the Government all of their respective correspondence with Mr. Avenatti, Jeffrey Auerbach, and/or Mr. Geragos, and Nike's understanding is that the Government has produced this correspondence to Mr. Avenatti. Similarly, Nike's or BSF's correspondence with the Government should be obtained from, if anyone, the Government. Finally, Mr. Avenatti has no basis to request Nike's and BSF's internal, largely privileged, communications regarding him or Mr. Geragos.

Accordingly, this Court should quash Mr. Avenatti's subpoenas to BSF and Nike.

## FACTUAL BACKGROUND

In his subpoena to BSF, which is attached as Exhibit A, Mr. Avenatti demands the following records:

1. All documents relating to Coach Gary Franklin and/or Jeffrey Auerbach, from January 2019 through the present, including but not limited to, documents memorializing, discussing or involving outreach from Auerbach to Jamal James, Carlton Debose, and/or John Slusher, and any actions taken as a result of such outreach.

2. All documents relating to, mentioning or concerning Michael Avenatti or Mark Geragos, from March 1, 2019, through the present.

3. All audio and/or video recordings of telephone calls and meetings in March 2019 involving Mark Geragos and/or Michael Avenatti.

4. All documents, including notes, memoranda, letters and summaries relating to, mentioning or concerning any communications or meetings with Mark Geragos or Michael Avenatti in March 2019. Note: You are requested to produce all drafts, handwritten or otherwise, of any such notes, memoranda, letters or summaries, as

       well as all electronic files (complete with metadata) relating to the documents.

5. All documents, including emails, letters, correspondence and call logs with the Department of Justice and/or the United States Attorney's Office for the Southern District of New York and/or the FBI relating to Nike, Carlton Debose, Jamal James, Michael Avenatti and/or Mark Geragos, from September 26, 2017, through the present. Note: This includes call logs and notes of calls with Department of Justice and/or the United States Attorney's Office for the Southern District of New York and/or the FBI in February and March 2019.

Ex. A at 3.

And in his subpoena to Nike, which is attached as Exhibit B, Mr. Avenatti demands the following records:

1. All text messages, emails, notes, memoranda, and correspondence (without redaction) relating to, mentioning or concerning Michael Avenatti, Gary Franklin, Jeffrey Auerbach or Mark Geragos after January 25, 2019. Note: You are requested to produce all drafts of any such notes, emails, memoranda and correspondence, as well as all electronic files (complete with metadata) relating to the documents.

2. All notes, memoranda, and summaries relating to, mentioning or concerning any communications or meetings with Mark Geragos, Gary Franklin, Jeffrey Auerbach or Michael Avenatti after January 25, 2019. Note: You are requested to produce all drafts of any such notes, memoranda or summaries, as well as all electronic files (complete with metadata) relating to the documents.

3. All emails, letters and correspondence with the Department of Justice, the United States Attorney's Office for the Southern District of New York and/or any other United States Attorney's Office relating to Nike, Carlton Dubose, Jamal James, Gary Franklin, Michael Avenatti or Mark Geragos.

Ex. B at 3.

**LEGAL STANDARD**

Rule 17(c)(1) authorizes subpoenas for "any books, papers, documents, data, or other objects." But this Court "may quash a Rule 17(c) subpoena 'if compliance would be unreasonable or oppressive.'"  (Jan. 6 Order at 6 (quoting Fed. R. Crim. P. 17(c)(2)).)

The rule is intended to "shorten the trial" and facilitate production of specific documents before trial, not to "'provide an additional means of discovery' to a defendant in a criminal case." (*Id.* (first quoting *United States v. Md. & Va. Milk Producers Ass'n*, 9 F.R.D. 509, 510 (D.D.C. 1949), and then quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)).) Accordingly, the party seeking documents must demonstrate their "relevancy," "admissibility," and "specificity"—put another way, that (1) "the documents are evidentiary and relevant"; (2) "they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence"; (3) "the party cannot properly prepare for trial without such production" and "failure to obtain [the materials] may tend unreasonably to delay the trial"; and (4) "the application is made in good faith and is not intended as a general 'fishing expedition.'"  (*Id.* (quoting *Nixon*, 418 U.S. at 699-700).)

If the party seeking documents fails to meet any of these requirements, the Court may quash the subpoena. *See, e.g.*, *United States v. Pena*, No. 15-cr-551 (AJN), 2016 WL 8735699, at *2-3 (S.D.N.Y. Feb. 12, 2016).

**ARGUMENT**

Mr. Avenatti's subpoenas to Nike and BSF should be rejected on multiple, independent grounds.  *First*, the breadth of Mr. Avenatti's subpoena requests—seeking, for instance, "[a]ll documents . . . relating to Nike . . . from September 26, 2017, through the present"—betrays his impermissible intent to start a fishing expedition with his subpoenas.  Ex. A at 3 ¶ 5.  This Court

5

previously held that Rule 17(c) "is not a vehicle to expand the limited discovery provided for under" Rule 16.  (Jan. 6 Order at 11.)   Like the subpoena Mr. Avenatti intended to serve on Mr. Franklin, these subpoenas "read[] like a request under the Federal Rules of Civil Procedure," and "[b]lanket requests of this sort violate the specificity requirement set forth in *Nixon*, which bars 'fishing expeditions to see what may turn up.'"  (*Id.* (citations omitted).)

*Second*, many of the requested documents could be obtained from the Government.  Both Nike and BSF have already produced all relevant, non-privileged communications with Mr. Avenatti, Mr. Geragos, Mr. Franklin, and Mr. Auerbach to the Government.  And it is self-evident that the Government possesses any correspondence between Nike or BSF and the Government.  Mr. Avenatti must therefore obtain these documents from the Government.  *See United States v. Bergstein*, No. 16-cr-746 (PKC), 2017 WL 6887596, at *5 (S.D.N.Y. Dec. 28, 2017) ("When 'many' of the subpoenaed materials are obtainable through the discovery process, a subpoena contravenes *Nixon*'s requirement that subpoenaed materials must not be otherwise procurable in advance of trial by the exercise of due diligence."); *United States v. Boyle*, No. 08-cr-523 (CM), 2009 WL 484436, at *3 (S.D.N.Y. Feb. 24, 2009) (quashing a 17(c) subpoena where it was "likely that many of the documents that defendant seeks in his subpoena are obtainable from another source—the United States Attorney's Office—with little or no diligence required"); (*see also* Jan. 6 Order at 6 (requiring party who seeks documents through Rule 17(c) subpoena to demonstrate that they are "not otherwise procurable reasonably in advance of trial by the exercise of due diligence" (quoting *Nixon*, 418 U.S. at 699))).

*Third,* putting aside the documents or communications already produced to the Government, little remains of Mr. Avenatti's subpoena to Nike besides communications involving either internal Nike lawyers or Nike's outside counsel at BSF.  Such documents fall under the

attorney-client privilege. *See, e.g.*, *Am. Civil Liberties Union v. NSA*, 925 F.3d 576, 589 (2d Cir. 2019) (noting that the doctrine protects "communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, confidential (3) for the purpose of obtaining or providing legal advice" (citation omitted)); *see also Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981) (protecting confidential communications to corporate counsel by corporate employees "at the direction of corporate superiors in order to secure legal advice from counsel" and about "matters within the scope of the employees' corporate duties").

Similarly, with respect to Mr. Avenatti's subpoena to BSF, all that remains are documents or communications that plainly fall under either the attorney-client or work product protections. *See, e.g.*, Ex. A at 3 ¶ 4 (demanding from BSF "notes, memoranda, letters and summaries relating to, mentioning or concerning any communications or meetings with Mark Geragos or Michael Avenatti"). The work product doctrine protects documents created by or at the behest of BSF attorneys in anticipation of litigation—in this case, during the Government's investigations into alleged wrongdoing related to amateur basketball and Mr. Avenatti's extortion scheme. *See In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003). The doctrine protects interested non-parties like Nike. *See Crosby v. City of New York*, 269 F.R.D. 267, 277 (S.D.N.Y. 2010) (collecting cases).

Mr. Avenatti is not entitled to any privileged documents from Nike or BSF, and thus this Court should quash the subpoenas because they seek inadmissible documents. *See Pena*, 2016 WL 8735699, at *2 (quashing in part because defendant issuing subpoena failed to show that the documents were not privileged).

*Fourth*, to the extent Nike or BSF possess responsive, non-privileged documents that have not yet been produced to the Government, Mr. Avenatti is unable to demonstrate that any such

documents are relevant or that he "cannot properly prepare for trial without" those documents. (Jan. 6 Order at 6 (quoting *Nixon*, 418 U.S. at 699-700).) The reasoning of this Court's January 6, 2020 order is instructive. As with the subpoena he sought to serve on Mr. Franklin, Mr. Avenatti cannot suggest that, in extorting Nike, he "relied on" the additional documents he is seeking. (*Id.* at 11 n.3.) Nor can he suggest that "he had any contemporaneous knowledge of the content" of the documents. (*Id.*)

*Finally*, Rule 17(c) does not permit Mr. Avenatti to seek any of these documents for impeachment. His pretrial filings have consistently made clear that he intends to put Nike's conduct on trial, and these subpoenas are surely intended to generate material that he believes can be used to impeach the testimony of Nike's counsel at trial. But as this Court's January 6, 2020 order explained, "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." (*Id.* at 13 (quoting *Nixon*, 418 U.S. at 701-02)); *see also United States v. Weissman*, No. 01-cr-529 (BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) ("[S]everal cases articulate an absolute prohibition on the use of a Rule 17(c) subpoena solely for impeachment purposes.").

8

## CONCLUSION

For the foregoing reasons, this Court should quash Mr. Avenatti's subpoenas *duces tecum* served on Nike and BSF.

Dated: January 13, 2020

Respectfully submitted,

/s/ Peter M. Skinner
Peter M. Skinner
Andrew Z. Michaelson
David L. Simons
Victor Zapana
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2300
(f) +1 212 446 2380

*Attorneys for NIKE, Inc.*

# EXHIBIT A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| United States of America<br>v.<br>Michael Avenatti<br><br>_Defendant_ | )<br>)<br>)  Case No. 19 Cr 373 (PGG)<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: CUSTODIAN OF RECORDS
BOIES SCHILLER FLEXNER
c/o Mike Brille / Andrew Michaelson
(By E-mail Agreement)

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Thurgood Marshall<br>United States Courthouse<br>40 Foley Square<br>New York, NY 10007 | Courtroom No.: 705 |
|---|---|---|
| | | Date and Time: January 21, 2020, at 9:00am |

You must also bring with you the following documents, electronically stored information, or objects _(blank if not applicable)_:

SEE ATTACHMENT "A"
(REVISED 12-30-19)

(SEAL)

Date: OCT 2 8 2019

RUBY J. KRAJICK

CLERK OF COURT

_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ **Michael Avenatti**, who requests this subpoena, are:

Scott A. Srebnick, Esq.
201 South Biscayne Blvd., #1210
Miami, FL 33131
305-606-9494
scott@srebnicklaw.com

The Date and Time of the appearance listed above is the first day of trial. Your attendance will not be needed on that date, but you must be available for the duration of the trial, which may last up to two weeks. Please contact Mr. Srebnick at the above number and provide him with a telephone number so that he may contact you and advise you of the date and time when your appearance will be required.

## ATTACHMENT "A"

1. All documents relating to Coach Gary Franklin and/or Jeffrey Auerbach, from January 2019 through the present, including but not limited to, documents memorializing, discussing or involving outreach from Auerbach to Jamal James, Carlton Debose, and/or John Slusher, and any actions taken as a result of such outreach.

2. All documents relating to, mentioning or concerning Michael Avenatti or Mark Geragos, from March 1, 2019, through the present.

3. All audio and/or video recordings of telephone calls and meetings in March 2019 involving Mark Geragos and/or Michael Avenatti.

4. All documents, including notes, memoranda, letters and summaries relating to, mentioning or concerning any communications or meetings with Mark Geragos or Michael Avenatti in March 2019. Note: You are requested to produce all drafts, handwritten or otherwise, of any such notes, memoranda, letters or summaries, as well as all electronic files (complete with metadata) relating to the documents.

5. All documents, including emails, letters, correspondence and call logs with the Department of Justice and/or the United States Attorney's Office for the Southern District of New York and/or the FBI relating to Nike, Carlton Dubose, Jamal James, Michael Avenatti and/or Mark Geragos, from September 26, 2017, through the present. Note: This includes call logs and notes of calls with Department of Justice and/or the United States Attorney's Office for the Southern District of New York and/or the FBI in February and March 2019.

Please note that, although this subpoena is being served on the Custodian of Records of Boies Schiller Flexner ("BSF"), it encompasses all lawyers employed by BSF in March 2019, including but not limited to Scott Wilson, Benjamin Homes, Valecia Battle, Peter Skinner, and Andrew Michaelson.

# EXHIBIT B

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| Michael Avenatti | ) Case No. 19 Cr 373 (PGG) |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: CUSTODIAN OF RECORDS
NIKE
C/O MIKE BRILLE, ESQ
BOIES SCHILLER
mbrille@bsfllp.com

YOU ARE COMMANDED to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Courtroom No.: 705 |
|---|---|---|
| | | Date and Time: January 21, 2020, at 9:00am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

SEE ATTACHMENT "A"

(SEAL)

RUBY J. KRAJICK

CLERK OF COURT

Date: OCT 2 8 2019

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Michael Avenatti** , who requests this subpoena, are:

Scott A. Srebnick, Esq.
201 South Biscayne Blvd., #1210
Miami, FL 33131
305-606-9494
scott@srebnicklaw.com

The Date and Time of the appearance listed above is the first day of trial. Your attendance will not be needed on that date, but you must be available for the duration of the trial, which may last up to two weeks. Please contact Mr. Srebnick at the above number and provide him with a telephone number so that he may contact you and advise you of the date and time when your appearance will be required.

Attachment "A"

1. All text messages, emails, notes, memoranda, and correspondence (without redaction) relating to, mentioning or concerning Michael Avenatti, Gary Franklin, Jeffrey Auerbach or Mark Geragos after ~~[redacted]~~ January 25, 2019. Note: You are requested to produce all drafts of any such notes, emails, memoranda and correspondence, as well as all electronic files (complete with metadata) relating to the documents.

2. All notes, memoranda, and summaries relating to, mentioning or concerning any communications or meetings with Mark Geragos, Gary Franklin, Jeffrey Auerbach or Michael Avenatti after ~~[redacted]~~ January 25, 2019. Note: You are requested to produce all drafts of any such notes, memoranda or summaries, as well as all electronic files (complete with metadata) relating to the documents.

3. All emails, letters and correspondence with the Department of Justice, the United States Attorney's Office for the Southern District of New York and/or any other United States Attorney's Office relating to Nike, Carlton Dubose, Jamal James, Gary Franklin, Michael Avenatti or Mark Geragos.