LAW OFFICES
# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
www.srebnicklaw.com

January 13, 2020

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  Re: *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG)
     **Reply to Government Response (Dkt. No. 136)**
     **re Exclusion of Newly Produced Evidence**

Dear Judge Gardephe:

  We write in reply to the government's response regarding late discovery (Dkt. No. 136). In the interest of time, we address only a few of the points raised by the government.

  First, the government acknowledges that it only recently produced transcripts of Mr. Avenatti's statements from prior proceedings in this case, even though the USAO-CDCA has been in possession of those transcripts for months and even though they are classic Rule 16 materials. Undersigned counsel do not represent Mr. Avenatti in the case in California. Given the volume of discovery *in this case*, it is unfair to suggest that undersigned counsel should be held responsible for conducting a comprehensive review of the California discovery, which includes terabytes of data.

  Second, with respect to the Nike documents, more than 4,000 pages were produced on January 6, 2020, all of which were responsive to search terms that included "Gary Franklin" and "California Supreme." The government did not produce these in August when it produced the first batch of Nike documents, even though they were in the government's possession. Although the government claims that those materials were produced "as a courtesy" (Dkt. No. 136:2), it is no courtesy if the defense has no time to review them. Moreover, this is an adversarial system. Undersigned counsel are not willing to simply take the government's word that Gary Franklin-related documents are irrelevant and ignore them – and, indeed, the defense vehemently disagrees with the government's adjudications of what is and is not relevant in this case. The same goes for 2,300 pages of documents that relate to the Nike executives who pressured Gary Franklin to make payments for the benefit of amateur players, which the defense was required to review at the SDNY offices on January 8, 2020. Those are documents that we have been requesting *for months* and yet the government, only recently, agreed to allow us to review them but still refuses to provide copies (other than 18 pages) or allow us to copy the documents. It is hard to fathom the distinctions the government is drawing in deciding that

1

the documents are relevant enough to allow us to see them, but not relevant enough to allow us to use them. And, once again, the defense takes exception to the government's adjudications of relevance.

Third, as for the office assistant's iPhone, we had previously sought the government's assistance with respect to Mr. Avenatti's laptop but were told that we needed a particular software to access it. We needed to enlist the assistance of a technical expert to do so and we need to do the same now with respect to the iPhone. Although the government now disclaims any intent to use evidence from the iPhone, the government told us last Friday – when we conferred with them and expressed our objection to this newly-produced discovery -- that they intended to add to the exhibit list on a rolling basis and reserved the right to use any of the newly produced evidence.[1] Moreover, it has noticed the office assistant as a witness at trial. Should she take the stand, the defense is entitled to be able to impeach her with data from the iPhone – which we are unable to access one week before trial.

Fourth, an image of Mr. Avenatti's laptop, which contains a vast amount of data, was first produced by the government to Mr. Avenatti on November 21, 2019. With respect to that laptop, we agreed to a process by which the government's filter team would first identify the documents it intended to furnish to the prosecution team and then the defense would review those documents to determine if there were any claims of privilege. The filter team identified its first batch of documents (191 pages) on January 3, 2020, and then the second batch of documents (5,646) pages on Friday, January 10, 2020, just three days ago. It is simply unrealistic to expect that undersigned counsel would conduct a comprehensive review of the entire laptop, while preparing for trial, before knowing which documents would be identified as part of the Rule 16 discovery.

Fifth, the government completely ignores additional materials that were produced as part of the government's twenty-first through twenty-fourth productions (from January 6-10, 2020), which include documents relating to his divorce proceeding, audio recordings of his bankruptcy proceedings, lease documents, flight logs, and other financial records. The government also fails to address Mr. Avenatti's point that the government will not commit that it has already produced all discovery in this matter (save for Jencks Act and *Giglio* materials).

Finally, under the present schedule, we will not be able to meaningfully review and digest the new materials. Perhaps recognizing that, the government reluctantly suggests that if the Court is inclined to grant an adjournment, it should be limited to seven days. Although undersigned believes that is inadequate, it is clear that some additional time to prepare is necessary.

---

[1] We have not yet seen the contents of the assistant's iPhone, as the technical person who assisted us previously is not available until tomorrow. In our letter motion, we noted that the iPhone was "*likely to include* potentially thousands of text messages and e-mails involving Mr. Avenatti." (Dkt. No. 134:2). Suffice it to say that Mr. Avenatti exchanged thousands of text messages and e-mails with his office assistant over more than ten years. According to the government's response, it is producing 546 of such messages.

2

Respectfully,
/s Scott Srebnick
Scott A. Srebnick
Jose M. Quinon
E. Danya Perry