*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 14, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *United States v. Michael Avenatti*,
                19 Cr. 373 (PGG)

Dear Judge Gardephe:

      The Government respectfully writes in response to the motion of NIKE, Inc. ("Nike") to quash the defendant's seven subpoenas for Nike employees (Dkt No. 114), a motion that is now fully briefed.  The Government joins in Nike's motion.[1]

      As Nike explains in its opening and reply briefs, the testimony of these witnesses, who never spoke with the defendant (or his client), does not have any probative value with respect to any fact to be determined by the jury.  *See United States v. Jackson*, 196 F.3d 383, 387 (2d Cir. 1999); *United States v. Jackson*, 180 F.3d 55, 66, 71 (2d Cir. 1999).  Nor is the "motive" of Nike (Dkt. No. 131, at 10), as an entity, relevant.  The only conceivably proper purpose in calling these seven witnesses would be to attempt to demonstrate the alleged bias of other witnesses, who do have relevant and admissible testimony, through extrinsic evidence, except that (1) testimony that certain payments were allegedly made to amateur players or their families has vanishing little, if any, independent value in demonstrating the alleged bias of any witness with relevant and admissible testimony; and (2) the witnesses whose alleged bias the defendant seeks to demonstrate are lawyers, and the seven witnesses sought by the defendant are expected to invoke attorney-client privilege if asked what they told lawyers or what they were told in return.

      In any event, it would be exceedingly difficult, at best, for a lay juror to assess properly any evidence of alleged misconduct of certain persons, purportedly offered solely to show the alleged bias of *other* persons, rather than to be confused and distracted by the defendant's repeated invocation of alleged "corruption" (Dkt. No. 131, at 3, 4, 5, 7, 8, 9, 11, 12, 15, 18, 19), having nothing do with this case.  *Cf. United States v. Gupta*, 747 F. 3d 111, 132 (2d Cir. 2013) (Rule 403

---

[1]   The Government has independent standing to move to quash such subpoenas, *see, e.g.*, *United States v. Giampa*, No. 92 Cr. 437 (PKL), 1992 WL 296440, at *1-2 (S.D.N.Y. Oct. 7, 1992), and its views may in any event be considered, *see, e.g.*, *United States v. Weissman*, No. 01 Cr. 529 (BSJ), 2002 WL 31875410, at *1 n.1 (S.D.N.Y. Dec. 26, 2002).

Honorable Paul G. Gardephe
United States District Judge
January 14, 2020
Page 2

requires the preclusion of statements for which it would be difficult for the jury to distinguish between that portion that could possibly go to state of mind or intent of the declarant, and the truth of the assertions themselves). And the defendant's effort to challenge the credibility of pertinent witnesses in this manner would be of particularly dubious value given that the bulk of what they will testify about concerns calls and meetings that were recorded, and that one non-recorded meeting tracks those recordings.

Moreover, were the defendant to ask the jury to infer that certain witnesses might be coloring their testimony to please the Government, because other people, at other times, may have engaged in misconduct of some kind, the Government would have no choice but to rebut that requested inference, which is highly misleading. That would require, among other things, the presentation of evidence concerning how a corporation responds to a subpoena, including through formal and informal conversations with a prosecuting office, the contours and legal theory of a different investigation (which is not that all instances of paying amateur players or their families constitute crimes), and the Government's charging practices and policies, both generally and with respect to corporations. These are not simple matters, and they are far beyond the proper scope of this individual criminal trial. The defendant's claim that he only seeks to elicit "relatively limited" testimony (Dkt. No. 131, at 20), even if true, ignores what would inevitably (and properly) follow from him doing so. The defendant is not "constitutionally entitled" to seek to confuse and distract the jury through calling multiple witnesses who have no firsthand knowledge of any relevant fact by labeling such a tactic his "'defense case'" (*id.*).

In short, even if the defendant's theory of extrinsic evidence of alleged bias were assumed both to be comprehensible to a lay jury and factually grounded, any modicum of probative value in presenting such evidence is far outweighed by the manifest risk of unfair prejudice, confusion, distraction, and material lengthening of the trial. Nike's motion should be granted.

                                                Respectfully submitted,

                                                GEOFFREY S. BERMAN
                                                United States Attorney

                              By:    s/ Daniel C. Richenthal
                                     Matthew D. Podolsky
                                     Daniel C. Richenthal
                                     Robert B. Sobelman
                                     Assistant United States Attorneys
                                     (212) 637-1947/2109/2616

cc:      (by ECF)

           Counsel of Record