**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

────────────────────────────────

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 15, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> **Re:** ***United States v. Michael Avenatti*,**
> **S1 19 Cr. 373 (PGG)**

Dear Judge Gardephe:

The Government respectfully submits this letter pursuant to the Court's request during the telephonic conference held in this matter yesterday evening, January 14, 2020.

## I.      The Office Manager's Testimony

As the Government stated during the conference, the Government presently intends to call in its case-in-chief at trial the defendant's former office manager and paralegal (the "Office Manager").  The Government expects that the Office Manager would provide relatively brief testimony including, in pertinent part, the following:

- The Office Manager worked for the defendant for approximately ten years, ending on the date of his arrest in this case, March 25, 2019.

- For the time period central to this case, that is, March 2019 (as well as for years prior), the Office Manager was responsible for assisting the defendant with managing his law firm's finances and, on some occasions, with his personal finances.  During that period, the defendant and the Office Manager spoke by telephone virtually every day (often more than once), and also communicated frequently by text message and email.

- In the weeks preceding March 25, 2019, the Office Manager and the defendant had frequent conversations about the poor financial state of the defendant's law firm, Eagan Avenatti LLP ("Eagan Avenatti"), which was owned by an LLC of which the defendant was the sole member, and debts owed by the law firm to various sources, including the judgments obtained by Jason Frank Law PLC that are referenced below.  Those conversations included, among other things, discussions about how difficult it was for the law firm to continue to function given its

Honorable Paul G. Gardephe
United States District Judge
January 15, 2020
Page 2

outstanding debts and how the new law firm that the defendant had founded shortly before his arrest, Augustus LLP, would not be able to engage appropriately and efficiently in the practice of law if Eagan Avenatti's debts were not paid, because vendors would not be willing to do business with the defendant and/or his firm.

- Sometime between on or about March 15 and on or about March 25, 2019 (at the same time the defendant was engaged in the charged extortion and honest services wire fraud schemes), the defendant called the Office Manager and told her that he was about to receive enough money to pay off his debts. On that call, the defendant sounded enthusiastic and excited, and indicated that, after receiving that money, he would be able to live his life the way he wanted to. Based on her role assisting the defendant with both his law firm's and his personal finances, and her numerous conversations with the defendant about his and his firm's debts, the Office Manager estimates that the defendant's debts at that time totaled approximately $20 million to $25 million, and that he was aware of the scope of those debts at that time. The Office Manager thus understood that the defendant was communicated to the Office Manager that he soon expected to receive at least approximately $20 million to $25 million.

## II.   Money Judgments Pending as of March 2019

Absent a stipulation, the Government also presently intends to offer into the evidence the following public records, the authenticity of which the Government does not understand the defendant to dispute, and of which the Court may in any event take judicial notice, *see* Fed. R. Evid. 201, reflecting money judgments against the defendant:

- **The Jason Frank Law PLC Debt.** The Governments intends to offer (1) a March 15, 2018 order of the United States District Court for the Central District of California (GX 570, attached hereto as Exhibit 1) directing payment of $10,000,000 by Eagan Avenatti to Jason Frank Law PLC; and (2) a November 20, 2018 judgment of the Superior Court of the State of California for the County of Los Angeles—Central District (GX 571, attached hereto as Exhibit 2) directing payment of $5,054,287.75 (plus $1.328.77 in daily interest), which represented the portion of the $10,000,000 judgment against Eagan Avenatti that the defendant personally guaranteed (plus interest), by the defendant to Jason Frank Law PLC. As noted above, the Government expects the Office Manager will testify that, based on her work for and conversations with the defendant, she understood that the judgments in favor of Jason Frank Law PLC were outstanding as of March 2019.

- **The William Parrish Debt.** The Government intends to offer an August 20, 2018 judgment of the Superior Court of the State of California for the County of Santa Barbara—Anacapa (GX 572, attached hereto as Exhibit 3) directing payment of $2,194,301.87 by the defendant to William Parrish. The Government also expects to offer either (1) the testimony of William Parrish or his attorney that the judgment

Honorable Paul G. Gardephe
United States District Judge
January 15, 2020
Page 3

had not been paid as of March 2019, and/or (2) the October 18, 2019 sworn
testimony of the defendant in which the defendant admitted under oath that he had
made no payments against the judgment in favor of Mr. Parrish (attached hereto as
Exhibit 4[1]).

- **The Support Debt.**  The Government intends to offer an October 22, 2018 order
  of the Superior Court of the State of California for the County of Orange (GX 564,
  attached hereto as Exhibit 5) directing the defendant to pay $31,897 per month in
  child support, $124,398 per month in spousal support, $185,000 in attorney's fees
  and costs, and $30,000 in accounting fees and costs.  The Government expects that,
  if called testify, a former attorney for the defendant's second ex-wife would state
  that he was retained, among other things, to collect outstanding payments on this
  order and that, as of March 2019, the defendant owed approximately $2,049,000.[2]
  The Government may also offer an August 29, 2019 signed declaration of the
  defendant in which he stated that, on August 20, 2019, the defendant's ex-wife
  brought a foreclosure action to partially satisfy the judgment against the defendant,
  claiming $2.5 million in past due support obligations.

The Government does not presently intend to offer evidence in its case-in-chief of other
debts of the defendant outstanding as of March 2019 (unless the defendant opens the door), with
the exception of documentary evidence regarding loans made to the defendant by Attorney-1, as
set forth in the Superseding Indictment, in the time leading up to and around the charged conduct.

---

[1]    The Government intends to mark this document as an exhibit for trial.

[2]    The Government has no objection to redacting to the extent possible the foregoing order, if the
defendant wishes, or proceeding by stipulation, so to as avoid the jury learning that these amounts
were for child and/or spousal support.  In his October 18, 2019 sworn testimony, the defendant
stated that he also owed well over $2 million in past support obligations on a separate judgment
obtained by his first ex-wife.  The Government does not presently intend to offer proof of this
separate obligation in its case-in-chief, unless the defendant opens the door.

Honorable Paul G. Gardephe
United States District Judge
January 15, 2020
Page 4

      As the Government stated in its letter of June 13, 2020 (Dkt. No. 136, at 6), and at the conference, the Government has transmitted a proposed stipulation to the defendant that would moot the need to offer the foregoing orders or judgments or to call any witnesses with respect to the defendant's financial condition except for (1) the Office Manager, as described above and (2) a forensic analyst who would offer brief testimony summarizing certain bank records that show the defendant had little income in the months before the charged offenses, *see* Fed. R. Evid. 1006.

                              Respectfully submitted,

                              GEOFFREY S. BERMAN
                              United States Attorney

By:      *Robert B. Sobelman*
                              Matthew D. Podolsky
                              Daniel C. Richenthal
                              Robert B. Sobelman
                              Assistant United States Attorneys
                              (212) 637-1947/2109/2616

Attachments

cc:    (by ECF)

      Counsel of Record

# EXHIBIT 1

1  Richard M. Pachulski, SBN 90073
   Ira D. Kharasch, SBN 109084
2  Robert M. Saunders, SBN 226172
   Pachulski Stang Ziehl & Jones LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
4  Tel: 310-277-6910
   Fax: 310-201-0760
5  rpachulski@pszjlaw.com
   ikharasch@pszjlaw.com
6  rsaunders@pszjlaw.com

7  Attorneys for Debtor and Debtor in Possession

8          UNITED STATES BANKRUPTCY COURT

9    CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11  In re:                            Case No. 8:17-bk-11961-CB

12  EAGAN AVENATTI, LLP,              Chapter 11

13                                    ORDER GRANTING MOTION
                          Debtor.     APPROVING SETTLEMENT AND
14                                    DISMISSING CASE AND RELATED
                                      RELIEF
15
                                      Hearing:
16                                    Date:    February 28, 2018
                                      Time:    10:00 a.m.
17                                    Courtroom: 5D
                                      Address:   411 West Fourth Street
18                                               Santa Ana, CA 92701-4393

19      A hearing was held on February 28, 2018, at 10:00 a.m., before the Honorable Catherine E.

20  Bauer, United States Bankruptcy Judge for the Central District of California, in Courtroom 5D

21  located at 411 West Fourth St., Santa Ana, CA, on Debtor's Motion Approving Settlement and

22  Dismissing Case filed January 30, 2018 as Docket #343 ("Motion").  Capitalized terms which are

23  not defined in this Order shall have the same meanings as provided to such terms in the Motion.

24  Appearances were made as noted on the record.

25      A declaration from SulmeyerKupetz, APC ("Sulmeyer Declaration") was filed March 15,

26  2018 as Docket #408, stating that it has received into its trust account the Initial Payment (as defined

27  in IRS Payment Stipulation at Docket #341), and the allowed amounts of the fees and expenses of

28  Pachulski Stang Ziehl & Jones LLP and Dinsmore & Shohl, LLP.  A declaration from Dinsmore &

FILED & ENTERED

MAR 15 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

USAO373_00049280

1    Shohl, LLP (together with the Sulmeyer Declaration, "Declarations") was filed March 15, 2018 as

2    Docket #409, stating that it has received the Debtor's California confessions of judgment for certain

3    identified claims ("Identified Claims").

4         The Court having read and considered the Motion and pleadings filed in support of the

5    Motion, heard the statements of counsel at the Hearing, considered and overruled the opposition of

6    unsecured creditor Stoll Nussbaum & Polakov, read and considered the Declarations, and with good

7    cause shown:

8         **IT IS ORDERED:**

9         1.    Except as otherwise set forth in this order, the Motion is granted, the JFL Settlement

10   is approved, the Debtor is authorized and directed to take all steps necessary to implement and

11   effectuate the Settlement Agreement, and the Case is dismissed.

12        2.    SulmeyerKupetz, APC is authorized and directed to pay from its client trust account

13   the Initial Payment to the United States on or before the tenth calendar day following the entry of

14   this order pursuant to the terms set forth in the IRS Payment Stipulation at Docket #341, regardless

15   of whether there is a stay pending appeal.

16        3.    SulmeyerKupetz, APC is authorized and directed to pay from its client trust account

17   the allowed fees and costs of Pachulski Stang Ziehl & Jones and Dinsmore & Shohl, LLP, on the

18   tenth calendar day after this order is entered, except if there is a stay pending appeal.

19        4.    Dinsmore & Shohl, LLP is authorized to release each confession of judgment at the

20   request from a holder of an Identified Claim per the below.

21        5.    Claim 8-1, filed in this case by Jason Frank Law PLC, is allowed in the amount of

22   $10,000,000.00 ("Compromised Claim Amount"), and additionally to the extent such claim asserts a

23   claim for indemnification, contribution, and insurance coverage brought against JFL related to the

24   performance of services at Eagan Avenatti, LLP.

25        6.    If Jason Frank Law, PLC timely and fully receives the Settlement Payments set forth

26   in paragraph 3.2 of the Settlement Agreement, the Compromised Claim Amount will be deemed

27   satisfied in full on the date set forth in paragraph 3.5 of the Settlement Agreement.

28        //

USAO373_00049281

7.    Claims 6-1, 7-1 and 9-1 are each allowed only to the extent such claims assert a claim for indemnification, contribution and insurance coverage for any claims brought against Jason M. Frank, Scott Sims or Andrew Stolper related to the performance of services at Eagan Avenatti, LLP.

8.    Holders of Identified Claims shall be paid the liquidated, non-contingent prepetition amount set forth in their proofs of claim, or as set forth in the Debtor's Schedules if no proof of claim was filed prior to the filing of the Motion.  Such amounts shall be paid in nine equal monthly installments, without interest, beginning 91 days after the date of entry of this order.  If the Debtor fails to timely remit any installment, then the Debtor shall have ten days after written notice is mailed by the holder to the Debtor to cure such payment default.  If the payment default is not timely cured, then the holder, without further notice to the Debtor, may accelerate the balance due and submit to the Superior Court of the State of California the confession of judgment provided by the Debtor to Dinsmore & Shohl, LLP prior to the entry of this order.  Any postpetition portion of an Identified Claim shall be paid in the Debtor's ordinary course of business.  Disputed claims, which are general unsecured claims that are not Identified Claims or ride-through claims (as identified in the Motion), shall be entitled to pursue all remedies available under applicable non-bankruptcy law on entry of this order.

9.    Any and all claims of ZB, N.A. d/b/a California Bank & Trust that remain outstanding as of the dismissal of the Case shall ride-through the dismissal of the Case unimpaired, with all legal, equitable and contractual rights, including any related security interests, unaltered, and shall be enforceable against the Debtor on and after the dismissal of the Case.  The Debtor reserves all legal, equitable and contractual defenses, including offset and recoupment rights to such claims.

//

//

//

USAO373_00049282

1    10.    The Court retains post-dismissal jurisdiction pursuant to LBR 1017-2(f) and as set

2  forth in the Motion.

3                                                    ###

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Date: March 15, 2018

25                                        Catherine Bauer
                                          United States Bankruptcy Judge

26

27

28

4

USAO373_00049283

# EXHIBIT 2

**FILED**
Superior Court of California
County of Los Angeles

NOV 20 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Daisy G. Vallin

Received

OCT 3 1 2018

Default Section

1

2

3

4

5

6

7

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11

12  JASON FRANK LAW PLC, a professional          Case No. BC706555
    law corporation,                             The Hon. Dennis J. Landin, Dept. 51
13
              Plaintiff,                          [~~PROPOSED~~] **JUDGMENT**
14
        vs.                                       Trial Date:  None Set
15
    MICHAEL J. AVENATTI, an individual
16
              Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

1142399.1

[~~Proposed~~] Judgment

USAO373_00049848

The Motion for Summary Judgment / Adjudication filed by Plaintiff Jason Frank Law, PLC ("JFL") against Defendant Michael Avenatti ("Avenatti") having been granted on October 22, 2018, it is hereby ORDERED and ADJUDGED as follows:

1.   JUDGMENT is hereby entered in favor of JFL and against Avenatti in the amount of $ ~~5,009~~ 5,054,287.75 consisting of a principal amount of $4,850,000 plus prejudgment interest of $ 204,287.75 ($165,753.42 as of October 22, 2018 plus $1,328.77 for each day thereafter until judgment is entered).

2.   JFL shall have and recover from Avenatti costs in the amount of $_____ and attorneys' fees in the amount of $_____, the amounts to be determined as provided in California Rules of Court, rules 3.1700 and 3.1702, and inserted herein by the Clerk.

DATED: ___**NOV 2 0 2018**___   _____
                                HON. DENNIS J. LANDIN,
                                Judge of the Superior Court

Respectfully submitted,

Eric M. George, SBN 166403
egeorge@bgrfirm.com
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Attorneys for Jason Frank Law, PLC

1142399.1

-2-
[Proposed] Judgment

USAO373_00049849

# EXHIBIT 3

## Case Information

18CV04106 | William Parrish vs Michael J. Avenatti

| Case Number | Court | Judicial Officer |
|---|---|---|
| 18CV04106 | Santa Barbara - Anacapa | Anderle, Thomas P |

| File Date | Case Type | Case Status |
|---|---|---|
| 08/20/2018 | Unlimited Other Contract (37) | Judgment |

## Party

Plaintiff
**Parrish, William**

Active Attorneys ▼
Lead Attorney
**Cappello, A Barry**
Retained

Defendant
**Avenatti, Michael J.**

## Disposition Events

10/26/2018 Judgment ▼

Judicial Officer
Anderle, Thomas P

Judgment Type

12/12/2018

USAO373_00048240

Judgment - Monetary Award

Awarded To:

**Parrish, William**

Awarded Against:

**Avenatti, Michael J.**

Amount

Damages: **$1,500,000.00**

Pre-Judgment Interest: **$674,136.99**

Attorney Fees: **$19,050.00**

Costs: **$1,114.88**

Total: **$2194301.87**

## Events and Hearings

08/20/2018 New Filed Case

08/20/2018 Complaint, Filed

08/20/2018 Summons Issued, Filed

08/20/2018 Notice of Case Assignment/Case Management Conf, Filed

08/20/2018 Civil Case Cover Sheet Addendum (Local Form), Filed

08/20/2018 Civil Case Cover Sheet, Filed

09/14/2018 Proof of Service - Summons & Complaint, Filed

09/14/2018 Proof of Service 30 Day Summons and Complaint ▾

USAO373_00048241

10/25/2018 Request for Clerk's Judgment, Filed

10/25/2018 Declaration - Default/Uncontested Judgment, Filed

10/26/2018 Default Judgment by Clerk, Filed

11/15/2018 Memorandum of Costs/Credits/Interest, Filed

11/30/2018 Notice of Entry of Judgment, Filed

12/18/2018 Case Management Conference ▼

Judicial Officer
Anderle, Thomas P

Hearing Time
8:30 AM

Cancel Reason
Vacated

USAO373_00048242

EXHIBIT 4

1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
2                  FOR THE COUNTY OF LOS ANGELES
3
4   JASON FRANK LAW PLC,          )
    PROFESSIONAL LAW CORPORATION  )
5              PLAINTIFF,          )
                                   )
6           VS.                    )  CASE NO. BC706555
                                   )
7   MICHAEL J. AVENATTI,           )
    AN INDIVIDUAL                  )
8              DEFENDANT.          )
    _____)
9
10        JUDGMENT DEBTOR EXAM OF MICHAEL J. AVENATTI
11              FRIDAY, OCTOBER 18, 2019
12                   9:40 A.M.
13            LOS ANGELES SUPERIOR COURT
14              111 NORTH HILL STREET
15            CAFETERIA CONFERENCE ROOM
16           LOS ANGELES, CALIFORNIA 90012
17
18
19
20
21
22  JOB NO. 3599719
23  REPORTED BY:
24  CHERI BULLOCK
    CSR NO. 4714
25  PAGES 1 - 85

                                        Page 1

USAO373_00055474

1   APPEARANCES:

2

3   FOR THE PLAINTIFF:

4           FRANK SIMS STOLPER
            BY: ANDREW STOLPER, ESQ.

5           19800 MACARTHUR BOULEVARD
            SUITE 855

6           IRVINE, CALIFORNIA 92612
            (949)201-2400

7

8   FOR THE DEFENDANT:

9           PIERCE BAINBRIDGE, LLP
            BY: THOMAS WARREN, ESQ.

10               DANIEL DUBIN, ESQ.
            355 S. GRAND AVENUE, 44TH FLOOR

11          LOS ANGELES, CALIFORNIA 90071
            (216)789-9121

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                        Page  2

USAO373_00055475

```
 1                     I N D E X

 2

 3    WITNESS: MICHAEL J. AVENATTI              PAGE

 4    EXAMINATION BY

 5    MR. STOLPER ......................................4

 6

 7

 8                        EXHIBITS

 9    EXHIBIT          DESCRIPTION              PAGE

10    EXHIBIT 1    DECLARATION OF MICHAEL AVENATTI .......  6

11    EXHIBIT 2    PHOTOGRAPHS DATED AUGUST 20, 2019...... 15

12    EXHIBIT 3    ONLINE VEHICLE RECORD ................. 58

13

      EXHIBIT 4    3-15-19 TRANSCRIPT, PAGE 96

14                 RE: AUGUSTUS, LLP.......................71

15    EXHIBIT 5    SECRETARY OF STATE LLP FILING..........77

16

17

18

19

20

21

22

23

24

25
```

Personal Court Reporters, A Veritext Company
818-988-1900

USAO373_00055476

```
 1                   LOS ANGELES, CALIFORNIA;

 2                 FRIDAY, OCTOBER 18, 2019

 3

 4                   MICHAEL J. AVENATTI,

 5         having been first duly sworn was examined and

 6                   testified as follows:

 7

 8                        EXAMINATION

 9    BY MR. STOLPER:

10        Q    Mr. Avenatti, we are on the record in the

11    continued judgment debtor's exam.  You understand you are

12    under oath?

13        A    Yes, sir.

14        Q    Mr. Avenatti, before we get started, I noticed you

15    paid cash for snacks this morning; is that correct?

16        A    Yes.

17        Q    Do you have that cash in your wallet still?

18        A    No, I don't have my wallet.

19        Q    Do you have that cash on your person still?

20        A    Nope.

21        Q    What did you do with it?

22        A    I gave it to Mr. Dubin to pay his parking.

23        Q    How much was it?

24        A    The change?

25        Q    No, the cash.  How much cash did you give
```

Page 4

USAO373_00055477

1      Q    Was that under oath?

2      A    I believe it was.

3      Q    Okay.  Did you in that judgment debtor exam

4  provide truthful testimony throughout?

5      A    I'm going to plead the fifth.

6      Q    You are going to decline to answer on the grounds

7  that it may incriminate you whether or not your previous

8  testimony was truthful?

9      A    I've stated my answer.

10     Q    I just want to understand the scope of it.

11    MR. WARREN:  He has answered your question.

12     Q    BY MR. STOLPER:  Okay.  In your prior judgment

13  debtor exam in this court, would you let us -- would you

14  please tell me if the testimony you gave was truthful.

15     A    I believe it was.

16     Q    Okay.  And that prior judgment debtor exam in this

17  court was likewise under oath; is that correct?

18     A    I believe it was.

19     Q    Now let's turn back to Exhibit 1 to this judgment

20  debtor exam, some questions for you on it.

21      It says, "Apart from the plaintiffs --"   I'm

22  reading paragraph two.  "Apart from the plaintiffs in this

23  action, I have several creditors, many of whom have

24  judgments against me."

25      Who are those creditors who have judgments against

Page 8

USAO373_00055481

```
 1    you?

 2         A    My first wife, my second wife, Mr. Frank, who's

 3    the plaintiff in this action; Mr. William Parrish, various

 4    taxing authorities, and I'm sure that there are others that

 5    I am -- that I can't recall.

 6         Q    Okay.  So you identified Mr. Frank, which is the

 7    Plaintiff; Mr. Parrish; taxing authorities, as well as your

 8    two ex-wives; is that correct?

 9         A    Correct.  And I am sure there are others, but I

10    just can't recall them.

11         Q    Okay.  And it says many of these judgments also

12    predate the plaintiffs by years.

13              Which of the judgments predate the plaintiffs by

14    years?

15         A    A number of the taxing authorities, I think.

16    Certainly my first ex-wife's judgment, and there may be

17    others that I just can't recall.

18         Q    Does Mr. Parrish's judgment predate Mr. Frank's

19    judgment by years?

20         A    I don't believe so.

21         Q    What's Mr. Parrish's judgment for?

22         MR. WARREN:  Objection, relevance.

23         THE WITNESS:  He has a judgment against me for money.

24         Q    BY MR. STOLPER:  Okay.  But how did he obtain that

25    judgment?
```

Page 9

USAO373_00055482

```
 1        A    He filed an action in, I think it's Santa Barbara

 2   Superior Court.

 3        Q    How much is that judgment for?

 4        A    I don't know.

 5        Q    Have you paid any money towards that judgment?

 6        A    No.

 7        Q    Do you intend to?

 8        MR. WARREN:  Objection, relevance.

 9        THE WITNESS:  As I sit here today, do I have a present

10   intention of paying any money in the -- at any point in

11   time?

12        Q    BY MR. STOLPER:  Yeah.

13        A    I don't know.  I guess it would depend on the

14   circumstances.

15        Q    Okay.  What circumstances would trigger your

16   intention to pay Mr. Parrish's judgment?

17        A    I have no idea.  That calls for speculation.  I

18   can't speculate.

19        Q    So coming back to my question, do you have any

20   intention to pay Mr. Parrish his judgment?

21        MR. WARREN:  Objection, relevance.

22        THE WITNESS:  I'm going to go back to my answer, which

23   is right now I do not have an intention to pay Mr. Parrish

24   in the immediate near future, but depending on what

25   circumstances may arise, I certainly could pay him.
```

Page 10

USAO373_00055483

# EXHIBIT 5

FL-340

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Valerie E. Prescott, Esq. (SBN 170134)<br>Prescott & Prescott Inc.<br>400 West First Street<br>Tustin, CA 92780-3003<br>TELEPHONE NO.:(714) 730-5200   FAX NO. *(Optional):*(714) 730-5225<br>E-MAIL ADDRESS *(Optional):* Valerie@familylaw.com<br>ATTORNEY FOR *(Name):*Lisa Storie-Avenatti | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>LAMOREAUX JUSTICE CENTER<br><br>OCT 2 2 2018<br><br>DAVID H. YAMASAKI, Clerk of the Court<br>BY: R. ESCOBEDO   DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: Post Office Box 14170
CITY AND ZIP CODE: Orange, CA 92613-1570
BRANCH NAME: Family Law Branch

PETITIONER/PLAINTIFF: Michael Avenatti

RESPONDENT/DEFENDANT: Lisa Storie-Avenatti

OTHER PARTY:

| FINDINGS AND ORDER AFTER HEARING | CASE NUMBER:<br>17 D 009930 |
|---|---|

1. This proceeding was heard
on *(date):* Mon. 7/16/2018   at *(time):* 8:45 a.m.   in Dept.: L71   Room:
by Judge *(name):* Carol L. Henson   ☐ Temporary Judge
On the order to show cause, notice of motion or request for order filed *(date):* 1/3/2018 & 1/8/2018   by *(name):* Lisa Storie-Avenatti & Michael Avenatti respectively
   a. ☐ Petitioner/plaintiff present   ☐ Attorney present *(name):*
   b. ☒ Respondent/defendant present   ☒ Attorney present *(name):* Valerie E. Prescott, Esq.
   c. ☐ Other party present   ☐ Attorney present *(name):*

**THE COURT ORDERS**

2. Custody and visitation/parenting time:   As attached   ☐ on form FL-341   ☒ Other   ☐ Not applicable

3. Child support:   As attached   ☐ on form FL-342   ☒ Other   ☐ Not applicable

4. Spousal or family support:   As attached   ☐ on form FL-343   ☒ Other   ☐ Not applicable

5. Property orders:   As attached   ☐ on form FL-344   ☒ Other   ☐ Not applicable

6. Attorney's fees   As attached   ☐ on form FL-346   ☒ Other   ☐ Not applicable

7. Other orders:   ☒ As attached   ☐ Not applicable

8. All other issues are reserved until further order of court.

9. ☐ This matter is continued for further hearing on *(date):* N/A   at *(time):* N/A   in Dept.: N/A
on the following issues:

Date:
Approved as conforming to court order.

▶ Please see Court's approval on page 8 of Attachment.
JUDICIAL OFFICER

▶ Please see Counsel's approval on page 8 of Attachment.
SIGNATURE OF ATTORNEY FOR   ☐ PETITIONER/PLAINTIFF   ☐ RESPONDENT/DEFENDANT   ☐ OTHER PARTY

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-340 [Rev. January 1, 2012]<br>CEB | Essential<br>ceb.com | Forms

**FINDINGS AND ORDER AFTER HEARING**
**(Family Law—Custody and Support—Uniform Parentage)**

www.courts.ca.gov

OCT 2 2 2018

USAO373_00049144

1    **ATTACHMENT TO FORM FL-340 (FINDINGS AND ORDER AFTER HEARING)**

2    *This matter came on for hearing on Monday, 7/16/2018 at 8:45 a.m. before Judge Carol L.*

3    *Henson in Department L71 of this Court. Respondent was present as was counsel for Respondent,*

4    *Valerie E. Prescott, Esq. of Prescott & Prescott Inc. Petitioner was not present nor was there an*

5    *appearance made on his behalf.*

6    *The Court made the following findings and orders:*

7    1.    The Court did receive and read the letter from the Petitioner, Michael Avenatti, dated July 16,

8          2018 addressed to Respondent's counsel, and delivered to Department L71 on July 16, 2018

9          prior to this hearing taking place.

10   2.    The *Request for Order* filed by Petitioner on 1/8/2018 regarding child custody and visitation is

11         ordered off calendar as Petitioner failed to appear at the hearing on this date (7/16/2018).

12   3.    The Court proceeded on the *Request for Order* filed by Respondent on 1/3/2018.

13   4.    The Court orders that the following provisions contained in the *Stipulation and Order* filed on

14         4/23/2018, previously stipulated as "agreed upon with out prejudice to either party", are now the

15         this Court's temporary orders in this matter:

16         a.    Custody and Parenting time provisions (items 1-12).

17                          ***Child Custody and Parenting Time***

18                                  ***Joint Legal Custody***

19                1.    Subject to further order of any Court of competent jurisdiction, Petitioner/Father

20                      and Respondent/Mother shall have joint legal custody and control of their minor

21                      child, Agostino W. Avenatti, born August 24, 2014.

22                                      ***Physical Custody***

23                2.    Respondent/Mother shall have primary physical custody of the minor child.

24                3.    Petitioner/Father shall have secondary physical custody of the minor child during

25                      the following times:

26                      a.    The first and third weekend of each month as determined by the calendar

27                            date on Friday, from Friday at 6:00 p.m. to Sunday at 6:00 p.m.

28                      b.    Every Wednesday from 5:00 p.m. to 7:00 p.m.

Prescott & Prescott, Inc.
Unified Family Law Practice
The State Bar of California Board of Legal Specialization

1        c.      Petitioner/Father shall confirm that he will exercise his custodial time

2                with his son no later than the Monday prior to his Wednesday and

3                Friday/weekend custodial time.

4        d.      One-half (½) of holidays, as well as additional custodial time during the

5                summer (to be determined later if the parties cannot come to an

6                additional mutual agreement).

7      4.     Each party shall keep the other advised at all time of his/her current residence

8          address, telephone numbers (home and work), and the location of any place

9          where the child will be spending any extended period of time (three days or

10     more).

11                  ***Custody Jurisdiction***

12     5.     California shall have jurisdiction, and shall be the only convenient forum, to make

13          any initial or modification orders providing for the custody, including parenting

14          time rights of the child of the parties, for as long as either party continues to be

15          a resident of California and to assert his or her custody or parenting time rights

16          with respect to the child.  Neither party shall commence any action seeking such

17          orders, as distinguished from registering a Judgment for the sole purpose of

18          enforcing it, in any out-of-state forum when either party continues to be a

19          residence of California, to assert his or her custody or parenting time rights with

20          respect to the child who is the subject of the action.   Should either party

21          commence such an action in violation of this provision, the Court, in the parties'

22          dissolution action, shall award the other party all costs reasonably incurred as a

23          result, including, but not limited to, transportation costs, attorney fees, and other

24          litigation costs, regardless of whether he or she is the prevailing party in the

25          out-of-state action.  The Court, in the parties' dissolution action, shall reserve

26          jurisdiction to award such costs.

27     6.     Pursuant to Family Code section 3048, the Court finds that:

28        a.     This Court has jurisdiction over the minor child under the Uniform Child

USAO373_00049146

1    Custody Jurisdiction and Enforcement Act (part 3 of the California

2    Family Code, commencing with section 3400).

3    b.    The responding party was given notice and an opportunity to be heard as

4    provided by the laws of the State of California.

5    c.    Child custody and visitation rights of each party are as set forth in this

6    order.

7    d.    The minor child's country of habitual residence is the United States of

8    America and his home state is California (as more specifically addressed

9    herein above).

10    Any violation of the custody/visitation order may subject the party in violation

11    to civil or criminal penalties, or both.

12                                   *Decision Making*

13    7.    Each party shall:

14    a.    have the right and responsibility to make decisions relating to the child's

15    health, education, welfare and religion;

16    b.    continue to have a full and active role in providing a sound moral, social,

17    economic, and educational environment for the child;

18    c.    consult the other on all substantial questions relating to the child's

19    religious upbringing, educational plans, significant changes in social

20    environment, and non-emergency health care;

21    d.    work cooperatively with the other to amicably resolve any disputes;

22    e.    immediately inform the other regarding 1) any significant changes in the

23    child's health; ii)significant information relative to he child's educational

24    progress, iii) details of the child's medical treatment; iv) the existence of

25    any educational, emotional, or medical problems of the child; and v) all

26    other significant events in the child's life.

27                                   *Activities*

28    8.    Each party shall carefully avoid the scheduling or arranging of activities for the

ATTACHMENT TO FORM FL-340 (FINDINGS AND ORDER AFTER HEARING)
7/19/18   PETITIONER: MICHAEL AVENATTI
RESPONDENT: LISA STORIE-AVENATTI          PAGE 3          OCSC CASE NO.: 17 D 009930

USAO373_00049147

1  child that are likely to conflict with any periods of custody allocated to the other

2  party.

3  *Derogatory Remarks*

4  9.   Neither party shall use or make any disparaging or derogatory remarks about the

5  other, or to the other, in the presence of the child of the marriage.   Both parties

6  are prohibited from permitting the child of the marriage to be in a place where

7  any person (regardless of whether said person may be a relative, friend or

8  significant other) is making disparaging or derogatory remarks about the other.

9  Notification Regarding Trips

10  10.   If either party takes the child on a trip away from home for longer than two days,

11  that traveling party shall provide the other party, before leaving, with the address

12  and telephone number of the place where the child will be and shall report any

13  later changes of plans.  If a trip of two days or less is to be extended, there shall

14  also be notification to the other party as to the relevant details.

15  *Move Restrained*

16  11.   Each party is enjoined and restrained from removing or attempting to remove a

17  child of the marriage from Orange or Los Angeles Counties, without the prior

18  written consent of the other party or an order of a court of competent

19  jurisdiction, except for vacation purposes not exceeding ten (10) days.

20  Surname

21  12.   The parties' minor child shall bear the father's surname on all school records and

22  any other legal documents, and shall not assume the mother's maiden name or the

23  mother's future married name.

24  b.   Health Insurance for the minor child (item 17).

25  *Health Insurance for Child*

26  17.   Pursuant to Family Code Sections 3751(a)(2) and (b), Petitioner/Father shall

27  maintain health insurance coverage for the supported child, if available at no cost

28  or at a reasonable cost. Such health insurance shall be considered reasonable in

USAO373_00049148

cost if the cost to Petitioner does not exceed five percent (5%) of his gross income.

c.   Medical Expenses not Otherwise Covered by Health Insurance (provision 18)

**Medical Expenses Not Otherwise Covered by Health Insurance**

18.   As and for additional child support, pursuant to Family Code Sections 4062 and 4063, each party shall pay one-half of all reasonable uninsured health care costs. When either parent accrues or pays costs pursuant to this paragraph, that parent shall provide an itemized statement of the costs to the other parent within a reasonable time, but not more than thirty (30) days after accruing the costs. These costs shall then be paid as follows:

a.   If a parent has already paid all of these costs, that parent shall provide proof of payment and a request for reimbursement of his or her court-ordered share to the other parent.

b.   If a parent has paid his or her court-ordered share of the costs only, that parent shall provide proof of payment to the other parent, request the other parent to pay the remainder of the costs directly to the provider, and provide the reimbursing parent with any necessary information about how to make the payment to the provider.

c.   The other parent shall make the reimbursement or pay the remaining costs within a reasonable time, not to exceed thirty (30) days from notification of the amount due.

d.   If the reimbursing parent disputes a request for payment, that parent shall pay the requested amount and thereafter may seek judicial relief under Family Code Sections 290 and 4063. If the reimbursing parent fails to pay the other parent as required by Family Code Section 4063(b), the other parent may seek judicial relief under Family Code Section 4063.

All of the rights and responsibilities described in the *Notice of Rights and Responsibilities* (FL-192, copy attached hereto) are incorporated herein by this

1    reference.

2    d.    Provision 19.

3                        ***Consent for Medical Care***

4         19.    Except in cases of emergency, the custodial party shall consult the other party and

5    obtain said party's written consent, which shall not be unreasonably withheld, before

6    committing the child to any course of treatment or care for which medical expenses

7    payable by the other arty may reasonably be expected to be in excess of $200 during any

8    calendar month or in excess of $1,000 over a period of one (1) year.

9    e.    Provision 25, and 26.

10                       ***Health Insurance for Respondent***

11        25.    Petitioner shall continue to maintain all presenting existing health, dental and

12    vision insurance coverage for Respondent.

13    Life Insurance Policies

14        26.    Petitioner shall maintain and keep current all presently existing life insurance

15    policies insuring his life.   Petitioner is specifically restrained and enjoined from

16    changing the beneficiary of any life insurance policies insuring his life and shall

17    continue to list Respondent as the sole and irrevocable beneficiary thereof until

18    further order of the Court.

19    5.    The Court swore in the Respondent and testimony was taken from her concerning her *Income*

20    *and Expense Declaration* filed on 6/18/2018.

21                            ***Child Support***

22    6.    The Court orders Petitioner to pay to Respondent as and for child support, commencing

23    retroactively to 1/1/2018, the sum of $31,897 per month, plus one-half of child care of $12,000

24    per month, for a total of $37,897 per month payable one-half on the first and one-half on the

25    fifteenth days of each month.

26    7.    The findings for the pendente lite child support ordered herein above are as set forth on the

27    Xspouse calculation report adopted by and filed by the Court this date (7/16/2018), a copy of

28    which is attached hereto as **Exhibit A** and incorporated herein as if fully set forth herein.

---

ATTACHMENT TO FORM FL-340 (FINDINGS AND ORDER AFTER HEARING)
7/19/18    PETITIONER: MICHAEL AVENATTI
RESPONDENT: LISA STORIE-AVENATTI                    PAGE 6                    OCSC CASE NO.: 17 D 009930

USAO373_00049150

1  8.  Pursuant to Family Code section 3901, the child support order contained herein shall continue
2     as to Agostino W. Avenatti born 8/26/2014 until further order of the Court or until such a time
3     as Agostino does any of the following: marries; dies; is emancipated; attains the age of 18, 19
4     if still attending high school full time and not self supporting, whichever occurs first.

5  9.  Pursuant to Family Code section 5230, Petitioner/Father's employer is ordered to assign to
6     Respondent/Mother, that portion of Petitioner/Father's earnings due or to be due in the future
7     as will be sufficient to pay the amount of support ordered above.

8  10.  Pursuant to Family Code Section 5616, in the event that there is a contract between a party
9     receiving support and a private child support collector, the party ordered to pay support must pay
10    the fee charged by the private child support collector. This fee must not exceed 33⅓ percent of
11    the total amount of past due support nor may it exceed 50 percent of any fee charged by the
12    private child support collector. The money judgment created by this provision is in favor of the
13    private child support collector and the party receiving support, jointly.

14              ***Child Support Arrears Created by this Order***

15  11.  The Court reserves jurisdiction to order a monthly payment toward the child support arrearage
16    created by the retroactive child support order set forth herein above after credit has been given
17    for the support payments made by Petitioner from 1/1/2018 to date.

18                        ***Spousal Support***

19  12.  The Court orders Petitioner to pay to Respondent as and for spousal support, commencing
20    retroactively to 1/1/2018, the sum of $124,398 per month payable one-half on the first and one-
21    half on the fifteenth days of each month until death of either party, further order of the Court or
22    remarriage of Respondent, whichever occurs first.

23  13.  The findings for the pendente lite spousal support ordered herein above are as set forth on the
24    Xspouse calculation report adopted by and filed by the Court this date (7/16/2018), a copy of
25    which is attached hereto as **Exhibit A** and incorporated herein as if fully set forth herein.

26           ***Spousal Support Arrears Created by this Order***

27  14.  The Court reserves jurisdiction to order a monthly payment toward the spousal support arrearage
28    created by the retroactive spousal support order set forth herein above after credit has been given

---

ATTACHMENT TO FORM FL-340 (FINDINGS AND ORDER AFTER HEARING)
7/19/18  PETITIONER: MICHAEL AVENATTI
         RESPONDENT: LISA STORIE-AVENATTI          PAGE 7          OCSC CASE NO.: 17 D 009930

|   |   |
|---|---|
| 1 | for the support payments made by Petitioner from 1/1/2018 to date. |

### *Attorney Fees and Costs*

3   15.   The Court orders Petitioner to pay to Respondent, as and for further support, $185,000 as a further contribution toward her attorney fees and costs already incurred herein. Said sum is payable forthwith to the Respondent directly. Said sum is ordered in addition to the $10,000 in attorney fees set forth in the *Stipulation and Order* filed on 4/23/2018.

7   16.   The Court orders Petitioner to pay to Respondent, as and for further support, an additional $30,000 for accounting fees and costs. Said sum is payable to Respondent forthwith.

9   17.   The Court orders Petitioner to advance and pay to Respondent's counsel, as and for further support, the sum of $50,000 to be placed in Respondent's counsel's trust account in order to pay for anticipated further expert fees, future accounting fees, etc. Said sum is due and payable forthwith.

13   18.   The Court finds that the above ordered amounts are reasonable and that they are a necessary function of support for the Respondent.

### *Prior Existing Orders*

16   19.   All prior existing orders not specifically modified herein remain in full force and effect.

### *Preparation of Formal Order*

18   20.   Counsel for Respondent shall prepare the formal order.

*Approved as to Form and Content*:

Dated: _____

Petitioner, Michael Avenatti, Self-Represented

Dated: *8-17-2018*

Valerie E. Prescott, Esq.; Prescott & Prescott Inc.
Counsel for Respondent, Lisa Storie-Avenatti

*IT IS SO ORDERED*:

OCT 2 2 2018

**CAROL L. HENSON**

Dated: _____

Honorable Carol L. Henson
Judge of the Superior Court of California
County of Orange, Lamoreaux Justice Center
Family Law Division, Department L71

ATTACHMENT TO FORM FL-340 (FINDINGS AND ORDER AFTER HEARING)
7/19/18   PETITIONER: MICHAEL AVENATTI
RESPONDENT: LISA STORIE-AVENATTI     PAGE 8     OCSC CASE NO.: 17 D 009930

USAO373_00049152

# EXHIBIT



USAO373_00049153

7/15/2018                                          MainScreen.html

# 2018                        Xspouse 2018-1-CA                     Monthly Figures

| Fixed Shares | Father | Mother |
|---|---|---|
| Number of children | 0 | 1 |
| Percent time with NCP | 10.00% | 0.00% |
| Filing status | SINGLE | HH/MLA |
| Number of exemptions | 1 | 2 |
| Wages and salary | 0 | 0 |
| Self employed income | 0 | 0 |
| Other taxable income | 0 | 0 |
| TANF CS received | 0 | 0 |
| Other nontaxable income | 261830 | 0 |
| New spouse income | 0 | 0 |
| Adjustments to income | 0 | 0 |
| SS paid prev marriage | 0 | 0 |
| CS paid prev marriage | 0 | 0 |
| Health insurance | 0 | 0 |
| Other medical expenses | 0 | 0 |
| Property tax expenses | 0 | 0 |
| Ded interest expense | 0 | 0 |
| Contribution deduction | 0 | 0 |
| Misc tax deductions | 0 | 0 |
| Qualified business income deduction | 0 | 0 |
| Required union dues | 0 | 0 |
| Mandatory retirement | 0 | 0 |
| Hardship deduction | 0 | 0 |
| Other GDL deductions | 0 | 0 |
| Child care expenses | 0 | 0 |

**Monthly Figures**
**2018**

**GUIDELINE**
Nets (adjusted)

| | |
|---|---|
| Father | 261830 |
| Mother | -56405 |
| Total | 205425 |

Support

| | |
|---|---|
| Addons | 0 |
| Guideln CS | 31897 |
| S.Clara SS | 124398 |
| Total | 156296 |

Proposed
Tactic 8(f)

| | |
|---|---|
| Nondeductible | 0 |
| Deductible | 127319 |
| Total | 127319 |
| Saving | -1469 |
| Releases | 1 |

**Cash Flow**

| | Guideline | Proposed |
|---|---|---|
| Combined net spendable | 205426 | 203957 |
| Percent change | 0% | -1% |
| **Father** | | |
| Payment cost/benefit | -156296 | -127319 |
| Net spendable income | 105534 | 134511 |
| Change from guideline | 0 | 28977 |
| % of combined spendable | 51% | 66% |
| % of saving over guideline | 0% | -1973% |
| Total taxes | 0 | 0 |
| Dep. exemption value | 0 | 0 |
| # withholding allowances | 0 | 0 |
| Net wage paycheck | 0 | 0 |
| **Mother** | | |
| Payment cost/benefit | 99891 | 69445 |
| Net spendable income | 99891 | 69445 |
| Change from guideline | 0 | -30446 |
| % of combined spendable | 49% | 34% |
| % of saving over guideline | 0% | 2073% |
| Total taxes | 56404 | 57873 |
| Dep. exemption value | 0 | 0 |
| # withholding allowances | -16 | -7 |
| Net wage paycheck | 0 | 0 |

Father pays Guideline CS, Guideline SS, Proposed SS

FC 4055 checking: ON
**Per Child Information**

| | Timeshare | cce(F) | cce(M) | Addons Payor | Basic CS Payor | Pres CS Payor |
|---|---|---|---|---|---|---|
| All children | 10 - 90 | 0 | 0 | 0 Father | 31,897 Father | 31,897 Father |
| | 10 - 90 | 0 | 0 | 0 Father | 31,897 Father | 31,897 Father |

*Prescott & Prescott Inc.*
*Attorneys at Law*
**EXHIBIT A**
**ATTACHMENT TO FORM FL-340 (FINDINGS AND ORDER AFTER HEARING)**

PETITIONER: MICHAEL AVENATTI
RESPONDENT: LISA STORIE-AVENATTI                              OCSC CASE NO.: 17 D 009930

USAO373_00049154

## NOTICE OF RIGHTS AND RESPONSIBILITIES

FL-192

### Health-Care Costs and Reimbursement Procedures

## IF YOU HAVE A CHILD SUPPORT ORDER THAT INCLUDES A PROVISION FOR THE REIMBURSEMENT OF A PORTION OF THE CHILD'S OR CHILDREN'S HEALTH-CARE COSTS AND THOSE COSTS ARE NOT PAID BY INSURANCE, THE LAW SAYS:

**1. Notice.** You must give the other parent an itemized statement of the charges that have been billed for any health-care costs not paid by insurance. You must give this statement to the other parent within a reasonable time, but no more than 30 days after those costs were given to you.

**2. Proof of full payment.** If you have already paid all of the uninsured costs, you must (1) give the other parent proof that you paid them and (2) ask for reimbursement for the other parent's court-ordered share of those costs.

**3. Proof of partial payment.** If you have paid only your share of the uninsured costs, you must (1) give the other parent proof that you paid your share, (2) ask that the other parent pay his or her share of the costs directly to the health-care provider, and (3) give the other parent the information necessary for that parent to be able to pay the bill.

**4. Payment by notified parent.** If you receive notice from a parent that an uninsured health-care cost has been incurred, you must pay your share of that cost within the time the court orders; or if the court has not specified a period of time, you must make payment (1) within 30 days from the time you were given notice of the amount due, (2) according to any payment schedule set by the health-care provider, (3) according to a schedule agreed to in writing by you and the other parent, or (4) according to a schedule adopted by the court.

**5. Disputed charges.** If you dispute a charge, you may file a motion in court to resolve the dispute, but only if you pay that charge before filing your motion. If you claim that the other party has failed to reimburse you for a payment, or the other party has failed to make a payment to the provider after proper notice has been given, you may file a motion in court to resolve the dispute. The court will presume that if uninsured costs have been paid, those costs were reasonable. The court may award attorney fees and costs against a party who has been unreasonable.

**6. Court-ordered insurance coverage.** If a parent provides health-care insurance as ordered by the court, that insurance must be used at all times to the extent that it is available for health-care costs.

**a. Burden to prove.** The party claiming that the coverage is inadequate to meet the child's needs has the burden of proving that to the court.

**b. Cost of additional coverage.** If a parent purchases health-care insurance in addition to that ordered by the court, that parent must pay all the costs of the additional coverage. In addition, if a parent uses alternative coverage that costs more than the coverage provided by court order, that parent must pay the difference.

**7. Preferred health providers.** If the court-ordered coverage designates a preferred health-care provider, that provider must be used at all times consistent with the terms of the health insurance policy. When any party uses a health-care provider other than the preferred provider, any health-care costs that would have been paid by the preferred health provider if that provider had been used must be the sole responsibility of the party incurring those costs..

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
FL-192 [Rev. January 1, 2015]

**NOTICE OF RIGHTS AND RESPONSIBILITIES**
Health-Care Costs and Reimbursement Procedures

Family Code, §§ 4062, 4063
www.courts.ca.gov

Martin Dean's
**ESSENTIAL FORMS™**

USAO373_00049155

## INFORMATION SHEET ON CHANGING A CHILD SUPPORT ORDER

FL-192

**General Information**

The court has just made a child support order in your case. This order will remain the same unless a party to the action requests that the support be changed (modified). An order for child support can be modified only by filing a motion to change child support and serving each party involved in your case. If both parents and the local child support agency (if it is involved) agree on a new child support amount, you can complete, have all parties sign, and file with the court a *Stipulation to Establish or Modify Child Support and Order* (form FL-350) or *Stipulation and Order (Governmental)* (form FL-625).

**When a Child Support Order May Be Modified**

The court takes several things into account when ordering the payment of child support. First, the number of children is considered. Next, the net incomes of both parents are determined, along with the percentage of time each parent has physical custody of the children. The court considers both parties' tax filing status and may consider hardships, such as a child of another relationship. An existing order for child support may be modified when the net income of one of the parents changes significantly, the parenting schedule changes significantly, or a new child is born.

**Examples**

- You have been ordered to pay $500 per month in child support. You lose your job. You will continue to owe $500 per month, plus 10 percent interest on any unpaid support, unless you file a motion to modify your child support to a lower amount and the court orders a reduction.
- You are currently receiving $300 per month in child support from the other parent, whose net income has just increased substantially. You will continue to receive $300 per month unless you file a motion to modify your child support to a higher amount and the court orders an increase.
- You are paying child support based upon having physical custody of your children 30 percent of the time. After several months it turns out that you actually have physical custody of the children 50 percent of the time. You may file a motion to modify child support to a lower amount.

**How to Change a Child Support Order**

To change a child support order, you must file papers with the court. *Remember:* You must follow the order you have now.

**What forms do I need?**

If you are asking to change a child support order open with the local child support agency, you must fill out one of these forms:

- FL-680, *Notice of Motion (Governmental)* or FL-683 *Order to Show Cause (Governmental)* **and**
- FL-684, *Request for Order and Supporting Declaration (Governmental)*

If you are asking to change a child support order that is **not** open with the local child support agency, you must fill out one of these forms:

- FL-300, *Request for Order* or
- FL-390, *Notice of Motion and Motion for Simplified Modification of Order for Child, Spousal, or Family Support*

You must also fill out one of these forms:

- FL-150, *Income and Expense Declaration* or FL-155, *Financial Statement (Simplified)*

**What if I am not sure which forms to fill out?**

Talk to the family law facilitator at your court.

**After you fill out the forms,** file them with the court clerk and ask for a hearing date. Write the hearing date on the form.

The clerk will ask you to pay a filing fee. If you cannot afford the fee, fill out these forms, too:

- Form FW-001, *Request to Waive Court Fees*
- Form FW-003, *Order on Court Fee Waiver (Superior Court)*

**You must serve the other parent.** If the local child support agency is involved, serve it too.

This means someone 18 or over - **not you** - must serve the other parent copies of your filed court forms at least **16 court days** before the hearing. Add **5 calendar days** if you serve by mail within California (see Code of Civil Procedure section 1005 for other situations). **Court days** are weekdays when the court is open for business (Monday through Friday except court holidays). **Calendar days** include all days of the month, including weekends and holidays. To find court holidays, go to *www.courts.ca.gov/holidays.htm*.

The server must also serve blank copies of these forms:

- FL-320, *Responsive Declaration to Request for Order* **and** FL-150, *Income and Expense Declaration, or*
- FL-155, *Financial Statement (Simplified)*

Then the server fills out and signs a *Proof of Service* (form FL-330 or FL-335). Take this form to the clerk and file it.

**Go to your hearing and ask the judge to change the support.** Bring your tax returns from the last two years and your last two months' pay stubs. The judge will look at your information, listen to both parents, and make an order. After the hearing, fill out:

- FL-340, *Findings and Order After Hearing* **and**
- FL-342, *Child Support Information and Order Attachment*

**Need help?**

Contact the family law facilitator in your county or call your county's bar association and ask for an experienced family lawyer.

**NOTICE OF RIGHTS AND RESPONSIBILITIES**
Health-Care Costs and Reimbursement Procedures

USAO373_00049156

**PROOF OF SERVICE**
State of California, County of Orange

1

2

3   I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 400 West First Street, Tustin, California, 92780.

4

5   On July 19, 2018, I served the foregoing document described below on the interested parties in this action in the manner set forth below:

6

7   Recipient(s) name, address, fax number, email address (as pertinent):

8

**Michael Avenatti, Esq**
9   **Eagan Avenatti, LLP**
**520 Newport Center Drive, Ste 1400**
10  **Newport Beach CA 92660-7020**

11  **Email: mavenatti@eaganavenatti.com**

12  Document Title:

13  **FINDINGS AND ORDER AFTER HEARING**

14  ( X ) U. S. Regular Mail
I placed a true copy of the above named document
15  enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Tustin,
16  California, addressed as above. (C.C.P. § 1013(a))

17  I am readily familiar with this office's practice for collection and processing of correspondence for
18  mailing with the United States Postal Service. Service made pursuant hereto is presumed invalid
19  if the postal cancellation date or postage meter date on the envelope is more than one day after the date
20  of deposit for mailing contained herein.

21  ( ) U. S. Express Mail
I placed a true copy of the above named document
22  enclosed in a sealed express mail envelope with express mail postage thereon fully prepaid in the
23  United States mail at Orange, California, addressed as above. (C.C.P. § 1013(c))

24

( ) U.P.S. Next Day Air
25  I placed a true copy of the above named document enclosed in a sealed U.P.S. Next Day Air envelope
26  fully prepaid in a box or other facility regularly maintained by the express service carrier addressed
27  as above. (C.C.P. § 1013(c))

28  ( ) Facsimile Service

I caused such document to be transmitted to a machine maintained by the person on whom it is served at the address indicated above. (C.C.P. § 1013(e))

(X) Electronic Service – Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at th electronic notification address(es) listed herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) Delivery Service
I placed a true copy of the above named document enclosed in a sealed envelope and caused such envelope to be delivered to the person named thereon at the offices of the addresses named above.

( ) Personal Service
I handed a true copy of the above named document to the person named herein on the below mentioned date at:

**Superior Court of California**
**County of Orange**
**Lamoreaux Justice Center**
**341 The City Drive, Dept. L71**
**Orange, CA 92868**

( X ) State: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( ) Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on July 19, 2018, at Tustin, California.

*Julie Warrick*