# Durie Tangri

Michael J. Proctor
213-992-4499 (main)
mproctor@durietangri.com

January 16, 2020

**VIA E-MAIL TO CHAMBERS**

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 705
New York, NY 10007

Re:   *United States v. Michael Avenatti*, No. 19-cr-373 (PGG)
      Joint Letter Brief Regarding Dispute as to Subpoena *Duces Tecum*

Dear Judge Gardephe:

Non-parties and subpoenaed persons Gary Franklin and Jeffrey Auerbach, along with Defendant Michael Avenatti, jointly write to seek the Court's resolution of a dispute that has arisen. By way of background, Defendant served Mr. Franklin and Mr. Auerbach with two identical trial subpoenas duces tecum on December 31, 2019.[1] Those subpoenas requested four categories of documents. Only one of those categories remains in controversy, as the parties have conferred and resolved the other three.

Mr. Franklin and Mr. Auerbach are prepared to file a formal motion to quash the subpoenas, if necessary. However, in an effort to assist the Court and streamline the briefing process, Mr. Franklin, Mr. Auerbach, and the Defendant have agreed to present the issues raised by such a motion to quash in this joint letter brief setting forth the relevant facts, efforts towards resolution, and respective positions of each of Mr. Franklin, Mr. Auerbach, and Mr. Avenatti. It is requested that the Court treat this letter brief as a motion to quash brought by Mr. Franklin and Mr. Auerbach and Mr. Avenatti's response; no further briefing or response is needed, since everyone's position is set forth herein.

I.      **Factual Background**

The following facts are not in dispute. On December 31, 2019, counsel for the Defendant served counsel for Mr. Franklin and Mr. Auerbach with subpoenas commanding their presence at trial and requiring that each bring the documents, electronically stored information, and objects described in "Attachment A." The categories of documents described in the subpoena are as follows:

---

[1] Mr. Franklin and Mr. Auerbach agreed to accept service of the subpoenas via email through their counsel.

The Honorable Paul G. Gardephe
United States District Judge
January 16, 2020
Page 2

1. All text messages and emails (without redaction) between (to/from) Jeffrey Auerbach and Gary Franklin relating to, mentioning or concerning Michael Avenatti, from February 13, 2019, through December 27, 2019.

2. All audio recordings in your possession relating to, mentioning or concerning Michael Avenatti, from March 1, 2019, through December 27, 2019.

3. All memoranda, narratives, summaries, spreadsheets, PowerPoint presentations and similar documents prepared by you, in whole or in part, relating to, mentioning or concerning Nike, Bryan Friedman, Carlton Dubose, Jamal James or Michael Avenatti.  Note:  You are requested to produce all drafts of any such documents as well as all electronic files (complete with metadata) relating to the documents.

4. The same documents already produced to the government in this case, but please produce them without any redactions.  If you seek to redact based on an assertion of a privilege, please provide a privilege log noting the basis for the privilege as to each redaction.

(*See* Exhibits A and B hereto.)

On January 6, 2019, after the subpoenas were served, the Court issued an order denying the Defendant's motion for issuance of a Rule 17(c) subpoena *duces tecum* to Mr. Franklin.  (Dkt. 122.)  On January 8, 2019, Mr. Auerbach's counsel sent Defendant's counsel an email requesting that the Defendant withdraw the document requests included in the trial subpoena.  (*See* Exhibit C.)  The same day, Mr. Franklin's counsel sent Defendant's counsel a letter to the same effect.  (*See* Exhibit D.)

On January 9, 2019, counsel for Messrs. Franklin, Auerbach, and the Defendant had a telephonic meet and confer during which a number of agreements were reached:

*Document Request No. 2:*  Defendant's counsel accepted the representation from counsel for Mr. Franklin and Mr. Auerbach that neither of their clients has material responsive to the second document request—*i.e.*, there are no such recordings.

*Document Request No. 3:*  Counsel for Mr. Franklin and Mr. Auerbach agreed that production of certain specific documents will suffice to comply, and those documents have already been produced to the government and we understand the government has produced them to the Defendant.

*Document Request No. 4:*  Mr. Avenatti agrees, without waiving the request, that the Court has already resolved Request No. 4 in its Order denying Mr. Avenatti's motion for pretrial production of these same materials, (Dkt. 122).

Counsel were unable, however, to reach a resolution as to the first category of requested documents, necessitating the Court's intervention.

The Honorable Paul G. Gardephe
United States District Judge
January 16, 2020
Page 3

### II.    Mr. Franklin and Mr. Auerbach's Position

The first category of documents the Defendant seeks through his revised trial subpoena is substantially the same as the second category of documents sought in Defendant's motion for issuance of a Rule 17(c) subpoena, and ought to be denied for the same reasons stated by Mr. Franklin and the government in their oppositions and articulated by the Court in its January 6, 2019 order.  As the Court recognized in its order, this category of documents fails to meet the tests of relevancy, admissibility, or specificity set forth in *United States v. Nixon*, 418 U.S. 683, 700 (1974), and its progeny.  None of these three independent requirements are present, warranting that the portion of the subpoenas *duces tecum* concerning the first category of documents be quashed.  *See United States v. Percoco*, 16-CR-776 (VEC), 2018 WL 9539131, at *2 (S.D.N.Y. June 14, 2018) (holding that trial subpoenas seeking impeachment material are subject to the same standard as pre-trial subpoenas for other materials, and collecting cases).

*First*, any text messages and emails between Messrs. Franklin and Auerbach relating to, mentioning, or concerning Mr. Avenatti that have not been produced to the government are not relevant.  Mr. Franklin has already produced all text messages and emails with Mr. Auerbach during the relevant time period, which is January 1, 2019 through March 31, 2019.  Neither Mr. Franklin nor Mr. Auerbach had any communication with Mr. Avenatti prior to March, 2019, nor have they had any communication with Mr. Avenatti subsequent to his arrest.  To the extent the Defendant seeks additional communications to "provide context," the Court has already rejected this effort.  To the extent the Defendant contends information contained in these communications might be relevant, he is mistaken—as the Court noted in its order, "the critical issue at trial will be whether the Government has proven beyond a reasonable doubt that Avenatti demanded $15 to $25 million *for himself* in exchange for not conducting a press conference at which Nike's alleged misconduct would be revealed, and whether he did so without his client's knowledge and consent." (Dkt. 122 at 10.)  Thus, unless a text message or email has a tendency to show Mr. Franklin knew of and consented to the Defendant's alleged criminal scheme, it is not relevant.  The Defendant has not suggested any such text messages or emails exist, nor has he put forth a narrowly tailored requested targeted as such text messages or emails.

*Second*, and relatedly, the request is not specific.  The Defendant could have sought text messages or emails tending to show that Mr. Franklin knew of and consented to Defendant's proposal to Nike, but rather than doing so, he embarked on "the proverbial 'fishing expedition' prohibited under the case law." (Dkt. 122 at 11.)  Indeed, the instant request is *broader* in key respects than the request included in the Defendant's motion for issuance of a Rule 17(c) subpoena.  This request not only seeks *all* text messages and emails transmitted in a certain timeframe (as opposed to only those produced to the government), but it also seeks communications transmitted *after* the alleged conduct forming the basis of the government's operative indictment.

*Third*, the text messages and emails are inadmissible hearsay.  The Defendant has never suggested that the materials he seeks are admissible to prove the truth of their contents because, for example, one or more exceptions to the rule against hearsay apply.  Instead, he believes, without pointing to any specific facts, that the requested communications *may* contain impeachment material.  This supposition not only runs afoul of *Nixon*'s specificity requirement, but is contrary to the cases that "articulate an absolute

The Honorable Paul G. Gardephe
United States District Judge
January 16, 2020
Page 4

prohibition on the use of a Rule 17(c) subpoena solely for impeachment purposes." *United States v. Weissman*, No. 01-CR-529 (BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) (collecting cases and granting motion to quash Rule 17(c) subpoena where "defense counsel merely speculates that the materials ***may*** constitute inconsistent statements of expected witnesses" (emphasis in original)).

To the extent the federal rules contemplate the production of impeachment material by way of a third-party subpoena, the Defendant's subpoena *duces tecum* misunderstands the operation of Rule 17(c). Under that rule, requested communications only ripen into evidentiary impeachment materials if and when the subpoenaed third party testifies at trial in a manner inconsistent with their communications. The Defendant has not demonstrated that he is entitled to these materials on an expedited basis, and thus his subpoenas should be quashed to the extent they are returnable on the first day of trial, before Mr. Franklin or Mr. Auerbach has testified. *See United States v. Giampa*, No. 92-CR-437 (PKL), 1992 WL 296440 (S.D.N.Y. Oct. 7, 1992) (quashing a subpoena that was returnable on the first day of trial on the basis that the requested materials had not ripened into impeachment materials because the witnesses had not yet testified).

Despite the Court's January 6, 2019 order, the Defendant continues to improperly seek burdensome production from third parties under the thin guise that the materials requested may help his collateral attack on Nike's conduct or may eventually yield impeachment materials. Mr. Franklin and Mr. Auerbach respectfully request that the Court quash the first category of documents requested in Defendant's trial subpoenas.

### III. Defendant's Position

Mr. Franklin and Mr. Auerbach are both listed on the government's witness list and scheduled to testify at trial. Their testimony will relate to all three charges in the Superseding Indictment. For more than a year—between February 2018 and March 2019—Messrs. Franklin and Auerbach texted and e-mailed each other frequently, for many periods on a daily basis, to discuss Mr. Franklin's potential claim against Nike and his demand for justice. The government obtained those text messages and e-mails from both Mr. Franklin and Mr. Auerbach and has produced them to the defense under Rule 16. They reveal Mr. Franklin's objectives vis-à-vis Nike, namely the single-minded drive by Mr. Franklin and Mr. Auerbach to hold Nike accountable and root out the corruption that they later complained about to Mr. Avenatti. There is no doubt that Mr. Franklin and Mr. Auerbach have continued to communicate with each other after Mr. Avenatti's arrest, inasmuch as the phone records in discovery for the six-day time period between March 25-31, 2019, show frequent extended telephone calls between the two.

Mr. Avenatti has issued trial subpoenas—not ***pretrial*** subpoenas—for text messages and emails between Mr. Franklin and Mr. Auerbach "relating to, mentioning or concerning Michael Avenatti, from February 13, 2019, through December 27, 2019."[2] The texts and emails will necessarily contain verbatim statements of Messrs. Franklin and Auerbach. Any such communications are certain to contain relevant

---

[2] Inasmuch as Mr. Franklin and Mr. Auerbach have confirmed to undersigned counsel that they produced all text messages and e-mails between them relating to Mr. Avenatti prior to March 25, 2019, this request can be limited to the period of March 25, 2019, through December 27, 2019.

The Honorable Paul G. Gardephe
United States District Judge
January 16, 2020
Page 5

information about this case because the only logical reason they would be mentioning Mr. Avenatti is in relation to the charges in this case. Neither one had any prior relationship with Mr. Avenatti. These materials were not covered by the prior Rule 17(c) litigation; they are communications between Messrs. Franklin and Auerbach **after** Mr. Avenatti's arrest, which were not requested in Mr. Avenatti's Rule 17(c) motion. Messrs. Franklin and Auerbach appear to recognize that impeachment materials may be obtained by a trial subpoena. Indeed, courts have often enforced such subpoenas by requiring production of the materials to the court for *in camera* inspection; after the government concludes its direct examination of the witness, the Court discloses any prior inconsistent statements. *See United States v. Ferguson*, No. 3:06-CR137 (CFD), 2007 WL 4577303, *2-4 (D.Conn. Dec. 26, 2007) (requiring law firms to produce to the Court, *in camera,* notes taken by them during interviews of government witnesses); *see also United States v. Cuthbertson*, 630 F.2d 139, 145 (3d Cir. 1980) (affirming decision of district court requiring pretrial production of impeachment material to the court); *United States v. Reyes*, 239 F.R.D. 591, 601 (N.D.Ca 2006). Moreover, this request is sufficiently specific in that it is limited to communications between two government witnesses about a specific subject matter – Mr. Avenatti. *See United States v. Skelos*, No. 15 Cr 317, 2018 WL 2254538, *6-7 (S.D.N.Y. May 17, 2018) ("This request meets the specificity requirement of *Nixon* in that it specifies communications with a particular person on a particular subject matter."). Accordingly, Mr. Avenatti seeks an Order directing Messrs. Franklin and Auerbach to produce to the Court, for *in camera* review, all text and e-mail communications between them, mentioning or concerning Mr. Avenatti, from March 25, 2019, until December 27, 2019.

\*          \*          \*

It is requested that the Court issue a ruling, treating this letter brief as motions to quash, and Mr. Avenatti's response, based on this submission. Each of the undersigned appreciates the Court's attention to this matter.

Respectfully submitted,

DURIE TANGRI LLP

MICHAEL J. PROCTOR
WHITNEY R. O'BYRNE

Attorney for Non-Party and Subpoenaed Person
GARY FRANKLIN

# Durie Tangri

SCHEPER KIM & HARRIS LLP

*/s/ Marc S. Harris*

MARC S. HARRIS

Attorney for Non-Party and Subpoenaed Person
JEFFREY AUERBACH

*/s/ Scott A. Srebnick*

SCOTT A. SREBNICK

Attorney for Defendant
MICHAEL AVENATTI

cc:   Matthew D. Podolsky, Daniel C. Richenthal, Robert B. Sobelman

Exhibit A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| Michael Avenatti | )  Case No. 19 Cr 373 (PGG) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: GARY FRANKLIN, SR.
c/o MICHAEL PROCTOR, ESQ
(By E-Mail Agreement)

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Courtroom No.: 705 |
|---|---|---|
| | | Date and Time: January 21, 2020, at 9:00am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

SEE ATTACHMENT "A"

(SEAL)

RUBY J. KRAJICK

Date: OCT 2 8 2019

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Michael Avenatti
_____, who requests this subpoena, are:

Scott A. Srebnick, Esq.
201 South Biscayne Blvd., #1210
Miami, FL 33131
305-606-9494
scott@srebnicklaw.com

The Date and Time of the appearance listed above is the first day of trial. Your attendance will not be needed on that date, but you must be available for the duration of the trial, which may last up to two weeks. Please contact Mr. Srebnick at the above number and provide him with a telephone number so that he may contact you and advise you of the date and time when your appearance will be required.

## ATTACHMENT A

1. All text messages and emails (without redaction) between (to/from) Jeffrey Auerbach and Gary Franklin relating to, mentioning or concerning Michael Avenatti, from February 13, 2019, through December 27, 2019.

2. All audio recordings in your possession relating to, mentioning or concerning Michael Avenatti, from March 1, 2019, through December 27, 2019.

3. All memoranda, narratives, summaries, spreadsheets, PowerPoint presentations and similar documents prepared by you, in whole or in part, relating to, mentioning or concerning Nike, Bryan Friedman, Carlton Dubose, Jamal James or Michael Avenatti. Note: You are requested to produce all drafts of any such documents as well as all electronic files (complete with metadata) relating to the documents.

4. The same documents already produced to the government in this case but please produce them without any redactions. If you seek to redact based on an assertion of a privilege, please provide a privilege log noting the basis for the privilege as to each redaction.

Exhibit B

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 19 Cr 373 (PGG) |
| Michael Avenatti ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: JEFFREY AVERBACH
c/o MARC HARRIS, ESQ.
(By E-Mail Agreement)

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Courtroom No.: 705 |
|---|---|
| | Date and Time: January 21, 2020, at 9:00am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

SEE ATTACHMENT "A"

(SEAL)

Date: OCT 2 8 2019

RUBY J. KRAJICK
CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

---

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Michael Avenatti**, who requests this subpoena, are:

Scott A. Srebnick, Esq.
201 South Biscayne Blvd., #1210
Miami, FL 33131
305-606-9494
scott@srebnicklaw.com

The Date and Time of the appearance listed above is the first day of trial. Your attendance will not be needed on that date, but you must be available for the duration of the trial, which may last up to two weeks. Please contact Mr. Srebnick at the above number and provide him with a telephone number so that he may contact you and advise you of the date and time when your appearance will be required.

Exhibit B                                                                                                       9

## ATTACHMENT A

1. All text messages and emails (without redaction) between (to/from) Jeffrey Auerbach and Gary Franklin relating to, mentioning or concerning Michael Avenatti, from February 13, 2019, through December 27, 2019.

2. All audio recordings in your possession relating to, mentioning or concerning Michael Avenatti, from March 1, 2019, through December 27, 2019.

3. All memoranda, narratives, summaries, spreadsheets, PowerPoint presentations and similar documents prepared by you, in whole or in part, relating to, mentioning or concerning Nike, Bryan Friedman, Carlton Dubose, Jamal James or Michael Avenatti. Note: You are requested to produce all drafts of any such documents as well as all electronic files (complete with metadata) relating to the documents.

4. The same documents already produced to the government in this case but please produce them without any redactions. If you seek to redact based on an assertion of a privilege, please provide a privilege log noting the basis for the privilege as to each redaction.

Exhibit C

**Michael Proctor**

| | |
|---|---|
| **From:** | Marc S. Harris <mharris@scheperkim.com> |
| **Sent:** | Wednesday, January 8, 2020 11:31 AM |
| **To:** | Scott Srebnick |
| **Cc:** | Carol Groholski; Jose M. Quiñon; Danya Perry (dperry@perryguha.com) |
| **Subject:** | RE: US v. Avenatti, S1 19 Cr 373 (PGG) -- Trial subpoena for documents and recordings |

Scott: This morning I read the Court's order denying your request for a Rule 17(c) subpoena for Gary Franklin. The grounds for the Court's ruling mirror those that we intended to raise in objection to your trial subpoena to Mr. Auerbach, namely, that the documents sought are neither relevant nor admissible and are sought solely for impeachment. In light of the Court's ruling, please confirm that you are withdrawing the document requests included in the revised trial subpoena to Mr. Auerbach. If you wish to engage in a further meet and confer regarding the issues raised by the trial subpoena, let me know.
Mr. Auerbach understands that he is still bound by the testimonial aspect of the trial subpoena.
Thanks.

**Marc S. Harris**
Scheper Kim & Harris LLP
800 West Sixth Street, 18th Floor
Los Angeles, CA 90017-2701
T (213) 613-4690 ● F (213) 613-4656
mharris@scheperkim.com ● Vcard: link

---

**From:** Scott Srebnick <Scott@srebnicklaw.com>
**Sent:** Monday, January 6, 2020 6:37 AM
**To:** Marc S. Harris <mharris@scheperkim.com>
**Cc:** Carol Groholski <Carol@srebnicklaw.com>; Jose M. Quiñon <jquinon@quinonlaw.com>; Danya Perry (dperry@perryguha.com) <dperry@perryguha.com>
**Subject:** RE: US v. Avenatti, S1 19 Cr 373 (PGG) -- Trial subpoena for documents and recordings

Marc: Good morning. Happy new year.

Can you please confirm that you received the subpoena duces tecum below and are accepting service of the document request?

Thank you.
Scott

Scott A. Srebnick, P.A.
201 South Biscayne Boulevard
Suite #1210
Miami, FL 33131
Tel: 305-285-9019
Cell: 305-606-9494
Fax: 305-377-9937
www.srebnicklaw.com

1
Exhibit C                                                                   11

**From:** Scott Srebnick
**Sent:** Tuesday, December 31, 2019 10:02 AM
**To:** 'Marc S. Harris' <mharris@scheperkim.com>
**Cc:** Carol Groholski <Carol@srebnicklaw.com>; Jose M. Quiñon <jquinon@quinonlaw.com>; Danya Perry (dperry@perryguha.com) <dperry@perryguha.com>
**Subject:** RE: US v. Avenatti, S1 19 Cr 373 (PGG) -- Trial subpoena for documents and recordings

Marc:

Good morning.  Attached please find a **revised** trial subpoena duces tecum for Jeffrey Auerbach with an additional category of requested documents.

Thank you for your attention to this matter.

Respectfully,
Scott Srebnick

Scott A. Srebnick, P.A.
201 South Biscayne Boulevard
Suite #1210
Miami, FL 33131
Tel: 305-285-9019
Cell: 305-606-9494
Fax: 305-377-9937
www.srebnicklaw.com

---

**From:** Scott Srebnick
**Sent:** Friday, December 27, 2019 12:14 PM
**To:** Marc S. Harris <mharris@scheperkim.com>
**Cc:** Carol Groholski <Carol@srebnicklaw.com>; Jose M. Quiñon <jquinon@quinonlaw.com>; Danya Perry (dperry@perryguha.com) <dperry@perryguha.com>
**Subject:** US v. Avenatti, S1 19 Cr 373 (PGG) -- Trial subpoena for documents and recordings

Marc:

Attached please find a trial subpoena duces tecum for Mr. Auerbach that also includes a request for documents and recordings.   See Attachment A.

Please confirm receipt and your continued agreement to accept service for Mr. Auerbach.

Thank you for your attention to this matter.

Respectfully,
Scott Srebnick

Scott A. Srebnick, P.A.
201 South Biscayne Boulevard
Suite #1210
Miami, FL 33131
Tel: 305-285-9019
Cell: 305-606-9494
Fax: 305-377-9937

www.srebnicklaw.com

We are pleased to announce the relocation of our office effective October 28, 2019. Our new address is: Scheper Kim & Harris LLP, 800 W. Sixth Street, 18th Floor, Los Angeles, California 90017-2701 T: (213) 613-4655 | F: (213) 613-4656 www.scheperkim.com

Exhibit D

# Durie Tangri

Michael J. Proctor<br>
213-992-4499 (main)<br>
mproctor@durietangri.com

January 8, 2020

**VIA EMAIL**

Scott A. Srebnick
201 S. Biscayne Boulevard, Suite 1210
Miami, Florida 33131
Scott@srebnicklaw.com

Re:   *Withdrawal of Request for Documents in Attachment A to December 31, 2019 Trial Subpoena*

Dear Mr. Srebnick,

I write to meet and confer regarding your December 31, 2019 trial subpoena and "Attachment A" thereto directed to Gary Franklin Sr. In light of the Court's January 6, 2020 Order denying your client's Motion for Issuance of a Rule 17(c) Subpoena (Dkt. No. 122), I request confirmation on or before Friday, January 10, 2020, that you will withdraw your client's subpoena to the extent it seeks to compel production of the categories of documents included in Attachment A to the December 31, 2019 trial subpoena. While I understand that you may take a position that such documents are fairly subject to a trial subpoena, I am hopeful that you will understand that the Court's recent Order, and the reasoning behind it, make clear that the Court will not enforce your subpoena and will, in fact, grant a motion to quash it.

In earlier proceedings, your client sought the issuance of a Rule 17(c) subpoena, with an early return date, that would have compelled the production of the following categories of documents:

(1) all audio recordings (and transcripts thereof) that Mr. Franklin or Mr. Auerbach made of conversations or meetings with Nike executives and/or Mr. Avenatti between January 1, 2016 and March 25, 2019 concerning, *inter alia*, potential claims against Nike;

(2) unredacted versions of all text messages and emails between Mr. Franklin and Mr. Auerbach that Mr. Franklin produced either to the FBI or the United States Attorney's Office for the Southern District of New York; and

(3) a particular "recording" referenced in a text message.

*See* Motion for Issuance of a Rule 17(c) Subpoena (Dkt. 123-2).

The Court, in its January 6, 2020 Order, has now definitively ruled that these categories of requested documents failed to meet the tests of relevancy, admissibility, and/or specificity set forth in *United*



Exhibit D                                                                                                            14

Scott A. Srebnick
January 8, 2020
Page 2

*States v. Nixon*, 418 U.S. 683, 700 (1974), and its progeny. I won't repeat the Court's analysis here, but I think you will agree that the Court has decided the defense has not met its burden to establish that the documents sought are relevant, admissible, and specifically identified.

The Court's Order and its logic apply equally to the documents Mr. Avenatti seeks via his December 31, 2019 trial subpoena. The first, second, and fourth categories of documents sought by that subpoena, in its Attachment A, are nearly identical to the first two categories requested in your client's Motion for Issuance of a Rule 17(c) Subpoena. Accordingly, they are not discoverable for the same reasons articulated in the Court's January 6, 2020 Order. To the extent your client seeks information beyond March 25, 2019—*i.e.*, up to and including December 27, 2019—such documents likewise are not discoverable under the Federal Rules of Criminal Procedure, as they relate to events occurring *after* the alleged conduct forming the basis of the government's indictment of your client. Said differently, these categories of documents, like those in your client's Motion for Issuance of a Rule 17(c) Subpoena, fail the requirements of relevance, admissibility, and specificity.

The third category of documents included in Attachment A similarly fails the requirements of relevance, admissibility, and specificity. To the extent any responsive documents exist, they would relate solely to Nike's alleged misconduct, not to your client's defenses against the charges included in the operative indictment. Moreover, the contents of any such documents would be inadmissible hearsay. Finally, your request for "[a]ll memoranda, narratives, summaries, PowerPoint presentations and similar documents," including all drafts thereof and electronic files relating to such documents, are not permitted by Rule 17(c). As the Court explained in its Order, "[b]lanket requests of this sort violate the specificity requirement set forth in *Nixon*, 418 U.S. at 700, which bars 'fishing expeditions to see what may turn up.'" Dkt. 122 at 11.

In short, it seems clear to us that the categories of documents included in Attachment A are not discoverable for the same reasons set forth in the Court's January 6, 2020 Order. We therefore ask you to reconsider your subpoena, and withdraw the portion seeking the production of documents. We will, in return, honor the testimonial part of the subpoena.

Please confirm your position on or before January 10, 2020.

Thank you.

Very truly yours,

Michael J. Proctor