LAW OFFICES
# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

January 17, 2020

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
www.srebnicklaw.com

**VIA ECF**

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

*[Handwritten endorsement:]* The motion to quash is denied. George Washington University presumably issues transcripts every day, so there is nothing "oppressive" about the subpoena. Ethical rules for lawyers are at issue. Denying the motion to quash does not mean that responsive material will necessarily be admitted at trial. SO ORDERED: Paul G. Gardephe, U.S.D.J. Jan 17, 2020

Re: *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG)
    **Motion to Quash Subpoena**

Dear Judge Gardephe:

We respectfully submit this letter motion on behalf of Mr. Avenatti to quash a Rule 17(c) subpoena *duces tecum* (the "Subpoena") served by the government on non-party The George Washington University ("GW"). The Subpoena is attached as Exhibit 1. Under the Family Educational Rights and Privacy Act of 1974, GW has just advised Mr. Avenatti of the Subpoena to allow him to seek protection from this Court from disclosure. Mr. Avenatti seeks this protection and objects to the release of the subpoenaed records because the Subpoena calls for plainly irrelevant and cumulative information and thus fails to comport with Rule 17(c) of the Federal Rules of Criminal Procedure.

On January 9, 2020, the Government served the Subpoena on GW's Office of General Counsel. The Subpoena commanded that GW appear before this court on January 21, 2020, and requested that GW "[p]rovide all transcripts or other documents sufficient to show completed coursework at the George Washington University Law School for Michael Avenatti, DOB ████." As far as we are aware, the government does not intend to dispute at trial that Mr. Avenatti received a law degree. Instead, the government's apparent basis for this oddly invasive Subpoena is that it wishes to determine whether Mr. Avenatti took an ethics course while in law school.

Mr. Avenatti graduated from The George Washington University Law School in 2000. Since that time, Mr. Avenatti has completed many hours of continuing legal education and has consistently satisfied state ethics requirements in order to practice law. The government has access to this information, is well aware that Mr. Avenatti has received such ethics training, and apparently seeks to introduce this evidence at trial. Nevertheless, the government chose to issue a Subpoena to non-party GW, which calls for plainly irrelevant and cumulative information from the distant past. For example, what bearing does Mr. Avenatti's grade in a first-year Torts class from over twenty years ago have on these criminal proceedings? What relevance does Mr. Avenatti's "completed coursework" from the late 1990s have before a jury? The Subpoena does not ask simply for information as to whether or not Mr. Avenatti took an ethics course while at GW – which in and of itself would call for irrelevant and outdated information.

Rule 17(c) of the Federal Rules of Criminal Procedure provides that the court may quash a subpoena "if compliance would be unreasonable or oppressive." *See* Fed. R. Crim. P. 17(c). The movant must demonstrate, among other things, that the material sought is relevant and evidentiary and that the request is made in good faith and is not intended as a "fishing expedition." *See United States v. Nixon*, 418 U.S. 683, 699–700 (1974). This test applies equally where the government issues a subpoena to a non-party. Mr. Avenatti's law school transcript is entirely irrelevant to whether he attempted to extort Nike and whether he violated his duty of honest services to his client. Accordingly, we respectfully request that the Court enter an Order quashing the government's Subpoena on non-party GW.

Respectfully submitted,

/s/

Scott A. Srebnick


cc:  (By ECF)

Counsel of Record
Andrew Mabon, Office of General Counsel, GW

**THE GEORGE
WASHINGTON
UNIVERSITY**

WASHINGTON, DC

Andrew Mabon
Paralegal
andrewmabon@gwu.edu

January 10, 2020

**VIA EMAIL/CERTIFIED MAIL**

Sylvie Jill Levine
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007

    Re:    *United States v. Michael Avenatti*
             [1:19-cr-00373-PGG]

Dear Sylvie,

    The George Washington University ("GW") has been served with a subpoena, a copy of which is attached, for production of education records relating to Michael Avenatti (the "Records").

    Please be advised that, pursuant to the Family Educational Rights and Privacy Act of 1974 ("FERPA"), GW is notifying you about this subpoena so you may seek protection from the court to prevent disclosure if you so choose.

    Accordingly, if you do not object to the release of the Records pursuant to the subpoena, then you do not need to do anything.

    However, if you do object to the release of the Records, then you must file a written objection with the court to prevent disclosure. You must also send a copy of your written objection to me.

    If I have not received an objection from you by Friday, January 17, 2020, we will assume that you do not intend to seek protection from the court and proceed to respond to the subpoena as required by law.

    Thank you for your attention to this matter.

Sincerely,

*[signature]*

Andrew Mabon
Paralegal

/enclosures/

Court Subpoena

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

TO:   George Washington University
      Office of General Counsel
      2000 Pennsylvania Avenue NW
      Suite 305
      Washington, DC 20006

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the United States District Court for the Southern District of New York, 40 Foley Square, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:    January 21, 2020          Appearance Time:  9:00 a.m.
Appearance Place:   Courtroom 705
to testify and give evidence in the following matter:
United States v. Michael Avenatti, 19 Cr. 373 (PGG)

and not to depart the Court without leave thereof, or of the United States Attorney.

**PLEASE SEE ATTACHED RIDER.**

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:  New York, New York
        January 9, 2020

*Geoffrey S. Berman /RBS*
GEOFFREY S. BERMAN
*United States Attorney for the*
*Southern District of New York*

*Robert B. Sobelman*
Robert B. Sobelman/Matthew Podolsky
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007



## RIDER
(Trial Subpoena to George Washington University dated January 9, 2020)
Ref. No. 19 Cr. 373 (PGG)

Provide all transcripts or other documents sufficient to show completed coursework at the George Washington University Law School for Michael Avenatti, ███████████.

## Declaration of Custodian of Records

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _____.
               (name of declarant)

I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

I am in receipt of a Trial Subpoena, dated January 9, 2020, and signed by Assistant United States Attorney Robert B. Sobelman, requesting specified records of the business named below. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records provided herewith and in response to the Subpoena:

(1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

(2) were kept in the course of regularly conducted business activity; and

(3) were made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.
             (date)

_____
(signature of declarant)

_____
(name and title of declarant)

_____
(name of business)

_____
(business address)

Definitions of terms used above:
As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term, "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.