**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     ***United States v. Michael Avenatti,***
         **S1 19 Cr. 373 (PGG)**

Dear Judge Gardephe:

The Government respectfully writes in response to the Court's draft jury questionnaire, which was transmitted to the parties by email on January 14, 2020.  The Government has two objections to and comments on the draft questionnaire.

First, the Government requests that the Court reconsider asking potential jurors for their full names.  As the Government stated in the joint proposed jury questionnaire submitted by the parties (Dkt. No. 106-1), jury questionnaires administered in this district often refer to jurors only by number.  *See, e.g.*, Dkt. No. 441, *United States v. Percoco*, No. 16 Cr. 776 (VEC); Dkt. No. 108, *United States v. Silver*, No. S1 15 Cr. 93 (VEC); Dkt. No. 63, *United States v. Richardson*, No. 18 Cr. 113 (GHW).  The Government views that as particularly appropriate in a high-profile case, and when the purpose of the questionnaire is not to determine conclusively who will serve as a juror, but merely who appears sufficiently qualified and available to be questioned in person.

Second, the Government requests that the Court revise the present description of the case to match more closely what the parties jointly agreed was fair and accurate language in the joint proposed questionnaire.  The draft questionnaire states, in pertinent part: "I expect that there will be evidence that in March 2019, one of Avenatti's clients told him that certain employees of Nike, Inc. – the athletic apparel company – had made illicit payments to the families of certain highly ranked high school basketball prospects.  This case is about certain communications between Mr. Avenatti and representatives of Nike about the client's allegations."  Particularly because the only factual description provided in these sentences concerns payments to high school basketball players, this description may lead jurors to conclude that the focus of this case will and should be on the alleged conduct of Nike, when as a matter of both law and fact the alleged conduct of Nike is only relevant insofar as the defendant believed that disclosure of facts or commentary regarding such alleged conduct would have been potentially embarrassing or harmful to Nike.  The Government also believes that the reference to "prospects," rather than players, may be confusing to potential jurors.

Honorable Paul G. Gardephe
United States District Judge
January 17, 2020
Page 2

      If the Court is not inclined to use the description jointly proposed by the parties, the Government requests that the Court consider the following two sentences in lieu of those in the draft: "This case is about demands made by the defendant to representatives of Nike, Inc. – the athletic apparel company.  Those demands concerned, among other things, information provided to the defendant by a client regarding allegedly improper payments to the families of certain high school basketball players."

                                                     Respectfully submitted,

                                                     GEOFFREY S. BERMAN
                                                   United States Attorney

By:   s/ Daniel C. Richenthal
       Matthew D. Podolsky
       Daniel C. Richenthal
       Robert B. Sobelman
       Assistant United States Attorneys
       (212) 637-1947/2109/2616

cc:     (by ECF)

        Counsel of Record