**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

___

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 18, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   *United States v. Michael Avenatti,*
>         **S1 19 Cr. 373 (PGG)**

Dear Judge Gardephe:

The Government respectfully writes in response to the joint letter motion of the defendant, Gary Franklin, and Jeffrey Auerbach in which Franklin and Auerbach ask the Court to quash in part the defendant's trial subpoenas to Franklin and Auerbach ("Joint "Ltr.") (Dkt No. 158), a motion that is now fully briefed.  The Government joins in Franklin and Auerbach's motion.[1]

As Franklin and Auerbach explain (Joint Ltr. 3), and the defendant appears to agree, on a motion to quash, "trial subpoenas for impeachment material" are subject to the same standard as pretrial subpoenas.  *United States v. Percoco*, No. 16 Cr. 776 (VEC), 2018 WL 9539131, at *2 (S.D.N.Y. June 14, 2018) (collecting cases).  Accordingly, the defendant bears the burden of satisfying the "strict standard" set forth by the Supreme Court in *United States v. Nixon*, 418 U.S. 683, 700 (1974), namely of "specifically identifying the materials sought and showing that they are relevant and admissible."  *United States v. Brown*, No. 95 Cr. 168 (AGS), 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995); *see also Percoco*, 2018 WL 9539131, at *2 (for trial subpoenas, like pretrial subpoenas, "nothing in *Nixon* suggests that Rule 17(c)(2) should be read as *carte blanche* to serve a subpoena that does not seek specific, admissible evidence").

The defendant fails to meet his burden to satisfy the applicable "strict standard."  The defendant does not even attempt to provide a theory of admissibility for what he seeks.  Instead, he relies solely on speculation that Franklin and Auerbach both (1) have communicated by text message and/or email regarding the defendant between March 25, 2019 and December 27, 2019, *and* (2) those communications contain statements that will be materially inconsistent with their testimony at trial or somehow otherwise admissible.  (*See* Joint Ltr. 4-5.)  The former assumption

___

[1]   The Government has independent standing to move to quash such subpoenas, *see, e.g.*, *United States v. Giampa*, No. 92 Cr. 437 (PKL), 1992 WL 296440, at *1-2 (S.D.N.Y. Oct. 7, 1992), and its views may in any event be considered, *see, e.g.*, *United States v. Weissman*, No. 01 Cr. 529 (BSJ), 2002 WL 31875410, at *1 n.1 (S.D.N.Y. Dec. 26, 2002).

Honorable Paul G. Gardephe
United States District Judge
January 18, 2020
Page 2

is just that; it is based entirely on the defendant's review of telephone call records for a six-day period immediately after the defendant's arrest that he says show "frequent extended telephone calls between the two" (Joint Ltr. 4)—not text messages or emails, which is what the defendant seeks, and not records for the entire, or even most, of the period covered by the defendant's subpoena. In support of the latter assumption, the defendant offers nothing. The defendant's subpoena should be quashed with respect to this category of materials. *See, e.g.*, *United States v. Barnes*, 560 F. App'x 36, 40 (2d Cir. 2014) (affirming order quashing subpoena because moving party "proferr[ed] only speculation"); *cf. United States v. Rivera*, No. 13 Cr. 149 (KAM), 2015 WL 1540517, at *4 (E.D.N.Y. Apr. 7, 2015) (rejecting request for subpoena based on a speculation that the type of communications requested often includes impeachment material).

In the alternative, to the extent that the Court might deny Franklin and Auerbach's motion in whole or in part, the Court should direct that any responsive documents be produced only to the Court, as the defendant appears to concede (*see* Joint Ltr. 5 ("Mr. Avenatti seeks an Order directing Messrs. Franklin and Auerbach to produce to the Court, for *in camera* review, all text and e-mail communications between them, mentioning or concerning Mr. Avenatti, from March 25, 2019, until December 27, 2019.").) "Unlike subpoenas that are returnable prior to trial, . . . subpoenas for impeachment material are only returnable if and when the witness who has made the statement takes the stand and testifies. The defendant only then is entitled to inspect these statements." *Percoco*, 2018 WL 9539131, at *1 (internal quotation marks and brackets omitted); *see also United States v. Iozia*, 13 F.R.D. 335, 340 (S.D.N.Y. 1952) ("Should any of the persons testify upon the trial, the documents will be available for inspection by the Court in camera to determine whether they contain matter helpful to the defense."). Accordingly, if the Court denies Franklin and Auerbach's motion in whole or in part, the defendant should be permitted only to inspect particular statements of Franklin or Auerbach—if any exist—*after* the witness's testimony and only if the particular statement is materially inconsistent with the witness's testimony or otherwise appropriate to be provided to the defense to aid in cross-examination.

Contrary to the proposition that appears to animate the defendant, namely, that a mere prior "'mention[]'" of him by a witness renders an out-of-court statement admissible or otherwise a proper subject of cross-examination (Joint Ltr. 4), that is not the law. Even a prior statement that is in some way inconsistent with testimony does not, without more, render the prior statement admissible. *See United States v. Ghailani*, 761 F. Supp. 2d 114, 117-18 (S.D.N.Y. 2011) (describing requirements and citing cases). Rather, the party seeking to use the prior statement must, among other things, identify a "variance" between the prior statement and testimony that "has a reasonable bearing on credibility," *United States v. Trzaska*, 111 F.3d 1019, 1025 (2d Cir. 1997) (internal quotation marks omitted), and the prior statement must relate to a material matter, *see, e.g.*, *United States v. Rivera*, 273 F. App'x 55, 58 (2d Cir. 2008). Admission or use of the prior statement must also satisfy Federal Rule of Evidence 403, *see, e.g.*, *United States v. Surdow*, 121 F. App'x 898, 899 (2d Cir. 2005); *United States v. King*, 560 F.2d 122, 128 n. 2 (2d Cir. 1977), as is true of any other line of cross-examination, *see, e.g.*, *United States v. Stewart*, 433 F.3d 273, 313 (2d Cir. 2006), including exploring potential bias in favor or against a party, *see, e.g.*, *United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008); *see generally Delaware v. Fenstere*r, 474 U.S. 15, 20 (1985) (per curiam) ("the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish" ((emphasis in original)).

Honorable Paul G. Gardephe
United States District Judge
January 18, 2020
Page 3

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _Robert B. Sobelman_____
Matthew D. Podolsky
Daniel C. Richenthal
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2109/2616

cc:    (by ECF)

        Counsel of Record