# LAW OFFICES
# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

January 16, 2020

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
www.srebnicklaw.com

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

MEMO ENDORSED
The Government is directed to respond to this letter by 5:00 p.m. on Jan. 20, 2020.

SO ORDERED:

_Paul G. Gardephe_
Paul G. Gardephe, U.S.D.J.

Dated: Jan. 17, 2020

Re: *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG)
    Supplemental Letter Seeking Exclusion of Legal
    Expert Testimony

Dear Judge Gardephe:

We write to supplement our filings (Dkt. Nos. 82, 99, 113) seeking exclusion of the government's proposed expert testimony about the California Rules of Professional Conduct ("Cal. R. Prof'l Conduct") and requesting a *Daubert/Kumho* hearing on relevance and reliability. Specifically, there is a critical threshold question of "choice of law." Namely, which Bar rules -- California, New York, or perhaps even Oregon -- apply to the conduct about which the government will have its legal expert (Professor Nora Freeman Engstrom) opine? Inasmuch as the entire predicate for Professor Engstrom's testimony is that the California Rules apply (Dkt. No. 114-15), this is a fundamental issue that needs to be addressed before Professor Engstrom is even permitted to testify. Accordingly, in addition to all the reasons why legal expert testimony should be excluded in the first place, it is particularly inappropriate for Professor Engstrom to render a legal opinion before the jury that the California rules apply to the multiple aspects of Mr. Avenatti's alleged conduct at issue in this case.

The government's supplemental expert witness notice identifies the choice of law issue and indicates that Professor Engstrom will opine that the California Rules apply. (Dkt. No. 110:14-15).[1] There is no dispute that Mr. Avenatti is a member of the Bar of the State of

---

[1] The government states that it "does not understand the defendant to disagree, as his expert notice appears to be premised on the applicability of the California Rules to the charged conduct." (Dkt. No. 110:15, n.5). To be clear, we disagree. It is our position that: 1) expert testimony about the application of choice of law rules is inadmissible in a federal criminal case; and 2) the applicability of the California Bar rules to Mr. Avenatti's conduct is uncertain at best, inasmuch as the conduct at issue in this case occurred primarily in New York. For that reason, and others, a *Daubert/Kumho* hearing is necessary to determine relevance. The defense's proposed expert, Diane Karpman, was listed as an expert in ***rebuttal*** to the government's California legal experts, without waiving our position that this entire area of expert testimony is inadmissible and should be excluded.

California. Likewise, there is no dispute that "[a] lawyer admitted to practice in California is subject to the disciplinary authority of California, regardless of where the lawyer's conduct occurs." *See* Cal. R. Prof'l Conduct. 8.5(a). But the fact that Mr. Avenatti is subject to the authority of California Bar does not answer the question of which Rules of Professional Conduct govern his conduct. In that regard, Cal. R. Prof'l Conduct 8.5(b) provides as follows:

> (b) Choice of Law.
>
> In any exercise of the disciplinary authority of California, the rules of professional conduct to be applied shall be as follows:
>
> (1) for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise; and
>
> (2) *for any other conduct, the rules of the jurisdiction in which the lawyer's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct. A lawyer shall not be subject to discipline if the lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer reasonably believes the predominant effect of the lawyer's conduct will occur.*

Cal. R. Prof'l Conduct 8.5(b) (emphasis added).

There can be no serious dispute that Mr. Avenatti's conduct occurred in New York. The evidence will show that he was in New York from March 19-21, 2019, when he had two in-person meetings and one telephone communication with Nike's counsel. The alleged threats to Nike were made in New York and the alleged improper disclosure of the client's confidential information to Nike's counsel was made while Mr. Avenatti was in New York. Gary Franklin was based in California. Nike's headquarters are in Oregon.

The resolution of "choice of law" is a pure question of law. *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). Thus, it would be particularly inappropriate for Professor Engstrom to opine that the California Bar rules apply in this case. In addition to being beyond the scope of permissible expert testimony, Professor Engstrom has not reviewed any of the case materials and is not competent to express an opinion that, despite that Mr. Avenatti's conduct occurred largely in New York, the "predominant effect" was in California. *See Bristol-Myers Squibb Company v. Matrix Laboratories Ltd.*, 655 Fed.Appx. 9, *12 (2d Cir. 2016) ("Numerous district courts in this Circuit have concluded that choice-of-law determinations are fact-intensive inquires that would be premature to resolve at the motion-to-dismiss stage."). This is especially so because there are multiple aspects to the alleged conduct that the government will seek to prove at trial. Thus, it is possible that multiple sets of rules apply. Professor Engstrom is also not qualified or competent to testify about where Mr. Avenatti "reasonably believe[d] the predominant effect of [his] conduct [would] occur."

In this case, the choice of law matters greatly. The California Rules of Professional Conduct differ materially from the New York Rules of Professional Conduct. For example, the government intends to have Professor Engstrom testify about Cal. R. Prof'l Conduct 3.10 (Dkt. No. 110:13), which provides that "[a] lawyer shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute." Aside from the fact that no such threats were made,[2] all of Mr. Avenatti's communications with Nike's counsel occurred while Mr. Avenatti was in New York. Moreover, the "predominant effect" of such conduct would have been either in New York, where Nike's counsel heard the alleged threats and where the USAO-SDNY was conducting the NCAA criminal investigation, or in Oregon, where Nike has its headquarters. Neither New York nor Oregon, nor the Model Rules of Professional Conduct, contain a rule comparable to the one in California. *See also* ABA Formal Opinion 92-363 ("The Model Rules do not prohibit a lawyer from using the possibility of presenting criminal charges against the opposing party in a private civil matter to gain relief for a client, provided that the criminal matter is related to the client's civil claim, the lawyer has a well-founded belief that both the civil claim and the criminal charges are warranted by the law and the facts, and the lawyer does not attempt to exert or suggest improper influence over the criminal process.").

Similarly, the government intends to have Professor Engstrom testify about Cal. R. Prof'l Conduct 1.6, which provides that "[a] lawyer shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) unless the client gives informed consent, or the disclosure is permitted by paragraph (b) of this rule [which concerns a disclosure necessary to prevent a criminal act likely to result in death of or substantial bodily harm to someone]." (Dkt. No. 110:10). By contrast, New York Rule of Professional Conduct 1.6(b)(5)(i), which more closely follows the Model Rules, expressly allows a lawyer to reveal confidential information in a variety of additional circumstances, including the right to "reveal or use confidential information to the extent that the lawyer reasonably believes necessary to defend the lawyer ... against an accusation of wrongful conduct." It is not clear what disclosure the government will be asking the jury to conclude was a violation of the rules.[3]

There are numerous other differences. Whereas California Rule 1.4.1 specifically addresses "Communication of Settlement Offers," with a Comment that is directed at an "oral

---

[2] There is no allegation, much less any evidence, that Mr. Avenatti threatened to present criminal charges to obtain an advantage in a civil dispute. The alleged threat was to go public. Thus, we object to testimony about Rule 3.10 as irrelevant in addition to not being the proper subject of expert testimony.

[3] It appears from the government's exhibit list that the government may seek to offer evidence of tweets that Mr. Avenatti posted *after* he was arrested, wherein Mr. Avenatti allegedly disclosed confidential information related to Coach Franklin. We intend to object to the relevance of such tweets, inasmuch as Mr. Avenatti had been charged with attempted extortion of Nike and he had a right to defend himself by showing that he was negotiating to resolve a plausible claim on behalf of a client.

offer of settlement," the New York Rules of Professional Conduct contain no comparable rule. The language of the California Rules and New York Rules also differ on Allocation of Authority (Rule 1.2), Diligence (Rule 1.3), Conflicts of Interest (Rule 1.7), to name a few.

Accordingly, we continue to object to any expert testimony in this case, and we respectfully submit that the government's expert is not qualified to render any opinion without the established predicate that the California Rules apply – a predicate that is beyond the proper scope of expert testimony and is not within Professor Engstrom's competence.

Respectfully,

/s/ Scott A. Srebnick

Scott A. Srebnick
Jose M. Quinon
E. Danya Perry
Howard M. Srebnick