

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 21, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States v. Michael Avenatti*,
     S1 19 Cr. 373 (PGG)

Dear Judge Gardephe:

  The Government respectfully submits this letter pursuant to the Court's order (Dkt. No. 182), dated January 20, 2020, directing the Government to identify evidence contrary to the defendant's statement by letter of the same day that he "is unaware of any judgment or court order that required [him] to pay $2,049,000 in spousal and child support as of March 2019" (Dkt. No. 171, at 2).

  The defendant's statement is misleading at best. He "does not dispute that Lisa Storie-Avenatti obtained a Court Order on October 22, 2018 . . . requiring [the defendant] to make *monthly* payments for spousal support and child support." (*Id.* at 1 (emphasis in original).) And as noted in the Government's letter dated January 15, 2020, an attorney retained by Ms. Storie—and indeed Ms. Storie herself, if necessary, and with whom the Government has also spoken—would testify that the amount outstanding on that October 22, 2018 Order amounted to well in excess of $2,000,000, as calculated below and in the records attached hereto as Exhibit. (*See* Dkt. No. 148, at 3).

  The October 22, 2018 Order, attached to the Government's January 15, 2020 letter as Exhibit 5, required the defendant to pay $37,897 per month in child support retroactive to January 1, 2018; $124,398 per month in spousal support retroactive to January 1, 2018; $185,000 in attorney's fees and costs; and $30,000 in accounting fees and costs. (*See* Dkt. No. 148-1, Ex. 5 at 6-8.)[1] Ms. Storie and her attorney maintained records documenting the amounts owed, with interest, by the defendant, who failed to meet his monthly obligations, as well as any payments or

---

[1] The Government's January 15, 2020 letter inadvertently listed the monthly child support obligation as $31,897, omitting an additional $6,000 monthly obligation.

Honorable Paul G. Gardephe
United States District Judge
January 21, 2020
Page 2

turnover of assets from the defendant.² Those records reflect that, at the end of February 2019, the defendant owed approximately $332,643.02 in child support, approximately $1,664,859.90 in spousal support, approximately $191,166.68 in attorney's fees and costs, and approximately $31,000 in accounting fees and costs, for a total of approximately $2,219,669.60 in past due obligations (which is in excess of the Government's initial estimate). (*See* Ex. A.)

Rather than pay these balances, on April 4, 2019 (after the defendant's arrest in this case, and, as the Superior Court later concluded, some six months after such a motion was required to be filed), the defendant moved to set aside the October 22, 2018 Order, claiming, among other things, that it was procured by perjury. (*See* Statement of Decision, attached hereto as Exhibit B, at 4.) On May 10, 2019, the Superior Court of California issued a writ of execution, attached hereto as Exhibit C, indicating that the amount owed by the defendant, after credits, was $2,484,394.92. On October 28, 2019, the Superior Court of California rejected the defendant's April 4, 2019 attempt to set aside the October 22, 2018 on the merits, found that that motion was untimely in any event, and affirmed the October 22, 2018 Order. (*See* Ex. B.) In short, there can be no real dispute—nor does the defendant appear in fact to dispute—that, in March 2019, the October 22, 2018 Order was in force and, indeed, remains in force today.

In his letter, the defendant also protests the admission of a $10,000,000 judgment entered against his law firm, Eagan Avenatti LLP ("Eagan Avenatti"), on the principal basis that this judgment was against a limited liability partnership. (Dkt. No. 171, at 1-2.) But the defendant does not dispute that this firm was owned by Avenatti and Associates, which was in turn wholly owned by the defendant. In any event, the degree to which the defendant was technically personally liable for more than approximately $5 million, rather than "merely" being the owner of an entity that owed that money, is beside the point. As set forth in the Government's January 15, 2020 letter, the Government expects that the Office Manager will testify that she had numerous conversations with the defendant in and around March 2019 regarding the difficulties that the defendant faced in continuing to operate his law practice due to the debts owed by Eagan Avenatti, and that, contemporaneously with his engagement in the alleged extortion and fraud scheme, the defendant stated, in substance, that he expected that he would soon be able to pay off those debts. (Dkt. No. 148, at 1-2.) The $10,000,000 debt owed by Eagan Avenatti is therefore highly relevant of the defendant's intent, regardless of whether it constituted, in whole or in part, a debt for which the defendant was personally liable.

The defendant also contends that the $10,000,000 judgment against Eagan Avenatti and the more than $5,000,000 against the defendant personally were not separate obligations, but rather the latter was a subset of the former. (Dkt. No. 171, at 1-2.) The defendant does not dispute,

---

² The defendant tellingly neither suggests how much, if any, "certain monies" were paid during the relevant time period, nor describes the "certain assets" he purportedly turned over. (Dkt. No. 171, at 2.) The Government's expects that Ms. Storie and/or her attorney would testify that the calculations set forth herein are net of any payments made or assets received by Ms. Storie, and that virtually all of the supposed assets provided to Ms. Storie by the defendant were of little or no value due to outstanding financing arrangements for those items.

Honorable Paul G. Gardephe
United States District Judge
January 21, 2020
Page 3

however, that there were separate judgments, by separate courts, entered against Eagan Avenatti for $10,000,000 and against the defendant personally for in excess of $5,000,000.  (*Id.*; *see also* Dkt. No. 148-1, Exs. 1-2.)  Moreover, the Government expects that the Office Manager would testify that, based on conversations with the defendant, she understood the two judgments to constitute separate obligations (as did at least one other party to the settlement agreement that resulted in these judgments).  The defendant is free to cross-examine the Office Manager on what the defendant said to her that gave rise to this understanding, but even were the defendant correct about the nature of the $10,000,000 and $5,000,000 judgments, evidence that the defendant was millions of dollars in debt, both personally and professionally, cared about that debt, and appeared to link it to the charged conduct, remains highly relevant.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:    s/ Matthew D. Podolsky
        Matthew D. Podolsky
        Daniel C. Richenthal
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-1947/2109/2616

Attachments

cc:    (by ECF)

        Counsel of Record

# EXHIBIT A

**BISBEE LAW GROUP, PC**
**CHILD SUPPORT AUDIT - FINDINGS & ORDER AFTER HEARING FILED 10/22/18**

| Support Obligor | Michael Avenatti | Order Type | Child | | County | Orange |
|---|---|---|---|---|---|---|
| Support Obligee | Lisa Storie-Avenatti | Arrears Type | NEV | Never Assigned | Court Case No. | 17 D 009930 |

| Child | DOB | Eman. | Total Charges | | Total Payments | | | Balance Due | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Agostino | 08/26/14 | 08/30/32 | Principal | Interest | Principal | Interest | Total Paid | Principal | Interest | **Total Owed** |
| | | | $720,043.00 | $25,388.25 | $262,999.00 | $0.00 | $262,999.00 | $457,044.00 | $25,388.25 | **$482,432.25** |

| Month/Year | Interest Rate (10%) | Current Support DUE | Payments Monthly Pymt | Payments Total Amt Paid | Distribution of Payments Current Paid | Distribution of Payments Interest Paid | Distribution of Payments Arrears Paid | Interest Rate | Interest Charges | END OF MONTH Interest Balance | END OF MONTH Principal Balance | END OF MONTH Total Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jan-2018 | 0.00 | $37,897.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $37,897.00 | $37,897.00 |
| Feb-2018 | 0.00 | $37,897.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $75,794.00 | $75,794.00 |
| Mar-2018 | 0.00 | $37,897.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $113,691.00 | $113,691.00 |
| Apr-2018 | 0.00 | $37,897.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $151,588.00 | $151,588.00 |
| May-2018 | 0.00 | $37,897.00 | $108,102.00 | $108,102.00 | $37,897.00 | $0.00 | $70,205.00 | 0.00% | $0.00 | $0.00 | $81,383.00 | $81,383.00 |
| Jun-2018 | 0.00 | $37,897.00 | $19,000.00 | $19,000.00 | $19,000.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $100,280.00 | $100,280.00 |
| Jul-2018 | 0.00 | $37,897.00 | $20,000.00 | $20,000.00 | $20,000.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $118,177.00 | $118,177.00 |
| Aug-2018 | 0.00 | $37,897.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $156,074.00 | $156,074.00 |
| Sep-2018 | 0.00 | $37,897.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $193,971.00 | $193,971.00 |
| Oct-2018 | 0.00 | $37,897.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $231,868.00 | $231,868.00 |
| Nov-2018 | | $37,897.00 | $24,000.00 | $24,000.00 | $24,000.00 | $0.00 | $0.00 | 10.00% | $2,048.04 | $2,048.04 | $245,765.00 | $247,813.04 |
| Dec-2018 | | $37,897.00 | $36,000.00 | $36,000.00 | $36,000.00 | $0.00 | $0.00 | 10.00% | $2,063.85 | $4,111.89 | $247,662.00 | $251,773.89 |
| Jan-2019 | | $37,897.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $2,379.66 | $6,491.55 | $285,559.00 | $292,050.55 |
| Feb-2019 | | $37,897.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $2,695.47 | $9,187.02 | $323,456.00 | $332,643.02 |
| Mar-2019 | | $37,897.00 | $18,000.00 | $18,000.00 | $18,000.00 | $0.00 | $0.00 | 10.00% | $2,861.28 | $12,048.30 | $343,353.00 | $355,401.30 |
| Apr-2019 | | $37,897.00 | $37,897.00 | $37,897.00 | $37,897.00 | $0.00 | $0.00 | 10.00% | $2,861.28 | $14,909.58 | $343,353.00 | $358,262.58 |
| May-2019 | | $37,897.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $3,177.08 | $18,086.66 | $381,250.00 | $399,336.66 |
| Jun-2019 | | $37,897.00 | $0.00 | $0.00 | | | | | $3,492.89 | $21,579.55 | $419,147.00 | $440,726.55 |
| Jul-2019 | | $37,897.00 | $0.00 | $0.00 | | | | | $3,808.70 | $25,388.25 | $457,044.00 | $482,432.25 |
| Aug-2019 | | | | | $0.00 | | | | $3,808.70 | $29,196.95 | $457,044.00 | $486,240.95 |
| | | | | | $0.00 | | | | $3,808.70 | $33,005.65 | $457,044.00 | $490,049.65 |
| | | | | | $0.00 | | | | $3,808.70 | $36,814.35 | $457,044.00 | $493,858.35 |
| | | | | | $0.00 | | | | $3,808.70 | $40,623.05 | $457,044.00 | $497,667.05 |
| | | | | | $0.00 | | | | $3,808.70 | $44,431.75 | $457,044.00 | $501,475.75 |
| | | | | | $0.00 | | | | $3,808.70 | $48,240.45 | $457,044.00 | $505,284.45 |
| | | | | | $0.00 | | | | $3,808.70 | $52,049.15 | $457,044.00 | $509,093.15 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $55,857.85 | $457,044.00 | $512,901.85 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $59,666.55 | $457,044.00 | $516,710.55 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $63,475.25 | $457,044.00 | $520,519.25 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $67,283.95 | $457,044.00 | $524,327.95 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $71,092.65 | $457,044.00 | $528,136.65 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $74,901.35 | $457,044.00 | $531,945.35 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $78,710.05 | $457,044.00 | $535,754.05 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $82,518.75 | $457,044.00 | $539,562.75 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $86,327.45 | $457,044.00 | $543,371.45 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $90,136.15 | $457,044.00 | $547,180.15 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $3,808.70 | $93,944.85 | $457,044.00 | $550,988.85 |

Note (overlay on Jun-Jul 2019 rows):
Section 6, lines 22-25 of page 6 of the Findings & Order After Hearing filed on 10/22/2018 requires Michael Avenatti to pay Child Support in the amount of $37,897.00/mo. commencing on 01/01/2018. This order remains in full force and effect.

The payments made were not voluntary payments but rather a result of liquidating property. Michael Avenatti has not paid any child support payments for May, June, or

**BISBEE LAW GROUP, PC**
**SPOUSAL SUPPORT AUDIT - FINDINGS & ORDER AFTER HEARING FILED 10/22/18**

| Support Obligor | Michael Avenatti | Order Type | Spousal | | County | Orange |
| Support Obligee | Lisa Storie | Arrears Type | NEV | Never Assigned | Court Case No. | 17 D 009930 |

| | | | | Total Charges | | Total Payments | | | Balance Due | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Principal | Interest | Principal | Interest | Total Paid | Principal | Interest | **Total Owed** |
| | | | | $2,363,562.00 | $128,464.46 | $189,001.00 | $0.00 | $189,001.00 | $2,174,561.00 | $128,464.46 | **$2,303,025.46** |

| Month/Year | Interest Rate (10%) | Current Support DUE | Payments Monthly Pymt | Payments Total Amt Paid | Distribution of Payments Current Paid | Interest Paid | Arrears Paid | Interest Rate | Interest Charges | END OF MONTH Interest Balance | Principal Balance | Total Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jan-2018 | 0.00 | $124,398.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $124,398.00 | $124,398.00 |
| Feb-2018 | 0.00 | $124,398.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $248,796.00 | $248,796.00 |
| Mar-2018 | 0.00 | $124,398.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $373,194.00 | $373,194.00 |
| Apr-2018 | 0.00 | $124,398.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $497,592.00 | $497,592.00 |
| May-2018 | 0.00 | $124,398.00 | $124,398.00 | $124,398.00 | $124,398.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $497,592.00 | $497,592.00 |
| Jun-2018 | 0.00 | $124,398.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $621,990.00 | $621,990.00 |
| Jul-2018 | 0.00 | $124,398.00 | $0.00 | $0.00 | | | | | $0.00 | $0.00 | $746,388.00 | $746,388.00 |
| Aug-2018 | 0.00 | $124,398.00 | $0.00 | $0.00 | | | | | $0.00 | $0.00 | $870,786.00 | $870,786.00 |
| Sep-2018 | 0.00 | $124,398.00 | $0.00 | $0.00 | | | | | $0.00 | $0.00 | $995,184.00 | $995,184.00 |
| Oct-2018 | 0.00 | $124,398.00 | $0.00 | $0.00 | | | | | $0.00 | $0.00 | $1,119,582.00 | $1,119,582.00 |
| Nov-2018 | | $124,398.00 | $0.00 | $0.00 | | | | | $10,366.50 | $10,366.50 | $1,243,980.00 | $1,254,346.50 |
| Dec-2018 | | $124,398.00 | $0.00 | $0.00 | | | | | $11,403.15 | $21,769.65 | $1,368,378.00 | $1,390,147.65 |
| Jan-2019 | | $124,398.00 | $0.00 | $0.00 | | | | | $12,439.80 | $34,209.45 | $1,492,776.00 | $1,526,985.45 |
| Feb-2019 | | $124,398.00 | $0.00 | $0.00 | | | | | $13,476.45 | $47,685.90 | $1,617,174.00 | $1,664,859.90 |
| Mar-2019 | | $124,398.00 | $0.00 | $0.00 | | | | | $14,513.10 | $62,199.00 | $1,741,572.00 | $1,803,771.00 |
| Apr-2019 | | $124,398.00 | $64,603.00 | $64,603.00 | $64,603.00 | $0.00 | $0.00 | 10.00% | $15,011.39 | $77,210.39 | $1,801,367.00 | $1,878,577.39 |
| May-2019 | | $124,398.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $16,048.04 | $93,258.43 | $1,925,765.00 | $2,019,023.43 |
| Jun-2019 | | $124,398.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $17,084.69 | $110,343.12 | $2,050,163.00 | $2,160,506.12 |
| Jul-2019 | | $124,398.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $128,464.46 | $2,174,561.00 | $2,303,025.46 |
| Aug-2019 | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $146,585.80 | $2,174,561.00 | $2,321,146.80 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $164,707.14 | $2,174,561.00 | $2,339,268.14 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $182,828.48 | $2,174,561.00 | $2,357,389.48 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $200,949.82 | $2,174,561.00 | $2,375,510.82 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $219,071.16 | $2,174,561.00 | $2,393,632.16 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $237,192.50 | $2,174,561.00 | $2,411,753.50 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $255,313.84 | $2,174,561.00 | $2,429,874.84 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $273,435.18 | $2,174,561.00 | $2,447,996.18 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $291,556.52 | $2,174,561.00 | $2,466,117.52 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $309,677.86 | $2,174,561.00 | $2,484,238.86 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $327,799.20 | $2,174,561.00 | $2,502,360.20 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $345,920.54 | $2,174,561.00 | $2,520,481.54 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $364,041.88 | $2,174,561.00 | $2,538,602.88 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $382,163.22 | $2,174,561.00 | $2,556,724.22 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $400,284.56 | $2,174,561.00 | $2,574,845.56 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $418,405.90 | $2,174,561.00 | $2,592,966.90 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $436,527.24 | $2,174,561.00 | $2,611,088.24 |
| | | | | | $0.00 | $0.00 | $0.00 | 10.00% | $18,121.34 | $454,648.58 | $2,174,561.00 | $2,629,209.58 |

Note (callout): Section 12, lines 19-22 of page 7 of the Findings & Order After Hearing filed on 10/22/2018 requires Michael Avenatti to pay Spousal Support in the amount of $124,398.00/mo. commencing on 01/01/2018. This order remains in full force and effect.

Michael Avenatti has not paid any spousal support payments by his own volition. These two payments were the result of liquidating property. Avenatti has not paid spousal support for May, June, or July of 2019.

**BISBEE LAW GROUP, PC**
**ATTORNEY FEES & COSTS AWARD $185,000 - FINDINGS & ORDER AFTER HEARING FILED 10/22/2018**

| Support Obligor | Michael Avenatti | Order Type | | | County | Orange |
| Support Obligee | Lisa Storie | Arrears Type | NEV | Never Assigned | Court Case No. | 17 D 009930 |

| | | Total Charges | | Total Payments | | | Balance Due | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Principal | Interest | Principal | Interest | Total Paid | Principal | Interest | **Total Owed** |
| | | $185,000.00 | $13,875.03 | $0.00 | $0.00 | $0.00 | $185,000.00 | $13,875.03 | **$198,875.03** |

| Month/Year | Interest Rate (10%) | Current Support DUE | Payments Monthly Pymt | Payments Total Amt Paid | Distribution of Payments Current Paid | Distribution of Payments Interest Paid | Distribution of Payments Arrears Paid | Interest Rate | Interest Charges | END OF MONTH Interest Balance | END OF MONTH Principal Balance | END OF MONTH Total Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Oct-2018 | 0.00 | $185,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $185,000.00 | $185,000.00 |
| Nov-2018 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $1,541.67 | $185,000.00 | $186,541.67 |
| Dec-2018 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $3,083.34 | $185,000.00 | $188,083.34 |
| Jan-2019 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $4,625.01 | $185,000.00 | $189,625.01 |
| Feb-2019 | | | $0.00 | | | | | | $1,541.67 | $6,166.68 | $185,000.00 | $191,166.68 |
| Mar-2019 | | | $0.00 | | | | | | $1,541.67 | $7,708.35 | $185,000.00 | $192,708.35 |
| Apr-2019 | | | $0.00 | | | | | | $1,541.67 | $9,250.02 | $185,000.00 | $194,250.02 |
| May-2019 | | | $0.00 | | | | | | $1,541.67 | $10,791.69 | $185,000.00 | $195,791.69 |
| Jun-2019 | | | $0.00 | | | | | | $1,541.67 | $12,333.36 | $185,000.00 | $197,333.36 |
| Jul-2019 | | | $0.00 | | | | | | $1,541.67 | $13,875.03 | $185,000.00 | $198,875.03 |
| Aug-2019 | | | | | | | | | $1,541.67 | $15,416.70 | $185,000.00 | $200,416.70 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $16,958.37 | $185,000.00 | $201,958.37 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $18,500.04 | $185,000.00 | $203,500.04 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $20,041.71 | $185,000.00 | $205,041.71 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $21,583.38 | $185,000.00 | $206,583.38 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $23,125.05 | $185,000.00 | $208,125.05 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $24,666.72 | $185,000.00 | $209,666.72 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $26,208.39 | $185,000.00 | $211,208.39 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $27,750.06 | $185,000.00 | $212,750.06 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $29,291.73 | $185,000.00 | $214,291.73 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $30,833.40 | $185,000.00 | $215,833.40 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $32,375.07 | $185,000.00 | $217,375.07 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $33,916.74 | $185,000.00 | $218,916.74 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $35,458.41 | $185,000.00 | $220,458.41 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $37,000.08 | $185,000.00 | $222,000.08 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $38,541.75 | $185,000.00 | $223,541.75 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $40,083.42 | $185,000.00 | $225,083.42 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $41,625.09 | $185,000.00 | $226,625.09 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $43,166.76 | $185,000.00 | $228,166.76 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $44,708.43 | $185,000.00 | $229,708.43 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $46,250.10 | $185,000.00 | $231,250.10 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $47,791.77 | $185,000.00 | $232,791.77 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $49,333.44 | $185,000.00 | $234,333.44 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $50,875.11 | $185,000.00 | $235,875.11 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $52,416.78 | $185,000.00 | $237,416.78 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $53,958.45 | $185,000.00 | $238,958.45 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $1,541.67 | $55,500.12 | $185,000.00 | $240,500.12 |

> Section 15, lines 3-6 of page 8 of the Findings & Order After Hearing filed on 10/22/2018 requires Michael Avenatti to pay as further support $185,000.00 for an attorney fee award, payable forthwith.
>
> Michael Avenatti has not paid anything on this attorney fee award since it became due in October of 2018.

**BISBEE LAW GROUP, PC**
**ACCOUNTING FEES AND COSTS AWARD $30,000 - FINDINGS & ORDER AFTER HEARING FILED 10/22/2018**

| Support Obligor | Michael Avenatti | | | Order Type | | | | | County | Orange |
| Support Obligee | Lisa Storie | | | Arrears Type | NEV | Never Assigned | | | Court Case No. | 17 D 009930 |

| | | Total Charges | | Total Payments | | | Balance Due | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Principal | Interest | Principal | Interest | Total Paid | Principal | Interest | **Total Owed** | |
| | | $30,000.00 | $1,750.00 | $0.00 | $0.00 | $0.00 | $30,000.00 | $1,750.00 | **$31,750.00** | |

| Month/Year | Interest Rate (10%) | Current Support DUE | Payments Monthly Pymt | Payments Total Amt Paid | Distribution of Payments Current Paid | Distribution of Payments Interest Paid | Distribution of Payments Arrears Paid | Interest Rate | Interest Charges | END OF MONTH Interest Balance | END OF MONTH Principal Balance | END OF MONTH Total Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Oct-2018 | 0.00 | $30,000.00 | | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 | $30,000.00 | $30,000.00 |
| Nov-2018 | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $250.00 | $30,000.00 | $30,250.00 |
| Dec-2018 | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $500.00 | $30,000.00 | $30,500.00 |
| Jan-2019 | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $750.00 | $30,000.00 | $30,750.00 |
| Feb-2019 | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $1,000.00 | $30,000.00 | $31,000.00 |
| Mar-2019 | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $1,250.00 | $30,000.00 | $31,250.00 |
| Apr-2019 | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $1,500.00 | $30,000.00 | $31,500.00 |
| May-2019 | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $1,750.00 | $30,000.00 | $31,750.00 |
| Jun-2019 | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $2,000.00 | $30,000.00 | $32,000.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $2,250.00 | $30,000.00 | $32,250.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $2,500.00 | $30,000.00 | $32,500.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $2,750.00 | $30,000.00 | $32,750.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $3,000.00 | $30,000.00 | $33,000.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $3,250.00 | $30,000.00 | $33,250.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $3,500.00 | $30,000.00 | $33,500.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $3,750.00 | $30,000.00 | $33,750.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $4,000.00 | $30,000.00 | $34,000.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $4,250.00 | $30,000.00 | $34,250.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $4,500.00 | $30,000.00 | $34,500.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $4,750.00 | $30,000.00 | $34,750.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $5,000.00 | $30,000.00 | $35,000.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $5,250.00 | $30,000.00 | $35,250.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $5,500.00 | $30,000.00 | $35,500.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $5,750.00 | $30,000.00 | $35,750.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $6,000.00 | $30,000.00 | $36,000.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $6,250.00 | $30,000.00 | $36,250.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $6,500.00 | $30,000.00 | $36,500.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $6,750.00 | $30,000.00 | $36,750.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $7,000.00 | $30,000.00 | $37,000.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $7,250.00 | $30,000.00 | $37,250.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $7,500.00 | $30,000.00 | $37,500.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $7,750.00 | $30,000.00 | $37,750.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $8,000.00 | $30,000.00 | $38,000.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $8,250.00 | $30,000.00 | $38,250.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $8,500.00 | $30,000.00 | $38,500.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $8,750.00 | $30,000.00 | $38,750.00 |
| | | | | $0.00 | $0.00 | $0.00 | $0.00 | 10.00% | $250.00 | $9,000.00 | $30,000.00 | $39,000.00 |

> Section 16, lines 7-8 of page 6 of the Findings & Order After Hearing filed on 10/22/2018 requires Michael Avenatti to pay as additional support $30,000, payable forthwith.  This order remains in full force and effect.
>
> Michael Avenatti has not paid anything on this order since inception.

# EXHIBIT B

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>LAMOREAUX JUSTICE CENTER - 341 The City Drive, Orange, CA 92868-3205 | |
|---|---|
| PETITIONER: MICHAEL AVENATTI<br><br>RESPONDENT: LISA STORIE-AVENATTI | |
| **RULING ON SUBMITTED MATTER** | CASE NUMBER:<br>17D009930 |

The court having taken this matter under submission on 10/23/2019, now rules as follows:

STATEMENT OF DECISION
on Petitioner's Motion to Set Aside Set Aside
Child and Spousal Support Orders Filed October 22, 2018.

1. Objections to Respondent's Declaration filed May 28, 2019

    a. SUSTAIN as to Objections #1-#3 on the grounds that the is argument and legal conclusion. The Court will disregard all legal argument contained in Respondent's Declaration and will strike the following text:

        i. Page 1, Paragraph 1: "Avenatti did not utilize the mandated Judicial Council form FL-360 to make his request. Avenatti filed an FL-300 Request for Order which is a generic Judicial Council form that cannot be used to make this request."

        ii. Page 1, Paragraph 2: "Avenatti failed to file his request timely as required by Fam.C. Section 3691."

    b. OVERRULE as to Objections #4-#5. The statements complained of can be interpreted as statements of fact and the Court will interpret them as such.

2. Failure to Use Form FL-360

    a. The form is mandatory for parties and counsel, but that does not require the Court to dismiss a filing simply because the wrong form is used. The Court has discretion to accept or refuse filings that do not use mandatory Judicial Council forms. (See *Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 905 ("The trial court observed that the motion was not filed on the mandatory Cal. Judicial Council form FL-360 (rev. Jan. 1, 2007), but nevertheless allowed the hearing on the motion.")

    b. Here, Petitioner included all the required information in his filing and there has been no showing of prejudice to the Respondent. The Court will exercise its discretion to accept Petitioner's filing.

3. Timeliness of Opposition/Response to Motion to Set Aside

a. As the Court stated at the hearing on 06/07/19, the Petitioner was within his rights to assert a default and the Court denies any request for Family Code section 271 sanctions based on Petitioner's assertion of default. However, the Court finds that:

   i. The continuance had been agreed to by Respondent's prior counsel and it was excusable neglect by Respondent that this was not clearly communicated to new counsel;

   ii. There was confusion at the hearing on 05/24/19 since there was also a motion for bifurcation on calendar on 06/07/19; and

   iii. The Court had mistakenly not put the motion to set aside on its online calendar for 06/07/19 and Respondent's new counsel was justified in believing that the motion to set aside was not on calendar for that date.

b. The Court therefore accepted Respondent's Opposition and allowed Petitioner additional time to prepare an amended reply, if Petitioner wished to do so.

Page 2 of 5

For Court Use Only

Form # CT037 [New October 16, 2014]

RULING ON SUBMITTED MATTER

CA Rule of Court 3.1109

USAO373_00057034

4. Merits of the Motion to Set Aside

    A. Material Perjury

    To set aside a support order pursuant to Family Code section 3691, the moving party must not only prove that perjury occurred but also that the perjury materially affected those provisions of the Court's support order that are being challenged. (See Family Code, § 3693.) Here, Petitioner seeks to set aside the Court's child support and spousal support order of 07/16/18. That order was based upon an XSpouse printout that was filed the same date. That XSpouse printout showed that the Court imputed to the Petitioner after-tax income of $261,830 per month for 2018.[1]

    In its minute order of 07/16/18, the Court noted that "it is not appropriate to turn a blind eye that none of the requests have been complied with by the petitioner. There are no tax returns, bank statements, no income & expense declarations, no preliminary declaration of disclosure and no financial documents [even though] [t]he petitioner was ordered to produce the documents by 6/22/18." Nor was Petitioner present at the hearing on 07/16/19.

    Without the benefit of information or documents from the Petitioner or testimony from the Petitioner himself, the Court determined Petitioner's income based on historical information regarding the parties' expenses in 2016, when they were married and Petitioner was paying said expenses from his income. The figure of $261,830 came from the Marital Expenses column of the attachment to Respondent's Income and Expense Declaration and not the Current Expenses column or Proposed Needs column.[2]

    However, Petitioner is not alleging that the Marital Expenses column contained perjury, only that the Current Expenses or Proposed Needs columns contained perjury. Thus, the alleged perjury did not materially affect the Court's support order.

    Petitioner also argues that Respondent falsely testified at the 07/16/18 hearing that her expenses had not changed after the date of separation (which occurred no later than October 2017). Even if this is true, the Court did not rely on Respondent's post-separation expenses in calculating Petitioner's 2018 income. Petitioner did not pay Respondent's post-separation expenses and thus, Respondent's post-separation expenses bore no relationship to Petitioner's income and could not have been used to calculate Petitioner's income. Rather, as Petitioner himself states, "The XSpouse printout upon which the October 22, 2018 Order was based showed that the amount of support was based on non-taxable income for the Petitioner of $261,830 per month 2018. That figure came from the Marital Expenses column of the attachment to Respondent's income and Expense Declaration." (Petitioner's Further Reply in Supp. of Req. for Order to Set Aside Child and Spousal Support Orders, at p. 2.)

    B. Timeliness

---

[1] The Court's child support and spousal support order of 07/16/18 was retroactive to 01/01/18. Therefore, the Court was imputing Petitioner's income for 2018.

[2] Respondent's January 3, 2018 Income and Expense Declaration lists the total Current Expenses as $215,643 and the total Marital Expenses as $261,831. Respondent's April 23, 2018 Income and Expense Declaration lists the total Proposed Needs as $124,060 and the total Marital Expenses as $262,247. Respondent's June 18, 2018 Income and Expense Declaration lists the total Proposed Needs as $215,643 and total Marital Expenses as $261,830
Page 3 of 5

Pursuant to Family Code section 3691(b), any motion to set aside based on perjury must be brought within six months of the moving party discovering the perjury or when the moving party reasonably should have discovered the perjury. (See Family Code, § 3691, subd. (b).) Here, the allegedly perjured information was contained in all three of Respondent's Income and Expense Declarations filed in 2018. The last of these Income and Expense declarations were served on Petitioner on June 18, 2018.

The Marital Expenses figure of $261,830 was contained on the Respondent's Income and Expense Declaration filed shortly before the hearing of 07/16/18 (filed June 18, 2018) and the remaining Income and Expense Declarations had a similar number (filed January 3, 2018, which listed martial expenses of $261, 831 and filed April 23, 2018, which listed marital expenses of $262,247). The figure of $261,830 was used by the Court in its calculation of child support and spousal support, as shown in the XSpouse printout filed by the Court on 07/16/18.

The proposed Findings and Order After Hearing with the XSpouse printout was served on Petitioner on 07/19/18. Petitioner acknowledged receiving these documents in a letter dated 08/06/18. Petitioner even objected to the proposed Findings and Orders After Hearing, showing that he had reviewed the documents. Thus, no later than 08/06/18, Petitioner was aware that Respondent was claiming expenses of $261,830 and that the Court had imputed income to him of $261,830 to calculate support. Petitioner's Motion to Set Aside was filed on 04/04/19, more than six months after 08/06/18, and is therefore not timely under Family Code section 3692.

Petitioner argues that he was not aware that the figure of $261,830 was perjurious until he had the opportunity to review the transcript of the hearing of July 17, 2018. However, Respondent had claimed that $261,830 was the parties' Marital Expenses in her Income and Expenses Declaration. In addition, the Court's XSpouse printout and the proposed Findings and Order After Hearing indicated that the Court had imputed $261,830 as Petitioner's after-tax income. Petitioner should have reasonably discovered the perjury by 08/06/18, at which point he had already reviewed the proposed Findings and Order After Hearing and the XSpouse printout. Petitioner cannot claim that he could not have reasonably discovered Respondent's alleged perjury because he chose, of his own accord, not to be present at the hearing at which Respondent testified and then chose to not obtain the transcript from the hearing.

C. Petitioner's Other Arguments

Petitioner also argues that Respondent failed to inform the Court of dividend and interest income Respondent received, that Respondent failed to correct her counsel when counsel incorrectly represented that nanny expenses were not part of the Marital Expenses and should be added-on to the child support order, Respondent did not inform the Court that Petitioner had existing child support obligations for children from other relationships, and that the Marital Expenses included private pilot expenses that were untrue.

These arguments suffer from the same timeliness issue described above. Respondent's alleged omissions would have been apparent from Respondent's Income and Expense Declarations, the proposed Findings and Order after Hearing, and the XSpouse printout. In addition, these arguments are made for the first time in Petitioner's Reply and Respondent was not given a full opportunity to prepare a response.[3] (See *People v. Tully* (2012) 54

---

[3] The argument relating to private pilot expenses was not raised in the Reply but was asserted for the first time at the hearing on this matter on 10/23/19.

Cal.4th 952, 1075 ["It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party."].) Petitioner's Reply was filed one week before the hearing and at the time, Respondent's counsel had withdrawn from this case and no new counsel had appeared for Respondent. Therefore, the Court exercises its discretion to not consider arguments made for the first time in reply. (See *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1009 ["court has discretion to accept arguments or evidence made for the first time in reply"].)

Petitioner's remaining arguments are not bases upon which the Court may set aside the prior support order pursuant to Family Code section 3691. (See Family Code, § 3691, subds. (a)-(c).) The jist of these arguments is not that the Court relied upon perjured testimony, but that the support amount was incorrectly calculated or that certain procedural or disclosure requirements were not met.

While this Court does sit as a court of equity, it is also bound by statutory law that sets limits on its power to set aside support orders. (See Family Code, §§ 3691, subd. (b), & 3693.) Furthermore, Family Code section 3692 explicitly prohibits this Court from setting aside a support order because it was inequitable when made or subsequent circumstances caused it to become excessive or inadequate. (See Family Code, § 3692.) The Court does not and need not decide these arguments on the merits, because even if they were true, they would not form a basis upon which the Court could grant the Motion to Set Aside.

**It is so Ordered:**
**Date: 10/28/19**

_Nathan Vu_
Judge Nathan Vu

MICHAEL AVENATTI
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH CA 92660

LISA STORIE-AVENATTI
3419 VIA LIDO APT 610
NEWPORT BEACH CA 92663

STEGMEIER GELBART SCHWARTZ & BENAVENTE LLP
19762 MACARTHUR BLVD STE 200
IRVINE CA 92612

### CLERK'S CERTIFICATE OF SERVICE OF MAIL

I certify that I am not a party to this action and that this Clerk's Certificate of Service by Mail was mailed in accordance with Section 1013a of the Code of Civil Procedure. A copy(s) of Ruling on Submitted matter were deposited in the United States mail, in a sealed envelope with postage fully prepaid addressed as shown above. The mailing and this certification occurred at Orange, California, on: 10/30/2019

10/30/2019

DAVID H. YAMASAKI, Clerk of the Court

By: SARAH ARAZA, Deputy Clerk

Page 5 of 5

For Court Use Only                    **RULING ON SUBMITTED MATTER**                    CA Rule of Court 3.1109

Form # CT037 [New October 16, 2014]

USAO373_00057037



I hereby certify the foregoing instrument consisting of **5** page(s) is a true and correct copy of the original on file in this court.

ATTEST: (DATE) **1-14-2020**
DAVID H. YAMASAKI, EXECUTIVE OFFICER AND CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

BY **L. Empting**, DEPUTY

USAO373_00057038

# EXHIBIT C

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME: RONN BISBEE, SBN 207071 | | |
| FIRM NAME: BISBEE LAW GROUP, PC | | |
| STREET ADDRESS: 24040 Camino del Avion, Ste. A-109 | | |
| CITY: Monarch Beach   STATE: CA   ZIP CODE: 92629 | | |
| TELEPHONE NO.: (949) 481-9664   FAX NO.: | | |
| E-MAIL ADDRESS: info@enforcemyorder.com | | |
| ATTORNEY FOR (name): Lisa Storie-Avenatti | | |
| [X] ORIGINAL JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 The City Drive S.
MAILING ADDRESS: PO Box 14170
CITY AND ZIP CODE: Orange, CA 92868-3205
BRANCH NAME: Lamoreaux Justice Center

Plaintiff: MICHAEL AVENATTI
Defendant: LISA STORIE-AVENATTI

CASE NUMBER: 17D009930

WRIT OF [X] EXECUTION (Money Judgment)
[ ] POSSESSION OF [ ] Personal Property
[ ] SALE             [ ] Real Property

[ ] Limited Civil Case (including Small Claims)
[X] Unlimited Civil Case (including Family and Probate)

1. To the Sheriff or Marshal of the County of: Orange
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. (Name): Lisa Storie-Avenatti
   is the [X] original judgment creditor [ ] assignee of record whose address is shown on this form above the court's name.
4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   Michael Avenatti
   10000 Santa Monica Blvd. No 2205
   Los Angeles, CA 90024

   [ ] Additional judgment debtors on next page

5. Judgment entered on (date): 04/23/18 & 10/22/18
6. [ ] Judgment renewed on (dates): N/A

7. Notice of sale under this writ
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).
8. [ ] Joint debtor information on next page.

9. [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.

For Items 11–17, see form MC-012 and form MC-013-INFO

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 2,831,720.00 |
| 12. Costs after judgment (CCP 685.090) | $ | 0.00 |
| 13. Subtotal (add 11 and 12) | $ | 2,831,720.00 |
| 14. Credits to principal (after credit to interest) | $ | 452,000.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 2,379,720.00 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 104,649.92 |
| 17. Fee for issuance of writ | $ | 25.00 |
| 18. Total (add 15, 16, and 17) | $ | 2,484,394.92 |

19. Levying officer:
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . . . $ 651.98
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . . . . . . . $ 0.00

20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL — Superior Court of California, County of Orange]

Issued on (date): MAY 10 2019   Clerk, by DAVID H. YAMASAKI, APRIL WEST, Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2018]

CEB
www.ceb.com

WRIT OF EXECUTION

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

MAY 0 7 2019