*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 21, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**   *United States v. Michael Avenatti*,
                 S1 19 Cr. 373 (PGG)

Dear Judge Gardephe:

      The Government respectfully submits this letter pursuant to the Court's order dated January 20, 2020 (Dkt. No. 179), and in response to the motion of NIKE, Inc. ("Nike") to quash the defendant's subpoenas to Nike and its counsel, Boies Schiller Flexner LLP (Dkt. Nos. 138-39). The Government joins in Nike's motion.[1]

      **I.**     **Applicable Law**

      On a motion to quash, "trial subpoenas," including "for impeachment material," are subject to the same standard as pretrial subpoenas. *United States v. Percoco*, No. 16 Cr. 776 (VEC), 2018 WL 9539131, at *2 (S.D.N.Y. June 14, 2018) (collecting cases). Accordingly, the defendant bears the burden of satisfying the "strict standard" set forth by the Supreme Court in *United States v. Nixon*, 418 U.S. 683, 700 (1974), namely of "specifically identifying the materials sought and showing that they are relevant and admissible." *United States v. Brown*, No. 95 Cr. 168 (AGS), 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995); *see also Percoco*, 2018 WL 9539131, at *2 (for trial subpoenas, like pretrial subpoenas, "nothing in *Nixon* suggests that Rule 17(c)(2) should be read as *carte blanche* to serve a subpoena that does not seek specific, admissible evidence").

      "Defendants may not seek material under Rule 17 that they are prohibited from obtaining under Rule 16." *United States v. Boyle*, No. 08 Cr. 523 (CM), 2009 WL 484436, at *2 (S.D.N.Y. Feb. 24, 2009); *see also, e.g.*, *United States v. Ceballo*, No. 03 Cr. 283 (SWK), 2003 WL 21961123, at *1 (S.D.N.Y. Aug. 18, 2003) ("'Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal

---

[1] The Government has independent standing to move to quash such subpoenas, *see, e.g.*, *United States v. Giampa*, No. 92 Cr. 437 (PKL), 1992 WL 296440, at *1-2 (S.D.N.Y. Oct. 7, 1992), and its views may in any event be considered, *see, e.g.*, *United States v. Weissman*, No. 01 Cr. 529 (BSJ), 2002 WL 31875410, at *1 n.1 (S.D.N.Y. Dec. 26, 2002).

cases found in Fed. R. Crim. P. 16.'" (quoting *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995))).

Rule 17 subpoenas may not be used to conduct a "general 'fishing expedition.'" *Nixon*, 418 U.S. at 700. Requests accurately characterized as fishing expeditions "deserve[] to be quashed" on that basis alone. *United States v. Yian*, No. 94 Cr. 719 (DLC), 1995 WL 614563, at *2 (S.D.N.Y. Oct. 19, 1995).

## II. Discussion

The defendant's subpoenas should be quashed for multiple, independent reasons.

*First*, the defendant's broad requests do not satisfy the *Nixon* standard because they do not specifically identify documents that will be relevant and admissible at trial, calling instead for "all documents" or similar blanket requests regarding a variety of subjects, over multiple periods. (Dkt. No. 139-1, at 3; Dkt. No. 139-2, at 3.) As courts have repeatedly observed, that sort of language "smacks of a fishing expedition." *United States v. Nachamie*, 91 F. Supp. 2d 552, 564 (S.D.N.Y. 2000); *United States v. Barnes*, No. 04 Cr. 186 (SCR), 2008 WL 9359654, at *4 (S.D.N.Y. Apr. 2, 2008) (quashing motion that "blindly seeks 'all' documents and records that fall into several categories for an approximate 23-month period rather than identifiable pieces of evidence" because "[s]uch a blanket request implicates all of the problems associated with a classic 'fishing expedition'"); *United States v. RW Prof'l Leasing Servs. Corp.*, 228 F.R.D. 158, 163-64 (E.D.N.Y 2005) (rejecting as "overbroad and totally unreasonable" various requests calling for production of "[a]ll documents" noting it was likely to result in a "massive search for countless documents"); *United States v. Louis*, No. 04 Cr. 203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (rejecting as too broad a Rule 17(c) subpoena requesting "any and all" documents relating to several categories of subject matter). This Court already has rejected another of the defendant's attempts to seek documents using overbroad requests such as this. *See United States v. Avenatti*, No. S1 19 Cr. 373, 2020 WL 86768, at *6 (S.D.N.Y. Jan. 6, 2020) ("Given the breadth of Avenatti's request, the proposed Rule 17(c) subpoena constitutes the proverbial 'fishing expedition' prohibited under the case law."). It should do so again.

*Second*, the defendant cannot meet his burden of demonstrating that the documents requested will result in the production of relevant, admissible evidence at trial. With respect to relevance, the defendant appears to persist in his quest to gather evidence of any and all purported misconduct by Nike, a victim, to prove the validity of the alleged facts that he threatened to disclose as part of his extortion scheme, notwithstanding that, as this Court has stated, "[e]vidence that Nike engaged in widespread corruption in the area of amateur basketball . . . does not provide a defense to the extortion and honest services wire fraud charges against Avenatti." *Avenatti*, 2020 WL 86768, at *5 n.2. The Court's prior ruling on this issue is manifestly correct, for multiple reasons: (a) the legitimacy of the potential claims of the individual whom the defendant describes as a former client have no relevance to *the defendant*'s extortionate demands, namely, that he personally be paid millions of dollars more than his client for purported work not needed or sought by Nike; (b) evidence—if any exists—of alleged misconduct by Nike's employees that the defendant did not know existed at the time of his extortionate scheme cannot possibly bear on his contemporaneous wrongful intent; and (c) the truth or lack thereof of the harmful allegations that

Honorable Paul G. Gardephe
United States District Judge
January 21, 2020
Page 3

the defendant threatened to make is not relevant as a matter of law, *see United States v. Jackson*, 196 F.3d 383, 387 (2d Cir. 1999); *United States v. Jackson*, 180 F.3d 55, 66, 71 (2d Cir. 1999).

*Third*, even assuming the defendant could establish the relevance of the materials he seeks (which he cannot), he still could not meet his burden of establishing admissibility, as he must. Indeed, many of the broad categories of documents sought by the defendant seek documents or written communications of various Nike employees, virtually all of which would be inadmissible if offered by the defendant for the truth of any matter asserted—yet that is precisely the purpose for which the defendant appears to seek them. Admissibility is a cornerstone of the *Nixon* standard, and the defendant's subpoenas fail on that ground alone. *See, e.g.*, *Avenatti*, 2020 WL 86768, at *6 (denying request to issue Rule 17(c) subpoena because defendant failed to "satisfy the relevancy, admissibility, and specificity requirements under *Nixon*").

### III.    Conclusion

For the foregoing reasons, and the reasons set forth in Nike's motion, the Court should grant Nike's motion to quash.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: *Robert B. Sobelman*
Matthew D. Podolsky
Daniel C. Richenthal
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2109/2616

cc:    (by ECF)

Counsel of Record