*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 21, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*,
                **S1 19 Cr. 373 (PGG)**

Dear Judge Gardephe:

      The Government respectfully submits this letter in response to the defendant's letter dated January 20, 2020, requesting that the Office Manager's testimony be "excluded" as entirely "irrelevant." (Dkt. No. 174 ("Def. Ltr."), at 1-2.) As previously described, the Office Manager is expected to testify that the defendant and his law firm were massively in debt, the Office Manager frequently discussed these debts with the defendant, the defendant frequently expressed concerns about those debts, and, soon before his arrest, the defendant told the Office Manager that he was about to obtain enough money to pay back those debts. (Dkt. No. 148, at 1-2.) The defendant's contention that this testimony is irrelevant conflicts with both the law and logic.

      As the Government has previously set forth (Dkt. No. 108, at 1-8), evidence of the defendant's motive is highly relevant to the jury's determination because each of the three offenses with which the defendant is charged involves prospective financial gain and the defendant's intent in undertaking the charged conduct—and in particular, whether he sought money for himself at the expense of his client—is expected to be the central disputed issue at trial. The Government bears the burden of proof, and is entitled to provide the jury with evidence of "*why* the defendant would engage in the charged conduct." *United States v. Siddiqui*, 699 F.3d 690, 702 (2d Cir. 2012) (emphasis in original); *see also, e.g.*, *United States v. Shyne*, No. S4 05 Cr. 1067 (KMK), 2007 WL 1075035, at *35 (S.D.N.Y. Apr. 2007) ("The Second Circuit has long recognized that evidence of indebtedness is admissible in a criminal case to establish motive.") (citing *United States v. Hernandez*, 588 F.2d 346, 348-49 (2d Cir. 1978) (collecting cases)).

      The defendant does not appear to disagree. Nor does the defendant appear to disagree that the Office Manager's testimony is truthful (although, in any event, such a disagreement would be for the jury to resolve, *see, e.g.*, *United States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011)). The defendant instead presses two arguments. Neither has merit.

      *First*, he suggests that, to the extent the Office Manager formed an understanding of the defendant's debts based on his own statements to the Office Manager and the Office Manager's

Honorable Paul G. Gardephe
United States District Judge
January 21, 2020
Page 2

role in managing the defendant's law firm's finances at his direction, such an understanding may not have been fully accurate. (Def. Ltr. 1.) Although the Office Manager's estimate of $20 million to $25 million was, in fact, accurate (*see* Dkt. No. 108, at 2; Dkt. No. 148, at 2-5; Dkt. No. 183, at 1-3)), whether the Office Manager—or the defendant himself—knew with precision the exact amount of the defendant's debts has no material bearing on the relevance or admissibility of her testimony because the Office Manager's testimony goes to the defendant's *understanding* of his debts, and her testimony is based on conversations with the defendant himself and her management of his firm finances, which she discussed with the defendant himself. In any event, "[o]nce relevance is established," challenges to persuasiveness "go to weight rather than admissibility." *United States v. Diaz*, 878 F.2d 608, 615 (2d Cir. 1989); *see also, e.g.*, *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006) ("so long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded" as irrelevant (citing *United States v. Ravich*, 421 F.2d 1196, 1204 n. 10 (2d Cir. 1970) (Friendly, J.))).

*Second*, the defendant mischaracterizes the evidence to suggest that the amount of money he sought from NIKE, Inc. ("Nike") was "tethered" to an alleged cost that came up in discussions with Nike's lawyers, and apparently bore only an entirely coincidental resemblance to the debts that he and his law firm had accrued and about which he expressed contemporaneous concern to the Office Manager. (Def. Ltr. 1-2.) While the defendant is entitled to argue such a theory, his asserted intention to do so is not a basis for preclusion. On the contrary, to the extent that the defendant intends to argue that the sum demanded for conducting an "internal investigation" were set by Nike's attorneys, the Government is entitled to offer evidence demonstrating that, in fact, the defendant's demands were related to his own perceived financial needs. In any event, even if it were not the case that the sum sought by the defendant was closely connected to the quantity of debt that he faced—which is a factual question for the jury—the challenged testimony would still be relevant and admissible, because it helps to explain why the defendant engaged in conduct that was not, as the defendant would have it, merely consistent with and furthering his client's interests.

Nor, finally, does the defendant appear to contend that the Office Manager's testimony should be precluded under Federal Rule of Evidence 403, and any such argument would fail, because the testimony is straightforward, limited in scope and time, and largely based on the defendant's own contemporaneous statements. The defendant is not entitled to prevent the jury from weighing the probative value of his own words and actions bearing on a contested issue.

Honorable Paul G. Gardephe
United States District Judge
January 21, 2020
Page 3

                              Respectfully submitted,

                              GEOFFREY S. BERMAN
                              United States Attorney

By:   */s/ Robert B. Sobelman*
                              Matthew D. Podolsky
                              Daniel C. Richenthal
                              Robert B. Sobelman
                              Assistant United States Attorneys
                              (212) 637-1947/2109/2616

cc:    (by ECF)

       Counsel of Record