WILMERHALE

January 21, 2020

**Brendan R. McGuire**

+1 212 295 6278 (t)
+1 212 230 8888 (f)
brendan.mcguire@wilmerhale.com

<u>Via Email and ECF</u>

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

    Re:  <u>*United States v. Avenatti*, No. S1 19 Cr. 373 (PGG)</u>

Dear Judge Gardephe:

We respectfully write on behalf of Mark Geragos as directed by the Court's January 20, 2020 Order, and in opposition to the defendant's motion to compel Mr. Geragos's trial testimony ("Def. Mot.") (Doc. No. 168). The defendant's claim of waiver should be denied.

In June 2019, Mr. Geragos participated in two meetings with representatives of the government to explain that he introduced the defendant to lawyers for Nike and their outside counsel to facilitate a private resolution of the defendant's client's potential claims and never intended to extort Nike or commit any other criminal offenses in connection with the events described in the first Indictment (Doc. No. 8). At the start of each of these meetings, Mr. Geragos and undersigned counsel signed a standard-form innocence proffer agreement in which he agreed not to object to the government's use of his statements made during the two meetings in any subsequent criminal proceeding. At no time has Mr. Geragos made any other agreement with the government, including with respect to his Fifth Amendment rights. Moreover, at no time from the date of the defendant's arrest to the present has the government provided Mr. Geragos with any assurance as to his status, including a representation that he will not be prosecuted.

As a non-party to this case, Mr. Geragos has not agreed to assist the government or the defendant. However, having reviewed the parties' recent filings, it is important to note that Mr. Geragos vigorously disputes the defendant's characterization of him as "the partner who worked side by side with [the defendant] in implementing the settlement strategy." (Def. Mot. 19.) Without detailing all the facts that undermine that claim, suffice it to say, it is false, and Mr. Geragos would not testify to that effect.

With respect to the defendant's claim of waiver, the defendant is wrong that Mr. Geragos has "waived all legal protections that he may have otherwise enjoyed." (*Id*. at 18.) As the proffer agreement makes clear, Mr. Geragos only agreed not to object to the government's use of his statements at the two meetings in a subsequent criminal proceeding. He has not reached any other agreement with the government and has not waived any of his available rights in this or any other proceeding. See *United States v. Miranti*, 253 F.2d 135, 139 (2d Cir. 1958) ("[A]

**WILMERHALE**

Honorable Paul G. Gardephe
January 21, 2020
Page 2

waiver of the privilege in one proceeding does not affect the rights of a witness … in another independent proceeding."). He continues to maintain his innocence but must assert his Fifth Amendment privilege because he has not been provided any assurance from the government. *Id.* (A witness may invoke his Fifth Amendment rights so long as prosecution "is not absolutely barred."); *see also United States v. Edgerton*, 734 F.2d 913, 921 (2d Cir. 1984) ("[O]nce the court determines that the answers requested would tend to incriminate the witness, it should not attempt to speculate whether the witness will in fact be prosecuted." (internal quotation marks and citation omitted)). As the defendant concedes (Def. Mot. 19), *Miranti* applies here, and as a result, his waiver argument should be denied.[1]

Respectfully submitted,

/s/ Brendan R. McGuire
Brendan R. McGuire
Anjan Sahni


cc:     Counsel of Record

---

[1] As the parties are aware, Mr. Geragos is lead defense counsel in *United States* v. *Kingston* (2:18-cr-365) before the Honorable Jill N. Parrish of the District of Utah. Trial in that matter is scheduled to begin on Monday, January 27, 2020, and is expected to last approximately eight weeks.