LAW OFFICES

# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
\* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
www.srebnicklaw.com

January 21, 2020

**VIA ECF**

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG)
            **Response to Government's Letter Motion to Exclude**

Dear Judge Gardephe:

    We write in response to the government's January 20, 2020 letter motion to exclude certain defense exhibits and to preclude Mr. Avenatti from referencing certain names or phrases at trial. (Dkt. No. 173). The government seeks a further window into defense strategy, to which we object in principle, inasmuch as we have not sought a preview of the government's opening statement. Nonetheless, we respectfully respond as follows.

    During Mr. Avenatti's opening statement, we do not intend to mention or show the jury: A) the Law Firm Biographies;[1] B) the details of any "Unrelated Federal Civil Complaints Filed since 2009;" C) the NCAA Division I Manual from 2016-17;[2] D) the Nike and Tyco Ltd. 10-Ks;[3] F) Nike's Code of Conduct; or I) Witnesses' Prior Political Work, Views or Donations. To the extent we seek to offer any of these matters on cross-examination or during the defense case-in-

---

[1] Of course, we reserve the right to tell the jury about Mark Geragos, his law practice, and his reputation, without specifically referencing the website or his biography.

[2] The fact that Nike executives directed Coach Gary Franklin to violate NCAA rules was plainly relevant to his state of mind, his relationship with Nike, and the reasons why he and Jeffrey Auerbach believed they had a claim against Nike. So, the NCAA rules are clearly relevant in this case and we may generally reference the rules in our opening, without reference to the Manual.

[3] However, we do intend to mention that internal investigations can cost tens of millions of dollars, and that Boies Schiller itself has charged tens of millions of dollars for internal investigations. The Tyco 10-K is our good faith basis.

chief, we would first bring it to the Court's attention and explain the relevance before mentioning these matters before the jury.[4]

However, in opening statement we may mention (E) Nike's statements to the media in September 2017, inasmuch as Coach Franklin and Jeffrey Auerbach communicated with each other about those statements and believed that those statements were part of Nike's misinformation campaign, given what they already knew about Nike's conduct. This, in part, led them to want to hold Nike accountable – *i.e.,* the "justice" component of Coach Franklin's settlement demand.

We intend to mention and offer evidence that (G) on March 13, 2019, Mr. Geragos sent a New York Times article to Mr. Avenatti about David Boies, which Mr. Avenatti opened and read on March 18, 2019. This article is directly relevant to why both Mr. Avenatti and Mr. Geragos did not trust Boies Schiller to conduct a real, conflict-free investigation of Nike, and why Mr. Avenatti believed that a Boies-led investigation would not satisfy Coach Franklin's objectives that Nike executives be held accountable. The article is highly relevant and is not being offered for the truth of the matter; it was read by Mr. Avenatti the day before he met with Nike lawyers for the first time and goes directly to Mr. Avenatti's state of mind in demanding that he and Mr. Geragos, as opposed to Boies, conduct the investigation.

We also may mention names identified in (H), including Stormy Daniels, Donald Trump, R. Kelly, and/or Colin Kaepernick – names derived directly from the government's own productions in this case – during our opening statement. These names are all relevant to the case for reasons that should be clear to the government, given the communications between Coach Franklin and Jeffrey Auerbach, in the government's possession, contemporaneously explaining *why* they wanted to hire Mr. Avenatti as opposed to another lawyer. To the extent the Court would like further clarification, we would ask that we be permitted to explain further *in camera*. Again, we believe that we have provided an unusual amount of insight into the defense's strategy and we do not believe that the government is entitled to have our entire defense mapped out for it in advance of trial.

We are available to address these matters more fully before Your Honor at the in-person conference scheduled for Wednesday, January 22, 2020.

Respectfully submitted,
*s/*
Scott A. Srebnick
Jose M. Quinon
E. Danya Perry

---

[4] With respect to (I), we do not intend to cross-examine witnesses or present any evidence of such matters with respect to any witness.