LAW OFFICES

# SCOTT A. SREBNICK, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
www.srebnicklaw.com

January 21, 2020

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG)
      **Letter Reply regarding Outstanding Judgments**

Dear Judge Gardephe:

We write in reply to the government's letter of January 21, 2020, (Dkt. No. 183) regarding Mr. Avenatti's outstanding spousal and child support obligations, in which the government claims that our statement that we were unaware of a judgment or order for a sum certain of $2,049,000 was "misleading at best." In our prior letter (Dkt. No. 171), Mr. Avenatti made it clear that he does not dispute that Lisa Storie-Avenatti obtained a Court Order on October 22, 2018, based on a hearing held on July 16, 2018, requiring Mr. Avenatti to make monthly payments for spousal support and child support in the amounts set forth in the government's letter (Dkt. No. 148:3, 148-1:22-35). That is, Mr. Avenatti does not dispute the authenticity of that Order.

That Order, however, required that Mr. Avenatti be given credit for spousal and child support amounts that had been paid after January 1, 2018. (Dkt. No. 148-1:29). Moreover, on December 4, 2018, after entry of that Order, Mr. Avenatti entered into a Stipulation with Ms. Storie-Avenatti in which he agreed to turn over a number of assets to her, including a car, watches, artwork, and a jet. *See* Attachment 1, at p.2 & Exh. B. Undersigned counsel do not know what assets actually were transferred to Ms. Storie-Avenatti or titled in her name as a matter of law, the value of those assets at the time they were transferred, how much she obtained for them in liquidation, or the exact amount of the debt that was owed under the Order as of March 2019. There is no Order for a sum certain as of March 2019. Nonetheless, the government proposes to call her former divorce lawyer, who was apparently retained after Mr. Avenatti's arrest, to testify about a spreadsheet that he prepared (Dkt. No. 183-1), in which he assigned a value to the amounts that Mr. Avenatti paid prior to the Order (*i.e.,* the retroactive credits) as well as to the assets that Mr. Avenatti turned over and were liquidated. Mr. Avenatti is simply not prepared to accept that the calculations of his former adversary in the divorce litigation are accurate or that they are based on a sufficient foundation. Beyond that, the evidence should be excluded under Rules 402, 403, and 404(b).

1

With respect to the judgment in favor of Jason Frank Law, PLC, the government simply ignores what is obvious from the Settlement Agreement and Releases: Mr. Avenatti personally guaranteed a portion of Jason Frank Law, PLC's $10,000,000 claim in the bankruptcy court against Eagan Avenatti ($4,850,000 plus interest), (Dkt. No. 171-1:5-6), and is not personally responsible for the remainder of the judgment against the partnership. They are **not** two separately collectible judgments totaling more than $15,000,000. Nonetheless, the government proposes to call a lay witness – Mr. Avenatti's former Office Manager -- to testify about *her* understanding that the personal judgment and business judgment constituted two separate obligations, as if her mistaken understanding has any relevance in this case. To be sure, even if the Settlement Agreement was ambiguous – and it is not – and parol evidence were admissible to prove the parties' intent, the Office Manager had nothing to do with negotiating that Settlement Agreement. Her testimony should be excluded under Rules 402, 403, and 404(b).

Respectfully,
/s/ Scott A. Srebnick
Scott A. Srebnick
Jose M. Quinon
E. Danya Perry

1  Tonya E. Prescott, Esq. — CSB# 123530
   Valerie E. Prescott, Esq. — CSB# 170134

2

3  *Prescott & Prescott Inc.*
   *Certified Family Law Specialists*
4  *The State Bar of California Board of Legal Specialization*

   400 West First Street
5  Tustin, California 92780-3003

6  **Tel: (714) 730-5200 Fax: (714) 730-5225**

7  Attorneys for Respondent, Lisa Storie-Avenatti

8              **SUPERIOR COURT, STATE OF CALIFORNIA**

9          **COUNTY OF ORANGE, LAMOREAUX JUSTICE CENTER**

10                     **FAMILY LAW DIVISION**

11  Michael Avenatti,                    CASE NO.:  **17 D 009930**

12              Petitioner,              **STIPULATION AND ORDER THEREON**

13  vs.                                  Assigned for all purposes to:
                                         **Judge Carol L. Henson**
14  Lisa Storie-Avenatti,                **Department L71**

15              Respondent.

16

17      ***IT IS HEREBY STIPULATED***, by and between Petitioner, Michael Avenatti, and Respondent

18  Lisa Storie- Avenatti, individually and through her attorney of record, Valerie E. Prescott, of Prescott

19  & Prescott, Inc. as follows:

20  1.    Petitioner, Michael Avenatti, acknowledges service and receipt of the following

21        documents/orders:

22        a.    *Notice of Ruling - Motions (2) To Compel Further Discovery Responses (Demand for*

23              *Production of Documents, Set One date 12/29/2017; Form Interrogatories - Family Law*

24              *Set One served 12/29/2017)*;

25        b.    *Findings and Order After Hearing* filed on October 22, 2018;

26        c.    *Application and Order to Appear for Examination*, set for 12/7/2018 at 8:45 a.m. in L71,

27              a copy of which is attached hereto, as Exhibit A.

28  2.    Both parties agree not to file any motions in the pending dissolution matter, case #17D009930,

---

12/1/18

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

DEC 0 4 2018

DAVID H. YAMASAKI, Clerk of the Court

BY: L. DUDEVOIR  DEPUTY

1    for 60 days from the date that this agreement was initially reached on 12/13/2018, i.e. not until

2    1/13/2019, provided that Petitioner, Michael Avenatti makes a child support payment to

3    Respondent, Lisa Storie-Avenatti of at least $40,000 on 12/3/2018 and $40,000 on 1/2/2019.

4    If either payment is not made timely, and in full, Respondent, Lisa Storie-Avenatti, shall not be

5    restrained from filing nor proceeding with any motion within the family law dissolution case

6    #17D009930.

7    3.    It is stipulated that counsel for Respondent shall appear and continue the hearing presently set

8          for 12/7/2018.  Petitioner, Michael Avenattti, waives his personal appearance for the 12/7/2018

9          Judgment Debtor hearing.  Petitioner, Michael Avenatti, stipulates and agrees to accept service

10         of the new hearing date via email sent to his email address of mavenatti@eaganavenatti.com.

11         Petitioner, Michael Avenatti, further stipulates that service by email of the new hearing date is

12         valid personal service upon him and that the Court's personal jurisdiction over him will continue

13         to the new hearing date.

14   4.    Petitioner, Michael Avenatti, hereby stipulates to turn over the assets listed on Exhibit B as

15         partial satisfaction of the support due and owing from Petitioner to Respondent pursuant to the

16         *Findings and Order After Hearing* filed on 10/22/2018 (" hereinafter "SUPPORT ORDER").

17         The assets listed on Exhibit B shall be liquidated and sold. The Parties agree that Petitioner's

18         stipulation herein does not waive any of Petitioner's statutory legal or procedural objections to

19         the SUPPORT ORDER and Petitioner expressly reserves the right to challenge the support order.

20   5.    The parties hereby stipulate that the assets listed on Exhibit B attached hereto and incorporated

21         herein  shall be characterized as community property, assigned to Petitioner, Michael Avenatti

22         as his sole and separate property, and subject to equalization to Respondent, Lisa Storie-

23         Avenatti.

24   6.    With respect to each asset listed on Exhibit B, and turned over to Respondent pursuant to this

25         agreement, the  Court hereby reserves for future determination the issue of characterization and

26         allocation of any post separation lien or encumbrance incurred by the Petitioner where an asset

27         on Exhibit B was used for collateral.

28   7.    The Parties agree that  with respect to each asset listed on Exhibit B and turned over to

---

12/1/18

STIPULATION AND ORDER THEREON

PETITIONER: MICHAEL AVENATTI
RESPONDENT: LISA STORIE-AVENATTI          PAGE 2          OCSC CASE NO.: 17 D 009930

Respondent:

   a.   Respondent shall have exclusive possession custody and control of said asset pending sale;

   b.   The issue of which party is responsible for revolving payments on any outstanding liens or encumbrances pending sale is reserved for future determination;

   c.   Petitioner shall maintain all insurance polices covering said assets pending sale;

   d.   Respondent is hereby authorized to sell each asset forthwith without any further authorization from Petitioner;

   e.   Respondent shall satisfy any asset specific lien or encumbrance from the gross proceeds of sale and shall retain the net proceeds of sale as the partial payment toward the SUPPORT ORDER.

   f.   Respondent shall provide an accounting to Petitioner of all assets sold.

8.   The Parties agree that payments made from the sale of the assets turned over to Respondent shall be applied first to Petitioner's child support obligation, then to Petitioner's spousal support obligation and then toward any other amounts ordered in the nature of support under the SUPPORT ORDER.

9.   Northwestern Mutual Life Insurance Policy #18441100.   Petitioner, Michael Avenatti shall provide documentary proof that the payments on said policy are current.  Petitioner, Michael Avenatti shall maintain and pay all payments as they become due on said policy. Petitioner, Michael Avenatti shall provide documentary evidence that Respondent, Lisa Storie-Avenatti is still the beneficiary of said policy on or before 12/10/2018 or within 5 business days of a demand post 12/10/2018 by Respondent, Lisa Storie-Avenatti thereafter.

10.  Petitioner, Michael Avenatti agrees that on or before 12/20/2018, he shall produce all banking records for the period 1/1/2016 through 11/30/2018 for Eagan Avenatti, LLP, Michael Avenatti, and Avenatti & Associates to Respondent's Counsel. If documents are not received on or before 12/20/2018, Respondent, Lisa Storie-Avenatti shall not be restrained from filing any motions within the family law dissolution case after 12/20/2018. Respondent, Lisa Storie-Avenatti agrees that on or before 12/20/2018, she shall produce all banking records for the period 1/01/2016

1    through 11/30/2018 for Lisa Storie-Avenatti and Ikaria to Petitioner. If documents are not

2    received on or before 12/20/2018, Petitioner Michael Avenatti shall not be restrained from filing

3    any motions within the family law dissolution case after 12/20/2018. The purpose of this

4    exchange is to facilitate a voluntary settlement conference with a private retired judicial officer.

5    11.    Each party shall cooperate fully with the other, shall execute any document reasonably requested

6           by the other or by a buyer, and to furnish information needed in order to effectuate the transfer

7           and sale of the assets addressed herein.

8    12.    Within 3 business days of the request, each party shall execute the documents required in order

9           to transfer title and/or facilitate the sale of the items set forth herein. If either party fails or

10          refuses to execute the tendered documents within the time stated herein above, upon ex parte

11          declaration,  the Court shall upon ex parte application to the Court, appoint the Clerk of Court

12          of the Superior Court of California as Elisor pursuant to Code of Civil Procedure Section 128.4

13          to execute such documents in the place and stead of the party who has failed or refused to do so.

14   13.    The court's jurisdiction to award the sale or turn over of further assets is reserved until the time

15          of the continued further Judgment debtor hearing.

16   14.    The court's jurisdiction is reserved over the above assets until they have been sold.

17   15.    Each of the parties acknowledge that he or she has read this *Stipulation and Order Thereon* and

18          each of its provisions in full and hereby acknowledges that they have entered into this agreement

19          freely and voluntarily.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

STIPULATION AND ORDER THEREON

12/1/18

PETITIONER: MICHAEL AVENATTI
RESPONDENT: LISA STORIE-AVENATTI          PAGE 4          OCSC CASE NO.: 17 D 009930

16.     This *Stipulation and Order Thereon* may be signed in separate counterparts. A facsimile or other electronic signature shall be treated as an original by the Court for purposes of filing this document.

*It is So Stipulated:*

Dated: _11-30-2018_

*Please refer the attached signature*

Michael Avenatti, Respondent

Dated: _11-30-2018_

*Please refer the attached signature*

Lisa Storie-Avenatti, Respondent

*Approved as to Form and Content:*

Dated: _11-30-2018_

Valerie E. Prescott, Esq.; Prescott & Prescott Inc.
Counsel for Respondent, Lisa Storie-Avenatti

*IT IS SO ORDERED:*

Dated: _12/4/18_

Honorable Judge Carol L. Henson
Judge of the Superior Court of California
County of Orange, Lamoreaux Justice Center (L71)

11/30/18

STIPULATION AND ORDER THEREON

PETITIONER: MICHAEL AVENATTI
RESPONDENT: LISA STORIE-AVENATTI

PAGE 5

OCSC CASE NO.: 17 D 009930

16.     This *Stipulation and Order Thereon* may be signed in separate counterparts. A facsimile or other electronic signature shall be treated as an original by the Court for purposes of filing this document.

*It is So Stipulated*:

Dated: **11-30-18**

_____
Michael Avenatti, Respondent

Dated: _____

_____
Lisa Storie-Avenatti, Respondent

*Approved as to Form and Content:*

Dated: _____

_____
Valerie E. Prescott, Esq.; Prescott & Prescott Inc.
Counsel for Respondent, Lisa Storie-Avenatti

*IT IS SO ORDERED*:

Dated: _____

*see first sig page*
_____
Honorable Judge Carol L. Henson
Judge of the Superior Court of California
County of Orange, Lamoreaux Justice Center (L71)

6.      This *Stipulation and Order Thereon* may be signed in separate counterparts. A facsimile or other electronic signature shall be treated as an original by the Court for purposes of filing this document.

*It is So Stipulated*:

Dated: **11-30-18**

Dated: 12-1-2018

_____
Michael Avenatti, Respondent

_____
Lisa Storie-Avenatti, Respondent

*Approved as to Form and Content:*

Dated: _____

_____
Valerie E. Prescott, Esq.; Prescott & Prescott Inc.
Counsel for Respondent, Lisa Storie-Avenatti

*IT IS SO ORDERED*:

Dated: _____

_____
Honorable Judge Carol L. Henson
Judge of the Superior Court of California
County of Orange, Lamoreaux Justice Center (L71)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

AT-138/EJ-125

| ATTORNEY OR PARTY WITHOUT ATTORNEY:       STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: Matthew S. DeArmey 199294<br>FIRM NAME: THE LAW OFFICE OF MILO F. DE ARMEY<br>STREET ADDRESS: 950 WEST 17TH STREET, SUITE A<br>CITY: SANTA ANA       STATE: CA  ZIP CODE: 92706<br>TELEPHONE NO.: (714) 558-7744     FAX NO.: (714) 558-0925<br>E-MAIL ADDRESS: matt@dearmeylaw.com<br>ATTORNEY FOR (name): Lisa Storie-Avenatti | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Orange<br>Lamoreaux Justice Center<br>11/6/2018 4:19 PM<br>David H. Yamasaki, Clerk of the Court<br>By: D. Hanzich, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: P.O. Box 14170
CITY AND ZIP CODE: Orange, CA 92868-3205
BRANCH NAME: Lamoreaux Justice Center

PLAINTIFF Michael Avenatti
DEFENDANT Lisa Storie-Avenatti

| APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION<br>[X] ENFORCEMENT OF JUDGMENT          [ ] ATTACHMENT (Third Person)<br>    [X] Judgment Debtor                    [ ] Third Person | CASE NUMBER:<br>17D009930 |
|---|---|

## ORDER TO APPEAR FOR EXAMINATION

1. TO (name):  MICHAEL JOHN AVENATTI
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [X] furnish information to aid in enforcement of a money judgment against you.
   b. [X] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [X] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

| Date: 12/7/2018 | Time: 8:45 AM | Dept. or Div.: L71 | Rm.: |
|---|---|---|---|
| Address of court  [X] is shown above  [ ] is: | | | |

3. This order may be served by a sheriff, marshal, registered process server, or the following specially appointed person (name):
   MATTHEW S. DE ARMEY, ESQ

Date: 11/6/2018 4:19 PM

JUDGE

Judge Lon F. Hurwitz

This order must be served not less than 10 days before the date set for the examination.
## IMPORTANT NOTICES ON REVERSE

## APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION

4. [X] Original judgment creditor     [ ] Assignee of record     [ ] Plaintiff who has a right to attach order
   applies for an order requiring (name):
   to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   a. [X] the judgment debtor.
   b. [ ] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. [ ] This court is not the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 11/6/2018

JUDGE LON F. HURWITZ

MATTHEW S. DE ARMEY, ESQ.
_____
(TYPE OR PRINT NAME)

(Continued on reverse)

(SIGNATURE OF DECLARANT)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>AT-138/EJ-125 [Rev. January 1, 2017]   CEB | Essential<br>ceb.com | Forms

APPLICATION AND ORDER FOR
APPEARANCE AND EXAMINATION
(Attachment-Enforcement of Judgment)

Code of Civil Procedure,<br>§§ 491.110, 708.110, 708.120, 708.170<br>www.courts.ca.gov

Storie-Avenatti, Lisa

AT-138/EJ-125

---

## Information for Judgment Creditor Regarding Service

If you want to be able to ask the court to enforce the order on the judgment debtor or any third party, you must have a copy of the order personally served on the judgment debtor by a sheriff, marshal, registered process server, or the person appointed in item 3 of the order at least 10 calendar days before the date of the hearing, and have a proof of service filed with the court.

---

## IMPORTANT NOTICES ABOUT THE ORDER

---

### APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

NOTICE TO JUDGMENT DEBTOR If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

---

### APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT)

(1) NOTICE TO PERSON SERVED If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

(2) NOTICE TO JUDGMENT DEBTOR The person in whose favor the judgment was entered in this action claims that the person to be examined under this order has possession or control of property that is yours or owes you a debt. This property or debt is as follows *(describe the property or debt):*

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.

---

### APPEARANCE OF A THIRD PERSON (ATTACHMENT)

NOTICE TO PERSON SERVED If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.

---

### APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.

---



Request for Accommodations. Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation* (form MC-410). (Civil Code, § 54.8.)

---

AT-138/EJ-125 [Rev. January 1, 2017]



APPLICATION AND ORDER FOR
APPEARANCE AND EXAMINATION
(Attachment-Enforcement of Judgment)   Storie-Avenatti, Lisa

Page 2 of 2

**EXHIBIT B**

1.     2017 Ferrari 488 GT Spider in the name of the Respondent. Petitioner, Michael Avenatti specifically represents that there are no liens or encumbrances on this vehicle, other than the monthly lease payment.

2.     The following watches;
   a.     Patek 5712,
   b.     Patek 5726,
   c.     Patek 5960,
   d.     Rolex 116500 and
   e.     Hublot.

3.     The following Artwork:
   i.     "Pergusa III" 1983
   ii.     Craig Kauffman "No. 17" 1989
   iii.     Frank Gehry Sculpture
   iv.     Heath Gwyn Martin "Rough and Tumble"
   v.     Michael Mulhern "Untitled" (WET)
   vi.     David Shapiro
   vii.     David Shapiro "Clearing 11"
   viii.     Murano Glass and Painted Fish
   ix.     Existing "4 Nudes" - H-20" x W-9"
   x.     The Ford Garage at Téloche, c. 1959, 20x24 inches
   xi.     The Start of the 1956 24 Hours, 20x24 inches
   xii.     Jo Bonnier Photo that spans p. 46 and p. 47 of the Porsche Moments Book Jo Bonnier RSK is in the Karussell, 20x24 inches
   xiii.     Jesse Alexander "Porsches - Le Mans" circa 1959, Archival Pigment Paint
   xv.     Any other artwork presently in storage which was previously in the parties marital residence.

4.     The entire legal and equitable member interest of Avenatti & Associates, APC in Passport 420, LLC, which owns as its principal asset a 2016 Honda Jet, Model HA-420 serial number 42000029, FAA Registry number N227WP, in the name of Passport 420 LLC.

   a.     Petitioner, as President and sole shareholder of Avenatti &Associates, APC, and in his capacity as Manager of Passport 420 LLC, shall execute forthwith the transfer of the Avenatti & Associates, APC member interest to Respondent and shall provide to Respondent the original member ownership certificates for this limited liability company.

   b.     Petitioner, Michael Avenatti, specifically represents and warrants that he is not aware of any liens or encumbrances on the member interest or assets of Passport 420 LLC, including the Honda Jet Plane

   c.     Petitioner shall provide all notices required by Paragraph 16 of the Passport 420, LLC Operating Agreement.