UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

MICHAEL AVENATTI,

Defendant.

ORDER

(S1) 19 Cr. 373 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On January 2, 2020, Nike, Inc. moved to quash Rule 17(c) subpoenas for testimony that Defendant has served on five Nike employees: John Slusher, Lynn Merritt, Nico Harrison, Carlton DeBose, and Jamal James. (Nike Mot. (Dkt. No. 114); Nike Br. (Dkt. No. 115) at 3; Subpoenas (Dkt. No. 202-1)  On January 13, 2020, Nike, Inc. moved to quash Rule 17(c) subpoenas for testimony that Defendant served on Nike employees Rachel Baker and John Stovall. (Nike Br. (Dkt. No. 137) at 3 n.1; Subpoenas (Dkt. No. 202-1))  Nike's motions are filed on behalf of Nike, Inc., and Nike's counsel does not purport to represent, individually, any of the Nike employees who have been served with subpoenas.

        As a general matter, in order to have "standing to challenge a subpoena[,] . . . the objecting party [must have] a personal right or privilege in the information sought." Allison v. Clos-ette Too, L.L.C., No. 14 CIV. 1618(LAK)(JCF), 2015 WL 136102, at *7 (S.D.N.Y. Jan. 9, 2015) (citing Estate of Ungar v. Palestinian Authority, 332 Fed. App'x 643, 645 (2d Cir. 2009) (collecting authorities)); Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); Universitas Educ., LLC v. Nova Grp., Inc., No. 11 CIV. 1590(LTS)(HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) ("A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."); see

also Allstate Ins. Co. v. A & F Med. P.C., No. 14-CV-6756(JBW), 15-CV-3639(JBW), 2016 WL 7116067, at *2 (E.D.N.Y. Dec. 6, 2016); Jacobs v. Conn. Cmty. Tech. Colleges, 258 F.R.D. 192, 194-95 (D. Conn. 2009) (citations omitted) ("only the person or entity to whom a subpoena is directed has standing to file a motion to quash").

"The claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoenas was served." United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). "The moving party must assert some right or privilege personal to it, such as an interest in proprietary, confidential information that would be disclosed or an interest in maintaining a privilege that would be breached by disclosure." US Bank Nat'l. Ass'n v. PHL Variable Ins. Co., No. 12 CIV. 6811(CM)(JCF), 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) (citing Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08 Civ. 6469, 2011 WL 830624, at *1 (S.D.N.Y. March 9, 2011) (proprietary information); Copantitla v. Fiskardo Estiatorio, Inc., No. 09 Civ. 1608, 2010 WL 1327921, at *8 n.3 (S.D.N.Y. April 5, 2010) (proprietary information); Monsanto Co. v. Victory Wholesale Grocers, No. 08 CV 134, 2008 WL 2066449, at *2 (E.D.N.Y. May 14, 2008) (privileged information)).

Here, Nike, Inc. has not argued, much less demonstrated, that it has (1) a "claim of privilege or right [that is] personal to [Nike, Inc.]," United States ex rel. Ortiz, 169 F. Supp. 3d at 545; or (2) "an interest in proprietary, confidential information that would be disclosed [through the testimony of its employees,] or an interest in maintaining a privilege that would be breached by disclosure." US Bank Nat. Ass'n, 2012 WL 5395249, at *2.

Because Nike, Inc. has not shown that it has standing to object to the subpoenas served on its employees, its motions to quash are denied.[1]

In the event that one or more of the Nike employees moves to quash, that employee will state whether he or she intends to assert his or her Fifth Amendment right against self-incrimination. Such an intent may render a motion to quash effectively moot.

Dated: New York, New York
January 23, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

[1] In the event that a Nike employee moves to quash, Nike, Inc. may seek leave to intervene, and to join in the motion to quash that has been filed by the employee. See, e.g., Branzburg v. Hayes, 408 U.S. 665, 676 n.13 (1972) ("The New York Times was granted standing to intervene as a party on the motion to quash the subpoenas.").