**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 27, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States v. Michael Avenatti*,
     S1 19 Cr. 373 (PGG)

Dear Judge Gardephe:

  The Government respectfully submits this letter pursuant to the Court's order dated January 22, 2020, directing the Government to describe any anticipated testimony by Professor Nora Engstrom in the Government's case-in-chief in light of the Court's ruling of earlier that day. (Dkt. No. 194.)

  Consistent with the Court's ruling at the January 22, 2020 conference (Transcript of January 22, 2020 Conference (Dkt. No. 205-2 ("Tr.")) at 46:23-47:4), the Government believes that the remaining appropriate scope of Professor Engstrom's testimony concerns, in short, the degree to which the duties and rules applicable to an attorney licensed by the State of California—the contours of which will be described to the jury by the Court, not an expert—are made known to such an attorney, or as Court put it, the issue of "notice" (*id.* at 46:23). The Government expects that Professor Engstrom would testify with respect to this point, in sum, as follows.

  Because lawyers have special knowledge, training, access, and responsibilities, and often are called upon to assist people in a time of need or when they are emotional, the law has long imposed on lawyers certain duties and responsibilities, including, first and foremost, a duty of loyalty, and duties of confidentiality and communication. Those duties have existed for hundreds of years, predate the development of written rules of professional responsibility, and are made known to lawyers and law students in a variety of ways:

Honorable Paul G. Gardephe
United States District Judge
January 27, 2020
Page 2

- The American Bar Association ("ABA") has required, for more than 40 years, that, to be an accredited law school, the school must require students to take a least one course in professional responsibility and legal ethics.[1]

- In order to be licensed to practice law, referred to as becoming member of the "Bar," an individual must pass an exam, referred to as the "Bar Exam," which varies by state. In California, that exam has been and remains at least two days long, and has long included questions on ethics and professional responsibility, including with respect to both the ABA's model rules of professional responsibility and California-specific rules and statutes.[2]

- To be admitted to the Bar, including in California, an individual must also take and pass the Multistate Professional Responsibility Examination (commonly known as the "MPRE"), which measures "knowledge and understanding of established standards related to the professional conduct of lawyers." http://www.ncbex.org/exams/mpre/.

- With few exceptions (such as for elected officials of California), all attorneys who are actively practicing law in California must complete ongoing legal training, called Minimum Continuing Legal Education ("MCLE"). Twenty-five hours of MCLE are required every three years. These hours must include at least four on ethics. Attorneys are required to report their training to the State Bar every three years.

- The California Bar publicly publishes the current California Rules of Professional Conduct, which went into effect on November 1, 2018, on its website.[3]

Based on the foregoing, Professor Engstrom will testify that the existence and nature of the duty of loyalty, and the duties of confidentiality and communication, is generally known within the legal profession.

---

[1]  *See* ABA Standards and Rules of Procedure for Approval of Law Schools ("Standards"), Program of Legal Education, Section 302 ("A law school shall establish learning outcomes that shall, at a minimum, include competency in . . . Exercise of proper professional and ethical responsibilities to clients and the legal system[.]"), *available at* https://www.americanbar.org/content/dam/aba/administrative/legal_education_and_admissions_to_the_bar/standards/2019-2020/2019-2020-aba-standards-chapter3.pdf; *see also* Standards Archives, *at* https://www.americanbar.org/groups/legal_education/resources/standards/standards_archives/.

[2]  *See* http://www.calbar.ca.gov/Admissions/Examinations.

[3]  *See* http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct.

Honorable Paul G. Gardephe
United States District Judge
January 27, 2020
Page 3

                                                Respectfully submitted,

                                                GEOFFREY S. BERMAN
                                                United States Attorney

                              By:     s/ Daniel C. Richenthal
                                                Matthew D. Podolsky
                                                Daniel C. Richenthal
                                                Robert B. Sobelman
                                                Assistant United States Attorneys
                                                (212) 637-1947/2109/2616

cc:      (by ECF)

         Counsel of Record