

January 27, 2020

**VIA ECF & FAX**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*
               No. 19 Cr. 373 (PGG)

Dear Judge Gardephe:

      I write on behalf of non-party NIKE, Inc. ("Nike") to respectfully request that the Court enter the enclosed order pursuant to Rule 502(d) of the Federal Rules of Evidence.

      The Government has informed Nike that it intends to call certain of its lawyers, both in-house counsel and outside counsel, to testify at trial. In addition, Defendant Michael Avenatti has subpoenaed two of Nike's in-house lawyers, three of Nike's outside lawyers, and seven of Nike's non-lawyer employees to testify in his defense case. Nike anticipates that its counsel may be asked to testify about facts that relate to legal work that they have conducted for Nike, and even though Nike does not intend to waive—and, indeed, the witnesses lack authority to waive—Nike's privileges and protections, there is a risk of inadvertent waiver. There is also a related risk that litigants in subsequent proceedings may argue that a waiver occurred. Thus, out of an abundance of caution, Nike respectfully requests that the Court enter the enclosed order.

      Under Rule 502(d), "[a] federal court may order that [a] privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." The purpose of Rule 502(d) is to protect parties from the costs and risks of inadvertent disclosure. As the Advisory Committee notes to Rule 502 explain, the rule "responds to the widespread complaint that litigation costs necessary to protect against waiver of attorney-client privilege or work product ha[d] become prohibitive due to a concern that any disclosure (however innocent or minimal) [would] operate as a subject matter waiver of all protected communications or information." *See* Fed. R. Evid. 502 Advisory Committee's notes.

      The protections of Rule 502(d) extend to non-parties who are called upon to provide evidence in connection with criminal trials. *See* Federal Rule of Evidence 502(d) Order Regarding Information Disclosed by Non-Party, *United States v. Middendorf*, No. 18 Cr. 36 (JPO) (S.D.N.Y. July 27, 2018) (granting a Rule 502(d) order protecting non-party KPMG), ECF No. 118; Order, *United States v. Shkreli*, No. 15 Cr. 637 (KAM) (E.D.N.Y. Dec. 14, 2015) (granting non-party's motion for a rule 502(d) order), ECF No. 251; *see also* Order, *Gusinski v. Genger*, No. 10 Civ. 4506 (SAS) (S.D.N.Y. June 8, 2010) (granting 502(d) order in anticipation of a motion to compel



The Honorable Paul G. Gardephe
January 27, 2020
Page 2

against a non-party), ECF No. 63.  Although the disputes in *Middendorf* and *Shkreli* concerned the disclosure of privileged information contained in documents, the protections of 502(d) have also been applied to testimony in civil cases.  *See* Stipulated Amended Protective Order ¶ 22, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB) (S.D.N.Y. Jan. 11, 2019) ("Pursuant to Rule 502(d) . . . the inadvertent disclosure of documents, ESI, testimony . . . or other things that are protected from disclosure under the attorney-client privilege [and] work-product doctrine . . . shall in no way . . . constitute a waiver of . . . any claim of privilege [or] work-product . . . in this or any other Federal or State proceeding . . . ."), ECF No. 496.

Nike's conduct is not a defense to the crimes charged in the Indictment.  (Jan. 6, 2019, Order [122] at 10 n.2 ("Evidence that Nike engaged in widespread corruption in the area of amateur basketball likewise does not provide a defense to the extortion and honest services wire fraud charges against Avenatti.").)  Nevertheless, the Government and Defendant may seek to question Nike witnesses about their biases and motives. (*See* ECF No. 96 at 15 ("The Government has no objection to the defendant cross-examining [the Nike lawyers] regarding whether they had a view, at any relevant time, as to whether it was in Nike's interest to cooperate with federal law enforcement generally and the USA-SDNY in particular.").)  The Government and Defendant may also seek to question Nike witnesses about their states of mind at the time Defendant's threats were made.  Such questions will almost certainly relate to work being performed by counsel to Nike that is legal in nature, raising the potential of an inadvertent waiver.

The risk of inadvertent waiver would be heightened if Defendant is permitted to cross-examine Nike counsel regarding internal Nike documents about which Nike counsel may have become aware in connection with Nike's response to the Government's grand jury subpoena.  As the Government contends in its motions *in limine*, such documents should not be admitted because they are irrelevant to the case and should, in any event, be excluded under Rule 403 because their admission will inevitably result in a confusing mini-trial about Nike's conduct.  (*See* ECF No. 96 at 14-21.)  But if Defendant is permitted to introduce such evidence, Nike's counsel may be asked about the extent to which such documents present legal risk to Nike, and the risk of inadvertent disclosure of privileged information would be real.[1]  Of course, Nike will not be able to advise its witnesses in real time on the permissible scope of their responses.

For all of these reasons, Nike respectfully requests that the Court enter the enclosed protective order.

Respectfully submitted,

---

[1] Notably, the Government has represented that the broad manner in which Defendant has characterized his bias and motive arguments has no basis in fact.  (*See* Jan. 14, 2020, Transcript of Record [122] at 16 ("[A]s far as the argument about Nike not producing documents, I actually think the facts do not support that argument."); *id*. ("[A]s to the argument that the fact of systemic corruption somehow leads to Nike wanting to divert the government's attention by offering up Mr. Avenatti . . . I don't think the evidence supports that view at all . . . .").)



The Honorable Paul G. Gardephe  
January 27, 2020  
Page 3

                                /s/ Peter M. Skinner  
                                Peter M. Skinner

cc:    Scott A. Srebnick, Esq.  
        Jose M. Quinon, Esq.  
        E. Danya Perry, Esq.  
        Howard Srebnick, Esq.  
        Daniel C. Richenthal, AUSA  
        Matthew D. Podolsky, AUSA  
        Robert B. Sobelman, AUSA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>MICHAEL AVENATTI,<br><br>　　　　　　　　Defendant. | **[PROPOSED]**<br>**ORDER**<br><br>(S1) 19 Cr. 373 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

1. **IT IS HEREBY ORDERED** that the disclosure of privileged or work-product protected information, whether inadvertent or otherwise, does not constitute a waiver of non-party NIKE, Inc.'s privileges or protections with respect to any undisclosed information in this case or in any other federal or state proceeding.

2. This Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence.

3. Nothing contained herein is intended to or shall serve to limit the right of NIKE, Inc. to assert any privileges or protections to which it is entitled.

Dated: New York, New York
　　　　January ___, 2020

　　　　　　　　　　　　　　　　　　　　SO ORDERED.


　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Paul G. Gardephe
　　　　　　　　　　　　　　　　　　　　United States District Judge