UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MICHAEL AVENATTI,

                Defendant.

No. 19 Cr. 373

**MEMORANDUM OF LAW IN SUPPORT OF
JOHN STOVALL'S MOTION TO QUASH**

Peter M. Skinner
Andrew Z. Michaelson
David L. Simons
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2300
(f) +1 212 446 2380

*Attorneys for John Stovall*

John Stovall respectfully submits this memorandum of law in support of his motion to quash Defendant Michael Avenatti's subpoena demanding that Mr. Stovall testify at Mr. Avenatti's criminal trial.

## PRELIMINARY STATEMENT

Mr. Stovall is one of seven NIKE, Inc. ("Nike") non-legal employees ("Nike Employees") that was served with a trial subpoena by Mr. Avenatti. (Subpoenas [202-1] at 4.) Nike initially moved to quash the subpoenas served on Mr. Stovall and the other Nike Employees. The Court denied Nike's motion on the grounds that Nike lacked standing to object to the subpoenas served on its employees. (Order of January 23, 2020 [204] (hereinafter "January 23 Order") at 3.) Consistent with the Court's guidance in its January 23 Order, Mr. Stovall now moves in his individual capacity to quash the Rule 17 subpoena that was served on him by Mr. Avenatti.[1]

After trial adjourned earlier this evening, on Thursday, January 30, 2020, counsel for Mr. Stovall spoke with defense counsel to ask if they would withdraw the subpoena to Mr. Stovall in light of the Court's rulings to date regarding the limited admissibility of evidence relating to Nike's conduct in amateur basketball. Defense counsel informed the undersigned that they are not in a position to withdraw the subpoena to Mr. Stovall (or any of the numerous Nike witnesses Mr. Avenatti has subpoenaed). The defense has requested that Mr. Stovall be prepared to testify as early as Wednesday, February 5th, and Mr. Stovall is presently planning to fly to New York

---

[1] Mr. Stovall had authorized Nike's counsel to file the prior motion to quash the Rule 17 subpoena on his behalf.

1

on Tuesday, February 4th.[2]  If called to testify, Mr. Stovall intends to appear and does not intend to invoke his Fifth Amendment right against self-incrimination.

At all relevant times, Mr. Stovall worked as Scouts Manager in Nike's Grassroots Basketball division.  Nike has contracts with various scouts, located around the country, who provide Nike with their assessment of amateur players.  Mr. Stovall's job entails coordinating the scouts.

Mr. Stovall has no relevant, admissible testimony as to the conduct at issue in this trial.  Mr. Stovall never spoke with Mr. Avenatti, Mark Geragos, or Jeffrey Auerbach, and he had only limited contact with Gary Franklin.  He was not present for Mr. Avenatti's threats, and he has no knowledge of Mr. Avenatti's communications with Gary Franklin.  The only possible testimony Mr. Stovall could offer at trial relates to Nike's broader conduct in amateur basketball.  But the Court recently affirmed that such evidence "does not provide a defense to the extortion and honest services wire fraud charges against Avenatti," and expressed an expectation that "the validity or nature of Franklin's claim against Nike" will not "be a central issue at trial."  (Order of January 6, 2020 [122] ("January 6 Order") at 10.)

Mr. Avenatti should not be permitted to call Mr. Stovall solely to offer extrinsic evidence of Nike's broader conduct in order to impeach testimony of Nike counsel.  (*See* Nike Mot. Quash [115] at 4-6; Nike Mot. Quash Reply. [137] at 8-9; *see also Davis v. Alaska*, 415 U.S. 308, 316 (1974)).  Mr. Stovall's communications with Nike counsel are privileged, and he has no non-privileged testimony to offer regarding Nike counsel's internal investigation or response to the

---

[2] Defense counsel has agreed to provide reasonable travel expenses for airfare and hotel accommodations, plus statutory witness attendance fees pursuant to 28 U.S.C. § 1821(b), prior to any of the Nike witnesses based in Oregon booking travel to New York.  After Defendant indicated that he would not withdraw the subpoena for Mr. Stovall's testimony, counsel for Mr. Stovall requested that Defendant provide the required funds tomorrow, on Friday, January 31, 2020.

Government's grand jury subpoena to Nike.  Further, any testimony that Mr. Stovall could offer regarding Nike's conduct in amateur basketball should be barred by Rule 403(b).  Mr. Stovall therefore respectfully requests that the Court grant his motion to quash.

## LEGAL STANDARD

Subpoenas seeking testimony for use in a criminal trial are governed by Federal Rule of Criminal Procedure 17.  *See also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  The proponent of a Rule 17 subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity," as well as "that the application is made in good faith and is not intended as a general fishing expedition."  *United States v. Nixon*, 418 U.S. 683, 700 (1974); *see also United States v. Khan*, No. 06-CR-255 (DLI), 2009 WL 152582, at *2 (E.D.N.Y. Jan. 20, 2009) (applying the *Nixon* test to several subpoenas for trial testimony).  If the proponent fails to meet each of these requirements, the court may quash the subpoena.  *See Khan*, 2009 WL 152582, at *2-4.

## ARGUMENT

In the interest of judicial efficiency, Mr. Stovall joins in and incorporates by reference all of the arguments set forth in Nike's motion to quash the Rule 17 subpoenas served on the Nike Employees by Mr. Avenatti.  (Nike Mot. Quash [115]; Nike Mot. Quash Reply [137].)  In short, Mr. Avenatti's trial subpoena to Mr. Stovall should be denied for the following reasons:  (1) Mr. Stovall can offer no testimony regarding what Defendant knew at the time of his scheme, (Nike Mot. Quash [115] at 3-4); (2) Mr. Stovall should not be called to extrinsically impeach testimony of Nike counsel, (*id.* at 4-6); (3) Mr. Stovall offers no relevant, admissible testimony about "wrongfulness," (*id.* at 6-7); and (4) even if Mr. Stovall's testimony were admissible, it should be inadmissible under Rule 403(b), (*id.* at 7-10.)

*First*, Mr. Stovall's motion to quash should be granted because he has no testimony to offer about Mr. Avenatti's contemporaneous knowledge at the time of his scheme. (*Id.* at 3-4.) Mr. Stovall has never communicated with Mr. Avenatti, Mark Geragos, or Jeffrey Auerbach, and his contact with Gary Franklin has been minimal.

*Second*, Mr. Avenatti should not be permitted to call Mr. Stovall to offer testimony about the Nike counsel witnesses' bias and motive. (Nike Mot. Quash [115] at 4-6; Nike Mot. Quash Reply [137] at 8-9.) Mr. Avenatti has not proffered any plausible link connecting Mr. Stovall's testimony to the purported biases of Nike counsel. The content of any communications between Mr. Stovall and Nike's counsel is privileged, meaning that Mr. Stovall cannot testify about what Nike counsel know about Nike's conduct in amateur basketball. Mr. Avenatti's confrontation rights guarantee only that he may *cross-examine* the Nike witnesses on their bias or motive to testify. *See Davis*, 415 U.S. at 316. Mr. Avenatti has no constitutional right to impeach Nike witnesses extrinsically, and he should not be permitted to call Mr. Stovall to do so. (Nike Mot. Quash Reply [137] at 8-9.)

*Third*, Mr. Avenatti cannot use Mr. Stovall's testimony to prove a plausible claim of right or rebut a claim of wrongfulness. (Nike Mot. Quash [115] at 6-7; Nike Mot. Quash Reply [137] at 7-8.) As indicated in the Court's January 6 Order, evidence of Nike's conduct "does not provide a defense to the extortion and honest services wire fraud charges against Avenatti." (*Id.* at 10 n.2.)

*Finally*, even if the Court were to find that Mr. Stovall's testimony would have some limited probative value as extrinsic evidence of impeachment, the testimony should nevertheless be excluded under Federal Rule of Evidence 403(b). (Nike Mot. Quash Reply [137] at 10-12.)

Mr. Avenatti's real purpose in calling Mr. Stovall would be to put Nike's conduct on trial, which would inevitably lead to the very kind of "mini-trial" that Rule 403 is intended to prevent. (*Id.*)

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Nike's December 31, 2019, and January 13, 2020, memoranda of law, Mr. Stovall respectfully requests the Court quash the subpoena.

Dated: January 30, 2020

Respectfully submitted,

/s/ Peter M. Skinner
Peter M. Skinner
Andrew Z. Michaelson
David L. Simons
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2300
(f) +1 212 446 2380

*Attorneys for John Stovall*