UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>MICHAEL AVENATTI,<br><br>                    Defendant. | No. 19 Cr. 373 (PGG) |

**MEMORANDUM OF LAW IN SUPPORT OF
NON-PARTY JAMAL JAMES'S MOTION TO QUASH**

Glen A. Kopp
Ilana Cohen
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(t) +1 212 506 2500
(f) +1 212 849 5578

*Attorneys for Jamal James*

Jamal James ("Mr. James") respectfully submits this memorandum of law in support of his motion to quash Defendant Michael Avenatti's ("Avenatti" or "Defendant") Rule 17(c) subpoena for Mr. James to testify at the Defendant's ongoing criminal trial.  In the event that this motion is denied and Mr. James is called to testify, he presently does not intend to assert his Fifth Amendment privilege against self-incrimination.

## PRELIMINARY STATEMENT

As the Court is aware, Mr. James's employer, NIKE, Inc. ("Nike"), filed a motion to quash Avenatti's Rule 17(c) subpoena for Mr. James's testimony and that of six other Nike employees, dated January 2, 2020, and submitted extensive briefing in support its motion.  Mr. James was aware of Nike's motion and authorized Nike's counsel to file the motion on his behalf.  Although the Court denied the motion for lack of standing, the arguments that Nike put forth in support of the motion remain valid and applicable to Mr. James.  Simply put, Mr. James's testimony would be irrelevant, inadmissible, and nothing more than a sideshow.  In the interest of efficiency, Mr. James adopts those arguments as his own without restating them in full below.  In addition, the Court's January 6, 2020 ruling regarding the irrelevancy of Nike's conduct to Avenatti's defense to the government's extortion and honest services wire fraud charges (*see* Order of Jan. 6, 2020 (hereinafter "Jan. 6 Order") at 10 n.2), leaves little room for Mr. James to provide anything of value at trial other than a means for the Defendant to distract the jury from considering the evidence of his guilt and to create confusion over what the trial is really about.  *See also* Jan. 27, 2020 Trial Transcript ("Tr.") at 6:22-24 ("the trial will not involve an exploration of whether Nike was engaged in a large-scale effort to corrupt amateur basketball").

1

**ARGUMENT**

I. **Mr. James Fully Adopts All of The Arguments Set Forth by NIKE, Inc. in Its Memoranda of Law In Support of Its Motion to Quash**

Mr. James hereby incorporates and adopts in full as his own the arguments and authority set forth in Nike's Motion to Quash and supporting Memorandum of Law, filed January 2, 2020, (Dkt. Nos. 114 & 115), and its Memorandum of Law in Further Support of Non-Party NIKE, Inc.'s Motion to Quash, filed January 13, 2020 (Dkt. No. 137).[1]  First, that Defendant should be precluded from calling Mr. James to testify because Mr. James does not know what Defendant knew at the time of the extortion scheme.  Second, Mr. James should not be called to extrinsically impeach the testimony of Nike counsel.  Third, Mr. James has no relevant, admissible testimony about "wrongfulness" committed by Nike.  Finally, Mr. James's testimony would be inadmissible under Federal Rule of Evidence 403(b).

II. **The Alleged Scope of Nike's Corruption is Irrelevant to Avenatti's Defense**

The defendant's argument that he should be permitted to call Mr. James as a witness to testify regarding the alleged "widespread nature of corruption" at Nike is meritless because such testimony is not relevant.  (*See* Defendant Avenatti's Memorandum of Law in Opposition to Non-Party Nike's Motion to Quash, dated January 9, 2020, at 15, 16).  The proponent of a Rule 17 subpoena must demonstrate "relevancy; (2) admissibility; [and] (3) specificity" as well as "that the application is made in good faith and is not intended as a general fishing expedition." *United States* v. *Nixon*, 418 U.S. 683, 700 (1974); *see also United States* v. *Seabrook*, No. 16-CR-467 (ALC), 2017 WL 4838311, at *1 (S.D.N.Y. Oct. 23, 2017).  If the proponent of the

---

[1] Similarly, Mr. James adopts the factual statements in Nike's two memoranda of law as they relate to his role at Nike.

2

subpoena fails to meet each of these requirements, the court may quash the subpoena. *See United States* v. *Kahn*, 06-CR-255 (DLI), 2009 WL 152582, at *2-4 (E.D.N.Y. Jan. 20, 2009).

The Court has already made clear that the testimony the Defendant seeks from Mr. James regarding the alleged widespread nature of corruption at Nike is irrelevant to the question of whether the Defendant committed the alleged crimes and, therefore, cannot be a basis to support his Rule 17 subpoena. Specifically, on January 27, 2020, Your Honor stated that the amount of money demanded by Defendant in his extortion scheme does not establish whether his conduct is criminal as charged:

> I do remain somewhat concerned that someone on the jury may nonetheless feel that the amount referenced in these conversations was unreasonable, regardless of whether the demand had been authorized by Franklin or not. I do think we will need a jury instruction to the effect that the government does not contend that the amount that Avenatti sought to do the internal investigation at Nike was unreasonable, or stated another way, that the jury can't find Avenatti guilty of extortion or honest services fraud based merely on the amount he was seeking to perform an internal investigation.

(Jan. 27, 2020 Tr. at 3:6 – 3:16). Thus, Mr. James's testimony regarding the extent of any alleged corruption in Nike's amateur basketball program is no longer germane to Avenatti's defense that his demand for a $15 to $25 million internal investigation was reasonable in light of the scope of the alleged misconduct at Nike.

Moreover, Mr. James cannot provide any relevant or admissible testimony regarding the Nike lawyers' (either in-house or external) bias or motive to testify for the government. Mr. James's testimony about his own conduct cannot help to establish what the Nike lawyers knew or did not know when they chose to contact the government about the Defendant's extortionate demands or why they contacted the government and have agreed to testify as government witnesses.

Accordingly, the sought after testimony of Mr. James is not relevant as required under Rule 17.

## CONCLUSION

For the reasons set forth above, Mr. James respectfully requests that the Court grant his motion to quash the subpoena.

Dated: January 31, 2020

Respectfully submitted,

/s/ Glen A. Kopp
Glen A. Kopp
Ilana Cohen
MAYER BROWN LLP
1221 Avenue of Americas
New York, NY 10020
(t) 212 506 2648
(f) 212 849 5675