LAW OFFICES
# Scott A. Srebnick, P.A.

SCOTT A. SREBNICK*
* ALSO ADMITTED IN NEW YORK

201 S. Biscayne Boulevard
Suite 1210
Miami, Florida 33131

Tel: 305-285-9019
Fax: 305-377-9937
E-mail: scott@srebnicklaw.com
www.srebnicklaw.com

February 2, 2020

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG)
      **Letter Motion Seeking Exclusion of Testimony and Documents about 20-Year Old Bar Exams and CLE compliance**

Dear Judge Gardephe:

Pursuant to Federal Rules of Evidence 401-403, we move to exclude evidence that the government seeks to offer from an official with the California State Bar – either through live testimony or by stipulation – regarding the following matters (as described by the government in a proposed stipulation to defense counsel):

**Government's Proposed Testimony**

1. In California, a bar exam includes questions on ethics and professional responsibility, and has included such questions since at least 2000.

2. To be admitted to the Bar in California, an individual must also take and pass the Multistate Professional Responsibility Examination ("MPRE"), which measures knowledge and understanding of standards related to the professional conduct of lawyers.

3. Mr. Avenatti took and passed the MPRE in November 1999 and took and passed the California Bar Exam in June 2000.

4. With few exceptions, all attorneys who are actively practicing law in California must complete twenty-five hours of ongoing legal training, called Minimum Continuing Legal Education ("MCLE"), every three years, which includes at least four hours of training on legal ethics. Attorneys are required to report their training to the State Bar every three years.

1

5. The State Bar publishes the California Rules of Professional Conduct on its website.

**Government's Proposed Exhibits**

The government also seeks to offer in evidence the following exhibits:

1. GX 112, which contains the written oath of Avenatti taken in connection with becoming a member of the State Bar, his certification of compliance with applicable MCLE requirements between February 2013 and January 2016, and dozens of pages of computer-generated information that has no relevance to any issues in this case.

2. GX 113, which reflects that Mr. Avenatti certified his compliance with applicable MCLE requirements for the period from February 2016 through January 2019.

3. GX 114, which is a copy of a State Bar form containing the certification required of attorneys regarding MCLE compliance, and is identical in substance to the online page presented to attorneys when they login to their profiles on the State Bar's website to log their compliance electronically.

Mr. Avenatti does not dispute the accuracy of the proposed testimony or the authenticity of the exhibits the government seeks to offer. Thus, there is no need for a California State Bar official to travel to New York to provide this testimony or authenticate the documents. Rather, consistent with his oft-stated position, Mr. Avenatti objects to the relevance of any evidence related to ethics standards and California bar rules and compliance.

In this letter motion, however, Mr. Avenatti is not seeking to relitigate the broader relevance of ethics in this case inasmuch as the Court has already informed the parties that it intends to provide some instructions to the jury regarding California Bar rules. Rather, Mr. Avenatti submits that the particular testimony that the government seeks to offer, as well as GX112, 113, and 114, have no particular relevance, and the probative value of this evidence (if any) is substantially outweighed by the danger of unfair prejudice.

For starters, the government has repeatedly argued that the relevant rules governing Mr. Avenatti's conduct are contained within the version of the California Rules of Professional Conduct adopted in November 1, 2018. By all accounts, the new version of the rules represented an "overhaul," after thirty years, of the previous version; while the new rules sought to more closely align California with the ABA Model Rules of Professional Conduct, there are numerous differences between the California Rules and the Model Rules. Indeed, there are substantial differences between the California Rules and the rules of many other states.

Despite this overhaul on November 1, 2018, the government seeks to offer evidence that Mr. Avenatti took the MPRE *in 1999*, the Bar exam *in 2000*, and certified compliance with his CLE requirements in the years before the new rules took effect. The government offers no evidence regarding which version of which rules were tested on the 1999 MPRE and the 2000 California state bar exam, nor any evidence that Mr. Avenatti's CLE courses encompassed any of the issues or rules relating to this case. The proposed evidence has no bearing on whether Mr. Avenatti extorted or attempted to extort Nike, or committed honest services wire fraud through solicitation of a bribe. Moreover, to the extent the Court instructs on particular California Bar rules or standards, the Court can simply instruct the jury that the California Rules govern the conduct of lawyers in California. Nothing more is required.

There is simply no probative value to the fact that Mr. Avenatti took an oath on becoming a lawyer, completed unidentified CLE courses, and took a multistate exam 21 years ago that included unspecified ethics questions that may in fact be untethered to the 2018 version of the California Rules. Yet there is a substantial danger of unfair prejudice and confusion inherent in allowing the government to focus the jury on ethics standards without any nexus to the current version of the California Rules. The risk is intolerable that the undue emphasis on ethics rules will lead the jury to assume that Mr. Avenatti violated bar rules and to equate a rules violation with criminal conduct.

Accordingly, the Court should exclude all of the testimony and exhibits referenced above. However, in the event the Court overrules Mr. Avenatti's objection and determines that any of the proposed evidence is relevant and admissible, Mr. Avenatti would be prepared to enter into a stipulation without the need for the government to bring a California Bar official to New York.

Respectfully Submitted,

/s/ Scott A. Srebnick
Scott A. Srebnick
Jose M. Quinon
E. Danya Perry