U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 3, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*,
            S1 19 Cr. 373 (PGG)

Dear Judge Gardephe:

      The Government respectfully writes in opposition to the letter motion of the defendant, filed late last night (Dkt. No. 234) ("Def. Ltr."), in which he seeks preclusion of any evidence that he was aware of applicable ethical duties or rules, on the ground that such evidence is entirely irrelevant and, in any event, unfairly prejudicial. This motion is meritless.

      It is of course relevant whether the defendant was aware of his ethical duties. As the Court noted in denying the defendant's motion to quash a subpoena to George Washington University Law School, "[e]thical rules for lawyers are at issue" in this case. (Dkt. No. 164.) And so too is the defendant's knowledge of those rules, and his overarching duties, as the Court has also noted. (*See* Jan. 22, 2020 Conference (Dkt. No. 205-2), at 46-47 ("I do think the issue of notice is relevant, which is to say that I assume that California has some sort of CLE requirement that includes some sort of component about ethics and so on."). Indeed, the defendant did not previously disagree. (*See* Jan. 27, 2020 Transcript, at 48 (defendant stating that his view is that the information set forth in the Government's letter of the same day, describing the proposed testimony of Professor Nora Engstrom with respect to such notice (Dkt. No. 214), is "fact testimony" rather than expert testimony, but not disputing relevance).)

      In his letter, the defendant does not engage with the Court's previous rulings or comments, or explain why he waited until now to object to all such evidence, in any form. Nor does the defendant explain how, accepting that ethical duties are relevant—as this Court has ruled—his knowledge of the same is not. Instead, the defendant claims that any evidence offered on this point is wholly "irrelevant" unless it pertains expressly both to the current California Rules of

Honorable Paul G. Gardephe
United States District Judge
February 3, 2020
Page 2

Professional Responsibility (the "California Rules") and, in particular, to those of the California rules that the Court determines to include in its instructions to the jury. (Def. Ltr. 2.)[1]

The central premise of the defendant's claim—that only the California Rules matter—is wrong. The defendant has not previously disputed, and has not disputed during trial, that there are overarching duties incumbent upon all lawyers, which are neither tethered to any particular state's rules nor unique to California. On the contrary, the defendant elicited on cross-examination of a New York lawyer that lawyers have a duty of loyalty. (*See* Trial Transcript, at 387.) As the Government has previously explained (Dkt. No. 110, at 3-5; Dkt. No. 166, at 3), that duty, and the other overarching duties of a lawyer, are long-standing, derive from multiple sources, and do not rest solely on the authorities of any particular jurisdiction. Indeed, they pre-date the California Rules (and the ABA's Model Rules). *See, e.g.*, *Stockton v. Ford*, 11 How. 232, 247 (1850).

Properly framed, the question of relevance does not turn on whether evidence of the defendant's knowledge of his ethical duties is specifically linked to the current California Rules (much less to a subset thereof), but rather merely whether such evidence helps to demonstrate that the defendant was generally aware, at the time he acted, of his ethical duties. The evidence that the defendant challenges easily meets this test. *See, e.g.*, *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006) ("so long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded" as irrelevant (citing *United States v. Ravich*, 421 F.2d 1196, 1204 n.10 (2d Cir. 1970) (Friendly, J.))).

The defendant does not seriously disagree. He asserts, however, that "the probative value of this evidence (if any) is substantially outweighed by the danger of unfair prejudice." (Def. Ltr. 2.) That assertion does not withstand even cursory examination. The Court previously described what the Government seeks to offer as "pretty innocuous." (Jan. 27, 2020 Transcript, at 48.) It is.

If the defendant wishes to argue to the jury that it should give little weight to the evidence he challenges because it is not, in his view, sufficiently linked to the current California Rules (Def. Ltr. 2-3), which went into effect on November 1, 2018, he may do so.[2] But the existence of this straightforward argument is not a basis for preclusion. Rather, "[o]nce relevance is established," challenges to persuasiveness "go to weight rather than admissibility." *United States v. Diaz*, 878 F.2d 608, 615 (2d Cir. 1989); *see also, e.g.*, *United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004) (a party is "free to challenge the reliability of the evidence, to minimize its importance, or to argue alternative interpretations of its meaning, but these and similar other challenges go to the *weight* of the evidence—not to its *admissibility* (emphases in original)).

---

[1] The defendant also states that "there are substantial differences between the California Rules and the rules of many other states." (Def. Ltr. 2.) The defendant does not elaborate, and the Government is not aware of any "substantial differences" that might matter in this case. In any event, the Court has already ruled that the California Rules apply.

[2] The defendant should not, however, be permitted to argue that his overarching duties as a lawyer changed on November 1, 2018. That argument has no basis in law.

Honorable Paul G. Gardephe
United States District Judge
February 3, 2020
Page 3

                                                              Respectfully submitted,

                                                              GEOFFREY S. BERMAN
                                                              United States Attorney

By:    <u>s/ Daniel C. Richenthal</u>
          Matthew D. Podolsky
          Daniel C. Richenthal
          Robert B. Sobelman
          Assistant United States Attorneys
          (212) 637-1947/2109/2616

cc:    (by ECF)

       Counsel of Record