**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 4, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Michael Avenatti*,
             S1 19 Cr. 373 (PGG)

Dear Judge Gardephe:

    The Government respectfully writes in brief response to the defendant's claim, made earlier today in court, that he should be permitted to offer out-of-court statements of Jeffrey Auerbach (or Gary Franklin, Sr.), never seen by or shared with the defendant, to prove the then-existing state of mind of Mr. Auerbach under Federal Rule of Evidence 803(3), in support of which the defendant has just emailed Your Honor's law clerk three cases, *United States v. Schultz*, No. 14 Cr. 467, 2017 WL 2080348 (N.D. Ill. May 15, 2017), *United States v. Harwood*, 998 F.2d 91 (2d Cir. 1993), and *United States v. DiMaria*, 727 F.2d 265 (2d Cir. 1984). The defendant's claim is without merit.

    To be admissible on this basis, an out-of-court statement must be relevant to a then-existing state of mind or intent regarding a relevant fact. *See, e.g.*, *United States v. Lesniewski*, No. 11 Cr. 1091, 2013 WL 3776235, at *5 (S.D.N.Y. July 12, 2013). Moreover, this exception to the hearsay bar only permits the limited admission of statements of future intent, not those concerning past intent and/or motive. *Shepard v. United States*, 290 U.S. 96, 105-06 (1933); *see also, e.g.*, *United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000). "There would be an end, or nearly that, to the rule against hearsay if the distinction [between past and future intent] were ignored." *Shepard*, 129 U.S. at 105-06. And even where a declarant's out-of-court statement is not otherwise inadmissible hearsay, it "must meet the requirements of, *inter alia*, relevance, and it must not be excludable on the grounds of undue confusion or prejudice under Rule 403." *United States v. Gupta*, 747 F. 3d 111, 139 (2d Cir. 2013).

    Here, as the Court has repeatedly—and manifestly correctly—explained, the state of mind of persons other than the defendant is not relevant. For that reason alone, the defendant's claim fails. What Mr. Auerbach (or Mr. Franklin) thought at a given time has no relevance to any fact to be determined by the jury. To be sure, the defendant is entitled, assuming a proper foundation is laid, to seek to *impeach* either witness a as witness through cross-examination with respect to prior allegedly inconsistent statements, as the defendant has done and may seek to continue to do. But that is not a basis for the admission into evidence of a prior statement to prove these witnesses'

Honorable Paul G. Gardephe
United States District Judge
February 4, 2020
Page 2

state of mind on a prior date, because their state of mind on such prior date (or dates), if any, is simply irrelevant.

Moreover, it questionable, at best as to whether the text messages at issue demonstrate a "state of mind" at all, rather than assert facts concerning, for example, what NIKE, Inc. allegedly did or did not do.  And even if they did so demonstrate, at least as to Mr. Auerbach, they are cumulative of testimony that has already been given.

Although the Government has only had limited time to review them, the three cases cited by the defendant in his email to Your Honor's law clerk a few minutes ago are not to the contrary.  Rather, two of the three (*DiMaria* and *Schultz*) concern statements offered to prove the defendant's own state of mind, which is, of course, relevant.  And the third case (*Harwood*) affirms preclusion of the out-of-court statements of another person, explaining that they were offered "to support an inference about conduct that had occurred five months earlier," and that "[t]o admit such statements "would significantly erode the intended breadth of this hearsay exception."  998 F.2d at 98 (internal quotation marks omitted).  So too here.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:    s/ Daniel C. Richenthal
        Matthew D. Podolsky
        Daniel C. Richenthal
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-1947/2109/2616

cc:    (by ECF)

       Counsel of Record