

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 7, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

>          **Re:**   *United States v. Michael Avenatti*,
>                   **S1 19 Cr. 373 (PGG)**

Dear Judge Gardephe:

　　The Government respectfully submits this letter in response to the motions of Carlton DeBose and Jamal James to quash the defendant's testimonial subpoenas to Debose and James. (Dkt. Nos. 226, 229, 232-33.)  The Government joins in DeBose's and James's motions.[1]

　　This Court has previously and repeatedly articulated certain principles applicable to this case.  The Government believes that the two following principles are most pertinent to DeBose's and James's motions:

> 1. "[I]t's not a defense to any charge here that Nike was engaged in corruption in connection with amateur youth basketball.  Truth is not a defense to any of the charges here.  In other words, even if Mr. Avenatti was threatening to disclose misconduct that Nike employees had actually committed, that would not provide him with a defense to the charges against him."  (Tr. 445.[2])
>
> 2. "In general, information about which Mr. Avenatti was unaware at the time is not relevant to his state of mind."  (Tr. 445.)

　　Applying these principles, the defendant cannot meet his burden of demonstrating that DeBose and James, neither of whom interacted with the defendant at any time, have any relevant testimony to offer at this trial.  In any event, any conceivably relevant testimony would be

---

[1]   The Government has independent standing to move to quash such subpoenas, *see, e.g.*, *United States v. Giampa*, No. 92 Cr. 437 (PKL), 1992 WL 296440, at *1-2 (S.D.N.Y. Oct. 7, 1992), and its views may in any event be considered, *see, e.g.*, *United States v. Weissman*, No. 01 Cr. 529 (BSJ), 2002 WL 31875410, at *1 n.1 (S.D.N.Y. Dec. 26, 2002).

[2]   "Tr." refers to the trial transcript.

Honorable Paul G. Gardephe
United States District Judge
February 7, 2020
Page 2

substantially outweighed by the risk of juror confusion and distraction, and the material lengthening of the trial.

Notwithstanding the Court's articulation of applicable principles—which the defendant has not cogently disputed—the defendant appears to persist, through both cross-examination and otherwise, in a quest to seek to offer evidence (or at least to suggest the existence of evidence) of any and all purported misconduct by NIKE, Inc. ("Nike"), a victim.  This quest is misguided.  As this Court has stated, "[e]vidence that Nike engaged in widespread corruption in the area of amateur basketball . . . does not provide a defense to the extortion and honest services wire fraud charges against Avenatti."  *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG), 2020 WL 86768, at *5 n.2 (S.D.N.Y. Jan.  6, 2020).  Or as the Court put it only two days ago:

> . . . I have explained on countless occasions that I cannot allow the trial to devolve into a full examination and investigation of whether Nike was involved in corruption in amateur basketball.  I can't do that because it's so far afield from the issues here, which are quite simply whether Mr. Avenatti committed the crimes of extortion, that he's charged with, as well as honest services wire fraud.  And as I've explained I don't even know how many times, dozens of times it feels like to me, none of this is—none of the information about corruption in amateur basketball provides a defense to Mr. Avenatti.

(Tr. 1256.)

The Court's prior rulings and comments on this point are manifestly correct, for multiple reasons: (a) the merits of the potential claims, if any, of Gary Franklin, Sr., have no relevance to *the defendant*'s extortionate demands, namely, that he personally be paid millions of dollars more than his client for purported work not sought by Nike; (b) evidence—if any exists—of alleged misconduct by Nike's employees that the defendant did not know existed at the time of his extortionate scheme cannot possibly bear on his contemporaneous wrongful intent; and (c) the truth or lack thereof of the harmful allegations that the defendant threatened to make is not relevant as a matter of law, *see United States v. Jackson*, 196 F.3d 383, 387 (2d Cir. 1999); *United States v. Jackson*, 180 F.3d 55, 66, 71 (2d Cir. 1999).  In short, regardless of whether DeBose's and James's testimony would reveal any alleged corruption at Nike, such testimony would supply no defense for the defendant, and therefore would be irrelevant.  It would also be highly confusing, distracting, and materially lengthen the trial, because the Government would have no choice but to seek to place such alleged evidence in context.

For the foregoing reasons, and the reasons set forth in DeBose's and James's motions, the Court should grant DeBose's and James's motions to quash.

Honorable Paul G. Gardephe
United States District Judge
February 7, 2020
Page 3

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _Robert B. Sobelman_____

Matthew D. Podolsky
Daniel C. Richenthal
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2109/2616

cc:     (by ECF)

        Counsel of Record