

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**JONATHAN R. STREETER**

jonathan.streeter@dechert.com
+1 212 698 3826  Direct
+1 212 314 0049  Fax

February 7, 2020

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *United States v. Michael Avenatti*: No. 19 Cr. 373 (PGG)

Dear Judge Gardephe:

     I represent John Slusher, the Executive Vice President of Global Sports Marketing at NIKE, Inc. ("Nike"). I write to ask this Court to quash Defendant Michael Avenatti's subpoena for Mr. Slusher's testimony.[1] If called, Mr. Slusher intends to appear and does not intend to invoke his Fifth Amendment right against self-incrimination.

     Mr. Avenatti intends to elicit testimony from Mr. Slusher regarding a February 6, 2019 phone call made to Mr. Slusher by Jeffrey Auerbach. (*See* Feb. 7, 2019 Trial Tr. 1678:8-12; Opp. Nike's Mot. Quash [131] at 7, 15-16.) After this call, Mr. Slusher followed up with Mr. Auerbach by email, writing "Due to the seriousness of the matters you raised and how serious we take those situations, I immediately contacted my legal department and they are reviewing," and inviting Mr. Auerbach to contact Nike's counsel. (Auerbach Email [30-10], Ex. J to the Declaration of Scott A. Srebnick.) Subsequently, Mr. Auerbach shared (1) a copy of this email and (2) a memorandum detailing the contents of the phone call, with Mr. Avenatti. (Trial Tr. 764:18-19.) At trial, both of these documents were admitted for their effect on Mr. Avenatti's state of mind. (*Id.* at 764:20-25.)

---

[1] Mr. Slusher had authorized Nike's counsel to file the prior motion to quash the Rule 17 subpoena on his behalf. In light of the Court's denial of Nike's motion (*See* Order of January 23, 2020 [204] at 3.), Mr. Slusher files the instant motion. The subpoena is attached hereto as Exhibit A.



Mr. Slusher has no relevant, admissible testimony to add to this record.[2] Previously, Mr. Avenatti argued that testimony about Mr. Slusher's call with Mr. Auerbach would be relevant to "Establish Coach Franklin's Plausible Claim of Right." (Opp. Nike's Mot. Quash at 15.) But this Court has already held that it "does not expect the validity or nature of Franklin's claim against Nike to be a central issue at trial," because "the critical issue at trial will be whether the Government has proven beyond a reasonable doubt that Avenatti demanded $15 to $25 million for himself" and "whether he did so without his client's knowledge and consent." (Order of January 6 [122] at 10.)

Moreover, Mr. Auerbach has already testified at length about his February 6, 2019 call with Mr. Slusher, such that Mr. Slusher's testimony about the same call would be needlessly cumulative and a waste of time. (*See, e.g.*, Feb. 3-4, 2019 Trial Tr. 710:4-19; 767:8-771:10; 893:6-894:17; 895:7-18; 898:8-21; 900:25-901:7; *see also* Feb. 7, 2019 Trial Tr. 1678:15-17 ("THE COURT: I mean, I don't even know how many witnesses have testified about . . . the call to Slusher.").)

Even if the information that Mr. Auerbach communicated to Mr. Slusher were relevant to Mr. Avenatti's defense, it would be hearsay when offered for the truth of the matter asserted. Put simply, the Defense would be offering Mr. Auerbach's statements to Mr. Slusher—purportedly, that Mr. Franklin wanted "'Justice,' which included 'help[ing] the company clean-up EYB'" (*id.*)—for the truth of the matter asserted: that Mr. Franklin actually wanted those things. If, as Mr. Avenatti claims, this is the only testimony that he intends to elicit from Mr. Slusher, the subpoena should be quashed. *See United States v. Harwood*, 998 F.2d 91, 98 (2d Cir. 1993) (affirming an order quashing a subpoena for testimony where the "proffered testimony was hearsay, and inadmissible under any exception").

Mr. Auerbach's statements to Mr. Slusher are not admissible for any non-hearsay purpose. Any effect that the statements had on Mr. Slusher and Nike are not relevant, either to Mr. Avenatti's defense or to any witness's bias or motive to testify. And finally,

---

[2] In the interest of judicial efficiency, Mr. Slusher joins in and incorporates by reference all of the general arguments set forth in Nike's motion to quash the Rule 17 subpoenas served on him and six other Nike employees. (*See* Nike Mot. Quash [115]; Nike Mot. Quash Reply [137].) To summarize these arguments: any testimony that Mr. Slusher could offer about Nike's conduct (1) is not relevant to prove a plausible claim of right or to rebut a claim of wrongfulness, (Nike Mot. Quash at 6-7; Nike Mot. Quash Reply at 7-8); (2) should not be admitted to prove bias and motive, (Nike Mot. Quash at 4-6; Nike Mot. Quash Reply at 8-10); and (3) should be excluded under Rule 403, (Nike Mot. Quash at 7-10; Nike Mot. Quash Reply at 10-12.)



Hon. Paul G. Gardephe
February 7, 2020
Page 3

any conversations Mr. Slusher had about the call with Nike's counsel are protected by the attorney-client privilege. There is therefore no relevant, admissible purpose that Mr. Slusher's testimony could serve at trial. Accordingly, the subpoena requesting his testimony should be quashed.

Respectfully submitted,

*/s/ Jonathan R. Streeter*

Jonathan R. Streeter

cc:  Scott A. Srebnick, Esq
     Jose M. Quinon, Esq.
     E. Danya Perry, Esq.
     Daniel C. Richenthal, AUSA
     Matthew D. Podolsky, AUSA
     Robert B. Sobelman, AUSA

# Exhibit A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| Michael Avenatti | ) Case No. 19 Cr 373 (PGG) |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:  JOHN SLUSHER
c/o Andrew Michaelson, Esq.
amichaelson@bsfllp.com
(agreed email service)

YOU ARE COMMANDED to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Courtroom No.: | 705 |
|---|---|---|---|
| | | Date and Time: | January 21, 2020, at 9:00am |

You must also bring with you the following documents, electronically stored information, or objects (blank if not applicable):

(SEAL)

RUBY J. KRAJICK

CLERK OF COURT

Date: OCT 28 2019

Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing (name of party) __Michael Avenatti__, who requests this subpoena, are:

Scott A. Srebnick, Esq.
201 South Biscayne Blvd., #1210
Miami, FL 33131
305-606-9494
scott@srebnicklaw.com

The Date and Time of the appearance listed above is the first day of trial. Your attendance will not be needed on that date, but you must be available for the duration of the trial, which may last up to two weeks. Please contact Mr. Srebnick at the above number and provide him with a telephone number so that he may contact you and advise you of the date and time when your appearance will be required.