

PETER M. SKINNER
Tel.: (212) 303-3654
E-mail: pskinner@bsfllp.com

February 7, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:   *United States v. Michael Avenatti,*
> S1 19 Cr. 373 (PGG)

Dear Judge Gardephe:

We represent non-party Casey Kaplan, Senior Counsel for Global Litigation and Investigations at NIKE, Inc. ("Nike"). Defendant Michael Avenatti has served Mr. Kaplan with a subpoena *ad testificandum*. (The subpoena is attached as Exhibit A.) We respectfully submit this letter motion to quash the subpoena served on him.

Although we are awaiting a more detailed proffer, Mr. Avenatti has suggested that he will seek testimony from Mr. Kaplan about his communications with Mark Geragos on March 13 and 14, 2019, in the lead-up to Mr. Avenatti's meetings with Nike and its counsel at Boies Schiller Flexner LLP ("BSF"). (*See* Feb. 7, 2020, Trial Tr. 1678:3-7; *see also* Jan. 29, 2020, Trial Tr. 166:8-13 (defense opening statement).) Mr. Avenatti also may try to use Mr. Kaplan to introduce text messages he exchanged with Mr. Geragos. All of these communications — both the phone calls and the text messages — are hearsay and irrelevant to the sole issue at trial: whether Mr. Avenatti sought $15 to $25 million *for himself* in meetings with Nike and BSF.

A party seeking testimony must establish its "relevancy," "admissibility," and "specificity." *United States v. Nixon*, 418 U.S. 683, 699-700 (1974); *see also Stern v. U.S. Dist. Court*, 214 F.3d 4, 17 (1st Cir. 2000); *United States v. Khan*, No. 06-cr-255 (DLI), 2009 WL 152582, at *2 (E.D.N.Y. Jan. 20, 2009). If the party fails to meet any of these requirements, the Court may quash the subpoena. *See Khan*, 2009 WL 152582, at *2-4.

This Court should reject Mr. Avenatti's subpoena *ad testificandum* for three independent reasons. *First*, Mr. Kaplan's testimony is irrelevant. As this Court held, "[i]nformation that was never conveyed to [Mr.] Avenatti and communications that he never saw are irrelevant, because the trial is about his state of mind." (Jan. 31, 2020, Order [230] at 10 n.2 (citation omitted).) Mr. Kaplan and Mr. Avenatti never met and never communicated. Mr. Kaplan simply cannot speak to anything Mr. Avenatti might have known at the time he extorted Nike.



*Second*, the testimony is inadmissible. Because this Court denied Mr. Avenatti's motion to compel Mr. Geragos' testimony (*see* Jan. 26, 2020, Order [215] at 26), Mr. Avenatti may seek to elicit Mr. Geragos' statements through Mr. Kaplan. They constitute inadmissible hearsay.[1] *See United States v. Harwood*, 998 F.2d 91, 98 (2d Cir. 1993). Should Mr. Avenatti seek to authenticate and provide a foundation for the admission of text messages between Mr. Kaplan and Mr. Geragos, he cannot do so. The text messages are hearsay not subject to any exception. *See id.* And to the extent that Mr. Avenatti seeks to elicit testimony about Mr. Kaplan's internal communications with Nike and BSF, they are protected by the attorney-client privilege. *See, e.g.*, *Am. Civil Liberties Union v. NSA*, 925 F.3d 576, 589 (2d Cir. 2019).

*Finally*, Mr. Avenatti fails to show that he cannot obtain similar testimony from other witnesses. *See Nixon*, 418 U.S. at 699. Two of Nike's outside counsel and Robert Leinwand — Chief Litigation Counsel at Nike and Mr. Kaplan's boss — have already testified. One of the outside counsel, Scott Wilson, testified that Mr. Kaplan is a Nike attorney; that Mr. Geragos in or around March 14, 2019, had reached out to Mr. Kaplan and sought a meeting between Mr. Avenatti and Nike regarding allegations of corruption in youth basketball; and that Mr. Kaplan was not present at any meetings between Mr. Avenatti, Mr. Geragos, Nike, and BSF. (*See* Jan. 29, 2020, Trial Tr. 201:15-18, 202:8-13; Jan. 30, 2020, Trial Tr. 395:12-23, 400:21-401:4.) Mr. Wilson further testified that, prior to the March 2019 call and text messages, Mr. Kaplan and Mr. Geragos had communicated about resolving a legal matter involving Nike and a client of Mr. Geragos'. (*See* Jan. 30, 2020, Trial Tr. 389:1-23; 402:15-24.) Meanwhile, Mr. Leinwand testified that Mr. Kaplan worked for him, and that Mr. Geragos had told Mr. Kaplan in or around mid-March 2019 that Mr. Avenatti had potential information about Nike and corruption in youth basketball. (*See* Feb. 5, 2020, Trial Tr. 1146:9-1147:13.) Mr. Kaplan's testimony would be cumulative and therefore inadmissible under Rule 403 of the Federal Rules of Evidence.

Requiring Mr. Kaplan to travel nearly 3,000 miles from Oregon to give irrelevant, inadmissible, and needlessly cumulative evidence is unreasonable. *Cf.* Fed. R. Crim. P. 17(c)(2). For the foregoing reasons, this Court should quash Mr. Avenatti's subpoena *ad testificandum* served on Mr. Kaplan.

Respectfully submitted,

  /s/ Peter M. Skinner
Peter M. Skinner
Andrew Michaelson
David Simons
Victor Zapana

---

[1] To the extent Mr. Avenatti argues that he is offering these statements for the effect they had on Mr. Kaplan or Nike, such evidence has no relevance and, in any event, is cumulative of testimony he has already elicited from Robert Leinwand and Scott Wilson. (*See* Jan. 30, 2020, Trial Tr. 395:19-23; Feb. 5, 2020, Trial Tr. 1146:9-1147:13.)



CC:     (by ECF)

       Counsel of Record

# EXHIBIT A

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Michael Avenatti | )   Case No.  19 Cr 373 (PGG) |
| | ) |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:    CASEY KAPLAN, Esq.
c/o Andrew Michaelson, Esq.
amichaelson@bsfllp.com
(agreed email service)

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Courtroom No.: | 705 |
|---|---|---|---|
| | | Date and Time: | January 21, 2020, at 9:00am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

(SEAL)

RUBY J. KRAJICK

CLERK OF COURT

Date:    OCT 2 8 2019

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Michael Avenatti
_____ , who requests this subpoena, are:

Scott A. Srebnick, Esq.
201 South Biscayne Blvd., #1210
Miami, FL 33131
305-606-9494
scott@srebnicklaw.com

The Date and Time of the appearance listed above is the first day of trial.  Your attendance will not be needed on that date, but you must be available for the duration of the trial, which may last up to two weeks.  Please contact Mr. Srebnick at the above number and provide him with a telephone number so that he may contact you and advise you of the date and time when your appearance will be required.