February 8, 2020

**<u>Via ECF</u>**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Avenatti*, **No. S1 19 Cr. 373 (PGG)**
             **Letter Motion To Exclude Extrinsic Evidence**

Dear Judge Gardephe:

    The government has indicated that it intends to inquire on cross-examination and introduce extrinsic evidence regarding: Mr. Avenatti's financial condition; Mr. Avenatti's search history and web results for "insider trading" and "put options" in March 2019; and conduct at issue in the two pending criminal cases. We reiterate the arguments we have previously made regarding the first two categories of evidence.

    Mr. Avenatti seeks a ruling from the Court that, should he testify in his own defense, the government will be precluded from cross-examining him about, and offering extrinsic evidence of, unproven allegations outlined in the unrelated criminal cases now pending against him.

    Mr. Avenatti would testify to the facts of this case, including the conversations that he had with Coach Franklin and Jeffrey Auerbach and their directives to him. He also would testify to his conversations with the Nike lawyers and his intent with respect to what he viewed as settlement negotiations with them. He would not testify about his dealings with any clients other than Coach Franklin, nor would he testify about his financial condition, nor about any matter at issue in the other cases now pending in this District and in the Central District of California.

    **<u>Rule 404(b)</u>**

    With respect to the pending criminal charges, any questions or evidence are inadmissible under Rule 404(b). Evidence of prior bad acts is admissible where "the prior acts evidence [i]s offered for a proper purpose" under Rule 404(b), the evidence [i]s "relevant to a disputed issue," and the probative value of the prior acts evidence is not substantially outweighed by the danger of unfair prejudice. *United States v. Mercado*, 573

F.3d 138, 141 (2d Cir. 2009); *see also United States v. Scott*, 677 F.3d 72, 83 (2d Cir. 2012) ("[E]vidence admitted under Rule 404(b) must not have its probative value substantially outweighed by its prejudicial effect."). While the government will no doubt argue that such evidence is probative of the defendant's intent with respect to at least the honest services fraud count, our position is that it is not relevant, would instead be offered for the purpose of attempting to show propensity, and is easily outweighed by the risk of unfair prejudice.

First, one set of charges in the other S.D.N.Y. case and in the C.D. Cal. case broadly involve allegations of deceit and theft, including that Mr. Avenatti lied to and stole from certain clients. While Count Three alleges honest services fraud, it does not charge that Mr. Avenatti embezzled or stole funds or that he made affirmative misrepresentations to Coach Franklin. Rule 404(b) requires a showing of substantial similarity. *See United States v. Perez*, 325 F.3d 115, 129 (2d Cir. 2003) ("Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charge[d]. There is no necessity for synonymity but there must be *substantial* relevancy ....") (quotation omitted) (emphasis in original). The conduct in this case is not sufficiently similar to that in the pending cases and must be excluded. The balance of the charges in the C.D. Cal. case are even more dissimilar, as they allege the failure to pay payroll, personal, and business taxes and to obstruct and impede the I.R.S. While several courts have allowed evidence of nonpayment of taxes to show knowledge or intent with respect to proceeds from the charged conduct, see *United States v. Osarenkhoe,* 439 Fed. Appx. 66, 68 (2d Cir. 2011), that is not the case here.

Moreover, evidence of the charged conduct must be excluded under Rule 403 because it is "more inflammatory than the charged crime." *United States v. Livoti,* 196 F.3d 322, 326 (2d Cir.1999); *see also United States v. Figueroa,* 618 F.2d 934, 943 (2d Cir.1980) (if the other acts tend to prove a fact not in issue or "to excite emotions against the defendant," they create a prejudicial effect). While the extortion and honest services fraud crimes with which he is charged in this case are not insignificant, they do not deliver anything close to the emotional gut-punch of the charges against Mr. Avenatti in the other matters. Even with a limiting instruction, the jury cannot possibly be expected to dispassionately weigh this evidence.

### **Rule 608(b)**

The district court has the discretion to restrict the scope of cross-examination under Rule 608(b) as to extrinsic acts of alleged dishonesty:

> Elcock does not contend that Rule 608(b), by its terms, mandates the exclusion of this evidence. Instead, she rests her argument on the discretion of the District Court to forbid lines of inquiry permissible under Rule 608(b). Accordingly, as did the District Court, we turn to Rules 403 and 611. Rule 403 provides that relevant "evidence may be excluded if its probative value

> is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 611 instructs district courts to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to ... avoid needless consumption of time." As noted above, the District Court excluded the proffered specific-acts line of inquiry beyond questions relating to the Copemann's and CBI's guilty pleas and the elements of those offenses, because inquiries into the facts underlying those crimes would have been cumulative and would have "provide[d] little further assistance to the jury in evaluating Dr. Copemann's credibility." Elcock v. Kmart Corp., Civ. No.1996–0028F, at 5 (D.V.I. Sept. 23, 1997). We review this decision for abuse of discretion. See Becker v. ARCO Chem. Co., 207 F.3d 176, 180–81 (3d Cir.2000).

*Elcock v. Kmart Corp.,* 233 F.3d 734, 751 (3d Cir. 2000). The Court should exercise its discretion to prohibit inquiry on cross-examination as to the unproven allegations in the separate New York and California indictments, including the allegations the government seeks to admit in the California case under Rule 404(b), much of which relate to Avenatti's handling of client funds. A trial within a trial on those unrelated allegations would be more prejudicial than probative and divert the jury's attention away from the elements of the offenses it needs to decide to render a verdict in this case.

To the extent that the Court permits the government to inquire as to specific instances of conduct unrelated to the Nike-extortion charges as bearing on Mr. Avenatti's character for untruthfulness, Rule 608(b) prohibits the introduction of extrinsic evidence of the unrelated conduct during cross-examination or in its rebuttal case. While there is a limited exception to this rule that could allow evidence to be admissible for the purpose of "impeachment by contradiction," such a carve-out exists only "[w]here a defendant testifies on direct about a specific fact" as to which the prosecution contends that the defendant lied. *United States v. Beverly*, 5 F.3d 633, 639-40 (2d Cir. 1993). As noted above, the defendant will restrict his direct testimony to the facts of the instant Nike-related charges; he will not testify about the charges at issue in any of the other pending cases nor about his financial condition. Nor will he testify to his search history. Therefore, the government should be precluded from introducing any documents or offering any testimony with respect to those matters. *United States v. Ramirez*, 609 F.3d 495, 500 (2d Cir. 2010); *see also id.* at 500–01 (evidence offered to impeach defendant's alleged statements that he had never seen or handled drugs should have been barred where defendant "never gave the testimony that the government ascribe[d] to him" and had not "staked his credibility before the jury on any expansive assertion about lifelong

avoidance of drugs");[1] *United States v. Leake*, 642 F.2d 715, 719 (4th Cir. 1981) ("We do not, of course, hold that the documentary evidence proffered … was admissible. Indeed, rule 608 specifically renders it inadmissible. However, counsel could have used the documents as an aid in phrasing questions to [the witness] about specific instances of his conduct affecting his credibility.")

Even were Mr. Avenatti to deny any intent to defraud Coach Franklin, that denial would not open the door to the government's offer of evidence in an effort to show that Mr. Avenatti had allegedly defrauded other clients. See *United States v. Frazier*, No. S6 15-CR-153 (VSB), 2019 WL 761912 (S.D.N.Y. Feb. 21, 2019). Moreover, Federal Rule of Evidence 403 governs the application of impeachment by contradiction. *Id.* at *5. Such evidence would fail a Rule 403 balancing test in any event for the reasons set forth above.

Respectfully,

/s/ Scott A. Srebnick
Scott A. Srebnick
Jose M. Quinon
E. Danya Perry

---

[1] While there is an "open question" in the Second Circuit "whether the government can present extrinsic evidence to impeach by contradiction a statement made by the defendant on *cross*-examination, where such evidence would otherwise be barred by the Federal Rules of Evidence," *United States v. Ramirez*, 609 F.3d 495, 499–500 (2d Cir. 2010), other courts have squarely held that it is improper for the government to introduce evidence contradicting defendant's cross-examination testimony where that testimony was not within the scope of the direct examination. *See United States. v. Pantone*, 609 F.2d 675, 682 (3d Cir. 1979).