# SERCARZ & RIOPELLE, LLP
810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

February 8, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

          Re:     *United States v. Michael Avenatti, 19 CR 373 (PGG)*

Your Honor:

     I write in response to the defendant's proffer regarding testimony he will seek to elicit from Tina Glandian, a partner in the Law Firm of Geragos & Geragos (the "Geragos Firm"). For the reasons set forth herein, this Court should preclude the introduction of any of the proffered testimony, and quash the Rule 17 (c) subpoena served by the defendant.[1]

**The Legal Standard**

     Subpoenas seeking testimony for use in a criminal trial are governed by Fed.R.Crim.P. Rule 17. *See also Bowman Diary Co. v. United States,* 341 U.S. 214, 220 (1951). The proponent of a Rule 17 subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity," as well as "that the application is made in good faith and is not intended as a general fishing expedition." *United States v. Nixon,* 418 U.S. 683, 700 (1974); *see also United States v. Khan*, No. 06 CR 255 (DL), 2009 WL 152582, at *2 (E.D.N.Y. Jan. 20, 2009)(applying the *Nixon* test to several subpoenas for trial testimony). If the proponent fails to meet each of these requirements, the Court may quash the subpoena. *See Khan*, 2009 WL 15582, at *2-4.

---

[1] Prior to trial, I agreed to deem Ms. Glandian had been served without the formal service of a 17(c) subpoena. I therefore do not have a copy of the subpoena to enclose as an exhibit.

**The Proffer Lacks Sufficient Specificity To Demonstrate Relevance And Admissability**

The defendant seeks to elicit a host of background information regarding Ms. Glandian (proffer paragraphs 1, 2, 3), Mr. Geragos (proffer paragraphs 5, 13), and the involvement of the Geragos Firm in obtaining large settlements for clients and conducting internal investigations (proffer paragraphs 6, 7).  None of this information can be relevant unless it was known to the defendant at the time he engaged in the conduct referenced in the Indictment.  Fed. R. Evid. 104(b) (relevance of evidence may be conditional on whether a fact exists); see United States v. Almonte,956 F.2d 27, 29-30 (2d Cir. 1992) ("a judge may disallow the introduction of conditionally relevant evidence unless its proponent presents evidence sufficient to support a finding that the condition … is fulfilled….  The party proffering the evidence bears the burden of proving a rational basis for concluding [that the condition has been fulfilled]").

Moreover, the proffer fails to indicate the source for this information.  If the information came from Mr. Geragos, rather than Ms. Glandian, it is inadmissible as hearsay.

**The Proffer Regarding The Geragos Firm's Prior Relationship With Nike Lacks Probative Value**

The Proffer includes a discussion of the Geragos Firm's representation of "a high-profile NFL Football Player" who ultimately received an endorsement contract from Nike (proffer paragraphs 12, 13).  It is my understanding that this Court has already restricted any reference to the athlete on the basis that mention of his name would distract from the issues at trial.

Ms. Glandian had no involvement in this aspect of the practice of the Geragos Firm.  Therefore, she has no relevant testimony to provide on this topic.

Moreover, the fact that the Geragos Firm may have represented a client who had business with Nike does not cast much light on the activities of the defendant that are the subject of this indictment.  Indeed, it bears noting that the Geragos Firm's relationship with Nike created a potential conflict of interest that should have disqualified it as a candidate for conducting an internal investigation of Nike.

**Ms. Glandian's Has Only Limited Knowledge Of The Pertinent Meetings And Conference Call (proffer paragraphs 14, 15)**

On March 19, 2019, Ms. Glandian met Mr. Geragos at the offices of Geragos & Geragos.  When she arrived, the meeting involving Avenatti, Geragos and the lawyers for Boies Schiller was already in session. She did not enter the conference room where the meeting was taking place at any time during the meeting.

On March 20, 2019, Ms. Glandian and Mr. Geragos were in Miami to attend a mediation in an unrelated matter.  Glandian remained throughout the Mediation while Geragos left early.  When Glandian returned to the hotel, Geragos was already engaged in the conference call reflected in the Indictment.  At one point, Geragos put the phone on speaker and pressed the

mute button so that Glandian could listen in on a portion of the conversation.  Thus, she heard only a portion of the conversation and had no contemporaneous knowledge of the context for what she heard.

On March 21, 20, 2019, Ms. Glandian arrived at the Geragos offices just as the Boies Schiller attorneys were arriving.  She introduced herself and then went to her office to work.  Ms. Glandian was never in the conference room and was not in a position to hear any of the conversation that took place during the meeting involving Avenatti, Geragos and the Boies Schiller attorneys.

Neither she nor Geragos attended the March 25, 2019 meeting with the lawyers for Boies Schiller.

Under these circumstances, Glandian's testimony regarding the meetings at issue can possess only marginal probative value.

**The Potential For Prejudice**

Any effort by the defendant to elicit testimony regarding conversations between Geragos and Ms. Glandian for the purpose of supporting inferences regarding Geragos' view of the meetings is irrelevant and potentially misleading.  The same is true of any effort by the defendant to draw inferences based upon Mr. Geragos' conduct.  His participation in the two meetings and the call might have been the product of his belief that no ethical rules or laws were being violated.  Or, it could have been the product of an ill-advised attempt to "talk Mr. Avenatti off the ledge."

Likewise, Ms. Glandian's opinion regarding the propriety, or legality, of the limited portion of the conversation she was able to hear, is in the nature of an expert opinion; and is inadmissible.

The defendant proffers that, during the March 20, 2019 call, Ms. Glandian told Mr. Geragos that the defendant's comments during the call were just "Michael being Michael" (proffer, paragraph 14).  To the extent this comment reflects an opinion that nothing in his statements "crossed the line," this is a legal opinion that Ms. Glandian cannot provide.  Moreover, the comment was likely based, to some degree, upon (1) conversations Ms. Glandian had with Geragos about the events described in the Indictment, and other events; and (2) Ms. Glandian's contact with Avenatti in unrelated cases.  As a result, should either side seek to probe the meaning of the phrase, the examination would quickly devolve into a discussion of matters that are irrelevant and a distraction.

Under all of these circumstances, it should be clear that the likelihood that Ms. Glandian's testimony will distract the jury far outweighs any probative value.

**Conclusion**

For all the reasons set forth herein, we respectfully submit that the Court should preclude the defendant from calling Ms. Glandian as a witness.

With apologies for the late filing of this application, I remain,

Most respectfully,

/S/

Maurice H. Sercarz

cc:   All Parties (by ECF)