February 10, 2020

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Avenatti,* **No. S1 19 Cr. 373 (PGG)**
                **Letter Regarding Defense Exhibits and FRE 1002**

Dear Judge Gardephe:

    We have compiled a set of defense exhibits that we sought to offer during the cross-examination of Gary Franklin, but which the Court denied. Those exhibits are as follows:

| Defense Exhibit | Date of Text/Email | Transcript Page |
|---|---|---|
| FF 611 | March 26, 2018 | 1639-1641 |
| FF 613 | March 27, 2018 | 1641-1649 |
| FF-623 | May 20-25, 2018 | 1649-1651 |
| FF-633 | Aug. 30, 2018 | 1653 |
| FF-638 | Oct. 1, 2018 | 1654-1655 |
| FF-647 | Oct. 9, 2018 | 1657-1659 |
| FF-713 | Nov. 1, 2018 | 1659 |
| FF-741 | Dec. 12, 2018 | 1660-1661 |
| FF-777 | Jan. 3, 2019 | 1663-1664 |
| GG-2 | Jan. 8, 2019 | 1680-1686 |
| MM-04 | Jan. 8, 2019 | 1689-1691 |
| BBB | Jan. 31, 2019 | 1694-1700 |
| FF-886 | Feb. 1, 2019 | 1702-1704 |
| EEE | Feb. 11, 2019 | 1715-1716 |
| GG-25778 | Feb. 11, 2019 | 1717-1719 |
| FF-915 | Feb. 11, 2019 | 1721 |
| MM-05 | Feb. 13, 2019 | 1723-1725 |
| FF-926 | Feb. 20, 2019 | 1747-1748 |
| FF-02 | Mar. 1, 2019 | 1736-1737 |
| FF-962 | Mar. 1, 2019 | 1737-1738 |
| FF-07 | Mar. 1, 2019 | 1737 |
| MM-03 | Mar. 18, 2019 | 1764-1770 |

We have redacted the texts and emails to leave only those particular messages about which Coach Franklin was questioned. We recognize that the Court denied the admission of the messages during cross-examination of Coach Franklin based on the reasoning that the Court has articulated on the record several times, even before Coach Franklin testified. (*See, e.g.,* Tr. 1386-1392). The Court has noted several times that the defense had not provided legal authority for the admission of the actual written text messages and emails between Coach Franklin and Jeffrey Auerbach where such messages/e-mails would be cumulative of their oral recollection of what they communicated with each other.

We write to respectfully ask that the Court consider Fed.R.Evid. 1002 – the "best evidence rule" -- as authority for admitting these relevant, non-hearsay text messages in the defense case.

> "The elementary wisdom of the best evidence rule rests on the fact that the document is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description...." *Gordon v. United States*, 344 U.S. 414, 421, 73 S.Ct. 369, 374, 97 L.Ed. 447 (1953). Thus, pursuant to the best evidence rule, this Court finds that the correspondence and other documents speak for themselves and therefore the affidavits, to the extent that they are submitted to show subjective intent, are neither necessary nor relevant, and will therefore be disregarded.

*In re Chateaugay Corp.*, 116 B.R. 887, 905 (Bankr. S.D.N.Y. 1990). To be sure, the Supreme Court in *Gordon* wrote as follows:

> The Court of Appeals affirmed on the ground that Marshall's admission, on cross-examination, of the implicit contradiction between the documents and his testimony removed the need for resort to the statements and the admission was all the accused were entitled to demand. We cannot agree. We think that an admission that a contradiction is contained in a writing should not bar admission of the document itself in evidence, providing it meets all other requirements of admissibility and no valid claim of privilege is raised against it. The elementary wisdom of the best evidence rule rests on the fact that the document is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description and this is no less true as to the extent and circumstances of a contradiction. We hold that the accused is entitled to the application of that rule, not merely because it will emphasize the contradiction to the jury, but because it will best inform them as to the document's impeaching weight and significance.

*Gordon, supra*, 344 U.S. at 420-21.

There was no hearsay objection to any of these messages. Indeed, we offered them for the purpose of proving, among other things, that Coach Franklin wanted justice, what justice meant to him, how he and Jeffrey Auerbach sought to obtain it, the reasons they approached Mr. Avenatti (as opposed to another lawyer), their rejection of diplomacy after John Slusher rejected an in-person meeting, their desire to "go after Nike," their intention to file a lawsuit against Nike, and

their clearly stated preference to let Mr. Avenatti handle the first round of negotiations his way. The written text messages and emails are the best evidence of the content of what they discussed.

Moreover, under Fed.R.Evid. 612(b), this Court has the discretion to admit the text messages and e-mails that Coach Franklin used to refresh his recollection. Fed.R.Evid. 612(b) ("Unless 18 U.S.C. § 3500 provides otherwise in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, *and to introduce in evidence any portion that relates to the witness's testimony*.").

To the extent that the Court concludes that these rules do not provide a basis for admission of the text messages and emails, we write simply to adequately preserve our record by filing these exhibits with proposed redactions to address any concerns about relevance or hearsay within the messages themselves. Because the government has advised that it objects under the Amended Protective Order for the defense to attach the particular text messages to this letter, we propose to provide particular messages (as appropriately redacted) to the Court on Monday morning for filing under seal, if appropriate. We know of no other practical way to make the redacted exhibits part of the appellate record.

Respectfully,

/s/ Scott A. Srebnick
Scott A. Srebnick
Jose M. Quinon
E. Danya Perry

3