*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 10, 2020

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Michael Avenatti*,
              S1 19 Cr. 373 (PGG)

Dear Judge Gardephe:

The Government respectfully submits this letter regarding the proposed jury charge, as discussed at the charge conference earlier today.

### I.    Definition of "Property"

The Government proposes that the Court define "property" for the purposes of Counts One and Two as follows: "The term 'property' includes money and other tangible and intangible things of value." *Third Circuit Pattern Jury Instructions*, S1 *Modern Federal Jury Instructions-Criminal* § 6.18.1951-5; *Fifth Circuit Pattern Jury Instructions*, S1 *Modern Federal Jury Instructions-Criminal* § 2.73A; *Tenth Circuit Pattern Jury Instructions*, S3 *Modern Federal Jury Instructions-Criminal* § 2.70.

### II.    Honest Services Fraud

The Government opposes any addition of language about whether the defendant believed that his actions might be, or in fact were, "favorable" to Nike. As the Court noted in the proposed jury charge, and also during the charge conference, the Second Circuit in *United States v. Rybicki*, 354 F.3d 124 (2d Cir. 2003) described bribery or kickback cases as including those in which "a defendant who has or seeks some sort of business relationship or transaction with the victim pays the victim's employee (or causes such a payment to be made) in exchange for favored treatment." *Id*. at 139. Following that general statement, the Court described a number of exemplar cases. Most pertinent here is *United States v. Bohonus*, 628 F.2d 1167 (9th Cir. 1980), in which "an officer and director of a corporation's subsidiaries was convicted of mail fraud for extorting insurance brokers doing business with the corporation by threatening to cancel contracts between the corporation and the insurance brokers unless the brokers agreed secretly to kick back a portion of their commissions to him." *Rybicki*, 354 F.3d at 139.

Honorable Paul G. Gardephe
United States District Judge
February 10, 2020
Page 2

In *Bohonus*, the defendant defrauded his employer, a corporation, of his honest services when he demanded a kickback from insurance brokers to avoid negative treatment of the insurance brokers (cancellation of contracts with the corporation). Similarly, in this case the defendant is alleged to have defrauded his client, Gary Franklin, of his honest services when he demanded a bribe from Nike to avoid negative treatment of Nike (declining to settle Franklin's purported claims and using Franklin's information to damage Nike publicly). If the Court is interested in adding additional language to the honest services fraud charge on this point, which the Government views as unnecessary, it should refer to the avoidance of negative treatment of Nike by the defendant, rather than something that is "favorable" or involved "favored treatment" of Nike. The latter formulations are misleading and confusing in a case where Nike, the target of the defendant's bribery solicitation, was also the victim of a related extortion scheme.

In any event, the jury charge as written is sufficiently descriptive and specific with respect to the elements of honest services fraud and the presentation of the Government's theory of the case (and the defendant's theory of the case), such that no additional elaboration is needed. The language from *Rybicki* is not easily imported into a jury instruction and, indeed does not purport to be a statement of how a jury must be instructed. Rather, it is simply a generalized description of the import of numerous cases, including *Bohonus*, which serve as examples of the various types of situations that the law may implicate.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: *Robert B. Sobelman*

Matthew D. Podolsky
Daniel C. Richenthal
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2109/2616

cc: (by ECF)

Counsel of Record