February 12, 2020

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

>  Re:   *United States v. Avenatti*, **No. S1 19 Cr. 373 (PGG)**
>        **Letter Regarding Jury Instructions (Dkt. No. 258)**

Dear Judge Gardephe:

Having reviewed the Jury Instructions filed last night (Dkt. No. 258), Mr. Avenatti renews his requests for instructions previously submitted to the Court (Dkt. No. 219) and, in addition, notes the following specific objections:

1. Mr. Avenatti objects to the absence of a willfulness instruction on Counts One and Two;

2. Mr. Avenatti objects to all instructions on duties under California law (Dkt. No. 258:33-36).

3. The Court informs the jury at Dkt. No. 258:33 that the government must prove beyond a reasonable doubt, as an element of honest services wire fraud, that Mr. Avenatti violated one of more duties that he owed Mr. Franklin under California law, but then the elements of Count Three at Dkt. No. 258:37-43 do not explicitly provide that the jury must unanimously find a violation of a particular duty (nor unanimously agree on which one).  Therefore, Mr. Avenatti objects on the basis that it is not clear whether the jury must unanimously find a violation of a particular duty (*e.g.,* loyalty, confidentiality, reasonable communication, scope of authority, etc).

4. Given the Court's decision to instruct on California law and duties, we object to the Court's decision not to use the broader language of the defense-requested instruction (Request No. 37) on Scope of Representation and Allocation of Authority (Dkt. No. 219:61).

5. We object to the Court's decision to reject the defense-requested language in the second paragraph of Request No. 26 (Dkt. No. 219:42), and request that each sentence of that paragraph be considered separately. We submit that an instruction regarding "puffing" and "posturing" is necessary under the circumstances of this case. (Dkt. No. 219:42). We further submit that it needs to be made more clear that "[i]t is not wrongful to threaten public disclosure of truthful information about another person or corporation, if the person making the threat believes he has a plausible claim and the threat has a nexus to that claim." (Dkt. No. 219:42). We submit that this additional sentence should be included after the first sentence in the second paragraph of Dkt. No. 258:25 (after "receive." and before "As you know…").

6. Mr. Avenatti proposes that the Court give the following instruction, preferably, after the first full paragraph at 258:26:

    It is not "wrongful" (and therefore not extortion) for an individual [or his authorized attorney] to threaten to cause financial and/or reputational harm (e.g., through a press conference) if the individual [or his authorized attorney] genuinely believes that he has a plausible claim and there is a nexus between the threat (to cause financial or reputational harm) and the plausible claim.

7. Mr. Avenatti objects to the Court's inclusion of the words "and pay him millions of dollars" in the good faith instruction at Dkt. No. 258:40.

8. Mr. Avenatti objects to the Court's rejection of the language of the proposed defense instructions under "Client Authorization and Hard Bargaining" at Dkt. No. 219:44-45).

> Respectfully,
>
> /s/ Scott A. Srebnick
> Scott A. Srebnick
> Jose M. Quinon
> E. Danya Perry