February 14, 2020

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Avenatti*, **No. S1 19 Cr. 373 (PGG)**
            **Letter Regarding Jury Note 2-13-20 (Question 1.B)**

Dear Judge Gardephe:

    In response to the jury's question 1.B on February 13, 2020, the Court, over defense objection, instructed the jury that "You can draw inferences from exhibits that were admitted to demonstrate state of mind, but only as to state of mind. Exhibits received without any limitation may be considered by you for all purposes, including for their truth. But where I admitted an exhibit for purposes of demonstrating state of mind, that exhibit can only be considered for purposes of state of mind, and not for the truth of the statements that were made in that exhibit." The Court then re-read additional instructions from pages 10-11 of instructions previously given. (Tr. 2408-11).

    Mr. Avenatti respectfully submits that the jury should be permitted to draw inferences from "state of mind" documents beyond just "state of mind," namely, that the declarant then ***acted upon*** the state of mind. In *United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000), the Second Circuit wrote:

> A declarant's out-of-court statement as to his intent to perform a certain act in the future is not excludable on hearsay grounds. See Fed.R.Evid. 803(3) ("[a] statement of the declarant's then existing state of mind ... such as intent" is "not excluded by the hearsay rule"). If relevant, such a statement may be introduced to prove that the declarant thereafter acted in accordance with the stated intent. *See, e.g., Mutual Life Insurance Co. v. Hillmon*, 145 U.S. 285, 295-96, 12 S.Ct. 909, 36 L.Ed. 706 (1892); see also Fed.R.Evid. 803 Advisory Committee Note to Paragraph (3) (1972) ("The rule of *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706, ... allowing evidence of intention as tending to prove the doing of the act intended, is ... left undisturbed.").

    Thus, for example, when Mr. Auerbach texted Coach Franklin that "[w]e will appeal to their sense of justice and duty. Also the opportunity to really light the next fuse

1

(Racketeering) in the Sneaker Company Scandal, and answer a BIG question which NIKE will not want asked, WHY HASN'T THE DOJ INDICT EXECS AT NIKE WHO COMMITTED THE SAME CRIMES?!! WHY JUST ADIDAS?! There's a lot at play here for a guy like Avenatti…," the jury may draw the inference that, in fact, Auerbach did communicate to Mr. Avenatti the "opportunity to really light the fuse…" *See* Def. Exh. FF-1. Similarly, the jury may draw the inference that Mr. Auerbach did in fact "devise a strategy that goes after Nike" and seek to "expose[]" Nike. Def. Exh. FF-1.

Accordingly, Mr. Avenatti respectfully requests that the Court further instruct the jury as follows before they resume their deliberations:

> **I instruct you that from state of mind documents, you may draw inferences, including an inference that the person who made the statement thereafter acted in accordance with the stated intent.**

Respectfully,

/s/ Scott A. Srebnick
Scott A. Srebnick

2