September 7, 2020

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Avenatti*, **No. S1 19 Cr. 373 (PGG)**
              **Consent Motion for a 60-day Adjournment of**
              **Sentencing Date and Filing of Sentencing Submissions**

Dear Judge Gardephe:

      Mr. Avenatti's sentencing hearing is currently scheduled for October 7, 2020, having been adjourned twice previously as a result of COVID-19 related challenges. I write to respectfully request a third adjournment of the sentencing date for approximately sixty (60) days, until early December 2020, if the Court's schedule permits. Mr. Avenatti further requests a corresponding adjournment of the dates for the defense and the government to file their sentencing submissions. The government does not object to this motion.

      As this Court is aware, on February 14, 2020, a jury found Mr. Avenatti guilty of the three counts charged against him in the Superseding Indictment. At the time, Mr. Avenatti was in custody pursuant to a remand order entered by United States District Judge James Selna of the Central District of California. On April 24, 2020, Mr. Avenatti was temporarily released to home confinement in California at the residence of a friend pursuant to conditions set by Judge Selna in the wake of the COVID-19 pandemic. *See United States v. Avenatti*, Case No. SA-CR-19-61-JVS (ECF No. 154:7). Mr. Avenatti remains under home confinement in Venice, California. Undersigned counsel (Srebnick) is based in Miami, Florida.

      On June 24, 2020, Governor Cuomo issued Executive Order 205 ("EO-205"), which requires all travelers to New York from states with COVID-19 infection rates above a certain threshold to quarantine for 14 days upon arriving in New York. Specifically, EO-205 requires "[a]ll travelers entering New York from a state with a [COVID-19] positive test rate higher than 10 per 100,000 residents, or higher than a 10% positivity rate, over a seven-day rolling average" to quarantine for 14 days. On July 13, 2020, the New York Department of Health

issued an Order requiring all travelers to New York subject to EO-205 to complete a State Traveler Health Form to ensure compliance with EO-205.

According to the Office of Economic and Demographic Research of the Florida Legislature, the resident population of Florida is approximately 21.3 million, which means that travelers from Florida must quarantine unless the 7-day average of reported COVID-19 cases in Florida is less than 2,130.  In California, the estimated population is 39.5 million, so the rolling 7-day average must be less than 3,950 for Mr. Avenatti to avoid a 14-day quarantine.  California and Florida are both currently among the 33 restricted states and U.S. territories that meet the criteria for required quarantine.  The 7-day average in California is 4,806, https://www.nytimes.com/interactive/2020/us/california-coronavirus-cases.html, whereas the 7 day average in Florida is 2,879.  https://www.nytimes.com/interactive/2020/us/florida-coronavirus-cases.html.

Thus, as matters currently stand, both Mr. Avenatti and undersigned counsel would be required to travel to New York and quarantine for 14 days before a sentencing hearing in this case.  Likewise, any family member who wishes to attend Mr. Avenatti's sentencing, or any potential sentencing witness, would also be required to quarantine for 14 days.  This would place an unnecessary burden on undersigned counsel, Mr. Avenatti, and any attendees from one of the 33 states.

Mr. Avenatti's trial in his second case in the Southern District of New York was scheduled to commence before Judge Furman on October 13, 2020, but was adjourned *sine die*.  *See United States v. Avenatti*, No. 19 Cr. 374 (SDNY) (JMF) (ECF No. 73).  Mr. Avenatti's trial in the Central District of California is currently scheduled to commence on December 8, 2020, *see United States v. Avenatti*, 8:19-cr-00061-JVS (CDCA) (ECF No. 171); however, pursuant to General Order 20-09 of the United States District Court for the Central District of California, no criminal jury trials will be conducted until further order of the Court.  Thus, a sentencing before this Court during the first week of December 2020 would not pose any conflicts.

Moreover, Mr. Avenatti respectfully requests that his sentencing submission be due three weeks before any new sentencing date and that the government's sentencing submission be due one week after the due date for the defense submission.

The trial prosecutors have advised that the government does not object to this request.  Thank you for your consideration.

                                              Respectfully Submitted,
                                              /s Scott Srebnick
                                              Scott A. Srebnick
                                              E. Danya Perry

cc: Government Counsel