June 21, 2021

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Avenatti*, **No. S1 19 Cr. 373 (PGG)**
             **Motion for an Additional 60-day Adjournment of**
             **Sentencing Date**

Dear Judge Gardephe:

      Mr. Avenatti's sentencing hearing is currently scheduled for June 30, 2021. We write to respectfully request an additional adjournment of the sentencing date for approximately sixty (60) days, until late August 2021.

      The reasons for this request are two-fold. First, for the first time last Wednesday, the government provided notice that it will seek $1,000,000 in restitution on behalf of Nike by filing certain information *in camera*. (Dkt No. 321:15-17 & n.3). The restitution request was unexpected; the PSR states that restitution is "not an issue," "not applicable" and "not recommended," and does not include any information from the victims necessary to make such a determination. PSR, at pp. 34, 44. Mr. Avenatti is entitled to review documents and information relevant to this request in advance of the sentencing hearing; he has received none. Indeed, 18 U.S.C. §3664(a) requires that the PSR, or a separate report, include "information sufficient for the court to exercise its discretion in fashioning a restitution order." The PSR does not contain any such information. Section 3664(a) further requires the PSR include, "to the extent practicable, a complete accounting of the losses to each victim…" The PSR does not contain such information. Moreover, 18 U.S.C. §3664(d)(1) requires that "not later than 60 days prior to the date initially set for sentencing, the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution." To our knowledge, the government did not timely provide such information. Finally, 18 U.S.C. §3664(d)(5) provides that "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." We are now nine days prior to sentencing, yet Nike still has not provided the defense with sufficient information related to its claimed losses. It makes sense as a matter of judicial economy to have

Mr. Avenatti's sentencing and restitution hearing in this case held in one proceeding, rather than in two separate proceedings ninety days apart.

      Second, an adjournment will allow time for the Court to resolve Mr. Avenatti's pending motions before he is sentenced. This includes the motion to compel, recently filed by separate counsel, addressing issues related to the government's failure to disclose certain 3500 material at trial. As noted in his submissions (Dkt. Nos. 315, 323), Mr. Avenatti respectfully requests time to make a record of the government's discovery lapses and related issues before he is sentenced in this case.

      Mr. Avenatti's trial in the Central District of California is scheduled to commence on July 13, 2021 and last four weeks, For the foregoing reasons, we respectfully request that the Court adjourn Mr. Avenatti's sentencing by 60 days until the week of August 30, 2021. We have conferred with the government; AUSA Sobelman advises that the government opposes this request.

      Thank you for your consideration.

                                      Respectfully Submitted,
                                      /s Scott Srebnick
                                      Scott A. Srebnick
                                      E. Danya Perry

cc: Government Counsel