

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 22, 2021

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**    *United States v. Michael Avenatti,*
               **S1 19 Cr. 373 (PGG)**

Dear Judge Gardephe:

The Government respectfully submits this letter in opposition to defendant Michael Avenatti's letter motion filed last night, in which he seeks a 60-day adjournment of his sentencing (Dkt. No. 324) ("Def Ltr."). This is the defendant's seventh such request, and if granted, would result in sentencing not taking place until more than 1.5 years following his conviction. The defendant's arguments to delay his sentencing for two more months are both untimely and unpersuasive. Particularly given that there is an individual victim in this case—and one who had already made arrangements to travel across the country to attend the sentencing, which is scheduled to take place in just over a week—the Court should deny the defendant's request.

<u>Background</u>

As the Court is aware, the defendant was convicted, following a jury trial, of extortion, transmitting interstate communications with intent to extort, and honest services wire fraud on February 14, 2020. Sentencing was set for June 17, 2020. (Dkt. No. 266.)

On May 18, 2020, the defendant moved, with consent of the Government and in light of the COVID-19 pandemic, for a 60-day adjournment of his sentencing (Dkt. No. 296), which the Court granted, setting sentencing for August 19, 2020 (Dkt. No. 297).

On July 15, 2020, the defendant moved for a second adjournment in light of the pandemic, and the Government took no position. (Dkt. No. 298.) The Court granted the defendant's motion, and adjourned sentencing to October 7, 2020. (Dkt. No. 300.)

On September 7, 2020, the defendant moved for a third adjournment, without objection from the Government and again in light of the pandemic. (Dkt. No. 303.) The Court granted that motion, and adjourned sentencing to December 7, 2020. (Dkt. No. 304.)

Honorable Paul G. Gardephe
United States District Judge
June 22, 2021
Page 2

On November 13, 2020, the defendant moved for a fourth adjournment, again in light of the pandemic. (Dkt. No. 306.) The Government consented to an adjournment, but not for the full period sought by the defendant. (Dkt. No. 307.) The Court granted the defendant's motion, and adjourned sentencing to February 17, 2021. (Dkt. No. 308.)

On January 7, 2021, the defendant moved for a fifth adjournment, for 90 days, again in light of the pandemic. (Dkt. No. 309.) The Government objected. (*Id.*) The Court granted the defendant's motion, and adjourned sentencing to May 7, 2021. (Dkt. No. 310.)

On March 30, 2021, the defendant moved for a sixth adjournment, again in light of the pandemic, requesting a sentencing date in late June 2021, by which time, the defendant represented, he would be fully vaccinated. (Dkt. No. 311.) The Government did not object to this request. (*Id.*) The Court granted the defendant's motion, and adjourned sentencing to June 30, 2021. (Dkt. No. 313.)

On June 4, 2021, the defendant filed a letter motion, styled as a motion to compel, alleging, among other things, that the Government had failed to produce certain materials in the possession of the United States Attorney's Office for the Central District of California, which the defendant claimed should be deemed part of the prosecution team in this case. (Dkt. No. 315.) The defendant's motion did not seek an adjournment of his sentencing.

On June 9, 2021, the defendant timely filed his sentencing submission. (Dkt. No. 317.) The submission noted that, "[o]n June 30, 2021, [the defendant] will appear before the Court for sentencing . . . ." (*Id.* at 1.) The submission did not seek an adjournment of his sentencing.

On June 11, 2021, the Government filed a letter in opposition to the defendant's letter motion to compel. (Dkt. No. 318.) In its opposition, the Government explained, among other things, that the defendant's motion was both untimely and failed on the merits, should the Court choose to reach the merits. (*See id.*)

On June 16, 2021, the Government timely filed its sentencing submission. (Dkt. No. 321.) Subsequent to the filing on May 13, 2021 by the United States Probation Office of its Presentence Investigation Report, NIKE, Inc. ("Nike") formally requested that the Government seek restitution for Nike's attorneys' fees related to the criminal investigation and prosecution. Accordingly, the Government included that request in its submission, noting that the Government understood that Nike would provide documentation of its fees upon request. (*Id.* at 16 n.3)

On June 17, 2021, the defendant filed a reply in support of his motion to compel. (Dkt. No. 323.) The defendant's reply did not seek an adjournment of his sentencing.

Late last night, on June 21, 2021, the defendant filed his letter motion for a 60-day adjournment of his sentencing. (Dkt. No. 324.)

Honorable Paul G. Gardephe
United States District Judge
June 22, 2021
Page 3

Discussion

The Government has communicated with counsel for each victim, and both wish for the defendant to be sentenced without further delay. The Government also understands that both Gary Franklin, Sr. and his counsel have already made arrangements, in the former case, through the Government's victim-witness coordinator, to travel from California to New York to attend (and, if Mr. Franklin wishes, for him to speak at) sentencing. While those arrangements could be changed without financial cost to Mr. Franklin, the two arguments made by the defendant in seeking yet another adjournment, for another two months, do not outweigh the interests of his victims and the public in sentencing proceeding—particularly since the defendant was convicted well over a year ago, is fully vaccinated against COVID-19, and seeks to adjourn sentencing only just over a week before it is scheduled to take place. *See* 18 U.S.C. § 3771(a)(7) (victims have the "right to proceedings free from unreasonable delay"); *United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) (case delays "may 'impair the deterrent effect of punishment'" (quoting *Zedner v. United States*, 547 U.S. 489, 501 (2006)) (alteration incorporated)); *see also Barker v. Wingo*, 407 U.S. 514, 519 (1972) ("[T]here is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused."); *United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995) ("Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism 'justice delayed is justice denied.'"). The defendant offers two bases for his request. Neither is persuasive.

*First*, the defendant asserts that additional time may be needed by both him and the Court to review Nike's request for restitution. (Def. Ltr. 1-2.) But as the defendant appears to acknowledge (*id*. at 2), the law expressly permits restitution to be determined up to 90 days after sentencing. *See* 18 U.S.C. § 3664(d)(5). Indeed, in appropriate circumstances, a court may take longer. *See United States v. Gushlak*, 728 F.3d 184, 191 (2d Cir. 2013). The defendant's entire argument as to why the Court should not do so here is one sentence: "It makes sense as a matter of judicial economy to have Mr. Avenatti's sentencing and restitution hearing in this case held in one proceeding." (Def. Ltr. 1-2.) The defendant does not elaborate, and his conclusory statement is wrong. Sentencing will focus on his conduct and the factors set forth in 18 U.S.C. § 3553(a). The fees Nike incurred as a result of that conduct is both a distinct matter and one that the Government expects may be resolved, as it has been in many other cases, based on documentation and discussion between the defendant's counsel and counsel for Nike. Indeed, Nike has informed the Government, through counsel, that it opposes the defendant's request for an adjournment and is available to confer with the defendant's counsel, should they wish to do so, at their convenience. Whatever the merits of the defendant's potential objection to being ordered to pay restitution, it is not a basis to adjourn sentencing, at the proverbial eleventh-hour, much less for two months.

*Second*, the defendant cites his own motion to compel, filed early this month. (Def. Ltr. 2.) But as noted above, the defendant did not seek an adjournment of sentencing in bringing that motion, or at any time in the weeks since, until late last night. And in any event, as the Government explained in its opposition, the defendant's motion is both highly untimely and meritless. The defendant offers no argument as to why he should be permitted to file a motion nearly 1.5 years after his conviction that he could have brought before trial, then wait multiple weeks, and then,

Honorable Paul G. Gardephe
United States District Judge
June 22, 2021
Page 4

just over a week before sentencing, assert that his own belated motion requires adjournment of sentencing.  *Cf. United States v. Gersh*, 328 F.2d 460, 463 (2d Cir. 1964) (Friendly, J.) (The defendant appears to have done what he is not permitted to do: "stood mute, gambling on an acquittal while holding this issue in reserve." (referring to a claim of alleged juror prejudice)).

***

       For the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:    s/ Daniel C. Richenthal
       Matthew D. Podolsky
       Daniel C. Richenthal
       Robert B. Sobelman
       Assistant United States Attorneys
       (212) 637-1947/2109/2616

cc:    (by ECF)

       Counsel of Record