UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

MICHAEL AVENATTI,

              Defendant.

**ORDER**

(S1) 19 Cr. 373 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Defendant's sentencing, currently scheduled for June 30, 2021, is adjourned to **July 9, 2021 at 1:30 p.m.**  <u>No further adjournments will be granted</u>.

        In its sentencing brief, the Government contends that Nike is entitled to restitution based on "the attorneys' fees [it] has incurred in connection with its cooperation with the Government's investigation and prosecution of this case."  (Govt. Sent. Br. (Dkt. No. 321) at 18) "Nike conservatively estimates those costs to be at least $1 million."  (<u>Id.</u>; <u>see also</u> Nike Victim Stmt. (Dkt. No. 321-1))

        In <u>Lagos v. United States</u>, 138 S. Ct. 1684 (2018), the Supreme Court held that the Mandatory Victims Restitution Act (the "MVRA") authorizes courts to enter orders of restitution for certain types of investigative expenses incurred by victims in connection with "government investigations and criminal proceedings."  Restitution is not appropriate for "the costs of a private investigation that the victim chooses on its own to conduct," however.  <u>Lagos</u>, 138 S. Ct. at 1690.  Nor may a victim recover for attorneys' fees expended as part of an effort "to demonstrate its cooperation, preserve its victim status, and avoid prosecution in any future indictment."  <u>United States v. Napout</u>, No. 15-CR-252 (PKC), 2018 WL 6106702, at *4 (E.D.N.Y. Nov. 20, 2018).  And at least one court in this Circuit has "interpret[ed] <u>Lagos</u> as

limiting restitution to expenses incurred for investigatory activities that the government expressly and specifically 'invited or requested,'" including the preparation of (1) witnesses to testify, and (2) a request for restitution.  Id.  Under the MVRA, "dispute[s] as to the proper amount or type of restitution" are resolved pursuant to the preponderance of the evidence standard.  18 U.S.C. § 3664(e).

In order to determine what amount, if any, of Nike's attorneys' fees are subject to restitution, the Court requires additional briefing and billing records demonstrating that the fees sought fall within recoverable categories, as set forth in Lagos.

The Government's supplemental submission is due on **June 25, 2021.**  Defendant's response is due by **July 2, 2021**.  To the extent that either side, or Nike, requests that these submissions be sealed, any such request must satisfy the standard for sealing set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).

Dated: New York, New York
       June 23, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge