

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 25, 2021

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   *United States v. Michael Avenatti,*
>         S1 19 Cr. 373 (PGG)

Dear Judge Gardephe:

The Government respectfully submits this letter pursuant to the Court's order, dated June 23, 2021 (Dkt. No. 326), regarding the request that the defendant be required to pay restitution to NIKE, Inc. ("Nike"), one of the victims in this case.

The Mandatory Victims Restitution Act

The Mandatory Victims Restitution Act ("MVRA") provides for mandatory restitution to victims of certain crimes, including extortion. *See* 18 U.S.C. § 3663A(c). "The primary and overarching goal of the MVRA is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being." *United States v. Qurashi*, 634 F.3d 699, 703 (2d Cir. 2011) (internal quotation marks and citation omitted).

To that end, the MVRA requires defendants convicted of covered offenses to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). A victim's attorney fees are among the types of "other expenses" that may be included in such a restitution order where they are "necessary" and "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." *United States v. Amato*, 540 F.3d 153, 161 (2d Cir. 2008) (quoting 18 U.S.C. § 3663A(b)(4)). The statutory terms "investigation," "prosecution," and "proceedings" refer to government investigations and criminal proceedings (not private investigations victims may choose to conduct on their own). *Lagos v. United States*, 138 S. Ct. 1684, 1690 (2018).

"Generally, this Circuit takes a broad view of what expenses are 'necessary.'" *United States v. Maynard*, 743 F.3d 374, 381 (2d Cir. 2014). A district court has "broad discretion to

Honorable Paul G. Gardephe
United States District Judge
June 25, 2021
Page 2

determine restitution" and must make a "reasonable estimate" of the actual loss "based on the evidence before it." *United States v. Milstein*, 481 F.3d 132, 137 (2d Cir. 2007).

<u>Attorney Fees Are "Other Expenses" For Which a Victim May Obtain Restitution</u>

The MVRA requires the defendant to "reimburse the victim for lost income and necessary child care, transportation, *and other expenses* incurred during the participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4) (emphasis added). In *Amato*, the Second Circuit specifically rejected the contention "that the term 'other expenses' in § 3663A(b)(4), as a matter of law, cannot be read to include attorney fees." 540 F.3d at 159. To the contrary, the Court held that attorney fees may be included in restitution, but "only if they were 'necessary' and 'incurred during the participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.'" *Id*. at 162. This holding "follows from the plain language of the statute," which "gives the district courts broad authority to determine which of the victim's expenses may be appropriately included in a restitution order." *Id*. at 160. *Amato*'s holding has been reaffirmed on several occasions. *See, e.g.*, *United States v. Bahel*, 662 F.3d 610, 647 (2d Cir. 2011); *see also United States v. Battista*, 575 F.3d 226, 234 (2d Cir. 2009) (extending *Amato* to equivalent language in Section 3663(b)(4)); *United States v. Cuti*, 778 F.3d 83, 92-93 (2d Cir. 2014).

The Supreme Court's subsequent decision in *Lagos* did not abrogate *Amato*'s holding that "other expenses" may include attorney fees necessary to the victim's participation in the government criminal investigation. In *Amato*, the victim sought restitution for the attorney fees incurred during (a) the victim's internal investigation of the fraud prior to government involvement, and (b) the victim's involvement in the government's subsequent investigation and prosecution, such as the cost of gathering and producing evidence necessary to the government's prosecution and responding to document requests made by the defendants. *Amato*, 540 F.3d at 162. *Lagos* concerned only the former category: whether attorney and other professional fees incurred by a victim "during *its own investigation* of the fraud" and the victim's participating in related bankruptcy proceedings were included under the MVRA. 138 S. Ct. at 1687 (emphasis added).

To resolve this question, the Supreme Court focused on the phrase "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." *Id*. at 1688. Because "prosecution" must refer to the government's criminal prosecution, the Court held that "investigation" and "proceedings" must similarly refer to criminal matters. *Id*. That construction was supported by a review of the statute as a whole, as well as a practical desire to avoid embroiling district courts in litigation about which expenses were truly "necessary." *Id*. at 1688-89. The Court therefore held that the defendant was not obligated to pay the portion of restitution attributable to attorney and other professional fees incurred during the victim's private investigation of the fraud, which it has chosen to conduct on its own, and the victim's participation in bankruptcy proceedings. *Id*. at 1690.

Honorable Paul G. Gardephe
United States District Judge
June 25, 2021
Page 3

*Lagos* thus abrogated *Amato* to the limited extent that *Amato* authorized restitution for attorney fees incurred during a *private* investigation that the victim chose to conduct on its own. Critically, however, *Lagos* does not disturb *Amato*'s holding that "other expenses" may include attorney fees necessary to the victim's participation in the government's *criminal* investigation. *Lagos* specifically limited its holding in a way that makes this clear, stating that the Court "need not address" whether the MVRA "would cover similar expenses incurred during a private investigation that was pursued at the government's invitation or request."  138 S. Ct. at 1690. Rather, "[i]t is enough to hold that it does not cover the costs of a private investigation that the victim *chooses on its own* to conduct."  *Id.* (emphasis added).  The Second Circuit has since recognized this limitation on *Lagos*.  *See United States v. Razzouk*, 984 F.3d 181, 190 (2d Cir. 2020).

In *Lagos*, the Supreme Court recognized that "[l]ost income, child care, and transportation" "are precisely the kind of expenses that a victim would be likely to incur."  *Lagos*, 138 S. Ct. at 1688.  In the context of government investigations, attorney fees are also precisely the kind of "other expenses" that a victim would be likely to incur.  It is an indisputable reality that in federal investigations and prosecutions, victims often must respond to government requests for documents and attend meetings with prosecutors, and it is often necessary for such victims to be represented by counsel in these meetings and related interactions with the government.  *See Amato*, 540 F.3d at 161 (stating that victim's attorney fees are "obviously associated with investigation and prosecution, particularly in the case of fraud offenses").

Post-*Lagos*, at least one court in this District has recognized that restitution may properly be ordered for at least three types of legal expenses: (1) responding to subpoenas and requests from the government in connection with a corporate victim's assistance in the prosecution, (2) preparing witnesses to testify at trial, and (3) representing a corporate victim in connection with post-verdict restitution proceedings.  *United States v. Afriyie*, No. 16 Cr. 377 (PAE), 2020 WL 634425, at *2 (S.D.N.Y. Feb. 11, 2020).

<u>The Court Should Grant Nike's Request for Restitution</u>

Nike's request for restitution should be granted.  As explained in greater detail in the letter from Nike that is attached hereto as Exhibit 1, the categories of legal work for which Nike seeks restitution are covered by the MVRA.[1]  Specifically, the expenses for which Nike seeks restitution all relate to a government investigation and criminal proceedings, consistent with the principle contained in the Supreme Court's opinion in *Lagos*.  Moreover, the expenses are well-documented

---

[1] Although the Second Circuit, in a summary order, stated that a corporate victim's attorney fees for attending a former employee's trial were not "necessary" expenses in the particular circumstances of that case, *see United States v. Cuti*, 708 F. App'x 21, 24-25 (2d Cir. 2017), the circumstances here are far different because, among other reasons, Nike's counsel participated in certain proceedings before this Court throughout the trial (*e.g.*, oral arguments regarding privilege issues and Rule 17(c) litigation) and represented three Nike-affiliated witnesses who testified during the Government's case.

Honorable Paul G. Gardephe
United States District Judge
June 25, 2021
Page 4

and conservatively calculated, and therefore provide a sufficient basis to make a reasonable approximation of the victim's losses.

                                        Respectfully submitted,

                                        AUDREY STRAUSS
                                        United States Attorney

                    By:     _____
                                        Matthew D. Podolsky
                                        Daniel C. Richenthal
                                        Robert B. Sobelman
                                        Assistant United States Attorneys
                                        (212) 637-1947/2109/2616

cc:     (by ECF)

        Counsel of Record