LAW OFFICE OF
# BENJAMIN SILVERMAN

224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

June 29, 2021

**By ECF**
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *United States v. Michael Avenatti*, 19 Cr. 373 (PGG)

Your Honor:

      I write in response to the Court's June 28 Order for the parties to produce "the Regnier materials that the U.S. Attorney's Office for the Central District of California [CDCA] recently produced to Defendant." Dkt. 330. The full Regnier materials in CDCA's June 3 production were provided to me yesterday by Mr. Avenatti's counsel in California and the documents are attached as Exhibit A. The voicemail included in that production is on a disc labeled Exhibit B.

      We note that this June 3 production does not include handwritten notes from the government's meetings with Ms. Regnier including on March 25, March 26, and November 19, 2019. The government continues to insist that it need not produce these notes to Mr. Avenatti's counsel in either case, even though they are the most precise, verbatim recording of Ms. Regnier's statements during those long meetings. *See* Dkt. No. 318 at 3. Ms. Regnier was asked about Nike during at least one of those meetings. Dkt. 315 at 4.

      The attached materials were produced to Mr. Avenatti's counsel in California pursuant to protective orders. Ex. C. I therefore respectfully provide them under seal.

      Thank you for your consideration.

                                      Respectfully submitted,

                                      /s/ Benjamin Silverman
                                      Benjamin Silverman
                                      *Attorney for Michael Avenatti*

cc: Counsel of Record (by ECF)

# Exhibit A

**REDACTED**

# Exhibit B

**REDACTED**

# Exhibit C

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:     Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | SECOND AMENDED ORDER AUTHORIZING DISLCOUSRE OF TAX RETURNS AND RETURN INFORMATION; AND SECOND AMENDED PROTECTIVE ORDER LIMITING DISCLOSURE OF PROTECTED TAX INFORMATION AND SENSITIVE INFORMATION |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

The Court having considered the stipulation and request for (1) a second amended order authorizing the disclosure of tax returns and return information; and (2) a second amended protective order limiting disclosure of protected tax information and sensitive information filed by the United States Attorney for the Central District of California ("USAO") and Assistant United States Attorneys

Julian L. André and Brett A. Sagel, and defendant MICHAEL JOHN AVENATTI ("defendant"), both individually and by and through his counsel of record, H. Dean Steward (collectively, the "parties") in this matter, and good cause appearing therefor, the Court hereby ORDERS as follows:

1. Pursuant to 26 U.S.C. § 6103(h)(4)(D), the government may produce to counsel for defendant copies of tax returns and return information obtained by the USAO during the course of the investigation leading to the indictment and currently in the USAO's possession.

2. In order to permit the government to provide discovery material to counsel of record for defendant, while avoiding the unauthorized dissemination, distribution, or use of tax returns and return information, as well as personal identification information, financial records, and other sensitive or confidential information relating to third parties, including defendant's former clients or employees ("Sensitive Information"), the parties have stipulated to the entry of this Second Amended Protective Order in the above-captioned case, United State v. Michael John Avenatti, SA CR No. 19-061-JVS.

3. The term "Sensitive Information" includes, without limitation, the names of alleged victims, witnesses, and other third parties; dates of birth; social security numbers; driver's license numbers; PIN numbers; bank or financial account information; taxpayer identification information; tax information; home addresses; phone numbers; email addresses; employment information; passwords; attorney-client communications; and confidential legal information.

4.  This Second Amended Protective Order shall apply to all discovery materials containing tax returns and return information (as defined in 26 U.S.C. § 6103(b)(2)) and Sensitive Information (collectively, the "Protected Information") that is produced to the defense team, as defined below, before or after the execution of this Second Amended Protective Order.

5.  For the purposes of this Order, the term "defense team" refers to the counsel of record for defendant and any other defense attorneys for defendant, counsel for defendant in additional litigation matters described more fully in paragraph 8, defense investigators, retained experts or potential experts, and paralegal and legal assistants providing assistance on this case who have been advised of their obligations under the Protective Order and agreed to follow its terms. The "defense team," for the purposes of the Protective Order, includes defendant. The "defense team" does not include family members and other associates of defendant.

6.  Defendant's counsel of record in this matter agrees to advise all members of the defense team of their obligations under the Second Amended Protective Order and ensure their agreement to follow the Second Amended Protective Order, prior to providing members of the defense team with access to any Protected Information.

7.  The defense team, including defendant, shall use materials containing Protected Information only for the preparation and litigation of this matter and the additional litigation matters identified in paragraph 8 below, and for no other purpose. Litigation of this matter includes any appeal filed by defendant, and any motion filed by defendant pursuant to 28 U.S.C. § 2255.

1 8. The defense team, including defendant, may disclose any discovery produced in this case, including materials containing Protected Information, to his defense counsel in the following additional matters: (a) In re Michael J. Avenatti, Member No. 206929, No. SBC-19-TE-30259-YDR (Cal. State Bar. Ct.); (b) United States v. Avenatti, No. 1:19-CR-373 (S.D.N.Y.); and (c) United States v. Avenatti, No. 1:19-CR-374 (S.D.N.Y.) (collectively, the "Additional Matters"). Defendant may also use the discovery produced in this case, including materials containing Protected Information, for preparation or litigation of the Additional Matters.

9. Defendant and defendant's counsel of record in this matter agree that any discovery produced in this case that defendant provides to defendant's counsel in the Additional Matters shall be subject to the terms of this Second Amended Protective Order. Defendant's counsel in this matter agrees that prior to providing discovery produced in this case to defendant's counsel in the Additional Matters, defendant's counsel in this matter must provide a copy of this Second Amended Protective Order to defendant's counsel in the Additional Matters and receive a signed Acknowledgment in the form attached hereto, from defendant's counsel in the Additional Matters confirming his/her receipt of, understanding of, and compliance with the terms of the Second Amended Protective Order.

10. Defendant and defendant's counsel of record in this matter agree that any discovery produced in this case that defendant previously provided to defendant's counsel in the Additional Matters shall be subject to the terms of this Second Amended Protective Order, as well as the previously issued Amended Protective Order. Defendant's counsel in this matter agrees that he will obtain a

signed Acknowledgment in the form attached hereto, from defendant's counsel in the Additional Matters that previously received discovery pursuant to the previously issued Amended Protective Order, and defendant's counsel in this matter must provide a copy of this Second Amended Protective Order to defendant's counsel in the Additional Matters, which the signed Acknowledgment in the form attached hereto, will confirm from defendant's counsel in the Additional Matters that he/she is in receipt of, understands, and will comply with the terms of the Second Amended Protective Order, or defendant's counsel in this matter must confirm in writing that any previously produced discovery materials have been returned to defendant's counsel in this matter.

11. Within fourteen (14) days of the issuance of the Second Amended Protective Order, defendant's counsel in this matter shall obtain a signed Acknowledgment in the form attached hereto, from any of defendant's counsel in the Additional Matters that has already received discovery produced in this case. Within fourteen (14) days of the issuance of the Second Amended Protective Order, any of defendant's counsel in the Additional Matters that previously received discovery produced in this case, must take any necessary actions to comply with the Second Amended Protective Order.

12. December 31, 2019the Acknowledgments executed by defendant's counsel in the Additional Matters and shall promptly provide government counsel and the Court with copies of such Acknowledgments if requested to do so.

13. To the extent defendant is obligated to do so, defendant may produce to the opposing parties in the Additional Matters discovery that the USAO produced in this case, including materials

containing Protected Information.  Prior to producing any discovery from this case to the opposing parties in the Additional Matter, defendant's counsel in this matter and/or defendant's counsel in the Additional Matters shall notify the USAO in writing that such materials are being produced and ensure that the opposing parties have agreed follow the terms of this Second Amended Protective Order.

14.  Other than as set forth in paragraph 8 above, the defense team, including defendant, shall not permit anyone who is not a member of the defense team to retain in his or her possession any materials containing Protected Information.

15.  The defense team may review materials containing Protected Information with witnesses or potential witnesses in this case (including their counsel), but the witnesses or potential witnesses may not retain any materials containing Protected Information after his or her review of those materials with the defense team is complete.

16.  The defense team shall maintain all discovery materials containing Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials.

17.  To the extent that notes are made that memorialize, in whole or in part, Protected Information, or to the extent that copies of materials containing Protected Information are made for authorized use by members of the defense team, such notes, copies, must be handled in accordance with the terms of the Protective Order.

18.  If a party needs to file materials with the Court containing unredacted Protected Information or needs to divulge Protected Information in court filings, such filings should be made

under seal. If the Court rejects the request to file such Protected Information under seal, the party seeking to file such Protected Information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the Protected Information and make all reasonable attempts to limit the divulging of Protected Information.

19. Upon the final disposition of this case and the Additional Matters identified in paragraph 8 above, materials containing Protected Information shall not be used, in any way, in any other matter, absent a court order. All materials containing Protected Information maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return any materials containing Protected Information to the USAO or certify that such materials have been destroyed. Defense counsel is, however, authorized to retain any such materials that defense counsel is required to maintain under the California Rules of Professional Responsibility or any other applicable rule of professional responsibility.

20. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any materials containing Protected Information may be transferred from the defense counsel of record to the new defense counsel, who then will become the defense team's custodian of the materials and who shall then become responsible for

returning all materials Protected Information to the government upon the conclusion of appellate and post-conviction proceedings.

IT IS SO ORDERED.

December 31, 2019
DATE

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

　　/s/ *Julian L. André*
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:     Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | AMENDED ORDER AUTHORIZING DISLCOUSRE OF TAX RETURNS AND RETURN INFORMATION; AND AMENDED PROTECTIVE ORDER LIMITING DISCLOSURE OF PROTECTED TAX INFORMAITON AND SENSITIVE INFORMATION |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

The Court having considered the stipulation and request for (1) an order authorizing the disclosure of tax returns and return information; and (2) an amended protective order limiting disclosure of protected tax information and sensitive information filed by the United States Attorney for the Central District of California ("USAO") and Assistant United States Attorneys Julian L. André and

Brett A. Sagel, and defendant MICHAEL JOHN AVENATTI ("defendant"), both individually and by and through his counsel of record, H. Dean Steward (collectively, the "parties") in this matter, and good cause appearing therefor, the Court hereby ORDERS as follows:

1.  Pursuant to 26 U.S.C. § 6103(h)(4)(D), the government may produce to counsel for defendant copies of tax returns and return information obtained by the USAO during the course of the investigation leading to the indictment and currently in the USAO's possession.

2.  In order to permit the government to provide discovery material to counsel of record for defendant, while avoiding the unauthorized dissemination, distribution, or use of tax returns and return information, as well as personal identification information, financial records, and other sensitive or confidential information relating to third parties, including defendant's former clients or employees ("Sensitive Information"), the parties have stipulated to the entry of this Protective Order in the above-captioned case, United State v. Michael John Avenatti, SA CR No. 19-061-JVS.

3.  The term "Sensitive Information" includes, without limitation, the names of alleged victims, witnesses, and other third parties; dates of birth; social security numbers; driver's license numbers; PIN numbers; bank or financial account information; taxpayer identification information; tax information; home addresses; phone numbers; email addresses; employment information; passwords; attorney-client communications; and confidential legal information.

4.  This Protective Order shall apply to all discovery materials containing tax returns and return information (as defined in 26 U.S.C. § 6103(b)(2)) and Sensitive Information (collectively,

the "Protected Information") that is produced to the defense team, as defined below, before or after the execution of this Protective Order.

5. For the purposes of this Order, the term "defense team" refers to the counsel of record for defendant and any other defense attorneys for defendant, defense investigators, retained experts or potential experts, and paralegal and legal assistants providing assistance on this case who have been advised of their obligations under the Protective Order and agreed to follow its terms. The "defense team," for the purposes of the Protective Order, includes defendant. The "defense team" does not include family members and other associates of defendant.

6. Defendant's undersigned counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any Protected Information.

7. The defense team, including defendant, shall use materials containing Protected Information only for the preparation and litigation of this matter and the additional litigation matters identified in paragraph 8 below, and for no other purpose. Litigation of this matter includes any appeal filed by defendant, and any motion filed by defendant pursuant to 28 U.S.C. § 2255.

8. The defense team, including defendant, may disclose any discovery produced in this case, including materials containing Protected Information, to his defense counsel in the following additional matters: (a) In re Michael J. Avenatti, Member No. 206929, No. SBC-19-TE-30259-YDR (Cal. State Bar. Ct.); (b) United States v.

1  Avenatti, No. 1:19-CR-373 (S.D.N.Y.); and (c) United States v.
2  Avenatti, No. 1:19-CR-374 (S.D.N.Y.) (collectively, the "Additional
3  Matters").  Defendant may also use the discovery produced in this
4  case, including materials containing Protected Information, for
5  preparation or litigation of the Additional Matters.
6      9.   Defendant and defendant's undersigned counsel of record
7  agree that any discovery produced in this case that defendant
8  provides to defendant's counsel in the Additional Matters shall be
9  subject to the terms of this Protective Order.  Defendant's
10 undersigned counsel agrees that he shall advise defendant's counsel
11 in the Additional Matters of their obligations under the Protective
12 Order and ensure their agreement to follow the terms of this
13 Protective Order, prior to providing defendant's counsel in the
14 Additional Matters with access to any discovery produced in this
15 case, including any Protected Information.
16     10.  To the extent defendant is obligated to do so, defendant
17 may produce to the opposing parties in the Additional Matters
18 discovery that the USAO produced in this case, including materials
19 containing Protected Information.  Prior to producing any discovery
20 from this case to the opposing parties in the Additional Matter,
21 defendant's counsel shall notify the USAO in writing that such
22 materials are being produced and ensure that the opposing parties
23 have agreed follow the terms of this Protective Order.
24     11.  Other than as set forth in paragraph 10 above, the defense
25 team, including defendant, shall not permit anyone who is not a
26 member of the defense team to retain in his or her possession any
27 materials containing Protected Information.
28

12. The defense team may review materials containing Protected Information with witnesses or potential witnesses in this case (including their counsel), but the witnesses or potential witnesses may not retain any materials containing Protected Information after his or her review of those materials with the defense team is complete.

13. The defense team shall maintain all discovery materials containing Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials.

14. To the extent that notes are made that memorialize, in whole or in part, Protected Information, or to the extent that copies of materials containing Protected Information are made for authorized use by members of the defense team, such notes, copies, must be handled in accordance with the terms of the Protective Order.

15. If a party needs to file materials with the Court containing unredacted Protected Information or needs to divulge Protected Information in court filings, such filings should be made under seal. If the Court rejects the request to file such Protected Information under seal, the party seeking to file such Protected Information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the Protected Information and make all reasonable attempts to limit the divulging of Protected Information.

16. Upon the final disposition of this case and the Additional Matters identified in paragraph 8 above, materials containing

Protected Information shall not be used, in any way, in any other matter, absent a court order. All materials containing Protected Information maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return any materials containing Protected Information to the USAO or certify that such materials have been destroyed. Defense counsel is, however, authorized to retain any such materials that defense counsel is required to maintain under the California Rules of Professional Responsibility or any other applicable rule of professional responsibility.

17. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any materials containing Protected Information may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of the materials and who shall then become responsible for returning all materials Protected Information to the government upon the conclusion of appellate and post-conviction proceedings.

IT IS SO ORDERED.

October 03, 2019

DATE

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE