LAW OFFICE OF
# BENJAMIN SILVERMAN
224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

July 5, 2021

**By ECF**
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *United States v. Michael Avenatti*, 19 Cr. 373 (PGG)

Your Honor:

      I represent Michael Avenatti in the above-captioned case and write to move for a new trial based on the government's failure to produce certain witness statements that are both material and favorable to the defense. Mr. Avenatti's June 4 motion to compel, Dkts. 315, 323, seeks materials to support this motion. Appreciating the Court's guidance that "no further adjournments" of Mr. Avenatti's sentencing will be granted, Dkt. 326, we respectfully submit this motion now to ensure that the record is preserved for appeal.

      Based only on the information available to counsel now, it is clear that the government deliberately withheld statements that it was required to produce in connection with the trial and that are "material or favorable to the defense." Dkt. 323 at 2-4. This failure requires a new trial under the Second Circuit's case law addressing *deliberate* failures to produce witness statements. *See United States v. Jackson*, 345 F.3d 59, 77 n.14 (2d Cir. 2003); *United States v. Hilton*, 521 F.2d 164, 166 (2d Cir. 1975); *United States v. Bin Laden*, 397 F. Supp. 2d 465, 509 n.52 (S.D.N.Y. 2005) ("[A]lthough the value of the actual 3500 Material is quite minimal, even this minimal value would likely require a new trial if the Government's failure to produce the statements had been truly intentional, or under circumstances justifying a presumption of intentional suppression."); *see also United States v. Bufalino*, 576 F.2d 446, 449 (2d Cir. 1978); Fed. R. Crim. P. 33; 18 U.S.C. § 3500(d).

      It is now established that the government did not timely produce 3500 material for trial witness Judy Regnier. Several such statements have been recently produced in the case against Mr. Avenatti in the Central District of California (CDCA) and were provided to the Court under seal. Dkt. 331. Other statements are referenced in agents' notes and remain unexplained. *See* Dkt. 323 at 5-6. These witness statements include *Brady* and *Giglio* disclosures. *Id.* The government also concedes that it deliberately withheld, and continues to withhold, handwritten notes from meetings with Regnier during at least one of which she was asked about Nike and

Hon. Paul G. Gardephe
July 5, 2021
Page 2

during at least two of which she was asked about Mr. Avenatti's financial condition. Dkts. 315 at 4, 318 at 2-3. Ms. Regnier was one of only a handful of witnesses to testify for the government at trial and the government elicited testimony from her about both issues. Trial Tr. 1398-1407. Further, the two issues, together with Ms. Regnier, were highlighted by the government during its opening statement and central to both of its summations. Trial Tr. 153, 2165-66, 2280.

Among the materials that have recently emerged is an undisclosed email that Ms. Regnier sent to Special Agent Ramoun Karlous on January 14, 2020 – just two weeks before trial – stating that she "felt threatened" by a tweet speculating that Mr. Avenatti might harm her. Dkt. 331, Ex. A; *see also* Dkt. 323 at 5. This undisclosed statement reveals her fear that Mr. Avenatti might cause her to suffer an untimely death.[1] It establishes a clear bias and also evidences a motive to have Mr. Avenatti convicted and incarcerated. It also raises significant credibility issues. Evidence that "impeaches a government witness . . . is generally called *Brady* material." *United States v. Gil*, 297 F.3d 93, 101 (2d Cir. 2002). Mr. Avenatti's trial counsel would have sought to impeach Ms. Regnier's testimony and credibility based on the contents of this undisclosed January 14 email and attachment had they been timely produced. Other newly discovered statements are likewise material or favorable to the defense. Dkt. 331, Ex. A.

We have a motion pending to obtain remaining unproduced statements to assess the prejudice related to those statements as well. Dkts. 315, 323. The government, while acknowledging that it deliberately chose not to produce the statements to the defense before trial, Dkt. 318 at 2-3, contends that its failure is excusable because the witness statements were not possessed by its "trial team." The government's argument fails on both the law and the facts: the undisputed record demonstrates that CDCA and the Southern District of New York (SDNY) jointly prosecuted Mr. Avenatti. Dkt. 315 at 3-5. Indeed, within the last two weeks, a spokesman for the U.S. Attorney's Office in CDCA publicly admitted, in reference to its prosecution against Mr. Avenatti, that different U.S. Attorney's Offices "are all part of the same Department of Justice that represents the same client – the United States." Henrik Nilsson, "A new plagiarism accusation as Avenatti's trial looms," Daily Journal (June 23, 2021).

Mr. Avenatti has moved to compel the government to produce all undisclosed statements and may seek leave to supplement this motion if the government produces them.

---

[1] Ms. Regnier felt threatened after reading, "She better be careful, she might end like a Clinton witness, desperate man desperate measures." The term "Clinton witness" references a decades-old conspiracy theory, also known as the "Clinton Body Count," promoted by President Trump and others, that President Clinton and Secretary Clinton arranged to kill individuals with damaging or incriminating information against them. *E.g.*, Dylan Matthews, "The conspiracy theories about the Clintons and Jeffrey Epstein's death, explain," Vox (Nov. 14, 2019); Seung Min Kim and Hannah Knowles, "Trump retweets conspiracy theory tying the Clintons to Epstein's death," Washington Post (Aug. 11, 2019).

Hon. Paul G. Gardephe
July 5, 2021
Page 3

       For the foregoing reasons, we respectfully move for a new trial or, in the alternative, a hearing as to why certain witness statements were not produced.

                                  Respectfully submitted,

                                  /s/ Benjamin Silverman
                                  Benjamin Silverman
                                  *Attorney for Michael Avenatti*

cc: Counsel of Record (by ECF)