July 21, 2021

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Avenatti*, **No. S1 19 Cr. 373 (PGG)**
            **Response to Supplemental Restitution Submission**
            **of the Government and Nike (ECF No. 338)**

Dear Judge Gardephe:

      On behalf of defendant Michael Avenatti, I write in opposition to the supplemental filings regarding restitution submitted by the government and Nike. (ECF No. 338). For the reasons which follow, and which were previously advanced in prior submissions by Mr. Avenatti, which are respectfully incorporated herein (*e.g.,* ECF No. 332), this Court should reject the government's request that restitution be imposed against Mr. Avenatti and in favor of Nike.

      First, the government has failed to prove that Nike suffered an actual pecuniary loss as a direct result of the offenses of conviction; therefore, Nike is not a "victim" under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §3663A, and is not entitled to recover "necessary … other expenses." Mr. Avenatti previously raised this threshold issue. (ECF No. 332:1-3). Yet, again in its latest submission, neither Nike nor the government points to any pecuniary loss that Nike suffered as a direct result of the offense. Neither the government nor Nike bothers to distinguish *United States v. Xue*, No. 16-22, 2021 WL 2433857, *4 & n.3 (E.D. Pa. June 15, 2021), discussed at length by Mr. Avenatti. (ECF No. 332:2). In *Xue*, the defendants were convicted of conspiracy to steal trade secrets from GlaxoSmithKline, LLC ("GSK"). The district court denied the government's request that the defendants be ordered to pay for "other expenses" incurred by GSK – including attorney's fees -- because it found that GSK suffered no direct pecuniary loss as a result of the offense of conviction. *Id.* Thus, even though GSK was the target of the trade secrets offense, it was not entitled to recover "other expenses" because there was no provable loss.

      Second, the government and Nike do not dispute Mr. Avenatti's argument, raised in his prior submission, that all of the expenses that Nike seeks to recover were incurred "out of self-preservation." (ECF No. 332:3-4). This, too, dooms the government's claim for restitution as

1

a matter of law. *United States v. Napout*, No. 15-Cr-252 (PKC), 2018 WL 6106702, at *4 (E.D.N.Y. Nov. 20, 2018)) ("[A] corporation acting out of self-preservation cannot turn around and have its costs reimbursed through restitution.").

Third, the recent submissions by the government/Nike fail to include any proof that *any* of the legal expenses for which Nike seeks reimbursement as "necessary" were "specifically invited or requested." *Id.* (cited in ECF No. 326:2). Indeed, the government has had access to Nike's billing records for several weeks. Yet, none of the prosecutors has affirmed, under oath or otherwise, that it specifically invited or requested *any* of legal services supposedly provided for Nike by multiple Boies Schiller lawyers. The prosecutors do not affirm, for example, that they invited or requested the Boies lawyers to have multiple team meetings and revise task lists (ECF No. 338-2:3, 12, 15, 16, 18), edit internal interview memos (ECF No. 338-2:1), review Avenatti's pretrial motions and correspond with Nike regarding case law (ECF No. 338-2:3-4), review briefs filed by the government (ECF No. 338-2:8), prepare internal notes regarding pretrial hearings (ECF No. 338-2:15), attend the closing arguments and monitor jury deliberations (No. 338-2:21), and the like. These are just a few examples. At a minimum, as to each billing entry, the government should be required to explain whether it invited or requested the outside legal work, and why that outside legal work was *necessary* to the government's investigation or prosecution.

Fourth, the government/Nike continue to seek reimbursement for billing entries that, on the very face of the billing records, were plainly not *necessary* to the government's investigation and criminal proceedings. These include, but are not limited to, the examples listed above. Mr. Avenatti reiterates each individualized objection contained in his prior submission regarding restitution. (ECF No. 332-1:3-53).

Fifth, the government/Nike continue to seek reimbursement for having *multiple* Boies lawyers perform and bill Nike for the same unnecessary task, such as reviewing Avenatti's pretrial motions to dismiss, analyzing the government's opposition briefs, and attending the trial. (*E.g.,* ECF No. 338-2:4-5, 8, 20-21).

Sixth, notwithstanding Nike's claim that it has eliminated the "block-billing" problems that plagued its initial filing, it clearly has not. The most recent submission is replete with entries that contain multiple tasks, many obviously unnecessary to the government's investigation as noted above, such that it is impossible for the Court to determine how many hours were spent on each task. There is simply no way to untangle the billing records without lengthy hearings at which each Boies lawyer who billed time would be required to testify regarding how much time was spent on each legal task and why the task was necessary to the investigation or prosecution. The government/Nike's latest submission continues to raise "complex issues of fact related to the cause or amount of the victim's losses [that] "would complicate or prolong the sentencing process to a degree that the need to provide restitution is outweighed by the burden on the sentencing process." 18 U.S.C. §3663A(c)(3)(B). In evaluating whether the government has met its burden, the Supreme Court has instructed that

2

its "narrow interpretation" of the MVRA is meant to alleviate the district courts of the "significant administrative burdens" of resolving "these potentially time-consuming controversies as part of criminal sentencing," particularly "in cases involving multimillion [-] dollar investigation expenses for teams of lawyers and accountants." *Lagos v. United States*¸ 138 S. Ct. 1684, 1689 (2018). In this case, therefore, the Court has discretion to deny the government's request for restitution for this reason alone. *See Xue*, 2021 WL 2433857, *3.

Accordingly, Mr. Avenatti respectfully requests that the Court deny the government's request. Thank you for your consideration.

> Respectfully Submitted,
> /s Scott Srebnick
> Scott A. Srebnick