

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 29, 2021

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Michael Avenatti*,
              S1 19 Cr. 373 (PGG)

Dear Judge Gardephe:

       The Government respectfully writes to request that the Court modify the defendant's surrender date in light of developments in the defendant's pending prosecution in the Central District of California, *United States v. Avenatti*, 19 Cr. 61 (JVS) (C.D. Cal.) (the "CDCA Case").

       As the Court is aware, the defendant was arrested on the charges in this case on March 25, 2019, and has remained on bail in this case since that time. However, from January 14, 2020 until April 27, 2020, the defendant was detained in relation to the CDCA Case. (*See United States v. Avenatti*, 19 Cr. 61 (JVS) (C.D. Cal.) (Dkt. Nos. 79, 83, 154).)

       On February 14, 2020, the jury convicted the defendant on all three counts in the operative indictment. On July 8, 2021, this Court sentenced the defendant to 30 months' imprisonment. (Dkt. No. 339.) At that time, the defendant was scheduled to begin trial in the CDCA Case the following week. (*See* Sentencing Tr. 49:15-18.) For that reason, this Court granted, at the request of the defendant and without objection from the Government, a surrender date of September 15, 2021, which was shortly after the expected conclusion of the trial in the CDCA Case, and not long after the typical surrender period in this district, of approximately six weeks. (*See id.* at 49:14-50:9.) On August 27, 2021, following a mistrial in the CDCA Case, this Court granted the defendant's request, again without objection from the Government, to adjourn his surrender date from September 15, 2021, to December 15, 2021, in light of the fact that, at that time, the retrial in the CDCA Case was scheduled to begin on November 2, 2021. (Dkt. No. 351.) On October 15, 2021, the November 2, 2021 retrial date was vacated and adjourned *sine die* pending the disposition of the defendant's interlocutory appeal before the United States Court of Appeals for the Ninth Circuit, which disposition may take months. (*See United States v. Avenatti*, 19 Cr. 61 (JVS) (C.D. Cal.) (Dkt. No. 866).)

Honorable Paul G. Gardephe
United States District Judge
October 29, 2021
Page 2

      In light of the foregoing, there is no longer a discrete, time-specific basis for continued delay of the defendant's surrender.  Moreover, it is in the interest of justice for the defendant to commence serving the term of incarceration that this Court imposed for his serious offenses, including defrauding his client.  *See Calderon v. Thompson*, 523 U.S. 538, 555 (1998) ("Finality is essential to both the retributive and deterrent functions of criminal law."); *United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) (case delays "may 'impair the deterrent effect of punishment'" (quoting *Zedner v. United States*, 547 U.S. 489, 501 (2006)) (alteration incorporated)); *cf. United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995) ("the public is the loser when a criminal trial is not prosecuted expeditiously").

      To be sure, the law permits bail pending appeal in certain cases, but the defendant has not sought bail pending appeal in this case and, in any event, he would not be entitled to such relief.  *See* 18 U.S.C. § 3413(b); *United States v. Pagan*, No. 19 Cr. 320 (PGG), 2020 WL 6397931, at *1-2 (S.D.N.Y. Nov. 1, 2020) (discussing standard for bail pending appeal); *see also United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) (following sentencing, there is a "presumption in favor of detention"); *United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985) ("Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even to permit it in the absence of exceptional circumstances." (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970))).

      Accordingly, the Government respectfully requests that the defendant be required to surrender to begin serving his sentence two weeks from the filing of this letter, that is, by November 12, 2021.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By:    s/_____
        Matthew D. Podolsky
        Daniel C. Richenthal
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-1947/2109/2616

cc:    (by ECF)

       Counsel of Record