**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
*and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

October 29, 2021

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   **United States v. Michael Avenatti**
      **19 Cr. 373 (PGG)**

Dear Judge Gardephe:

      Alongside counsel for Michael Avenatti in United States v. Michael Avenatti, 19 Cr. 374 (JMF), I write in response to the Government's letter motion requesting that the Court reschedule Mr. Avenatti's surrender date from December 15, 2021 to November 12, 2021, which was filed without notice to the defense. The Court should deny the Government's motion and, instead, extend Mr. Avenatti's surrender date from December 15, 2021 to February 28, 2022. This extension is necessary to afford Mr. Avenatti a meaningful opportunity to participate in his trial preparation in 19 Cr. 374 (JMF), which is currently scheduled to begin on January 10, 2022, and his pending Ninth Circuit appeal, which includes an expedited briefing schedule (at Mr. Avenatti's request).

      Since sentencing Mr. Avenatti to 30 months this past July, the Court granted Mr. Avenatti's requests for a delay in his surrender date, recognizing that his incarceration would interfere with his ability defend himself against a separate prosecution in the Central District of California. As the Court is aware, Mr. Avenatti's case in the Central District of California was declared a mistrial due to a significant Brady violation,[1] and the issue of whether Mr. Avenatti can be retried is currently pending before the Ninth Circuit Court of Appeals. Earlier this week, Mr. Avenatti successfully moved for an expedited briefing schedule for that appeal—his opening brief is due November 30, 2021 and his reply is due 21 days after the Government's response, which is due December 30, 2021. Mr. Avenatti remains on

---

[1] See United States v. Michael Avenatti, CR-19-061-JVS, Dkt. No. 867, page 4, lines 10-12 ("I found a Brady violation with respect to a very important range of documents relating to the financial affairs of Mr. Avenatti's firm.").

home confinement in connection with that prosecution, under strict conditions.

In addition, Mr. Avenatti is actively preparing for his upcoming trial before Judge Furman in 19 Cr. 374. It is axiomatic that Mr. Avenatti's ability to both participate in his pending appeal before the Ninth Circuit (which is critical as he is most familiar with the record having proceeded pro se) and in his upcoming trial before Judge Furman would be significantly and unfairly hampered by his remand to custody.

Against this backdrop, the Government's request to expedite Mr. Avenatti's surrender date is unjustifiable and unsupported by the totality of the circumstances. Mr. Avenatti is neither a flight risk nor a danger to the community, a finding that has been repeatedly made, including in the Pre-Sentence Report prepared in connection with this case in May 2020 (Dkt. No. 295) and in a report issued approximately five months ago by Pre-Trial Services in the Central District of California. In particular, the C.D. Ca. report indicated that Mr. Avenatti "has remained in compliance and been cooperative with directives from Pretrial Services" and that there is no information suggesting Mr. Avenatti is a flight risk or a danger to the community. In that same report, C.D. Ca. Pre-Trial Services recommended that the district court grant Mr. Avenatti permanent bond.

In addition, Mr. Avenatti still has not received his designation from the Bureau of Prisons. This means that should Mr. Avenatti be forced to surrender in connection with this case on the timeline suggested by the Government, he would likely be remanded to a high-security pre-trial facility in C.D. Ca. or in this District—i.e., MDC Brooklyn. This Court previously found as follows as it relates to Mr. Avenatti's prior incarceration at MCC: "[M]r. Avenatti was held in horrific conditions at the MCC for more than three months, in solitary confinement for much of the time and in lockdown for nearly all of it . . . . Conditions were terrible. It's hard to believe they could occur in the United States of America. Mr. Avenatti himself was at risk from the Covid-19 virus as the result of a preexisting medical condition." Tr. July 8, 2021, page 43, lines 2-10. We respectfully submit that the conditions that existed at the time of Mr. Avenatti's imprisonment at MCC have not abated and are just as bad now, if not worse, at MDC Brooklyn, where COVID, overcrowding, and neglect remain a pervasive feature of daily life.

For all these reasons, we respectfully submit that extending Mr. Avenatti's surrender date until at least the conclusion of his case in 19 Cr. 374 (JMF) is appropriate and in the interests of justice.

Respectfully Submitted,

/s/
Scott Srebnick, Esq.
Counsel of Record in 19 Cr. 373 (PGG)


/s/
Robert M. Baum, Esq.
Andrew J. Dalack, Esq.
Tamara L. Giwa, Esq.
Counsel of Record in 19 Cr. 374 (JMF)

3