

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 25, 2022

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

     Re:    ***United States v. Michael Avenatti,***
             **S1 19 Cr. 373 (PGG)**

Dear Judge Gardephe:

     The Government respectfully submits this letter to inform the Court of a recent ruling in another case that may bear on the defendant's pending motion in this matter.  (Dkt. No. 358.)

     On January 20, 2022, the defendant filed a motion to "compel the Government to produce forthwith all *Brady*, *Giglio*, and 3500 materials in the possession of individuals at Main Justice and the U.S. Attorney's Office for the Central District of California" in *United States v. Michael Avenatti*, 19 Cr. 374 (JMF) ("Fraud Case").  (No. 19 Cr. 374, Dkt. No. 279 at 1; *see also* Dkt. No. 279-1 at 1 (referencing "any documents or communications received from John Drum or any other employee of Analysis Group").)  On January 22, 2022, the defendant filed a motion in the Fraud Case to compel the Government to produce "Tabs and FileSite data" "in the possession of Main Justice and the U.S. Attorney's Office for the Central District of California."  (No. 19 Cr. 374, Dkt. No. 290 at 1.)  Yesterday, January 24, 2022, Judge Furman issued an order denying both motions, "[f]or reasons to be summarized in Court today and to be spelled out in a forthcoming opinion."  (No. 19 Cr. 374, Dkt. No. 300.)  Later that morning, Judge Furman summarized the ruling as follows:

     The bottom line is the motions are denied, and one or both are untimely for reasons that I will spell out in my opinion.  Mr. Avenatti has known that these are live and potential issues for months, if not years, and it wasn't until last week that he sought the relief that he is seeking from me.  Again, I will spell out my reasoning on that.

     Number two, and perhaps more fundamentally, Mr. Avenatti has what he is primarily seeking, namely, the servers and to some extent the Drum analysis.  Indeed, he's had it for months.  By contrast, the prosecution team here does not have it.  The law is clear that where

Honorable Paul G. Gardephe
United States District Judge
January 25, 2022
Page 2

> a defendant has information or materials in his possession, there is
> no *Brady* issue or disclosure obligation on the part of the
> government.  To the extent that he is seeking usable data, he has the
> same data that the government has, and the government and he are
> both at the same disadvantage or in the same situation, namely, not
> being able to read whatever it is.  But, again, that issue wasn't raised
> with me until Friday and arguably Saturday.
>
> And then, finally, for reasons that I will spell out, I do conclude that,
> except perhaps with respect to Ms. [Judy] Regnier and Mr. [Sean]
> Macias, that the prosecution team for purposes of this case does not
> include the Central District of California or Main Justice.  For that
> reason[,] the materials that are in their possession are not subject to
> disclosure in this case.
>
> Again, I will be issuing an opinion addressing those points in further
> detail and making a more fulsome record on these issues, but I hope
> that puts the matter to rest.

(No. 19 Cr. 374, 1/24/22 Tr. 71-72 (attached as Exhibit 1).)

The Government intends to advise the Court upon the issuance of Judge Furman's written opinion.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:     s/_____
        Matthew D. Podolsky
        Daniel C. Richenthal
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-1947/2109/2616

cc:     (by ECF)

        Counsel of Record